IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., )<br>    a Delaware Corporation, and )<br>ALCATEL INTERNETWORKING, INC., )<br>    a California Corporation, )<br>                      )<br>          Plaintiffs, )<br>                      )<br>    v. )<br>                      )<br>FOUNDRY NETWORKS, INC., )<br>    a Delaware Corporation, )<br>                      )<br>          Defendant. ) | Civil Action No. _____<br><br><br>(JURY TRIAL DEMANDED) |

**COMPLAINT FOR PATENT INFRINGEMENT**
**AND FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT**

Plaintiffs, Alcatel USA Resources, Inc. ("Alcatel Resources"), and Alcatel Internetworking, Inc. ("Alcatel Internetworking") hereby request a jury trial on all issues so triable, and allege upon knowledge as to their own acts and upon information and belief as to the acts of defendant, Foundry Networks, Inc. ("Foundry") as follows:

**COUNT I – PATENT INFRINGEMENT**

**A. JURISDICTION AND VENUE**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

2. Defendant Foundry is a Delaware corporation with a principal place of business at 2100 Gold Street, San Jose, California 95164. Foundry has other office locations in the United States and world-wide. Foundry has committed acts of infringement in this judicial district, does regular business in this judicial district, and has a registered agent for service of process in this district. Venue is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

3. Alcatel Resources is a Delaware corporation with headquarters at 3400 W. Plano Parkway, Plano, Texas. Alcatel Resources owns all right, title and interest in and has standing to sue for infringement of the United States Patent Numbers listed below (the "Patents-in-Suit"). The Patents-in-Suit are attached hereto as Exhibits A through H, in the sequence below:

| Number | Title | Short Description |
| --- | --- | --- |
| 5,301,192 | "Temporary Information Storage System Comprising a Buffer Memory Storing Data Structured in Fixed or Variable Length Data Blocks" | The Queuing Patent |
| 5,461,615 | "Asynchronous Switching Node Distributing Cells Dynamically to Outputs Constituting an Irregular Group" | The Multicasting Patent |
| 5,506,840 | "Asynchronous Switching Node and Routing Logic Means for a Switching Element Used Therein" | The Load Balancing Patent |
| 6,339,830 | "Deterministic User Authentication Service for Communication Network" | The LAN Authentication Patent I |
| 6,697,329 | "Operator Directed Routing of Connections in a Digital Communications Network" | The Operator-Selected Path Patent |
| 6,865,153 | "Stage-Implemented QoS Shaping for Data Communication Switch" | The Quality of Service Patent |
| 6,874,090 | "Deterministic User Authentication Service for Communication Network" | The LAN Authentication Patent II |
| 6,882,647 | "Multiple Address Transport in Communication Networks" | The Forwarding Address Replacement Patent |

## B. FOUNDRY'S ACTS OF PATENT INFRINGEMENT

4. Foundry has infringed one or more claims of each of the Patents-in-Suit in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or

offer for sale of various network switches and ancillary services and equipment, as described in more detail in the table herein. In addition to its direct infringement, Foundry has also knowingly and intentionally induced others to infringe under 35 U.S.C. § 271(b) (such as its customers and end-users throughout the United States) by intentionally aiding, assisting and encouraging their infringement; and Foundry has knowingly contributed to the infringement of others under 35 U.S.C. § 271(c) (such as its customers and end-users throughout the United States) by supplying its switching equipment and components thereof which are nonstaple articles of commerce having no substantial noninfringing use. The chart below represents Alcatel's current information as to Foundry equipment and components thereof and the patents which are infringed thereby:

| Patent | ServerIron | NetIron | BigIron | FastIron | EdgeIron |
|---|---|---|---|---|---|
| The Queuing Patent | | T | T | T | |
| The Multicasting Patent | | T | T | T | |
| The Load Balancing Patent | T | | T* | | |
| The LAN Authentication Patent I | | T | T | T | T |
| The Operator-Selected Path Patent | | T** | | | |
| The Quality of Service Patent | | T | T | T | |
| The LAN Authentication Patent II | | T | T | T | T |
| The Forwarding Address Replacement Patent | | T** | | | |

T* BigServerIron
T** NetIron with MPLS Module

     5.     Foundry=s infringement has injured Alcatel Resources, and Alcatel Resources is entitled to recover damages adequate to compensate it for such infringement, in no event less than a reasonable royalty.

