IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC. a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FOUNDRY NETWORKS, INC., a Delaware Corporation,<br><br>Defendant. | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

**FOUNDRY NETWORKS, INC.'S ANSWER TO COUNT II OF PLAINTIFFS' AMENDED COMPLAINT AND COUNTERCLAIM**

## ANSWER TO COUNT II

Foundry Networks, Inc. ("Foundry") answers Count II of the Amended Complaint of Alcatel USA Resources, Inc. ("Alcatel USA Resources") and Alcatel Internetworking, Inc. ("Alcatel Internetworking") (collectively "Plaintiffs") as follows:

8.  Foundry admits the allegations of paragraph 8 of the Amended Complaint.

9.  Foundry admits the allegations of paragraph 9 of the Amended Complaint.

10. Foundry is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Amended Complaint, and on that basis Foundry denies those allegations.

11. Foundry admits that U.S. Patent No. 6,118,864 ("the '864 patent") was the subject of privileged licensing negotiations between Foundry and Alcatel Internetworking. Except as so admitted, Foundry denies each and every allegation of paragraph 11 of the Amended Complaint.

12. Foundry admits, on information and belief, that Alcatel Internetworking is in the business of providing telecommunications products in the United States and elsewhere, and that the OmniPCX product line is one such group of products. Except as so admitted, Foundry denies each and every allegation of paragraph 12 of the Amended Complaint.

13. Foundry admits that it acquired the '864 patent from Carmel Connection, Inc., which is the assignee listed on the '864 patent. Foundry further admits that it has asserted claims for infringement of the '864 patent against Nortel and Lucent. Foundry further admits that it owns and has standing to sue for infringement of the '864 patent. Except as so admitted, Foundry denies each and every allegation of paragraph 13 of the Amended Complaint.

14. Foundry admits the allegations of paragraph 14 of the Amended Complaint.

15. Foundry denies each and every allegation of paragraph 15 of the Amended Complaint.

16. Foundry denies each and every allegation of paragraph 16 of the Amended Complaint.

## ANSWER TO ALCATEL INTERNETWORKING'S PRAYER FOR RELIEF

Foundry denies that Alcatel Internetworking is entitled to any relief, either as requested in the Amended Complaint or otherwise.

## GENERAL DENIAL

Foundry further denies any of the allegations in Count II of Plaintiffs' Amended Complaint not specifically admitted in the responses set forth above in Paragraphs 8-16.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

U.S. Patent No. 6,118,864 is valid and enforceable.

### Second Affirmative Defense

Alcatel Internetworking has infringed and will infringe, if not enjoined, U.S. Patent No. 6,118,864.

### Third Affirmative Defense

Alcatel Internetworking has failed to state a claim upon which relief may be granted.

## COUNTERCLAIM

Defendant and Counterclaimant Foundry pleads the following counterclaim against Plaintiff and Counterclaim-Defendant Alcatel Internetworking:

### A. JURISDICTION AND VENUE

1.  Foundry is a Delaware corporation and is a market leader in providing high-performance enterprise and service provider switching, routing and Web traffic management solutions. Foundry conducts business in the state of Delaware, and has a registered agent for service of process in this district.

2.  Upon information and belief, Alcatel Internetworking is a California corporation conducting regular business nationally and in this judicial district. Upon information and belief, Alcatel Internetworking has committed acts of infringement in this judicial district.

3.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2202.

4.  Venue is proper in this district pursuant 28 U.S.C. §§ 1391 and 1400(b).

### B. ALCATEL INTERNETWORKING'S ACTS OF PATENT INFRINGEMENT

5.  United States Patent No. 6,118,864 ("the '864 patent"), entitled "System and Method for Providing Communication On A Wide Area Network," was duly and legally issued on September 12, 2000, to Chang et al. The '864 patent constitutes a valid and enforceable patent solely owned by Foundry, with the right to sue for past infringement. A true and correct copy of the '864 patent is attached as Exhibit A.

6. Upon information and belief, Alcatel Internetworking has infringed one or more claims contained in the '864 patent in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale in, or importation into, the United States of products including, but not limited to, the Alcatel OmniPCX integrated communication system.

7. Upon information and belief, Alcatel Internetworking has violated 35 U.S.C § 271(b) by actively inducing others to infringe one or more claims of the '864 patent.

8. Upon information and belief, Alcatel Internetworking has contributed to the infringement of the '864 patent in violation of 35 U.S.C § 271(c) by engaging in the acts alleged herein.

## C. WILLFUL INFRINGEMENT

9. Alcatel Internetworking has had actual and constructive notice of its infringement of the '864 patent through, *inter alia*, notice from Foundry, pre-litigation meetings and correspondence, and this counterclaim for infringement. Despite such notice, Alcatel Internetworking has willfully and deliberately infringed the '864 patent.

10. Foundry has been damaged by the foregoing acts of infringement in an amount to be determined.

11. Alcatel Internetworking's acts of infringement have irreparably injured Foundry and will continue to do so until this Court enters an injunction prohibiting further infringement by Alcatel Internetworking.

## PRAYER FOR RELIEF

WHEREFORE, Foundry prays that this Court enter judgment:

A. That Count II of Plaintiffs' Amended Complaint be dismissed with prejudice;

  B. That Alcatel Internetworking has willfully infringed the '864 patent;

  C. That Alcatel Internetworking, its officers, agents, and employees, and those persons in active concert or participation with any of them, and their successors and assigns be permanently enjoined from infringement, inducement of infringement, and contributory infringement of the '864 patent, including but not limited to making, importing, using, offering for sale, or selling any devices or systems that infringe, or using processes that infringe, the '864 patent;

  D. That Alcatel Internetworking pay damages adequate to compensate for its infringement of the '864 patent, including prejudgment interest from the date it began its infringement;

  E. That Alcatel Internetworking pay treble damages for its willful infringement of the '864 patent pursuant to the Court's authority under 35 U.S.C. § 284;

  F. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Foundry be awarded attorney fees, costs, and expenses that it incurs in prosecuting this action; and

  G. That Foundry be awarded such other and further relief as this Court deems just and warranted under the circumstances.

## JURY DEMAND

Foundry demands a trial by jury as to all issues so triable.

POTTER ANDERSON & CORROON LLP

By: /s/ Philip A. Rovner
Philip A. Rovner (#3215)
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

*Attorneys for Defendant and Counterclaimant
Foundry Networks, Inc.*

OF COUNSEL:

Henry C. Bunsow
K.T. Cherian
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

(As to Count II of the Amended
Complaint and Counterclaim)

Dated: August 11, 2005
694507

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

<u>CERTIFICATE OF SERVICE</u>

I, Philip A. Rovner, hereby certify that on August 11, 2005, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

<u>BY HAND DELIVERY</u>

Josy W. Ingersoll, Esq.
Adam W. Poff, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

I hereby certify that on August 11, 2005 I have sent by Federal Express the foregoing document to the following non-registered participant:

Timothy J. Haller, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com