IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., ) <br> a Delaware Corporation, and ) <br> ALCATEL INTERNETWORKING, INC., ) <br> a California Corporation, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FOUNDRY NETWORKS, INC., ) <br> a Delaware Corporation, ) <br> ) <br> ) <br> Defendant. ) | Civil Action No. 05-418-SLR <br><br> (JURY TRIAL DEMANDED) |

## ALCATEL INTERNETWORKING'S
## RESPONSE TO FOUNDRY NETWORKS, INC'S COUNTERCLAIM

Pursuant to Fed.R.Civ.P. 12, Plaintiff Counter-Defendant Alcatel Internetworking, Inc. ("Alcatel Internetworking") responds to the counterclaim of Foundry Networks, Inc. ("Foundry") as follows:

### RESPONSE TO COUNTERCLAIM

### A. JURISDICTION AND VENUE

1.   Foundry is a Delaware corporation and is a market leader in providing high-performance enterprise and service provider switching, routing and Web traffic management solutions. Foundry conducts business in the state of Delaware, and has a registered agent for service of process in this district.

**Response:**

Alcatel Internetworking admits that Foundry is a Delaware corporation that conducts business in the State of Delaware. Except as so admitted, Alcatel Internetworking denies each and every allegation of paragraph 1 of the counterclaim.

2.   Upon information and belief, Alcatel Internetworking is a California corporation conducting regular business nationally and in this judicial district. Upon information and belief, Alcatel Internetworking has committed acts of infringement in this judicial district.

**Response:**

Alcatel Internetworking admits that it is a California corporation conducting business in this district. Except as otherwise so admitted, Alcatel Internetworking denies each and every allegation of paragraph 2 of the counterclaim.

3.   This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2202.

**Response:**

Alcatel Internetworking admits the allegations of paragraph 3 of the counterclaim.

4.   Venue is proper in this district pursuant 28 U.S.C. §§ 1391 and 1400(b).

**Response:**

Alcatel Internetworking admits the allegation of paragraph 4 of the counterclaim.

## B. ALCATEL INTERNETWORKING'S ACTS OF PATENT INFRINGEMENT

5.   United States Patent No. 6,118,864 ("the '864 patent"), entitled "System and Method for Providing Communication On A Wide Area Network," was duly and legally issued on September 12, 2000, to Chang et al. The '864 patent constitutes a valid and enforceable patent solely owned by Foundry, with the right to sue for past infringement. A true and correct copy of the '864 patent is attached as Exhibit A.

**Response:**

Alcatel Internetworking admits that United States Patent No. 6,118,864 is entitled "System and Method for Providing Communication On A Wide Area Network." Except as otherwise so admitted, Alcatel Internetworking denies each and every allegation of paragraph 5 of the counterclaim.

6. Upon information and belief, Alcatel Internetworking has infringed one or more claims contained in the '864 patent in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale in, or importation into, the United States of products including, but not limited to, the Alcatel OmniPCX integrated communication system.

**Response:**

Alcatel Internetworking denies each and every allegation of paragraph 6 of the counterclaim.

7. Upon information and belief, Alcatel Internetworking has violated 35 U.S.C. § 271(b) by actively inducing others to infringe one or more claims of the '864 patent.

**Response:**

Alcatel Internetworking denies each and every allegation of paragraph 7 of the counterclaim.

8. Upon information and belief, Alcatel Internetworking has contributed to the infringement of the '864 patent in violation of 35 U.S.C. § 271(c) by engaging in the acts alleged herein.

**Response:**

Alcatel Internetworking denies each and every allegation of paragraph 8 of the counterclaim.

## C. WILLFUL INFRINGEMENT

9.   Alcatel Internetworking has had actual and constructive notice of its infringement of the '864 patent through, *inter alia,* notice from Foundry, pre-litigation meetings and correspondence, and this counterclaim for infringement. Despite such notice, Alcatel Internetworking has willfully and deliberately infringed the '864 patent.

**Response:**

Alcatel Internetworking admits that prior to the filing of the counterclaims, Foundry accused Alcatel Internetworking of infringement of the '864 patent. Except as otherwise so admitted, Alcatel Internetworking denies each and every allegation of paragraph 9 of the counterclaim.

10.   Foundry has been damaged by the foregoing acts of infringement in an amount to be determined.

**Response:**

Alcatel Internetworking denies each and every allegation of paragraph 10 of the counterclaim.

11.   Alcatel Internetworking's acts of infringement have irreparably injured Foundry and will continue to do so until this Court enters an injunction prohibiting further infringement by Alcatel Internetworking.

**Response:**

Alcatel Internetworking denies each and every allegation of paragraph 11 of the counterclaim.

Respectfully Submitted,

Alcatel USA Resources, Inc., and
Alcatel Internetworking, Inc.

Jøsy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St., Wilmington, DE 19801
phone 302 571-6600
jingersoll@ycst.com
Attorneys for Plaintiffs

OF COUNSEL:

Timothy J. Haller
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733
haller@nshn.com

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire hereby certify that on August 31, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE 19801

I further certify that on August 31, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>William L. Anthony, Esquire
>Matthew H. Poppe, Esquire
>Michael F. Heafey, Esquire
>Orrick, Herrington & Sutcliffe LLP
>1000 Marsh Road
>Menlo Park, CA 94025

>YOUNG CONAWAY STARGATT & TAYLOR, LLP

>_____
>Josy W. Ingersoll (No. 1088)
>The Brandywine Building
>1000 West Street, 17th Floor
>Wilmington, Delaware 19801
>(302) 571-6600
>jingersoll@ycst.com

>Attorneys for Plaintiffs