IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 05 418-SLR |
| v. | ) ) | |
| FOUNDRY NETWORKS, INC., a Delaware Corporation, | ) ) ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) ) | |

**PLAINTIFFS' BRIEF IN SUPPORT OF THEIR
MOTION TO DISQUALIFY HOWREY, LLP**

Dated: September 8, 2005

                                                        Josy W. Ingersoll (#1088)
                                                        John W. Shaw (#3362)
                                                        Adam W. Poff (#3990)
                                                        Young Conaway Stargatt & Taylor, LLP
                                                        The Brandywine Building
                                                        1000 West Street, 17th Floor
                                                        Wilmington, DE 19801
                                                        Telephone 302 571-6600

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

I.   NATURE AND STAGE OF THE PROCEEDING ................................................... 1

II.  SUMMARY OF ARGUMENT ................................................................................... 1

III. STATEMENT OF FACTS .......................................................................................... 2

IV.  ARGUMENT ................................................................................................................ 5

    A.   Disqualification is Necessary and Appropriate ............................................... 5

    B.   Alcatel is a Current Client of Howrey for the Subject Matter
        of This Litigation .................................................................................................. 8

    C.   Disqualifying One Attorney at Howrey Requires Disqualifying
        All Attorneys at Howrey ................................................................................... 9

    D.   Howrey's Attempt to Limit Its Appearance Does Not Avoid
        Conflict ................................................................................................................ 9

V.   CONCLUSION ........................................................................................................... 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

End of Road Trust v. Terex Corp.,
    2002 U.S. Dist. LEXIS 2586 (D.Del. 2002) ..............................................................5

In re Freedom Solar Center, Inc.,
    776 F.2d 14 (1st Cir. 1985) ......................................................................................6

I.B.M. Corp. v. Levin,
    579 F.2d 271 (3rd Cir. 1978) ...................................................................................6

Kabi Pharmacia AB v. Alcon Surgical, Inc.,
    803 F. Supp. 957 (D.Del. 1992) ............................................................................6, 7

United States v. Miller,
    624 F.2d 1198 (3rd Cir. 1980) .............................................................................6, 11

I.  **Nature and Stage of the Proceeding**

Plaintiffs filed an amended complaint on July 27, 2005 (D.I. 5) stating one count of patent infringement and one count seeking a declaratory judgment of non-infringement. Defendant filed an answer as to Count I on August 11, 2005 (D.I. 7) and an answer and counterclaim as to count II on the same date (D.I. 8). Fact discovery has not yet commenced. Howrey LLP entered its appearance for Foundry on Count II and the counterclaims. Because Howrey currently represents Alcatel on matters which directly overlap these claims, Alcatel has moved to disqualify Howrey. This is Alcatel's opening brief.

II. **Summary of Argument**

1. Howrey's representation here is a violation of the Delaware Lawyer's Rules of Professional Conduct Rule 1.7 which prohibits a lawyer from representing a client if the representation creates a concurrent conflict of interest.

2. Similarly, a concurrent conflict of interest exists if the representation would be directly adverse to another client.

3. Alternatively, a concurrent conflict of interest exists here because there is a significant risk that the representation of Foundry will be materially limited by Howrey's responsibilities to Alcatel.

4. Howrey's conduct breaches at least Rules 1.3, 1.7, 1.8 and 1.10 of the Delaware Lawyers Rules of Professional Conduct.

5. Foundry is already adequately represented by other lead counsel in this case including Orrick, Herrington & Sutcliffe LLP, one of the largest IP firms in the United States.

6. Howrey's continued presence in this case will complicate discovery by requiring a more extensive protective order and duplicative procedures for producing documents and deposing witnesses.

7. Alcatel is entitled to continuing advice and counsel from Howrey that is free from limitation or conflict on the matters for which it has been retained. Since there is direct overlap between the subject matter of this action and the subject matter of Howrey's preexisting representation of Alcatel, Howrey should be disqualified from representing Foundry in this action.

