IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., )<br>a Delaware Corporation, and )<br>ALCATEL INTERNETWORKING, INC., )<br>a California Corporation, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FOUNDRY NETWORKS, INC., )<br>a Delaware Corporation, )<br>)<br>Defendant. ) | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

## DECLARATION OF JOSEPH P. LAVELLE

OF COUNSEL:

Henry C. Bunsow
K. T. Cherian
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Attorneys for Count II
Defendant and Counterclaimant
Foundry Networks, Inc.

Dated: September 22, 2005

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

## DECLARATION OF JOSEPH P. LAVELLE

I, Joseph P. Lavelle, declare as follows.

1. I am a partner in the Washington, D.C. office of Howrey LLP ("Howrey"). I submit this declaration in connection with Howrey's opposition to the motion of Alcatel USA Resources, Inc. and Alcatel International Networking, Inc. to disqualify Howrey as counsel for Foundry Networks, Inc. ("Foundry") in *Alcatel USA Resources, Inc. et al. v. Foundry Networks, Inc.*, No. 05 418-SLR, pending in the United States District Court for the District of Delaware. I have personal knowledge of the following facts and could testify competently about them if asked to do so.

2. In July, 2002, Alcatel retained Howrey to prepare an opinion letter concerning a standards issue relating to patent number 6,339,830, "Deterministic User Authentication Service for Communications Network" (the "'830 patent"). Specifically, Alcatel requested an opinion letter as to whether Alcatel's contact with the standard-setting process for an IEEE specification, 802.1X, was likely to make the '830 patent unenforceable.

3. I was responsible for Howrey's work on this assignment. I worked on this project with an associate, Vivian Kuo. As I recall, Ms. Kuo and I were the only two attorneys to work on this matter. Howrey's principal contact with Alcatel on matters other than this one was a partner named Alan Green. Mr. Green has since left Howrey.

4. Ms. Kuo and I prepared the opinion letter during the months July through October, 2002, and provided the letter to Alcatel in October, 2002. My billing records reflect one and a half hours of work on this matter in November, 2002, including a telephone call with Mr. Berris of Alcatel. To the best of my knowledge, that is the last work that Howrey performed on this matter.

5. The subject line of the retainer agreement that Alcatel prepared and provided for this engagement referenced the "Retention of Howrey Simon for Standards Issue Opinion." On

DM_US\8255939.v1

the budget forms that Alcatel provided, Howrey provided an estimate for the "time to completion" of one month.

6. Based upon the nature of Howrey's engagement, the fact that Alcatel had not asked to retain Howrey on any matter for two and a half years, and the fact that Mr. Green had left Howrey, when I called Mr. Berres in June, 2005 to discuss the possibility of a waiver to represent Foundry in this litigation I did not consider Alcatel to be a current client of the firm. I called Mr. Berres because of my previous work with respect to the standards opinion. Mr. Berres indicated that Alcatel was not willing to provide a waiver. However, in the message I received from him, Mr. Berres did not state that he intended to call upon Howrey for any additional work or that he considered Alcatel to be a current client of Howrey. At the time I sought a waiver from Alcatel, I was not aware of, and did not raise or discuss with Mr. Berres, the possibility of Howrey's limited representation of Foundry in this litigation with respect to a patent other than the '830 patent.

7. I have not had any communications with any member of the team representing Foundry in this litigation concerning the prior work that Ms. Kuo and I performed for Alcatel, nor will I have any such communications in the future.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2*V* day of September, 2005.

_____
Joseph P. Lavelle

DM_US\8255939.v1            2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 22, 2005, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

BY HAND DELIVERY

Josy W. Ingersoll, Esq.
Adam W. Poff, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

I hereby certify that on September 22, 2005 I have sent by Federal Express the foregoing document to the following non-registered participant:

Timothy J. Haller, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com