IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation,<br><br>    Plaintiffs,<br><br>  v.<br><br>FOUNDRY NETWORKS, INC., a Delaware Corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-418-SLR<br>)<br>)<br>)<br>)<br>)  (JURY TRIAL DEMANDED)<br>)<br>) |

**ORDER**

This 13th day of _____October_____ 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

**1. Pre-Discovery Disclosures.** The parties will exchange by October 18, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

**Discovery.** This case will be divided into two phases for purposes of discovery and trial. Phase One will involve four of the Alcatel patents-in-suit, to be selected by Alcatel from among the patents asserted in its Amended Complaint according to the procedure set forth below, and will also involve the Foundry patent-in-suit. Phase Two will commence after the end of the trial in Phase One, will follow a schedule to be set by the court at a later time (with all relevant discovery from Phase One being usable in Phase Two), and will relate to the remaining five Alcatel patents-in-suit identified in Alcatel's Amended Complaint. There will be two stages of discovery during Phase One. During the first stage ("Stage One"), defendant will produce all technical documents necessary to understand the structure and operation of the relevant features

of the accused Foundry products. This production will be completed by November 1, 2005. To guide defendant's production of documents, plaintiffs will serve defendant with document requests directed to the accused products promptly after the entry of this Order. Plaintiffs will complete Stage One depositions related to the structure and operation of the relevant features of the accused Foundry products between November 1, 2005 and December 31, 2005. Based upon the assumption that Foundry promptly and fully provides the foregoing discovery, by January 20, 2006, plaintiffs will choose the four (4) Alcatel patents to pursue during Phase One of this case. During Stage One, Alcatel may also serve written discovery related to the structure and operation of the relevant features of the accused Foundry products. All other discovery will be stayed during Stage One. Stage Two shall commence on January 23, 2006 and shall include discovery on all relevant issues related to the Phase One patents.

(a) Discovery will be needed on the following subjects: infringement, willfulness, validity, damages, estoppel, laches, and any additional issues that may arise.

(b) All Phase One fact discovery shall be commenced in time to be completed by September 1, 2006.

(1) Phase One document production shall be completed on or before February 24, 2006.

(2) Maximum of 50 interrogatories by each side to the other side during Phase One; maximum of 25 interrogatories by each side to the other side during Phase Two.

(3) In the absence of agreement among the parties, contention interrogatories, if served, shall first be served by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 100 requests for admission by each side to the other side during Phase One, 50 of which will be solely for the purposes of authentication of

documents. Maximum of 50 requests for admission by each side to the other side during Phase Two, 25 of which will be solely for the purposes of authentication of documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition shall be scheduled prior to the completion of document production, except as set forth above in connection with Stage One.

(6) Maximum of 275 hours for fact depositions during Phase One, split evenly between the two sides. Maximum of 210 hours for fact depositions during Phase Two, split evenly between the two sides.

(c) Expert discovery shall be commenced in time to be completed by November 17, 2006, but shall not commence before October 16, 2006 absent agreement of the parties or order of the court.

(1) Expert reports on issues for which the parties have the burden of proof due September 18, 2006. Rebuttal expert reports due October 13, 2006.

(2) Expert depositions to be limited to a maximum of seven (7) hours per witness unless extended by agreement of the parties for reasons such as technical experts opining on more than one patent.

(3) All Daubert motions shall be filed on or before February 15, 2007.

(d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiffs as to whether it intends to rely upon advice of counsel within two (2) months after the time that plaintiffs advise defendant of the patents that will be tried during Phase One. If the decision is to rely on such advice, plaintiffs' position is that the scope of discovery shall include the advice and materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought, while defendant's position is that the scope of discovery shall include the materials covered by the waiver of privilege associated with the decision to rely on the advice of counsel.

(e) Supplementations under Rule 26(e) due every three months during the fact discovery period.

(f) **Discovery Disputes.**

(1) The court shall conduct in-person discovery status conferences on November 21, 2005 at 4:30 p.m. and on February 7, 2006 at 4:30 p.m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of each such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties shall be filed on or before March 10, 2006, and motions to amend the pleadings in connection with the Phase One patents shall be filed on or before July 12, 2006.

3. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

4. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, on November 20, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their

proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before December 11, 2006. All briefs in opposition to summary judgment shall be served and filed on or before January 15, 2007. All replies shall be served and filed on or before January 31, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2, except as set forth in this paragraph. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Claim Construction.** The parties shall agree upon and file the Joint Claim Construction Statement on January 4, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on January 8, 2007. Simultaneous reply briefs should be filed by January 31, 2007. Issues of claim construction shall be considered by the court in conjunction with summary judgment motion (s). The hearing on the claim construction and motion (s) for summary judgment will be heard on February 23, 2007 at 9:30 a.m. SLR

7. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a) **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall prove a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference.** A pretrial conference will be held on April 9, 2007 at 4:30 p.m. in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Trial.** This matter is scheduled for a twenty (20) day jury trial commencing on April 23, 2007 in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge