IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,           )
a Delaware Corporation, and            )
ALCATEL INTERNETWORKING, INC.,         )
a California Corporation,              )
                                       )
                    Plaintiffs,        )
                                       )        Civil Action No. 05-418-SLR
        v.                             )
                                       )
FOUNDRY NETWORKS, INC.,                )
a Delaware Corporation,                )
                                       )
                    Defendant.         )

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c)(7) and the stipulation of the parties,

IT IS HEREBY ORDERED:

1.    Any document, deposition testimony, written responses to discovery, or other

material produced or disclosed during discovery or trial in this case (and any copies, summaries

or abstracts of such materials) is eligible to be designated as "CONFIDENTIAL TECHNICAL

MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL" if it contains or

discloses confidential or proprietary technical or commercial information that is owned or

controlled by the designating party and if the designating party reasonably and in good faith

believes that:

    a)    the information now has, or may in the future have, independent economic

          value because it is not generally known;

b)      the disclosure of the information, or the fact that the designating party possesses the information, would have an adverse effect, economic or otherwise, on the designating party; or

c)      the disclosure of the information may confer an economic advantage on any third party.

Notwithstanding the foregoing, the following material is not eligible to be designated as "CONFIDENTIAL TECHNICAL MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL":

a)      information already in the possession of the receiving party where the receiving party is under no restriction or other obligation of confidentiality to the designating party regarding such information;

b)      information that the designating party agrees is not confidential;

c)      information that the receiving party receives from a third party where the third party is under no restriction or obligation of confidentiality to the designating party regarding such information;

d)      information that is independently developed by the receiving party; and

e)      information that is, or becomes, demonstrably public knowledge through no act of the receiving party.

2.      Materials eligible to be designated as "CONFIDENTIAL NON-TECHNICAL MATERIAL" shall include, but not be limited to, (1) current business/strategic plans, (2) sales, cost, and price information including future sales/financial projections, (3) marketing information including future marketing plans, (4) detailed sales and financial data that includes costs and profits information, (5) customer lists, (6) licensing, licensing policies, and licensing

negotiations, and (7) other information of business, commercial, competitive, financial, marketing, sales and technical significance comparable to the items listed in this paragraph. Materials eligible to be designated as "CONFIDENTIAL TECHNICAL MATERIAL" shall include, but not be limited to, (1) source code, (2) hardware and software specifications, (3) schematics, (4) documents used in connection with generating such source code, hardware, or software, and (5) other documents showing the disclosing party's product functionality, features and operation. The terms CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL, as used in this Protective Order, shall refer to documents and things that have been designated as such in accordance with Paragraph 4, as well as any copies, summaries or abstracts of such materials.

3.      CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL shall not be made public by a receiving party or divulged to anyone other than the persons permitted access as set forth herein unless and until the Court rules to the contrary or the designating party agrees otherwise. No such material shall be reproduced or used by a receiving party except in connection with the above-captioned litigation.

4.      A producing party that wishes to designate documents or things under this Protective Order shall label or mark those documents and things with an appropriate legend, such as "CONFIDENTIAL TECHNICAL MATERIAL:  Subject to Protective Order entered by the United States District Court for the District of Delaware, Civil Action No. 05-418-SLR" or "CONFIDENTIAL NON-TECHNICAL MATERIAL:  Subject to Protective Order entered by the United States District Court for the District of Delaware, Civil Action No. 05-418-SLR." All information contained in documents and things produced or disclosed by a party or non-party for inspection only, prior to reproducing them for production, shall be presumed to be

CONFIDENTIAL TECHNICAL MATERIAL and subject to the restrictions in this Protective Order. A party that inadvertently fails to designate an item as "CONFIDENTIAL TECHNICAL MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL" at the time of production may correct its failure in writing, accompanied by substitute copies of each item, container or folder, appropriately designated in the manner provided by this paragraph. Within five (5) court days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark with the new designation, the previously undesignated or mis-designated items, containers or folders and all copies thereof, and shall subsequently treat such items as CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL, as applicable, pursuant to this Protective Order.

