# EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF      MASSACHUSETTS

Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc.     **SUBPOENA IN A CIVIL CASE**

v.

Case Number:[1] 1:05 CV 418
U.S.D.C, District of Delaware

Foundry Networks, Inc.

**ENTERED**

TO:    3Com Corp.
       350 Campus Drive
       Marlborough, MA 01752-3064

APR 14 2006

CALENDARED

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP. 1000 Marsh Road, Menlo Park, CA 94025-1015 | 04/24/2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | 04/10/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025-1015, Phone Number: (650) 614-7356

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | TIME |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE A – DOCUMENTS TO BE PRODUCED

### Category I – For the time period prior to June 1996 please produce:

1. Documents sufficient to identify and describe the features of all 3Com switches that implemented user authentication in June 1996 or earlier.

   a) 3Com means 3Com Corp. and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries.

   b) The term user authentication means authenticating a user based on a user id and password entered by the user, or based on a MAC address associated with a device that is used by the user.

   c) The term "3Com switches," means any device including, for example, bridges, switches, routers, or hubs) that performed network interconnection at Layer 2 (according to the International Organization for Standardization) which was made or sold by 3Com.

### Category II – For the time period prior to June 1996, please produce:

1. Documents sufficient to identify and describe the features of all 3Com switches that implemented port-based VLANs in June 1996 or earlier.

   a) The term "VLAN," means virtual local area networks.

   b) The term "port-based," means associated with a collection of switch ports on one or more switches across a hub.

2. Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of "switching products" made or sold by 3Com Corp. and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries in June 1996 or earlier, including:

   a) SuperStack II (formerly LinkSwitch) 1000;

   b) SuperStack II (formerly LinkSwitch) 2000 TR;

   c) SuperStack II (formerly LinkSwitch) 3000;

   d) LANplex 2500;

   e) Cellplex 7000;

   f) Transcend Enterprise Manager; and

   g) VLAN server.

3. Product manuals (dated June 1996 or earlier) of the products identified in Item 2 of Category II.

4. Documents (including purchase orders, invoices, and sales records) sufficient to show that the products identified in item 2 of Category II were sold prior to June 13, 1996.

5. Documents (including price quotations, and responses to requests for quotations) sufficient to show that the products identified in item 2 of Category II were offered for sale prior to June 13, 1996.

**Category III – For the time period prior to June 1996, please produce:**

1. Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of switches made or sold by 3Com in June 1996 or earlier, including switches that implemented support for either TACACS, or TACACS+ authentication.

2. Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of switches made or sold by 3Com in June 1996 or earlier, including switches that implemented support for RADIUS authentication.

3. Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of "SuperStack II or LinkSwitch" switches made or sold by 3Com in June 1996 or earlier, including switches that implemented support for user authentication.

4. Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of 3Com's Transcend Architecture, including the Smart Agent management agent and Transcend application software for management junction.

5. Documents (including purchase orders, invoices, and sales records) sufficient to show that the products identified in items 1-4 of Category III were sold prior to June 13, 1996.

6. Documents (including price quotations, and responses to requests for quotations) sufficient to show that the products identified in items 1-4 of Category III were offered for sale prior to June 13, 1996.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | TIME |
|---|---|---|
| SERVED | April 13, 2006  10:15 A.M. | 10:15 A.M. |

SERVED ON (PRINT NAME): MARTIN F. MAHONEY, II, SR. CORP. COUNSEL

MANNER OF SERVICE: IN-HAND

SERVED BY (PRINT NAME): JOHN BURKE

TITLE: PROCESS SERVER

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   4/13/06
               DATE

SIGNATURE OF SERVER: *John Burke*

ADDRESS OF SERVER: 15 Court Sq., Ste. 960, Boston, MA 02108

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC. )<br>a Delaware Corporation, and )<br>ALCATEL INTERNETWORKING, INC., )<br>a California Corporation, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FOUNDRY NETWORKS, INC., )<br>a Delaware Corporation, )<br>)<br>)<br>Defendant. ) | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

## CERTIFICATE OF SERVICE

I, Abby Ako-Nai, hereby certify that on April 13, 2006, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated: By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W. Madison Street, Suite 4600
Chicago, IL 60602

_____
Abby Ako-Nai

```
                    ******************************
                    ***   MULTI TX/RX REPORT    ***
                    ******************************

TX/RX NO              3534
PGS                   6
TX/RX INCOMPLETE
                      -----
TRANSACTION OK                                              FAXED
                      (1)   7746#15903#B#13122363137
                      (2)   7746#15903#B#13025711253

ERROR INFORMATION
                      -----
```



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

**FAX TRANSMISSION**

DATE   April 13, 2006                               NO. OF PAGES
                                                    (INCLUDING COVER SHEET)   **6**

**FROM**
name                                tel
Michael F. Heafey                   (650) 614-7645

**TO**

| Name | company/firm | tel | Fax |
|---|---|---|---|
| Timothy J. Haller/Sally Wiggins/ Robert Greenspoon, | Niro, Scavone, Haller & Niro | (312) 236-0738 | (312) 236-3137 |
| Josy W. Ingersoll | Young Conaway Stargatt & Taylor LLP | (302) 571-6600 | (302) 571-1253 |

