# EXHIBIT 4

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern DISTRICT OF New York

Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc.
V.
Foundry Networks, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-05-418-SLR
U.S. District Court for the District of Delaware

TO: Institute of Electrical and Electronics Engineers, Inc.
Corporate Office
3 Park Avenue, 17th Floor
New York, New York 10016-5997

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Orrick, Herrington & Sutcliffe LLP or LOCATION TBD<br>666 Fifth Avenue, 23rd Floor<br>New York, New York 10103 | DATE AND TIME<br>May 24, 2006 at 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE<br>Orrick, Herrington & Sutcliffe LLP or LOCATION TBD<br>666 Fifth Avenue, 23rd Floor<br>New York, New York 10103 | DATE AND TIME<br>May 24, 2006 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Defendant | DATE<br>5/2/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew H. Poppe, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

American LegalNet, Inc.
www.USCourtForms.com

[1]If action is pending in district other than district of issuance, state district under case number.

United States District Court From The Southern District of New York

AO 88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE SERVED: MAY 3, 2006 | PLACE 3 PARK AVENUE NEW YORK, NEW YORK 10016-5997 |
|---|---|---|
| SERVED ON (PRINT NAME) Institute of Electrical and Electronics Engineers Inc. | | MANNER OF SERVICE PERSONAL |
| SERVED BY (PRINT NAME) ARTHUR BERNARD | | TITLE LAW Clerk |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 5/3/06

SIGNATURE OF SERVER

Willingboro

ADDRESS OF SERVER

NEW JERSEY 08046

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## EXHIBIT A

### Definitions and Instructions

1.    All definitions defined in Local Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein (see enclosed copy).

2.    "IEEE" shall mean the Institute of Electrical and Electronics Engineers, Inc., including without limitation any of its past or present committees, working groups (including any IEEE 802, 802.1, 802.1x, and 802.3ad committees and working groups), divisions, departments, operating units, predecessors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, and joint ventures.

3.    "Alcatel" shall mean any Alcatel entity, including without limitation Compagnie Financière Alcatel (aka Alcatel, Alcatel France, Alcatel Paris), Alcatel N.V., Alcatel Canada, Alcatel Internetworking, or Alcatel USA Resources.

4.    "Xylan" shall mean Xylan Corporation.

5.    "Foundry" shall mean Foundry Networks, Inc.

6.    "Including" shall not be interpreted restrictively and means including, but not limited to.

7.    "The 802.1x Standard" refers to the IEEE 802.1x Standard entitled Port-Based Network Access Control, adopted in 2001, as well as the revision thereof adopted in 2004 and any further revisions currently under consideration or development.

8.    "The 802.3ad Standard" refers to the IEEE 802.3ad Standard entitled Aggregation of Multiple Link Segments, adopted in 2000, as well as any revisions or reaffirmations thereof.

9.    An "essential patent" is any essential patent or patent application within the meaning of the IEEE-SA Patent Policy contained in Clause 6 of the IEEE-SA Standards Board Bylaws (see enclosed copy).

10.    The requested documents include all attachments to any responsive documents, all envelopes, explanatory notes or memoranda associated with any responsive

documents, and any other material that accompanied any responsive documents. If a specific responsive document elicited a response, that response is also to be produced. If a responsive document was itself a response, the document to which it responded is also to be produced. The requested documents also include all non-identical copies of responsive documents, such as copies with handwriting that does not appear on the original or on other produced copies.

11.    If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

a.    the name of the writer, sender, or initiator of each copy of the document;

b.    the name of the recipient, addressee, or party to whom any copy of the document was sent;

c.    the date of each copy of the document, if any, or an estimate of its date;

d.    a statement of the basis for the claim of privilege; and

e.    a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

### Document Requests

1.    All documents concerning the 802.1x Standard, including:

a.    Every draft and final iteration of the 802.1x Standard;

b.    All documents constituting or discussing any alternatives to the 802.1x Standard considered by the IEEE;

c.    Every draft and final iteration of the project authorization request (PAR) for the 802.1x standard;

2

d.  Documents sufficient to identify every person ever involved with the 802.1x Standard in any way and the nature and extent of each such person's involvement;

e.  All documents relating to any committee or group meeting concerning the 802.1x Standard, including minutes, notes, and presentations from each such meeting;

f.  All documents relating to the approval process for the 802.1x Standard, including but not limited to all documents relating to any ballot relating to the 802.1x standard;

g.  All communications concerning the 802.1x Standard, including all emails sent or received in connection with any email exploder associated with the 802.1x Standard.

