# EXHIBIT 8

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., et al. | **SUBPOENA IN A CIVIL CASE** <br> U.S. District Court for the District of Delaware |
| V. | Case Number: 05-418-SLR |
| FOUNDRY NETWORKS, INC. | |

TO:    John M. May, Esq.
       c/o Fulbright and Jaworski LLP
       ~~865 S. Figueroa Street, 29th Floor~~   555 S. Flower 41st Fl.
       Los Angeles, CA 90017    La, Ca. 90071

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP <br> 777 South Figueroa Street, Suite 3200 <br> Los Angeles, CA 90017-5855 | May 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*     Attorney for Defendant | May 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 5/17/6 | TIME 11:00 a.m. |
| SERVED | | |

SERVED ON (PRINT NAME)        MANNER OF SERVICE

*Personal Service*

*DENA HILL for John May c/o Fulbright and Jaworski.*

SERVED BY (PRINT NAME)        TITLE

*ANTONIO DA SILVA        FIELD REP*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   5-17-06
                    DATE

SIGNATURE OF SERVER

5231 Ocean Park Blvd.
ADDRESS OF SERVER

Santa Monica, Ca. 90405

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 565310 | U.S. 5,214,639 | 08-09-1990 |
| 668582 | U.S. 5,418,780 | 03-13-1991 |
| 703771 | U.S. 5,247,513 | 05-21-1991 |
| 07/756,230 | U.S. 5,301,192 | 08-30-1991 |
| 776337 | U.S. 5,237,565 | 12-13-1991 |
| 992935 | U.S. 5,323,395 | 12-18-1992 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.    This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.    If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

### DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

6.     ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

US_WEST:260010665 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC. )
    a Delaware Corporation, and )
ALCATEL INTERNETWORKING, INC., )
    a California Corporation, )
                             )
              Plaintiffs, )
                             )     Civil Action No. 05-418-SLR
    v. )
                             )     (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC., )
    a Delaware Corporation, )
                             )
                             )
           Defendant. )

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

                    Josy W. Ingersoll, Esq.
                    Elena Norman, Esq.
                    **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                    The Brandywine Building
                    1000 West Street, 17th Floor
                    Wilmington, DE  19801
                    Tel. No.: (302) 571-6600
                    Fax: (302) 571-1253

                    Timothy J. Haller, Esq.
                    Rob Greenspoon, Esq.
                    Sally Wiggins, Esq.
                    **NIRO, SCAVONE, HALLER & NIRO**
                    181 W.  Madison Street, Suite 4600
                    Chicago, IL  60602
                    Tel. No.: (312) 236-0733
                    Fax: (312) 236-3137

                                _____
                                Shella Zapp

# EXHIBIT 9

⌐ A  88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., et al. | **SUBPOENA IN A CIVIL CASE**<br>U.S. District Court for the District of Delaware |
| V. | Case Number: 05-418-SLR |
| **FOUNDRY NETWORKS, INC.** | |

TO:  **BLAKE, CASSELS & GRAYDON LLP**
**65 East 55th Street**
**Suite 2304, Park Avenue Tower**
**New York, NY 10022**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 | May 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | May 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure. Parts C & D on next page)

AO88 (Rev 1/94) Subpoena in a Civil Case  *United States District Court SDNY*

---

## PROOF OF SERVICE

|  | DATE 5/10/06 | TIME 5:10pm | 65 East 55th St |
|---|---|---|---|
| SERVED | | By hand at | ~~NYC~~ Park Avenue Tower |
| | | | NYC Y ork, NY 10022 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Stephen Karam – Administrative Assistant | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Vlad Frants | Clerk |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     5/10/06          *Vlad Frants*
                    DATE                  SIGNATURE OF SERVER   666   Fifth Av.
                                                     New York, NY 10103

                                                     ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 09/321,195 | 6,697,329 | 05-27-1999 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.  This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.  If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

6.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC. | ) | |
| a Delaware Corporation, and | ) | |
| ALCATEL INTERNETWORKING, INC., | ) | |
| a California Corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 05-418-SLR |
| v. | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| FOUNDRY NETWORKS, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated: By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Tel. No.: (302) 571-6600
Fax: (302) 571-1253

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
Sally Wiggins, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W. Madison Street, Suite 4600
Chicago, IL 60602
Tel. No.: (312) 236-0733
Fax: (312) 236-3137

S. Zapp
Shella Zapp

# EXHIBIT 10

⌐≥∙⁄ )88 (Rev 1/94) Subpoena in a Civil Case

<h1 style="text-align:center">Issued by the</h1>

# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Al CATEL USA RESOURCES, INC., et al.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

V.

