

# Potter
# Anderson
# & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
(302) 984-6140 – Direct Phone
(302) 658-1192 - Fax
provner@potteranderson.com

June 12, 2006

**BY E-FILE**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
   for the District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE  19801

    Re: Alcatel USA Resources, Inc., et al. v. Foundry Networks, Inc.,
      D. Del., C.A. No. 05-418-SLR

Dear Chief Judge Robinson:

  We represent defendant and counterclaim plaintiff Foundry Networks, Inc. ("Foundry") in the above-referenced action. We write to provide the Court with a proposed agenda for the discovery conference scheduled for Tuesday, June 13, 2006 at 4:30 p.m.

  (1) <u>Alcatel's Motion to Disqualify Howrey, LLP.</u>

  The issue most critical to Foundry at this juncture is Alcatel's motion to disqualify Howrey, LLP, Foundry's patent litigation counsel, with respect to U.S. Patent No. 6,118,864, the subject of Count II of Alcatel's complaint and Foundry's sole counterclaim. Alcatel's motion, brought on September 8, 2005, was the subject of argument at the February 9, 2006 conference. At the conclusion of the argument, Your Honor gave some preliminary thoughts on the motion and indicated that, notwithstanding the pendency of the motion, discovery would proceed according to schedule but, to maintain the *status quo*, none of Alcatel's confidential documents would be shared with attorneys at Howrey. Your Honor also stated that the motion would be put "at the top" of the Court's docket. Feb. 9, 2006 Hearing Tr. at 51.

  Since the February 9 hearing, Alcatel has selected the patents that it wishes to proceed with during Phase One of the litigation and Phase One discovery has begun. The '864 patent is included in Phase One and the parties have produced a significant number of

The Honorable Sue L. Robinson
June 12, 2006
Page 2

documents. Included in those productions are documents that Alcatel has produced relating to the '864 patent that, because of the pending motion, have been unable to be shared with Howrey. Fact discovery must be completed by September 1, 2006. We continue to believe that, for the reasons set forth in Foundry's answering brief (D. I. 14) and at the February 9 hearing, Alcatel's motion to disqualify Howrey with respect to Count II and Foundry's counterclaim should be denied.

(2)   The Case Schedule.

As a result of the continued pendency of Alcatel's motion to disqualify, we believe that a four month extension for all dates in the scheduling order is necessary. Howrey has been largely excluded from the discovery process for the first four months of the fact discovery period and only 2 ½ months remain. Foundry would be unfairly prejudiced without a slight adjustment to the case schedule.

Under the present schedule (as amended by the Court at the February 9 hearing), Alcatel had until January 31 to select the four patents that it wished to proceed with during Phase One of the litigation, the phase leading to the first trial. That trial, scheduled to begin in April 2007, involves Alcatel's four patents and Foundry's one patent, the '864 patent. Pursuant to the present Scheduling Order (D. I. 25), the remainder of Phase One fact discovery ("Stage Two") must be completed by September 1, 2006, with expert discovery scheduled to end on November 17, 2006, approximately five months from today.

Thus, under the present schedule, Foundry was not allowed to commence discovery related to Count II until January 31, immediately following Alcatel's identification of the four patents it wished to proceed with in discovery. Because Stage Two discovery commenced more than four months ago, we feel that a commensurate four month discovery extension will give Foundry back the time it lost as a result of Alcatel's motion. More specifically, we propose that, following the Court's ruling on the disqualification motion, the parties meet and confer on a new case schedule for Stage Two of Phase I that will generally follow the old schedule but with all dates shifted approximately four months. The extension Foundry proposes is necessary not only with respect to Count II and Foundry's counterclaim, but also with respect to Count I in order to allow all aspects of Phase One to move smoothly to trial.

Although not the primary basis for Foundry's request to adjust the case schedule, Foundry's request is also supported by Alcatel's conduct during discovery with respect to Count I. For example, the parties were supposed to complete their document production on March 23. Neither side was able to meet that tight deadline; however, by that date, Alcatel had produced only 34,310 pages. A month-and-a-half later, on May 4, Alcatel produced another 120,000 pages. Last Friday, for the first time, we were informed by Alcatel's counsel that, despite Foundry's specific request that it do so, Alcatel has not produced any documents from non-US Alcatel subsidiaries. All of the four Phase One Alcatel patents were previously owned by foreign affiliates. Those affiliates will have documents relating to key issues such as conception, reduction to practice, reasonable royalty, and standards body participation. Foreign Alcatel affiliates should not be permitted to evade discovery by transferring their patents to a U.S.

The Honorable Sue L. Robinson
June 12, 2006
Page 3

affiliate and having that affiliate sue for infringement. Alcatel's delay in producing clearly responsive documents alone justifies a several month adjustment to the schedule.

Finally, Alcatel's counsel has yet to provide a conclusive list of the inventors they represent. Without such a list, Foundry cannot make arrangements to subpoena those inventors that Alcatel will not represent, much less coordinate a deposition schedule for Stage Two depositions.

(3)   Amended Pleadings.

We intend shortly to seek leave to amend the pleadings. Alcatel also has indicated that it will seek to amend its pleadings, so we are optimistic that the parties will be able to reach agreement on their respective amendments without the need for motion practice.

(4)   Foundry Document Request Nos. 25, 26 and 29.

In Request Nos. 25, 26 and 29, Foundry seeks documents relating to other lawsuits in which infringement of the patents-in-suit or their foreign counterparts has been asserted. All responsive documents will be in the control of plaintiffs or other Alcatel affiliates. Yet Alcatel has agreed only to "identify the location" of responsive documents. Alcatel should be compelled to produce the documents themselves.

(5)   Foundry Interrogatory No. 6.

In Interrogatory No. 6, Foundry seeks information regarding whether Alcatel or other companies have past or present products which practice any of the asserted Phase One patent claims. Alcatel has not provided a complete response to this interrogatory, answering only with respect to current Alcatel USA Resources products. Foundry requests that Alcatel be compelled to supplement its response.

(6)   Foundry's Subpoenas.

Foundry has served subpoenas on several firms and attorneys who prosecuted the Phase One patents for Alcatel. Alcatel's counsel has told us they have been retained by all of those attorneys and firms in connection with the subpoenas, and they have objected on behalf of each attorney and firm and produced no documents. They are standard subpoenas, basically asking for all documents relating to the prosecution of the Phase One patents and other patents by the same inventors. There is no basis to withhold the documents. In fact, Alcatel should have produced them itself because the documents are within its control.

The Honorable Sue L. Robinson
June 12, 2006
Page 4

      Should Your Honor have any questions prior to tomorrow's conference, counsel are available at the Court's convenience.

      Respectfully,

      Philip A. Rovner
      provner@potteranderson.com

PAR/mes/736051
cc: Clerk of the Court – e-file and hand delivery
    Karen L. Pascale, Esq. – by E-mail and hand delivery
    Timothy J. Haller, Esq. – by E-mail