# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: 302-571-5001
DIRECT FAX:  302-576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

June 13, 2006

**BY E-FILE**

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

> Re:   *Alcatel USA Resources, Inc., et al. v. Foundry Networks, Inc.*,
>       Civil Action No. 05-418-SLR

Dear Chief Judge Robinson:

This responds to Foundry Networks' letter "agenda" delivered on June 12, 2006, in preparation for the 4:30 p.m. June 13 status conference.

Before briefly responding to Foundry's agenda items, Alcatel USA Resources and Alcatel Internetworking list below several discovery issues of their own. They are:

(1)  <u>Foundry financial document production</u>: Although the Patent Act presumptively permits a patentee to seek damages for sales commencing six years before the filing of a lawsuit, Foundry has unilaterally restricted its financial production. It has not provided data going back six years. In addition, Foundry has not provided summaries of financial information on a product-by-product basis (preferring instead to produce over 100,000 pages of raw invoices). Alcatel USA Resources simply seeks financial database information which Foundry keeps in the ordinary course of business, of equivalent detail to what Alcatel Internetworking provided to Foundry.

(2)  <u>Foundry's counterclaim ('864 Chang patent) and contentions</u>: Foundry lists twelve different "accused products" in discovery requests, but has only provided one claim chart (namely, the pre-suit claim chart purporting to apply claims 1, 3 and 32 of the Chang patent against Alcatel Internetworking's OmniPCX Enterprise). Alcatel Internetworking does not know why the other eleven are "accused products." For example, Alcatel Internetworking is at a loss to understand what features of a "plain vanilla" Internet switch make it an "accused product" under Foundry's PBX telephony patent. Our months-long request for informative claim charts in an interrogatory answer has gone unanswered, save for a promise to provide one more claim chart for one more product. Alcatel Internetworking thus seeks confirmation that Foundry's definition of "accused product" in its discovery requests is properly limited to just the device named in

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
June 13, 2006
Page 2

the claim chart – the OmniPCX Enterprise – and just for the currently-asserted patent claims.

This request should not be controversial to Foundry. Foundry is on record in other litigation contending that a "need to conduct discovery to piece together infringement theories" does not excuse a patentee from being "compelled to tell [the accused infringer] *now* why it thinks the [] accused products infringe, *not after* it has had the benefit of [the accused infringer's] production to correct its pre-filing investigation deficiencies." Document No. 41-2, Filed May 23, 2006, in Enterasys Networks, Inc. v. Foundry Networks, Inc. et. al. (Case No. 05-cv-11298-DPW, D. Mass.), Foundry Networks, Inc.'s Proposed Reply Brief In Support Of Its Motion to Compel Answers to Interrogatories Nos. 2 and 3 from Enterasys Networks, Inc. at 4-5. Consistent with what Foundry contends in the Enterasys litigation, if all twelve products were truly "accused products," Foundry would have provided claim charts previously.

We summarize our responses to Foundry's agenda items below. We expect to provide additional detail at the status conference.

(1) We concur in Foundry's wish to have a ruling on the motion to disqualify as soon as possible. To our dismay, one Howrey attorney (Don F. Livornese) boasts on his web page that he "is currently representing Foundry Networks in patent infringement lawsuits filed against Lucent and Alcatel involving VoIP technology." Mr. Livornese's self-promotion violates the spirit, if not the letter, of the Court's "status quo" order. The absence of a ruling has permitted Howrey's ethical lapses to multiply.

(2) Foundry does not show "good cause" for extending the case schedule. Foundry and the Alcatel parties have exchanged substantial written discovery, and there is ample time to complete depositions by September 1. Foundry complains about the failure of non-parties to respond to party discovery, but this complaint ignores that the parties do not "control" any documents at the complained-of non-parties. Moreover, Foundry's four-month delay in serving nonparty discovery falls on Foundry's shoulders alone – the cover sheets of three of the four Alcatel patents tell Foundry that information and witnesses might be located in foreign countries. Foundry's approach has been to try to use party discovery as an end-run around the proper procedures for obtaining extraterritorial evidence of non-parties. No one has stopped Foundry from seeking evidence through the Hague convention over the last four months. Foundry's apparent hope that United States subsidiaries would produce unspecified documents and witnesses outside their control and located abroad ignores reality.

As for the disqualification issue, Foundry is well represented by two non-Howrey firms, and has been previously represented by a third (Bingham McCutcheon) in

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
June 13, 2006
Page 3

litigation over the Chang patent. Foundry does not explain why any of these other three firms cannot advise it concerning Alcatel confidential information, regardless of whether or not the Court disqualifies the Howrey firm.

We can address in-person the other issues Foundry raises under this agenda item.

(3) No response necessary.

(4) Foundry perhaps misunderstands that none of the four Phase I patents were litigated elsewhere, except one of them might have been included in the stayed-phase of a case against Cisco. This is a garden variety document request that will iron itself out once Foundry clarifies exactly what it seeks.

(5) Interrogatory 6 has been answered appropriately: it is a Count I interrogatory seeking the identity of products sold by the Count I Plaintiff and covered under the patents. None currently exist, and none existed before. Nonetheless, we voluntarily agreed to consider expanding the interrogatory answer to include the Count II plaintiff (Alcatel Internetworking) and we are investigating to determine if the answer needs to be supplemented.

By-and-large, we have just received documents from the third party lawyers Foundry subpoenaed, and we processing them for production right now. Any delay arises from Foundry's practice of not serving the Alcatel plaintiffs and the undersigned promptly with the subpoenas. Please also note that Foundry subpoenaed mostly third party law firms for patent-file-history materials. In the majority of cases, Foundry already has whatever non-privileged information that these nonparties might possess.

Respectfully submitted,

Karen L. Pascale #2903

KLP:cg
cc: Clerk of the Court (by e-file and hand delivery)
    Phillip A. Rovner, Esquire (by e-file and hand delivery)
    William L. Anthony, Esquire (by e-mail)
    Matthew H. Poppe, Esquire (by e-mail)
    Timothy L. Haller, Esquire (by e-mail)
    Sally J. Wiggins, Esquire (by e-mail)
    Robert P. Greenspoon, Esquire (by e-mail)
    Paul K. Vickrey, Esquire (by e-mail)
    Michael F. Heafey, Esquire (by e-mail)

DB01:2121176.1                                                                  064207.1001