IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware corporation, and ALCATEL INTERNETWORKING, INC., a California corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>FOUNDRY NETWORKS, INC., a Delaware corporation,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-418-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF SUPBOENA

TO:    Philip A. Rovner, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Wilmington, DE 19801

William L. Anthony, Esquire
Matthew H. Poppe, Esquire
Michael F. Heafey, Esquire
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025

PLEASE TAKE NOTICE that plaintiffs Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc. have served the attached subpoena upon Net2Phone, Inc.

*Of Counsel:*

Timothy J. Haller
Robert P. Greenspoon
Sally J. Wiggins
**NIRO, SCAVONE, HALLER & NIRO**
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

_____
Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Adam W. Poff (No. 3990)
*apoff@ycst.com*
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19801
(302) 571-6600

*Attorneys for Plaintiffs*

Dated: June 13, 2006

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# United States District Court
## District of New Jersey

| | | |
|---|---|---|
| Alcatel USA Resources, Inc. et al. | Plaintiffs, | **SUBPOENA IN A CIVIL CASE** <br> U.S. District Court for District of Delaware |
| v. | | Case No. 05-418-SLR |
| Foundry Networks, Inc., | Defendants. | |

To:  Custodian of Documents
Net2Phone, Inc. - c/o Steve Dorry, Esq.
520 Broad Street
Newark, NJ 07102
Telephone: 973-438-3111; Facsimile: 973-438-3100

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME: |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: Net2Phone, Inc. <br> 520 Broad Street <br> Newark, NJ 07102 | DATE AND TIME: 9:30 a.m., Tuesday, July 11, 2006 |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects   See Attached Schedule A

| PLACE: Net2Phone, Inc. <br> 520 Broad Street <br> Newark, NJ 07102 <br> or by Federal Express to Niro, Scavone, Haller & Niro, 181 W. Madison Street - Suite 4600, Chicago, IL 60602-4515 | DATE AND TIME 9:00, Thursday, May 25, 2006 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Fed. R.Civ.P. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT <br> /s/ Robt  Attorney for Plaintiffs | DATE: May 4, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Robert P. Greenspoon, Niro, Scavone, Haller & Niro, 181 W. Madison Street – Suite 4600, Chicago, IL 60602
Telephone: 312-236-0733

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

**PROOF OF SERVICE**

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

   (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

   (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

   (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

   (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
      (i) fails to allow reasonable time for compliance;
      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.
   (B) If a subpoena
      (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assurances that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
   (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
   (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

### DEPOSITION TOPIC

Authentication, chain of custody and business record status of any and all documents produced pursuant to this subpoena.

### DOCUMENT CATEGORIES

1. Documents sufficient to show how all pre-1998 versions and revisions of WebPhone worked, whether or not such versions or revisions were ever released.

2. All documents reflecting the on-sale status of WebPhone products and/or services before 1998 (e.g., purchase orders, invoices, requests for quotes, quotes, sales summaries, etc.).

3. A copy of any patent or publication you possess which describes any version or revision of WebPhone.

4. A copy of any marketing/sales material you possess which mentions any version or revision of WebPhone.

5. To the extent not requested above, documents concerning WebPhone as it existed (in any form) before 1998.

6. Documents sufficient to show the name and last known address and telephone number of any personnel of NetSpeak who assisted in the design, development, coding, marketing and/or sale of any pre-1998 version of WebPhone.

**CERTIFICATE OF SERVICE**

I, Adam W. Poff, Esquire, hereby certify that on June 13, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Philip A. Rovner, Esquire
>Potter Anderson & Corroon LLP
>1313 N. Market Street
>Wilmington, DE 19801

I further certify that on June 13, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY ELECTRONIC MAIL**

>William L. Anthony, Esquire
>Matthew H. Poppe, Esquire
>Michael F. Heafey, Esquire
>Orrick, Herrington & Sutcliffe LLP
>1000 Marsh Road
>Menlo Park, CA 94025

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Adam W. Poff (No. 3990)
*apoff@ycst.com*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600

Attorneys for Plaintiffs

DB01:1632458.1