IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC. and ALCATEL INTERNETWORKING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDRY NETWORKS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) Civ. No. 05-418-SLR ) ) ) ) ) |

**O R D E R**

At Wilmington this 14th day of June, 2006, having reviewed the papers and heard argument on plaintiffs' motion to disqualify;

IT IS ORDERED that said motion (D.I. 12) is denied, for the reasons that follow:

1. The court has the "inherent authority to supervise the professional conduct of attorneys appearing before it," including the power to disqualify an attorney. United States v. Miller, 624 F.2d 1198, 1201 (3d Cir. 1980); Elonex I.P. Holdings, Inc. v. Apple Computer, Inc., 142 F. Supp.2d 579, 581 (D. Del. 2001). Disqualification is but one of an arsenal of sanctions a court can employ upon its determination that an attorney's continued representation of a party runs afoul of a rule of professional

conduct.

    2. In this case, plaintiffs contend that the representation of defendant by the law firm Howrey LLP ("Howrey") as to count II and the counterclaims asserted at bar constitutes a violation of Rules 1.3, 1.7, 1.8 and 1.10 of the Delaware Lawyer's Rules of Professional Conduct. The facts underlying this contention include the following:

    a. In June 2002, Alcatel, a French corporation headquartered in Paris, retained Howrey to prepare an opinion letter addressing a single issue, that is, whether Alcatel's contact with the standard-setting process for an IEEE specification was likely to make U.S. Patent No. 6,339,830 ("the '830 patent") unenforceable. The opinion letter was prepared as a written communication of a legal opinion to third party Microsoft Corporation. It did not concern the IP telephony products at issue in plaintiffs' declaratory judgment action against defendant (contained in count II) and defendant's counterclaims thereto. Work on the letter was completed in November 2002. No further communication as to the above matter has occurred between Alcatel and defendant.

    b. Plaintiffs instituted the instant litigation in June 2005. (D.I. 1) When defendant approached Howrey to represent it in this litigation, Howrey did not consider Alcatel to be a current client of the firm. However, because the prior

work that Howrey had done for Alcatel related to the '830 patent, one of the nine patents asserted against defendant in count I of plaintiffs' amended complaint, Howrey requested from Alcatel a waiver that would permit Howrey to represent defendant on all of the claims in this litigation.  Although Alcatel was not willing to provide such a waiver, neither did it indicate in June 2005 that Howrey was needed for additional work on the 2002 opinion letter nor that Alcatel considered itself to be a current client of Howrey.  Ultimately, Howrey was retained for the limited representation of defendant as to count II and the counterclaims related thereto.

    3.  Plaintiffs contend that such representation runs afoul of several disciplinary rules.[1]  Rule 1.7 of the Model Rules provides that an attorney may not represent two clients when representation of one would be "directly adverse" to or would "materially limit" representation of the other.  I am convinced, however, that Alcatel is not a current client of Howrey and, therefore, Rule 1.7 is not violated.  In this regard, I note that Howrey's representation in 2002 was for a limited purpose, that

---

[1] Plaintiffs reference the ABA's Model Rules of Professional Conduct ("Model Rules") as those adopted by this court pursuant to D. Del. LR 83.6(d)(2), then proceed to analyze the facts under "the Delaware Lawyers' Rules of Professional Conduct."  It is unclear whether plaintiffs have renamed the Model Rules or are actually referring to the code of conduct adopted by the Delaware Supreme Court.  Although the rules at issue are virtually identical as between the two codes, the court will refer to the ABA's Model Rules.

Alcatel and Howrey have had no communications relating to the substance of the 2002 representation (or on any other substantive matter) since November 2002, and that Howrey did not consider Alcatel a current client in June 2005, a belief that was not dispelled in June 2005 through its conversations with Alcatel. Even more compelling is the fact that Alcatel is not a party to this litigation and, through the course of discovery, has maintained that plaintiffs, corporate affiliates of Alcatel, are independent, that the court has no personal jurisdiction over Alcatel, and that Alcatel has no responsibility to respond to defendant's discovery requests, despite the fact that the patents at issue in count I were transferred to plaintiffs from Alcatel for the very purpose of pursuing this litigation. Finally, there is no overlap between the subject matter of the 2002 representation and the issues raised in count II and the related counterclaims.

    4. Model Rules 1.3, 1.8 and 1.10 likewise all relate to the conduct of a lawyer within the client-lawyer relationship. Given my conclusion that there is no current client-lawyer relationship between Alcatel and Howrey, these rules are not violated for the reasons stated above.

    IT IS FURTHER ORDERED that the pretrial scheduling order shall be amended as follows:

    1. Phase One fact discovery shall be extended for 45 days,

4

to be completed on or before October 16, 2006.

2. Phase One expert discovery shall be extended for 45 days, to be completed on or before December 18, 2006.

3. All summary judgment motions shall be filed on or before January 15, 2007, with briefing to follow D. Del. LR 7.1.2.

4. The parties shall agree upon and file the Joint Claim Construction Statement on or before January 15, 2007.

5. If the parties cannot agree on those further revisions to the scheduling order as are keyed off from the changes made above, the court will conduct a telephone conference to discuss these matters.

_____
United States District Judge