## C. WILLFUL INFRINGEMENT

     6.     Foundry has had actual and/or constructive notice of Foundry=s infringement of the Patents-in-Suit, including actual pre-Complaint notice from Alcatel, in meetings and correspondence,

of its infringement of the '192, '615, '840, '830 and '329 Patents. Foundry will have had actual notice of its infringement of the '153, '090 and '647 Patents through its receipt of this Complaint.

7.    Foundry's infringement has been willful and deliberate as to the '192, '615, '840, '830 and '329 Patents, and has occurred with knowledge of those patents, in violation of 35 U.S.C. § 284 & 2. Foundry's infringement has injured and will continue to injure Alcatel Resources, unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Foundry products and/or services that fall within the scope of the Patents-in-Suit.

### D. PRAYER FOR RELIEF

WHEREFORE, Alcatel Resources asks this Court to enter judgment against Foundry and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate Alcatel Resources for the patent infringement that has occurred, together with prejudgment interest from the date infringement of each respective Patent-in-Suit began, and costs;

B.    An award to Alcatel Resources of all remedies available under 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

C.    A finding that this case is exceptional and an award to Alcatel Resources of all remedies available under 35 U.S.C. § 285, including attorney's fees;

D.    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Patents-in-Suit; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY

### A. JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, 35 US.C. §§ 1 et seq. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Plaintiff Alcatel Internetworking seeks a declaratory judgment pursuant to Sections 2201 and 2202 of Title 28 of the United States Code.

9. Defendant Foundry is a Delaware corporation with a principal place of business at 2100 Gold Street, San Jose, California 95164. Foundry has other office locations in the United States and world-wide. Foundry does regular business in this judicial district and has a registered agent for service of process in this district. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

10. Plaintiff Alcatel Internetworking is a California corporation doing business in this judicial district, with offices at 26801 West Agoura Road, Calabasas, California 91301.

11. There is an actual controversy within this judicial district arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and Declaratory Judgments Act, 28 U.S.C. §§ 2201 et seq., between Alcatel Internetworking and Foundry. An actual controversy exists in that Foundry has accused Alcatel Internetworking of infringement of United States Patent No. 6,118,864 (attached hereto as Exhibit I) based on the sale of its OmniPCX products.

### B. FACTUAL BACKGROUND

12. Alcatel Internetworking is engaged in the business of developing and providing leading edge telecommunications products for the global market. One such product line sold by Alcatel Internetworking is the OmniPCX.

13. On information and belief, Foundry claims to have acquired the '864 patent from Carmel Connection, Inc., which is the assignee listed on the patent. Foundry has instituted actions

for patent infringement against other companies (notably, Nortel Networks and Lucent) under the '864 patent. Hence, Foundry asserts that it owns and has standing to sue for infringement of the '864 patent.

14. Foundry has accused Alcatel Internetworking of infringement of the '864 patent through its sale of the OmniPCX products.

### C. PATENT NON-INFRINGEMENT AND INVALIDITY

15. Alcatel Internetworking has not infringed any valid claim of the '864 patent in any way, i.e., directly, contributorily, or by inducement. Therefore, Alcatel Internetworking is entitled to a judicial declaration that it has not and does not infringe the '864 patent.

16. The '864 patent is invalid for failure to comply with one or more of the requirements, conditions, and provisions set forth in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

## D. PRAYER FOR RELIEF

WHEREFORE, Alcatel Internetworking asks this Court to enter judgment against Foundry and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

    A.    A judgment containing a declaration of invalidity of the '864 patent;

    B.    A judgment containing a declaration that Alcatel Internetworking does not infringe any claim of the '864 patent;

    C.    A finding that this case is exceptional and an award to Alcatel Internetworking of all remedies available under 35 U.S.C. § 285, including attorney's fees;

    D.    A permanent injunction prohibiting further assertions that Alcatel infringes the '864 patent; and,

    E.    Such other and further relief as this Court or a jury may deem proper and just.

Respectfully Submitted,

Alcatel USA Resources, Inc., and
Alcatel Internetworking, Inc.

_____
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St., Wilmington, DE 19801
(302) 571-6600
apoff@ycst.com

Timothy J. Haller
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733
haller@nshn.com
Attorneys for Plaintiffs