### III. Statement of Facts

On August 11, 2005, Foundry filed its "Answer to Count II of Plaintiffs' Amended Complaint and Counterclaim" (D.I. 8). There, Foundry disclosed that it has retained the Howrey firm to represent its interests in this action. Howrey has an ongoing client relationship with Alcatel for, among other things, advice and counsel on licensing negotiations between Alcatel and Microsoft Corporation ("Microsoft") that involve U.S. Patent No. 6,339,830 (the "'830 patent"), one of the patents asserted by Alcatel in this action. Howrey has asked Alcatel to consent to concurrent representation, but Alcatel declined to consent explaining that the conflict was too serious to be waived (Ex. 1, Berres Declaration at ¶ 10).

In June, 2002, Alcatel hired the Howrey firm to evaluate the conditions under which the '830 patent was examined and issued by the US Patent and Trademark Office ("PTO") and other matters relating to the enforceability of the '830 patent. Howrey

attorneys Joseph Lavelle and Vivian Kuo were assigned to work on the task. Howrey was informed that the purpose of the representation was to assist Alcatel in efforts to license the '830 patent to Microsoft (Ex. 1, Berres Declaration at ¶¶ 4-5).

At the outset of the work, Alcatel provided a 34 page primer on the history of the inventions of the '830 patent to Howrey attorneys. The primer was created by other counsel for Alcatel for the purpose of providing a complete and candid background on the relative merits of the '830 patent for the Howrey attorneys. The primer (designated as confidential and privileged on every page) is full of detailed information identifying internal documents and personnel, all of which is highly relevant to the subject matter of the '830 patent (Ex. 1, Berres Declaration at ¶ 6). The Howrey attorneys also had access to the Alactel executive and legal staff for any additional information needed to prepare a complete evaluation of the '830 patent (Ex. 1, Berres Declaration at ¶ 7).

In the course of its representation of Alcatel, Howrey prepared and sent a 39 page report to Microsoft on behalf of Alcatel (Ex. 2). The report provides an extensive analysis of the prosecution of the '830 patent in view of multiple legal theories that Microsoft could have alleged as defenses to any action for infringement including equitable estoppel (Ex. 2, p. 3), patent misuse (Ex. 2, p. 4), antitrust claims under the Sherman Act (Ex. 2, p. 6), unfair competition claims under the FTC Act (Ex. 2, p. 8), common law fraud (Ex. 2, p. 9) and other state causes of action (Ex. 2, p. 10). In other words, Howrey's assignment was to consider likely defenses that an accused infringer of the '830 patent may raise at trial and consider the facts and evidence available to Alcatel to respond to those defenses.

Alcatel is still negotiating with Microsoft on the terms of a license agreement on a family of patents including the '830 patent and very well may have further need for the assistance of Howrey in the process (Ex. 3, Lucas Declaration ¶¶ 6-7). Howrey has known since December, 2002 that the Microsoft negotiation is an ongoing matter where further services from Howrey may be required. The licensing negotiations on which Howrey assisted Alcatel have now matured into cross licensing negotiations. These cross licensing negotiations include discussions between the parties on a range of Alcatel products including the VoIP OmniPCX System – the very product identified as the infringing device in Foundry's counterclaim (Ex. 3, Lucas Declaration ¶ 5).

Alcatel has not received notice from Howrey, written or otherwise, indicating that the representation no longer exists (Ex. 1, Berres Declaration at ¶ 9); (Ex. 3, Lucas Declaration ¶ 8). Neither Mr. Lavelle nor Ms. Kuo has left the Howrey firm. As of the time of filing of this motion, both are identified as practicing in Howrey's Intellectual Property group (Ex. 4).

Moreover, Foundry has already retained Orrick, Herrington & Sutcliffe LLP to represent it with respect to Alcatel's infringement claims. The Orrick firm is a large and well known intellectual property litigation firm with hundreds of attorneys throughout the world (Ex. 5).