     5. (A) Unless and until the Court rules or the designating party agrees otherwise, disclosure by the receiving party of CONFIDENTIAL NON-TECHNICAL MATERIAL shall be limited to the following persons:

         a)    up to two (2) employees designated in accordance with Paragraph 6 of this Order;

         b)    the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

         c)    the outside attorneys of record, and associated attorneys, within the parties' respective outside law firms;

         d)    the non-lawyer employees of such firms;

         e)    the vendors and contractors (such as copying services) of such attorneys, provided that a representative of each such vendor and contractor has

signed an executed agreement in the form of <u>Exhibit A</u> or provided a confidentiality undertaking in substantially the form of <u>Exhibit C</u>;

f)  court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation;

g)  experts, consultants, interpreters, and translators who have been retained by a party or counsel of record in this litigation for purposes of assisting in this litigation, plus necessary clerical assistants, provided that any such person is not an employee, former employee, officer, or director of any party and subject to the qualification provisions of Paragraph 8 of this Order, and provided that they have signed an executed agreement in the form of <u>Exhibit A</u>;

h)  mock jurors, participants in focus groups, or members of any similar panel provided:

    i)  no such participant is an employee, former employee, immediate relation of any employee or former employee, contractor, officer, or director of any party or data networking company;

    ii)  all such participants were recruited to participate in the mock jury, focus group, or similar panel by a consultant under Paragraph 5(A)(g); and

    iii)  all such participants sign a document acknowledging their agreement to maintain the confidentiality of the materials disclosed to them and are not permitted to retain any copy, summary, or

abstract of any CONFIDENTIAL TECHNICAL MATERIAL or

CONFIDENTIAL NON-TECHNICAL MATERIAL; and

i)     any person who is listed as an author or recipient of CONFIDENTIAL

TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL

MATERIAL, provided such person is not permitted to retain any copy,

summary, or abstract of the CONFIDENTIAL TECHNICAL MATERIAL

or CONFIDENTIAL NON-TECHNICAL MATERIAL.

(B)  Unless or until the Court rules or the designating party agrees otherwise,

disclosure by the receiving party of CONFIDENTIAL TECHNICAL MATERIAL shall be

limited to the following persons:

a)     the persons listed in subparagraphs (b), (d), (e), (f), (g), (h), and (i) of

Paragraph 5(A) of this Order, subject to the respective conditions set forth

in those subparagraphs; and

b)     the outside attorneys of record, and associated attorneys, within the

parties' respective law firms, provided each such attorney signs and

submits to counsel for the designating party an executed agreement in the

form of Exhibit B.

6.     A receiving party may designate up to two (2) employees who may have access to

CONFIDENTIAL NON-TECHNICAL MATERIAL subject to the following:

a)     Each such designated employee must be an attorney;

b)     Before any such employee has access to CONFIDENTIAL

NON-TECHNICAL MATERIAL, the employee shall complete and sign a

copy of Exhibit A;

c)  The receiving party shall give ten (10) court days' notice of the identity of
each such employee to all other parties, such notice including:

i)  an executed agreement in the form of Exhibit A;

ii)  the designated employee's name, business address, and business
title; and

iii)  if applicable, the identity of any other current employers and/or
consulting relationships; and

d)  Once a receiving party has designated employees under this Paragraph 6,
such receiving party may not designate another employee unless one of
the original designated employees terminates employment with the
receiving party, or other good cause can be shown for replacing one of the
original employees.

7.  All source code disclosed by a party or non-party, whether marked in accordance
with Paragraph 4 or unmarked, shall be presumed to be CONFIDENTIAL TECHNICAL
MATERIAL. All source code disclosed by a party or non-party is subject to the following
additional provisions regarding the manner in which the disclosing party will produce such
source code and the manner in which the receiving part will handle such source code. The
disclosing party shall produce source code by delivering two computers equipped with term-
searchable copies of source code (the "Source Code Inspection Computers" or "SCICs") to the
receiving party within 5 court days after receiving a written request for those Source Code
Inspection Computers, provided that production of the source code has otherwise been ordered
by the Court or agreed to by the disclosing party. Such production will be subject to the
following provisions:

a)    only those persons identified in Paragraphs 5(A)(g) and 5(B)(b) will be permitted access to the SCICs;

b)    the receiving party shall make no use of the SCICs, or the source code thereon, other than for use in this action;

c)    the receiving party may not make any copy of the source code on the SCICs other than to print excerpts of the source code for production (the "Printed Excerpts"), and only those persons authorized to receive CONFIDENTIAL TECHNICAL MATERIAL under Paragraph 5(B) will be permitted access to the Printed Excerpts;