RE   *Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.*
     U.S.D.C. Delaware, Civil Action No. 05-418-SLR

**MESSAGE**

Please see attached:

**SUBPOENA ON A CIVIL CASE**

# EXHIBIT 2

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF Oregon

Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc.
V.
Foundry Networks, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-05-418-SLR
U.S. District Court for the District of Delaware

TO: North West Remarketing
c/o Sean Blackburn
3434 Lawrence Street
Salem, Oregon 97302

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | April 7, 2006 at 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant | 3/23/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

American LegalNet Inc
www.USCourtForms.com

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE SERVED: | PLACE |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

SIGNATURE OF SERVER

ADDRESS OF SERVER

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet Inc.
www.USCourtForms.com

## **EXHIBIT A**

### **Definitions and Instructions**

1. "Northwest" shall mean Northwest Remarking, Inc. including without limitation any divisions, departments, parents, predecessors (whether acquired by acquisition, merger, consolidation or other means), successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder[s] or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

2. "Xylan" shall mean Xylan Corporation including without limitation any divisions, departments, parents, predecessors (whether acquired by acquisition, merger, consolidation or other means), successors (including, but not limited to Alcatel, Inc. its subsidiaries, affiliates, and assigns), subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder[s] or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

3. "Livingston" shall mean Livingston Enterprises, Inc. including without limitation any divisions, departments, parents, predecessors (whether acquired by acquisition, merger, consolidation or other means), successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder[s] or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

4. "DEC" shall mean Digital Equipment Corporation including without limitation any divisions, departments, parents, predecessors (whether acquired by acquisition, merger, consolidation or other means), successors (including, but not limited Compaq, Inc. or

Hewlett-Packard, Inc. and their subsidiaries, affiliates, and assigns), subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder[s] or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

5. "Foundry" shall mean Foundry Networks, Inc. including without limitation any divisions, departments, parents, predecessors (whether acquired by acquisition, merger, consolidation or other means), successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder[s] or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

6. "Person" or "Persons" shall include any and/or all natural persons, individuals, corporations, partnerships, unincorporated associations, joint ventures, sole proprietorships, and/or all other organization of individuals or other legal or business entities.

7. "Entity" means any and/or all domestic or foreign, public or private corporations, partnerships, associations or proprietorships, subsidiaries, parents, divisions, departments, affiliates and other organizations or operating units.

8. "Electronic Data" includes, but is not limited to, originals and all copies of electronic mail ("e-mail"); activity listings of electronic mail receipts and/or transmittals, voice-mail; audio or video recordings of any kind; computer programs (whether private, commercial, or a work-in-progress); programming notes or instructions; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs, and outlines; operating systems; source code for all types; PIF files; batch files; ASCII files; and all miscellaneous electronic files and/or file fragments, regardless of the media on which they are stored and regardless of whether the data resides in an active file, deleted file, or file fragment. Electronic data includes any and all information stored in hard disks, floppy disks,

3

CD-ROM disks, Bernoulli disks and their equivalents, magnetic tapes of all kinds, and computer chips (including, but not limited to, EPROM, PROM, RAM, and ROM). Electronic data also includes the file, folder tabs, containers or labels appended to any storage device containing electronic data.

9. The term "Communication" means the transmittal of information or things (in the form of facts, ideas, inquiries or otherwise), in any form.

10. "Document" is used in its broadest sense and includes without limitation the broadest scope given in Fed. R. Civ. P. 34, and specifically includes Electronic Data, communications, files, file folders, books, and their contents, whether printed or recorded or reproduced by hand or any other mechanical process, or written or reproduced by hand or any other mechanical process, and whether or not claimed to by privileged or confidential or personal; namely, agreements, communications, including intra-company communications, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations, diaries, forecasts, statistical statements, graphs, laboratory or engineering reports and notebooks, changes, plans, drawings, samples, prototypes, and tangible things, photographs, films, pictures, and videotapes, minutes or records of meetings, including directors' meetings, minutes or records of conferences, expressions of statements of policy, lists of persons attending meeting or conferences, reports and/or summaries of interviews of investigations, opinions or reports of consultants' patent appraisals, opinions of counsel, records, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, packing material, press releases, electronic data including electronic mail, computer files, backup media, hard disk files and databases, and litigation files and databases, drafts of any documents, revisions of drafts of any document, original or preliminary notes and marginal comments appearing on any document. A comment or notation appearing on any document, and not a part of the original text, is considered a separate document. A draft or non-identical copy is a separate document within the meaning of this term.

11. "Thing" as used herein means any physical object other than a "document."

12. "Relating to", "Related to", "Concerning", "Concern" and "Regarding" means constituting, comprising, describing, explaining, summarizing, being logically connected to, being chronologically connected to, mentioning, reflecting, identifying, referring to, dealing with, commenting on, responding to, involving or being in any way pertinent to that subject matter.