2.  All documents concerning the 802.3ad Standard, including:

a.  Every draft and final iteration of the 802.3ad Standard;

b.  All documents constituting or discussing any alternatives to the 802.3ad Standard considered by the IEEE;

c.  Every draft and final iteration of the project authorization request (PAR) for the 802.3ad standard;

d.  Documents sufficient to identify every person ever involved with the 802.3ad Standard in any way and the nature and extent of each such person's involvement;

3

e.  All documents relating to any committee or group meeting concerning the 802.3ad Standard, including minutes, notes, and presentations from each such meeting;

f.  All documents relating to the approval process for the 802.3ad Standard, including but not limited to all documents relating to any ballot relating to the 802.3ad standard;

g.  All communications concerning the 802.3ad Standard, including all emails sent or received in connection with any email exploder associated with the 802.3ad Standard.

3.  All documents constituting or discussing any patent or patent application, foreign or domestic, related to the 802.1x Standard, including:

a.  All documents constituting or discussing any patent or patent application that any person identified to the IEEE as being relevant to the 802.1x Standard in any way, including all essential patents;

b.  All documents discussing or relating to any action taken by the IEEE with respect to any such patent or patent application;

c.  All communications between the IEEE and any person regarding the disclosure of essential patents to the 802.1x standard, including all calls for patents made during meetings or otherwise, all requests for letters of assurance sent by or on behalf of the IEEE to any person, all responses to any such letter, and all letters of assurance received by the IEEE from any person; and

4

d. All documents discussing the terms of any patent license offered by any person relating to the 802.1x Standard.

4. All documents constituting or discussing any patent or patent application, foreign or domestic, related to the 802.3ad Standard, including:

a. All documents constituting or discussing any patent or patent application that any person identified to the IEEE as being relevant to the 802.3ad Standard in any way, including all essential patents;

b. All documents discussing or relating to any action taken by the IEEE with respect to any such patent or patent application;

c. All communications between the IEEE and any person regarding the disclosure of essential patents to the 802.3ad standard, including all calls for patents made during meetings or otherwise, all requests for letters of assurance sent by or on behalf of the IEEE to any person, all responses to any such letter, and all letters of assurance received by the IEEE from any person; and

d. All documents discussing the terms of any patent license offered by any person relating to the 802.3ad Standard.

5. All documents relating to patent policies adopted by the IEEE at any time from 1998 to the present, including the IEEE Project 802.1 Patent Policy and the IEEE-SA Patent Policy contained in Clause 6 of the IEEE-SA Standards Board Bylaws, including:

a. A copy of each such policy and any modifications thereto;

b. Documents sufficient to identify the date on which each such policy was adopted and/or modified;

5

    c.  All documents discussing the reasons for adopting each such policy;

    d.  All documents discussing any alternative patent policies considered by the IEEE from 1998 to the present; and

    e.  All documents discussing any interpretation or guidance given by the IEEE concerning any such policy, including guidance as to what actions the IEEE would take if an "essential" patent was not timely disclosed or offered for license on reasonable and non-discriminatory terms, whether the policy is mandatory or permissive, and whether the policy applies to patent applications, divisionals, continuations, and continuations-in-part.

6.    All documents relating to any instance in which the IEEE modified a standard, withdrew a standard, or declined to adopt a standard due to any patent owner's non-disclosure of a patent or patent application or refusal to license a patent or patent application on reasonable and non-discriminatory terms.

7.    All documents related to Alcatel's membership in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

    a.  All membership forms and applications submitted by Alcatel or on Alcatel's behalf;

    b.  Documents sufficient to show Alcatel's payment of any membership fees or contributions; and

    c.  Documents sufficient to show Alcatel's compliance or non-compliance with any other membership requirements.

6

8.    All documents related to Xylan's membership in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

  a.  All membership forms and applications submitted by Xylan or on Xylan's behalf;

  b.  Documents sufficient to show Xylan's payment of any membership fees or contributions; and

  c.  Documents sufficient to show Xylan's compliance or non-compliance with any other membership requirements.

9.    All documents related to Foundry's membership in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

  a.  All membership forms and applications submitted by Foundry or on Foundry's behalf;

  b.  Documents sufficient to show Foundry's payment of any membership fees or contributions; and

  c.  Documents sufficient to show Foundry's compliance or non-compliance with any other membership requirements.