Case Number:  05-418-SLR

FOUNDRY NETWORKS, INC.

TO :   **SCOT READER, ESQ.**
**1320 Pearl Street, Suite 228**
**Boulder, CO 80302**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, Ca 94025 | May 25, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | May 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45. Federal Rules of Civil Procedure, Parts C & D on next page)

05/ 9/2006 12:32 FAX                                                    ☑001/001

                                                                         C256c

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE 05/11/06 | TIME 320PM |
| SERVED SCOT REACER | | HAND DELIVERY TO SCOT REACER |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| ELLIOTT LESLIE | | PROCESS SERVER |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on    05/12/06

NOTARY. Ph-O p≤

*[NOTARY PUBLIC STATE OF COLORADO seal]*

My Commission Expires 03/17/2008

SIGNATURE OF SERVER

1722 14th ST #105
ADDRESS OF SERVER

boulder, CO 80302

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 08/874,754 | U.S. 6,070,243 | 06-13-1997 |
| 09/525,506 | U.S. 6,339,830 | 03-15-2000 |
| 09/886,930 | U.S. 6,874,090 | 06-21-2001 |
| 10/958,620 | | 10-05-2004 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.    This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.    If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

### DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS;

6.    ALL documents related to items 1-5 above, including ALL notes, correspondence, communications, and ANY memoranda;

7.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications

among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

    8.     ALL documents related to EACH of the PATENTS, including ALL drafts of communications with any patent authority, ALL draft patent applications, ALL drafts of responses to office actions, ALL drafts of Information Disclosure Statements, and ALL comparisons with prior art.

US_WEST:260016352.1
15903-8 SB0/SB0

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC. a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | Civil Action No. 05-418-SLR |
| v. | ) ) | (JURY TRIAL DEMANDED) |
| FOUNDRY NETWORKS, INC., a Delaware Corporation, | ) ) ) | |
| | ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated: By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Tel. No.: (302) 571-6600
Fax: (302) 571-1253

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
Sally Wiggins, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W. Madison Street, Suite 4600
Chicago, IL 60602
Tel. No.: (312) 236-0733
Fax: (312) 236-3137

_____
Shella Zapp

# EXHIBIT 11

⌐.⌐⌐ ⌐88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

AL CATEL USA RESOURCES, INC., et al.

V.

FOUNDRY NETWORKS, INC.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

Case Number: 05-418-SLR

TO :    **WARE, FRESSOLA, VAN DER SLUYS**
**& ADOLPHSON LLP**
**Bradford Green, Building Five**
**755 Main Street, P.O. Box 224**
**Monroe, CT 06468**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below o testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-0001 | May 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | May 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | TIME |
|---|---|---|
| SERVED | 5/11/06 | 3:32 PM |

SERVED ON (PRINT NAME)          MANNER OF SERVICE

K. Bradford Adolphson, Attorney for
Ware, Fressola, Van Der Sluys & Adolphson LLP    Personal Service

SERVED BY (PRINT NAME)          TITLE

Alan Jones          Private Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____5/11/06_____
              DATE

SIGNATURE OF SERVER
32 Eagle Rock Hill
Bethel, CT 06801
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 918450 | U.S. 5,309,430 | 07-22-1992 |
| 123513 | U.S. 5,491,728 | 09-17-1993 |
| 156021 | U.S. 5,506,840 | 11-19-1993 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.  This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.  If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

6.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

US_WEST:260014055 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC. | ) | |
| a Delaware Corporation, and | ) | |
| ALCATEL INTERNETWORKING, INC., | ) | |
| a California Corporation, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. 05-418-SLR |
| v. | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| FOUNDRY NETWORKS, INC., | ) | |
| a Delaware Corporation, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Tel. No.: (302) 571-6600
Fax: (302) 571-1253

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
Sally Wiggins, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W. Madison Street, Suite 4600
Chicago, IL  60602
Tel. No.: (312) 236-0733
Fax: (312) 236-3137

_____
Shella Zapp

# EXHIBIT 12

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

DISTRICT OF       NEW JERSEY

Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc.

      v.