The Orrick firm can represent Foundry on Count II and on its counterclaim without creating any conflicts in violation of the rules of professional conduct.

IV.  **Argument**

The Howrey firm is certainly aware of the problem that representing Foundry in this case creates. This is clear because, after Alcatel's complaint was filed, Howrey contacted Alcatel and asked for its consent to the concurrent representation of Foundry (Ex. 1, Berres Declaration at ¶ 10). Of course, if Howrey believed there was no conflict problem, there would have been no need to seek Alcatel's consent. But Howrey asked and Alcatel declined to consent. Howrey does not argue these facts. Howrey's decision to appear in this case on behalf of Foundry was made without regard to Alcatel's express refusal to give consent.

Howrey is now in the untenable position of representing conflicting interests. Howrey's representation of Foundry in this case is a serious breach of multiple sections of the Delaware Lawyer's Rules of Professional Conduct including Rules 1.3, 1.7, 1.8 and 1.10. For the reasons set forth in more detail below, Alcatel seeks an order from this court disqualifying Howrey from representing Foundry in this action and barring Foundry from seeking any indirect assistance from Howrey in this matter without prior written consent from Alcatel.

A.  **Disqualification is Necessary and Appropriate**

Local Rule 83.6(d) gives the Court broad discretion for dealing with counsel who violate the applicable professional rules, up to and including disbarment from this Court. The Local Rules of this Court refer to the ABA Model Rules of Professional Conduct which have been adopted as the Delaware Rules. End of Road Trust v. Terex Corp., 2002 U.S. Dist. LEXIS 2586 at *4-5 (D.Del. 2002) (Ex. 6).

Rule 1.7(a) of the Delaware Lawyers' Rules of Professional Conduct ("DLRPC") prohibits representation where there is a concurrent conflict of interest. Specifically, the rule states that a concurrent conflict of interest exists if either:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client.

It is well established that this court has the power to disqualify "those whose conduct breaches the norms as established by the bar." Kabi Pharmacia AB v. Alcon Surgical, Inc., 803 F. Supp. 957, 960 (D.Del. 1992). This power extends to the authority to disqualify both an attorney and the attorney's law firm from representation. United States v. Miller, 624 F.2d 1198, 1201 (3rd Cir. 1980). Even if there is doubt about the existence of a conflict, such doubts should be resolved in favor of disqualification. In re Freedom Solar Center, Inc. 776 F.2d 14, 17 (1st Cir. 1985)(citing I.B.M. Corp. v. Levin, 579 F.2d 271, 283 (3rd Cir. 1978)).

If Howrey is permitted to represent Foundry in this case there will be a glaring, concurrent conflict of interest under **both** prongs of DLRPC 1.7(a). Howrey currently represents Alcatel in matters relating to US Patent No. 6,339,830 (the "'830 patent"). Simultaneously, Alcatel has sued Foundry under the '830 patent. Thus Alcatel and Foundry are adverse parties in a matter for which Howrey has given, and is expected to continue to give, legal advice to Alcatel. It is difficult to imagine a more severe case of direct adversity between two clients.

DLRPC 1.7(b) excuses certain conflicts arising under rule 1.7(a) if "each affected client gives informed consent, confirmed in writing." Here, Howrey has received in writing

an express refusal to consent. Therefore it has and had no basis for accepting representation of Foundry in this case.

The Pharmacia case is particularly analogous to the facts here. Pharmacia was a patent infringement case where the plaintiff moved to disqualify counsel for the defendant due to concurrent representation that created a conflict under Rule 1.7. Kabi Pharmacia AB, at 958. The court found that an attorney client relationship did exist over the defendant's argument that the firm in question was not actively providing services at the time of its appearance in the instant litigation. Id. at 962. The court disqualified the defendant's counsel, despite (unlike this case) some evidence of the plaintiff's acquiescence and despite the fact that the litigation was approaching the close of fact discovery (also unlike this case). Id. at 964-965.