d)    the receiving party shall provide a Bates-stamped copy of all Printed Excerpts to the disclosing party;

e)    the SCICs, Printed Excerpts, and Bates-stamped copy of the Printed Excerpts shall be kept in secure facilities in the offices of counsel for the receiving party;

f)    the source code contained on the SCICs shall not be modified in any way by the receiving party;

g)    the receiving party shall ensure through password protection and other reasonable means that no persons unauthorized to view source code under the provisions of the Protective Order shall have access to any SCIC at any time; and

h)    upon termination of this action, the SCICs and all copies of every Printed Excerpt of the source code shall be returned to the disclosing party.

8.    Counsel desiring to qualify a person or persons to receive CONFIDENTIAL NON-TECHNICAL MATERIAL or CONFIDENTIAL TECHNICAL MATERIAL under Paragraph 5(A)(g) of this Order shall first obtain from such person a signed undertaking in the form of Exhibit A of this Order, and shall serve upon the designating party a copy of said undertaking, as well as this person's current resume, including but not limited to, a list of his or her employment and consulting relationships during at least the last five (5) years and all of his or her past litigation-related engagements. Within ten (10) court days of service of such materials, the designating party shall respond in writing and either agree that such person may receive CONFIDENTIAL TECHNICAL MATERIAL and/or CONFIDENTIAL NON-TECHNICAL MATERIAL pursuant to this Protective Order or assert that disclosure of such material may not be made to that person. If the designating party does not consent to the requested disclosures to the person in question, then the receiving party shall have ten (10) court days from the day consent is denied within which to move for an order from the Court that CONFIDENTIAL TECHNICAL MATERIAL and/or CONFIDENTIAL NON-TECHNICAL MATERIAL may be shown to the person designated in the written notice. No such disclosure shall occur unless and until such disclosure is ordered by the Court or agreed to by the designating party. On any such motion, the receiving party shall bear the burden of showing why such disclosure is necessary to the preparation of the receiving party's case, but the designating party shall bear the burden of showing the need for confidentiality. If a person becomes qualified to receive CONFIDENTIAL TECHNICAL MATERIAL pursuant to this paragraph, such person shall promptly inform the designating party, on an ongoing basis, about any new employment or consulting relationships (not including litigation consulting involving only parties other than Foundry Networks) in the area of data networking, including the name of

-9-

the party that has employed or retained such person and the nature of such person's new employment or consulting responsibilities.

9.    Any person may be examined as a witness at a deposition, hearing, or trial and may testify concerning all CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL, and the information contained therein, as follows:

a)    A present employee of a party may be examined and may testify concerning all CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL produced by that party;

b)    A former employee of a party may be examined and may testify concerning all CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL produced by that party that pertains to the period or periods of his employment and prior thereto; and

c)    A present or former consultant to a party may be examined and may testify concerning all CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL produced by that party which pertains to the subject matter of his or her consultation.

10.    A non-party to this lawsuit may stipulate to this Protective Order and may thereby obtain the benefits, rights, and protection of a designating party under this Protective Order, regardless of whether the Protective Order is amended to add the non-party.  Such a stipulating non-party must agree to comply with and be bound by this Order by completing and signing a copy of Exhibit A to this Order.

11.    Any party may designate its responses to discovery, including responses to requests for production, responses to interrogatories, responses to requests for admission, and depositions, as "CONFIDENTIAL TECHNICAL MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL." To designate written responses to individual discovery requests as "CONFIDENTIAL TECHNICAL MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL," the responding party shall place a legend, as described in Paragraph 4, on the caption page of the responses. The responding party shall then place the responses it is designating on pages separate from non-designated responses and shall in the footer of each designated page place a legend as described in Paragraph 4.