13. "Including" shall not be interpreted restrictively and means including, but not limited to.

14. References to "And" and "Or" shall be interpreted in their broadest sense and shall include both the disjunctive and the conjunctive.

## Document Requests

1. The Xylan OmniSwitch Manual Version 1.1, dated May 26, 1995.

2. All documents regarding any Xylan product that was published or released on or prior to July 31, 1996, including, but not limited to, all technical manuals, datasheets, or other technical documentation for the following products:

| | |
|---|---|
| OmniSwitch | PizzaSwitch |
| Omni-3 | Omni-3wx |
| Omni-5 | Omni-5x |
| Omni-9x | Omni-9 |
| MPM II-16MB | Pizza 10 |
| Pizza 10U | Pizza 10E |
| MPM (8Mbytes) | MPM-II (8Mbytes) |
| MPM-II-16MB | ESM-C-8 Ethernet Module |

4

| | |
|---|---|
| ESM-F-8 10BaseFL 8P port | FSM-M-1/2 FDD Module Multi-mode |
| FSM-C-4/8 CDDI Module | FSM-M-C FDDI/CDDI Module |
| FSM-S-1/2 FDDI Single Mode submodule | ATM-DS3-1/2 ATM 1/2 Mbyte |
| TSM-C-6 Module (4Mbps or 14 Mbps) | TSM-F-6 Module |
| ESM-U-6 Module | |

3. All documents regarding the Livingston PortMaster 2 product or the Livingston PortMaster 25 product that was published or released on or prior to July 31, 1996, including all technical manuals, datasheets, or other technical documentation.

4. All documents regarding the DECswitch 400 product that was published or released prior to July 31, 1996, including all technical manuals, datasheets, or other technical documentation.

DOCSSV1:452773.1
15903-8 SMV/SMV

# RETURN OF SERVICE

## UNITED STATES DISTRICT COURT
## District of OREGON

Case Number: C-05-418-SLR

PLAINTIFF:
**ALCATEL USA RESOURCES, et al**
vs.
DEFENDANT:
**FOUNDRY NETWORKS, INC**

Received by Nationwide Process Service, Inc to be served on **North West Remarketing, 360 Belmont Street N.E, Salem, OR**

I, Patricia S. Bennett, do hereby affirm that on the **24th day of March, 2006 at 4:15 pm, I:**

SERVED the within named corporation by delivering a true copy of the **Subpoena; Exhibit A** personally and in person to **Sean Blackburn**, who is the Registered Agent for that corporation.

I am a competent person over 18 years of age and a resident of the State of Oregon; I am not a party to nor an officer, director or employee of, nor attorney for any party. The entity served by me is the same entity named in the action.

*Patricia S. Bennett* (signature)
**Patricia S. Bennett**
PROCESS SERVER

**Nationwide Process Service, Inc.**
1201 S.W. 12th Avenue, #222
Portland, OR 97205
(800) 670-8231

Our Job Serial Number:

Copyright © 1992-2005 Database Services, Inc - Process Server's Toolbox V5 8f

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC. )<br>a Delaware Corporation, and )<br>ALCATEL INTERNETWORKING, INC., )<br>a California Corporation, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FOUNDRY NETWORKS, INC., )<br>a Delaware Corporation, )<br>)<br>)<br>Defendant. ) | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

### CERTIFICATE OF SERVICE

I, Abby Ako-Nai, hereby certify that on March 24, 2006, true and correct copies of the within document were served on the following counsel of record at the addresses and in the manner indicated:

> Josy W. Ingersoll, Esq.
> Elena Norman, Esq.
> **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19899-0391
>
> Timothy J. Haller, Esq.
> Rob Greenspoon, Esq.
> **NIRO, SCAVONE, HALLER & NIRO**
> 181 W. Madison Street, Suite 4600
> Chicago, IL  60602

_/s/ Abby Ako-Nai_
Abby Ako-Nai

```
*******************************
***   MULTI TX/RX REPORT    ***
*******************************

TX/RX NO            2413
PGS                 10
TX/RX INCOMPLETE    -----

TRANSACTION OK
                    (1)  7746#15903#8#13122363137
                    (2)  7746#15903#8#13025711253
ERROR INFORMATION
                    -----
```

FAXED



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401

WWW.ORRICK.COM

**FAX TRANSMISSION**

DATE: March 24, 2006

NO. OF PAGES (INCLUDING COVER SHEET): 10

**FROM**

| name | tel |
|---|---|
| Michael F. Heafey | (650) 614-7645 |

**TO**

| Name | company/firm | tel | Fax |
|---|---|---|---|
| Timothy J. Haller/Sally Wiggins/ Robert Greenspoon | Niro, Scavone, Haller & Niro | (312) 236-0738 | (312) 236-3137 |
| Josy W. Ingersoll | Young Conaway Stargatt & Taylor LLP | (302) 571-6600 | (302) 571-1253 |

RE: *Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.* U.S.D.C. Delaware, Civil Action No. 05-418-SLR

**MESSAGE**

Please see attached:

**SUBPOENA ON A CIVIL CASE**