10.    All documents related to the membership of any person known to be an Alcatel, Xylan, or Foundry officer or employee in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

  a.  All membership forms and applications submitted by or on behalf of any such person;

7

> b. Documents sufficient to show any such person's payment of any
>    membership fees or contributions; and
>
> c. Documents sufficient to show any such person's compliance or non-
>    compliance with any other membership requirements.

11.    All documents discussing or reflecting Alcatel's or Xylan's involvement with or contributions to the 802.1x Standard or the 802.3ad Standard.

12.    All documents discussing or reflecting Jeff Hayes' involvement with or contributions to the 802.1x Standard or the 802.3ad Standard, including but not limited to his attendance at and/or participation in the IEEE 802 Project's meeting in Coeur d'Alene, Idaho on or about June 2, 1999.

13.    All documents discussing or reflecting Leon Sangroniz's involvement with or contributions to the 802.1x Standard or the 802.3ad Standard, including but not limited to his attendance at and/or participation in the IEEE 802 Project's meeting in Coeur d'Alene, Idaho on or about June 2, 1999, and his email correspondence on September 8 and 9, 1999 on the IEEE 802.1 Working Group email exploder.

14.    All documents discussing or reflecting Bill Simon's involvement with or contributions to the 802.1x Standard or the 802.3ad Standard, including but not limited to his attendance at and/or participation in the IEEE 802.1 Working Group's meeting in Albuquerque, New Mexico in March 2000.

15.    All documents concerning U.S Patent Nos. 6,070,243, 6,339,830, and 6,874,090, including:

> a. Documents sufficient to identify the date when the IEEE first became
>    aware of U.S. Patent Nos. 6,339,830; 6,070,243 or 6,874,090, if ever;

8

   b. All documents constituting or reflecting any communication within the IEEE or between the IEEE and Alcatel or Xylan concerning any of U.S. Patent No. 6,339,830; 6,070,243 or 6,874,090 or the applications that matured into these patents;

   c. All documents constituting, discussing, or relating to the Letter of Assurance, dated January 13, 2003 from Alcatel to the IEEE, for U.S. Patent No. 6,339,830.

 16. Documents sufficient to identify and describe the policies and procedures applicable to the adoption of a new or revised IEEE 802 standard from 1998 to the present.

9

**Testimonial Requests**

1.   Testimony sufficient to authenticate each of the produced documents.

2.   Testimony sufficient to describe the manner in which the produced documents were generated, stored, located, and produced.

3.   Testimony on each of the document topics by the person most knowledgeable regarding each topic.

.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC. )
    a Delaware Corporation, and )
ALCATEL INTERNETWORKING, INC., )
    a California Corporation, )
                           )
             Plaintiffs, )
                           )        Civil Action No. 05-418-SLR
                           )
         v. )        (JURY TRIAL DEMANDED)
                           )
FOUNDRY NETWORKS, INC., )
    a Delaware Corporation, )
                           )
                           )
         Defendant. )

## CERTIFICATE OF SERVICE

I, Sid Venkatesan, hereby certify that on May 10, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

                 Josy W. Ingersoll, Esq.
                 Elena Norman, Esq.
                 **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                 The Brandywine Building
                 1000 West Street, 17th Floor
                 Wilmington, DE  19899-0391

                 Timothy J. Haller, Esq.
                 Rob Greenspoon, Esq.
                 **NIRO, SCAVONE, HALLER & NIRO**
                 181 W. Madison Street, Suite 4600
                 Chicago, IL 60602

                       Sid Venkatesan

# EXHIBIT 5

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

ALCATEL USA RESOURCES, INC., et al.

V.

FOUNDRY NETWORKS, INC.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

Case Number:  05-418-SLR

TO:    **Pamela Braunstein**
       **Assistant General Counsel**
       **The J. Paul Getty Trust**
       **1200 Getty Center Drive, Suite 300**
       **Los Angeles, CA  90049-1681**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a
deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at
the place, date, and time specified below (list documents or objects):  **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>4 Park Plaza, Suite 1600<br>Irvine, CA 92614-2558 | May 23, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  | May 9, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Joseph K. Liu, ORRICK, HERRINGTON & SUTCLIFFE LLP, 4 Park Plaza, Suite 1600, Irvine, CA  92614,
(949) 852-7745, Attorney for Defendant Foundry Networks, Inc.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

US_WEST:260015484 1

AO88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | TIME |
|---|---|---|
| **SERVED** | May 9, 2006 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Pamela Braunstein | E-Mail and First Class U.S. Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Sally Hartwell | Legal Secretary |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on        May 9, 2006
                  _____
                         DATE

_Sally Hartwell_
SIGNATURE OF SERVER

Orrick, Herrington & Sutcliffe LLP

ADDRESS OF SERVER
4 Park Plaza, Suite 1600
Irvine, CA  92614-2558

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS and items RELATED to the Omniswitch-5 and the Omniswitch-9 from Xylan located at the Getty Center, Los Angeles, California.