Foundry Networks, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05 CV 418
U.S.D.C, District of Delaware

TO:    **Lucent Technologies
600 Mountain Avenue
Murray Hill, NJ 07974-0636**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED <u>SCHEDULE A.</u>**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103-001 | 05/24/2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*     Attorney for Defendant | 05/10/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025-1015, Phone Number: (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | TIME |
|---|---|---|
| SERVED | MAY 1 1 2006 | 2:50 P.M. |

SERVED ON (PRINT NAME)   Michael Jasiello / Lucent Technologies

MANNER OF SERVICE   Via Hand Delivery

SERVED BY (PRINT NAME)   VINCENT TALMO

TITLE   Process Server

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     MAY 1 1 2006
                _____
                DATE

SIGNATURE OF SERVER     VINCENT TALMO

47 Bloomfield Ave.
ADDRESS OF SERVER

Caldwell, N.J. 07006

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A – DOCUMENTS TO BE PRODUCED

### Category I – For the time period prior to June 1996 please produce:

1.    Documents sufficient to identify and describe the features of all Lucent switches that implemented user authentication in June 1996 or earlier.

        a)    Lucent means Lucent Technologies and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries, including but not limited to Livingston Enterprises.

        b)    The term user authentication means authenticating a user based on a user id and password entered by the user, or based on a MAC address associated with a device that is used by the user.

        c)    The term "Lucent switches," means any device including, for example, bridges, switches, routers, or hubs) that performed network interconnection at Layer 2 (according to the International Organization for Standardization) which was made or sold by Lucent.

### Category II – For the time period prior to June 1996, please produce:

1.    Documents sufficient to identify and describe the features of all Lucent switches that implemented port-based VLANs in June 1996 or earlier.

        a)    The term "VLAN," means virtual local area networks.

        b)    The term "port-based," means associated with a collection of switch ports on one or more switches across a hub.

2.    Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of "switching products" made or sold by Lucent and/or its past or present divisions, affiliates, predecessors, successors, parents or subsidiaries in June 1996 or earlier, including:

        a)    PortMaster PM-2 / PortMaster 2;

        b)    PortMaster 25;

        c)    PortMaster ISDN Office Router;

        d)    PortMaster ISDN communications server;

        e)    PortMaster IRX;

        f)    ChoiceNet; and

g)      PM Vision.

3.    Product manuals (dated June 1996 or earlier) of the products identified in Item 2 of Category II.

4.    Documents (including purchase orders, invoices, and sales records) sufficient to show that the products identified in item 2 of Category II were sold prior to June 13, 1996.

5.    Documents (including price quotations, and responses to requests for quotations) sufficient to show that the products identified in item 2 of Category II were offered for sale prior to June 13, 1996.

### Category III – For the time period prior to June 1996, please produce:

1.    Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of switches made or sold by Lucent in June 1996 or earlier, including switches that implemented support for either TACACS, or TACACS+ authentication.

2.    Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of switches made or sold by Lucent in June 1996 or earlier, including switches that implemented support for RADIUS authentication.

3.    Documents (including, for example, brochures, bulletins, case studies, data sheets, instruction guides, presentations, product manuals, release notes, technical specifications, and white papers) sufficient to identify and describe the features of "PortMaster" switches made or sold by Lucent in June 1996 or earlier, including switches that implemented support for user authentication.

4.    Documents (including purchase orders, invoices, and sales records) sufficient to show that the products identified in items 1-4 of Category III were sold prior to June 13, 1996.

5.    Documents (including price quotations, and responses to requests for quotations) sufficient to show that the products identified in items 1-4 of Category III were offered for sale prior to June 13, 1996.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,          )
    a Delaware Corporation, and          )
ALCATEL INTERNETWORKING, INC.,        )
    a California Corporation,            )
                                         )
        Plaintiffs,                  )
                                         )    Civil Action No. 05-418-SLR
    v.                                   )
                                         )    (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,               )
    a Delaware Corporation,              )
                                         )
                                         )
        Defendant.                   )

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Tel. No.:  (302) 571-6600
Fax:  (302) 571-1253

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
Sally Wiggins, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W. Madison Street, Suite 4600
Chicago, IL  60602
Tel. No.:  (312) 236-0733
Fax:  (312) 236-3137

_____
Shella Zapp