Alcatel's grounds for disqualifying Howrey are stronger than the grounds relied on by the Pharmacia court. Here, there is no doubt that Alcatel has consistently declined Howrey's requests to consent to concurrent representation. When Alcatel asked Howrey to withdraw from representing Foundry in this case, Howrey replied that it "has not and will not claim that Alcatel consented to Howrey's representation of Foundry Networks." (Ex. 7). Further, in Pharmacia, the representation involved patents relating to different subject matter (Id. at 958), whereas here the subject matter of the concurrent representation relates to the identical patent and the same Alcatel product.

### B. Alcatel is a Current Client of Howrey for the Subject Matter of This Litigation

As discussed, in June, 2002, Alcatel hired the Howrey firm to evaluate the conditions under which the '830 patent was examined and issued by the PTO and other matters relating to the enforceability of the '830 patent. Howrey attorneys Joseph Lavelle and Vivian Kuo were assigned to work on the task. Howrey was informed that the purpose of the representation was to assist Alcatel in ongoing efforts to license the '830 patent to Microsoft.

Importantly, Alcatel is still negotiating with Microsoft on the terms of a license agreement on a family of patents including the '830 patent and may have further need for the assistance of Howrey in the process (Ex. 3, Lucas Declaration, ¶ 7). Howrey has known since December, 2002 that the Microsoft negotiation is an ongoing matter where further services from Howrey may be required.

Mr. Lavelle of Howrey inquired about terminating Howrey's representation of Alcatel in November, 2002. That request was expressly declined because Alcatel believed that it would have an ongoing need for Howrey's services in this matter. (A privileged communication between Alcatel and Howrey unequivocally supports Alcatel's claim. That communication is available for an *in camera* review if the court would find it helpful.) Since that time Howrey has given Alcatel no reason to believe that it has terminated its representation.

> "If a lawyer's employment is limited to a specific matter, the relationship terminates when the matter has been resolved. ... Doubt about whether a client-lawyer relationship exists should be clarified by the lawyer, preferably in writing, so that the client will not mistakenly suppose the lawyer is looking after the client's affairs when the lawyer has ceased to do so."

DLRPC Rule 1.3. comment 4. This matter (Microsoft) has not been resolved and Alcatel has not received any clarification, written or otherwise, indicating that the representation no longer exists (Ex. 1, Berres Declaration, ¶ 9); (Ex. 3, Lucas Declaration ¶ 8).

### C. Disqualifying One Attorney at Howrey Requires Disqualifying All Attorneys at Howrey

Foundry's answer and counterclaim do not include Mr. Lavelle or Ms. Kuo as "of counsel." However, whether or not Lavelle and/or Kuo are assisting Foundry here does not avoid disqualification. "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9." DLRPC 1.10(a). *accord* DLRPC 1.8(k). Neither Mr. Lavelle nor Ms. Kuo has left the Howrey firm. As of the time of filing of this motion, both are identified as practicing in Howrey's Intellectual Property group. (Ex. 4).

### D. Howrey's Attempt to Limit Its Appearance Does Not Avoid Conflict

Howrey has taken pains to give an illusory appearance that there is no conflict. Howrey attorneys are not listed "of counsel" on Foundry's answer to Count I (which includes the '830 patent) of the complaint, but only on its answer and counterclaim to Count II. This is to make it appear as if the Howrey firm will only represent Foundry with respect to the Foundry claim of infringement against the Alcatel VoIP OmniPCX System. Such cosmetic adjustments do not avoid the application of Rule 1.7(a).

There is just one action before this court. It is inevitable that Howrey will have to work cooperatively with Foundry's other defense counsel whether it is overtly adverse to Alcatel in part of the case, or all of the case. There is no practical way to implement a "partial

9

appearance" in this case. The same witnesses are likely to be deposed. The same documents will be produced. The same issues will be litigated.

If Howrey is not disqualified, its presence will create the need for duplicative and burdensome discovery procedures. Documents will have to be produced twice, potentially with different designations in order to isolate the Howrey attorneys. Witnesses may have to be deposed twice, and objections during those depositions will inevitably be multiplied.