If not already designated at the time of a deposition, the transcript of any deposition shall be considered CONFIDENTIAL TECHNICAL MATERIAL for a period of thirty (30) calendar days after delivery of the rough transcript by the court reporter. During that period any party may give notice that all or part of the transcript constitutes CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL. Such notice shall be made in writing to the reporter, with copies to all other counsel, designating the portion(s) of the transcript that constitute CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL, and directing the reporter to place the same in a separate sealed portion of the transcript. The reporter shall be instructed to include on the cover page of each sealed portion the legend:

> **This transcript portion contains CONFIDENTIAL TECHNICAL / NON-TECHNICAL MATERIAL that is subject to a Protective Order entered by the United States District Court for the District of Delaware, Case No. 05-418-SLR and shall be used only in accordance therewith.**

In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order in substantially the same form as follows below:

> **This videotape contains CONFIDENTIAL TECHNICAL / NON-TECHNICAL MATERIAL that is subject to a Protective Order entered by the United States District Court for the District of Delaware, Case No. 05-418-SLR and shall be used only in accordance therewith.**

When confidential testimony is elicited during a deposition, persons not entitled to receive CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL, as applicable, under the terms of this Protective Order shall be excluded from the deposition at the request of any party.

12.    In the event a party wishes to file any CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL with the Court for any purpose, the party shall file the material with the Court in a sealed envelope bearing the caption of the case and legend substantially similar to the following:

> This sealed container filed in the case of *Alcatel USA Resources, Inc. v. Foundry Networks, Inc.*, Civil Action Number 05-418-SLR contains CONFIDENTIAL MATERIAL. Pursuant to a Stipulated Protective Order entered herein, this container shall not be opened nor the contents thereof revealed except to the Court, including court personnel as necessary for handling of the matter. After any such opening or revelation, the container shall be resealed with the contents inside.

If a party fails to file information under seal, any person who in good faith believes that filing under seal is required to protect its interests may move the Court to seal the information within ten (10) court days of learning of the allegedly defective filing. Notice of such motion shall be given to all parties. The Clerk shall seal the disputed part of the filing until the Court rules on the motion. Nothing in this provision alters or supersedes any applicable Local Rule or any

standing order relating to electronic filing of materials with the Court and the electronic filing of documents placed under seal.

13.    With the exception of source code subject to Paragraph 7 above, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests or analyses of CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL for use in connection with the litigation, and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order. Further, with the exception of source code subject to Paragraph 7 above, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation into a data retrieval system used in connection with this litigation, provided that access to such information, in whatever form stored or reproduced, shall be limited to qualified recipients.

14.    A receiving party shall maintain CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL in a safe and secure area, and reasonable precautions shall be taken with respect to the storage, custody, use and/or dissemination of such information.

15.    In the event of a disclosure of any CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL to a person or persons not authorized to such access under this Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately inform counsel for the designating party of all known relevant information concerning the circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly

disclosed material and to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

16.    Nothing in this Protective Order shall be construed as a waiver by any party of the right to object to the production or disclosure of any document, thing, or information, in discovery or otherwise, on any grounds whatsoever.

17.    The acceptance by a party of material designated as "CONFIDENTIAL TECHNICAL MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL" shall not constitute an admission or concession or permit an inference that the material is, in fact, confidential. This Protective Order shall not foreclose a receiving party from moving for an order challenging the status of any material designated as "CONFIDENTIAL TECHNICAL MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL." Before so moving, counsel for a party desiring to challenge the status of material so designated will provide the designating party with ten (10) court days' notice thereof, during which time the parties will meet and confer in good faith as to the confidential status of the subject material. The party asserting confidentiality will bear the burden of persuasion to show that the challenged material is, in fact, within the scope of protection afforded by Rule 26 of the Federal Rules of Civil Procedure and this Protective Order.

18.    A party shall not be obliged to disclose material that is owned by a third party, but that otherwise would be eligible to be designated as "CONFIDENTIAL TECHNICAL MATERIAL" or "CONFIDENTIAL NON-TECHNICAL MATERIAL," without prior consent of the third party, where such disclosure would result in a breach of a pre-existing Non-Disclosure Agreement (NDA) with the third party. However, the disclosing party shall be required to make all reasonable efforts to secure consent of the third party to disclose such

-14-

material and, in the absence of such consent, must promptly notify the receiving party of the existence of the documents and lack of consent to disclose.

19.    This Protective Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders. Nor shall it prevent the Court from modifying the terms hereof *sua sponte* after notice and hearing.

20.    Nothing contained in this Protective Order will prejudice the right of any party to use CONFIDENTIAL TECHNICAL MATERIAL or CONFIDENTIAL NON-TECHNICAL MATERIAL at any hearing or at trial in this action, providing that advance notice is given to the designating party and reasonable steps are taken to ensure that such use is made only under conditions that preserve the confidentiality of such information.