# EXHIBIT 6

O88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

ALCATEL USA RESOURCES, INC., et al.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

V.

Case Number: 05-418-SLR

FOUNDRY NETWORKS, INC.

TO:     **SUGHRUE MION, PLLC**
        **401 Castro Street, Suite 220**
        **Mountain View, CA 94041-2007**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA 94025 | May 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | May 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | TIME |
|---|---|---|
| SERVED | 5\|11\|06 | 9:40 am  Personal Services |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Monica Moreno  For | Sughrue Mion, PLLC |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Aldofo Cordova | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

| Executed on | 5\|11\|06 | | Aldfo Cordova |
|---|---|---|---|
| | DATE | | SIGNATURE OF SERVER |
| | | | 144 S. Spruce St. |
| | | | ADDRESS OF SERVER |
| | | | S. San Francisco, CA. 94080 |

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|-----------------|------------|-------------|
| 219712 | U.S. 5,461,615 | 03-29-1994 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.    This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.    If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

6.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

US_WEST:260015815 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC. )
   a Delaware Corporation, and )
ALCATEL INTERNETWORKING, INC., )
   a California Corporation, )
                     )
            Plaintiffs, )
                     )    Civil Action No. 05-418-SLR
   v. )
                     )    (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC., )
   a Delaware Corporation, )
                     )
                     )
          Defendant. )

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

> Josy W. Ingersoll, Esq.
> Elena Norman, Esq.
> **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801
> Tel. No.: (302) 571-6600
> Fax: (302) 571-1253
>
> Timothy J. Haller, Esq.
> Rob Greenspoon, Esq.
> Sally Wiggins, Esq.
> **NIRO, SCAVONE, HALLER & NIRO**
> 181 W. Madison Street, Suite 4600
> Chicago, IL  60602
> Tel. No.: (312) 236-0733
> Fax: (312) 236-3137

                                   _____
                                     Shella Zapp

# EXHIBIT 7

O88 (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ALCATEL USA RESOURCES, INC., et al.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

V.

Case Number: 05-418-SLR

FOUNDRY NETWORKS, INC.

TO:   **CHRISTIE, PARKER & HALE, LLP**
      **350 W. Colorado Blvd., Suite 500**
      **Pasadena, CA 91105**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017-5855 | May 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | May 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE 5\11\06 | TIME 10:35 am |
|---|---|---|
| SERVED | Dorian Mark | Personal |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Fred Sarkissian | | Registered photo copier |
| SERVED BY (PRINT NAME) | | TITLE |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___5\11\06___
DATE

_____
SIGNATURE OF SERVER

127 . N. Madison #104
ADDRESS OF SERVER

Pasadena, CA. 91101

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 566038 | U.S. 5,127,000 | 08-09-1990 |
| 07/756,230 | U.S. 5,301,192 | 08-30-1991 |
| 08/874,754 | U.S. 6,070,243 | 06-13-1997 |
| 09/525,506 | U.S. 6,339,830 | 03-15-2000 |
| 09/886,930 | U.S. 6,874,090 | 06-21-2001 |
| 10/958,620 | | 10-05-2004 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.  This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.  If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

### DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

6.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.      )
   a Delaware Corporation, and      )
ALCATEL INTERNETWORKING, INC.,   )
   a California Corporation,        )
                                 )
        Plaintiffs,        )
                                 )   Civil Action No. 05-418-SLR
   v.                           )
                                 )   (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,          )
   a Delaware Corporation,         )
                                 )
                                 )
        Defendant.          )

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

> Josy W. Ingersoll, Esq.
> Elena Norman, Esq.
> **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19801
> Tel. No.:  (302) 571-6600
> Fax:  (302) 571-1253
>
> Timothy J. Haller, Esq.
> Rob Greenspoon, Esq.
> Sally Wiggins, Esq.
> **NIRO, SCAVONE, HALLER & NIRO**
> 181 W. Madison Street, Suite 4600
> Chicago, IL  60602
> Tel. No.:  (312) 236-0733
> Fax:  (312) 236-3137

                                       _____
                                           Shella Zapp