Each document request from Foundry will have to be identified as pertaining to either Count I or Count II of the complaint. Each interrogatory will have to be similarly parsed. Each 30(b)(6) deposition topic noticed by Foundry will require similar designation. If Howrey's appearance is limited to only part of the action, it is inevitable that disputes will arise regarding the limits of Howrey's authority to seek discovery on behalf of Foundry. Where there are disputes, there will be motion practice in the form of motions to compel and motions seeking a protective order. The resources of the parties and the court will be repeatedly expended on collateral issues that do not materially advance the objective of a "just, speedy and inexpensive determination of every action." Fed.R.Civ.P. 1.

The fact that Howrey does not expressly appear "of counsel" as to Count I merely underscores how little its participation is truly needed by Foundry. Foundry has already retained Orrick, Herrington & Sutcliffe LLP to represent it with respect to Alcatel's infringement claims. The Orrick firm is a large and well known intellectual property litigation firm with hundreds of attorneys throughout the world. Its website indicates that the Orrick firm is "the Number 2 Intellectual Property (IP) defense firm in the nation" and it "ranks ninth in the nation for the number of plaintiffs cases filed in 2002" (Ex. 5). Foundry

would not be harmed if Howrey was unable to represent its interests in this case, whether in defense of Alcatel's claims or in asserting Foundry's counterclaim. The Orrick firm can represent Foundry on Count II and on its counterclaim without creating any conflicts in violation of the rules of professional conduct.

Howrey's cosmetic adjustments are unavailing for an additional reason. It should come as no surprise to any party who has patent dealings with Microsoft that the licensing negotiations on which Howrey assisted Alcatel have matured into cross licensing negotiations (Ex. 3, Lucas Declaration ¶¶ 5-6). These cross licensing negotiations include discussions between the parties on a range of Alcatel products including the Alcatel VoIP OmniPCX System – the very product identified as the infringing device in Foundry's counterclaim (Ex. 3, Lucas Declaration ¶ 5). Without disqualification, Alcatel will be unable to obtain effective assistance from Howrey on any further negotiations with Microsoft. Alcatel will have to find another law firm and incur additional expense just to put that firm in the same position that Howrey already occupies.

## V.   Conclusion

While not automatic as a *per se* rule, the ordinary result of a finding that an ethical rule has been violated is disqualification. United States v. Miller, 624 F.2d at 1201. There are no special circumstances here that justify a lesser result. Howrey is attempting the impossible -- to represent adverse parties on the same subject matter. Thus, Howrey has a divided loyalty to Alcatel and Foundry that cannot be resolved short of disqualification. For the reasons set

11

forth more fully above, Alcatel respectfully requests an order disqualifying the Howrey firm and barring Foundry from any further contact with Howrey relating to this case.

Respectfully Submitted,

Alcatel USA Resources, Inc., and
Alcatel Internetworking, Inc.


*/s/ Josy W. Ingersoll*

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
phone 302 571-6600
jingersoll@ycst.com


Timothy J. Haller
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733
haller@nshn.com

Attorneys for Plaintiffs

# CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, Esquire, hereby certify that on September 8, 2005 I caused to be electronically filed a true and correct copy of the **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION TO DISQUALIFY HOWREY, LLP** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Philip A. Rovner, Esquire
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza
> 1313 N. Market Street
> P.O. Box 951
> Wilmington, Delaware 19899

I hereby certify that on September 8, 2005 I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and by E-Mail on the below listed counsel:

> William L. Anthony, Esquire
> Orrick, Herrington & Sutcliffe LLP
> 1000 Marsh Road
> Menlo Park, CA 94025

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> _____
> Josy W. Ingersoll (#1088)
> John W. Shaw (#3362)
> Adam W. Poff (#3990)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE 19801
> (302) 571-6600
> jingersoll@ycst.com
>
> *Attorneys for Plaintiffs*