21.    The restrictions on use of CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL set forth in this Protective Order shall survive the conclusion of this litigation and, after conclusion of this litigation, the Court shall exercise limited jurisdiction for the purpose of enforcing this Protective Order.

22.    Within sixty (60) calendar days after the final termination of this action, counsel for the receiving party shall return all copies of CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL to counsel for the designating party, or shall, at the option of the designating party, destroy such material and certify the destruction to counsel for the designating party; except that counsel for the receiving party may maintain file copies of all CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL that was a part of or was attached as an exhibit, addendum, attachment, or appendix to any brief, filing, expert's report, consultant's report, or jury materials, or that constitutes such counsel's work product.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated:  January 17, 2006

By:  /s/ Adam W. Poff
        Josy W. Ingersoll (#1088)
        John W Shaw (#3362)
        Adam W. Poff (#3990)
        Young Conaway Stargatt & Taylor, LLP
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, DE 19801
        (302) 571-6600
        apoff@ycst.com

*Attorneys for Plaintiff Alcatel USA Resources, Inc.,*
*and Alcatel Internetworking, Inc.*

POTTER ANDERSON & CORROON LLP

Dated:  January 17, 2006

By:  /s/ Philip A. Rovner
        Philip A. Rovner (#3215)
        Hercules Plaza
        P.O. Box 951
        Wilmington, Delaware  19899-0951
        (302) 984-6000
        provner@potteranderson.com

*Attorneys for Defendant Foundry Networks, Inc.*

**IT IS SO ORDERED** this _____ day of January, 2006.

_____
        Hon. Sue L. Robinson
        United States District Judge

# EXHIBIT A

## EXHIBIT A

UNDERTAKING OF _____

I, _____, hereby declare that:

1.    My present address is _____. My present employer is _____, whose address is _____ _____. My present occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order and will comply therewith. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, all CONFIDENTIAL NON-TECHNICAL MATERIAL and CONFIDENTIAL TECHNICAL MATERIAL, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

3.    I will return all CONFIDENTIAL NON-TECHNICAL MATERIAL and CONFIDENTIAL TECHNICAL MATERIAL that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained or from whom I received such material when requested to do so.

4.    I understand that if I violate the provisions of the Protective Order I will be subject to sanctions by the Court and that the parties, or any one of them, may assert other remedies against me. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order in this action.


Dated: _____        _____

# EXHIBIT B

## EXHIBIT B

### UNDERTAKING OF _____

I, _____, hereby declare that:

1.    My present address is _____. My present employer is _____, whose address is _____ _____. My present occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order and will comply therewith. In particular, I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, all CONFIDENTIAL TECHNICAL MATERIAL and CONFIDENTIAL NON-TECHNICAL MATERIAL, including the substance and any copy, summary, abstract, excerpt, index or description of such material that is disclosed to me.

3.    I am not and will not be (for at least two (2) years after the termination of this action or, if earlier, after the termination of my involvement therein) involved—whether as an attorney, a named inventor, or otherwise—in the preparation or prosecution of patent applications for the receiving party or any other person related to [data computer networking/Internet telephony]. Also, I am not and will not be (for the life of the patents-in-suit) involved in the preparation or prosecution of any patent application claiming priority from any patent-in-suit.

4.    I understand that if I violate the provisions of the Protective Order I will be subject to sanctions by the Court and that the parties, or any one of them, may assert other remedies against me. I hereby submit to the jurisdiction of the United States District Court for the District of Delaware for the purpose of enforcement of the Protective Order in this action.

Dated: _____          _____

714040

# EXHIBIT C

# EXHIBIT C



**Digital Document Management**

*CONFIDENTIALITY*                                        *11.17.05*

*Re; Alcatel v. Foundry Networks*

*In performing services C2 Legal's officers and staff may have access to certain confidential or proprietary information of the Client.  C2 Legal will treat any information as the confidential or proprietary information of the Client and will not use any such information commercially or disclose it to any other party without the Client's prior consent, or except as may be required by law, or the judicial or administrative process. All C2 Legal staff, subcontractors, and temporary personnel are required to execute confidentiality agreements protecting the confidential information of C2 Legal's Clients.*