AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# United States District Court
## Northern District of Texas

| | | |
|---|---|---|
| Alcatel USA Resources, Inc. et al. | Plaintiffs, | **SUBPOENA IN A CIVIL CASE** |
| v. | | |
| Foundry Networks, Inc., | Defendants. | Case No. 05-418-SLR<br>(currently pending in the U.S. District Court for the District of Delaware |

To:  Nortel Networks Inc.
     2221 Lakeside Blvd.
     Richardson, TX  75082
     Attn: Donald L. Powers

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM: |
|---|---|
| | DATE AND TIME: |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects    See Attached Schedule A

| PLACE: Nortel Networks Inc.<br>2221 Lakeside Blvd.<br>Richardson, TX  75082<br>(or by Federal Express to Niro, Scavone, Haller & Niro, 181 W. Madison Street- Suite 4600, Chicago, IL  60602-4515, Attn: Sally Wiggins) | DATE AND TIME:<br>**July 20, 2006** |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Fed. R.Civ.P. 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*[signature]*  Attorney for Plaintiffs | DATE:  June 29, 2006 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Sally Wiggins, Niro, Scavone, Haller & Niro, 181 W. Madison Street – Suite 4600, Chicago, IL  60602
Telephone: 312-236-0733

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |
| SERVED ON (PRINT NAME) |  | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) |  | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Fed. R. Civ. P., Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more that 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assurances that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

{LUNN / 002 / 00000000.DOC /}

## SCHEDULE A

### Instructions

Alcatel USA Resources, et al. ("Alcatel") will examine and copy the documents and things at any mutually agreeable location where suitable examination and photocopying facilities exist or can be arranged. By accepting photocopies, Alcatel is not waiving its rights to examine originals where necessary.

You may elect to produce the requested documents by sending copies of the documents to the law firm of Niro, Scavone, Haller & Niro, 181 West Madison, Suite 4600, Chicago, Illinois 60602, via Federal Express or any other overnight delivery service on or before July 20, 2006. Alcatel is willing to reimburse you reasonable copying and shipping expenses.

Any documents responsive to the subpoena which contain confidential information will be subject to a Protective Order in the above-captioned action. Access to such confidential documents will be limited to outside attorneys of the parties and their qualified outside consultants in the case and will not be used for any purpose other than to litigate issues in the action pursuant to a Protective Order.

These requests are intended to seek documents and things as broadly as those words are defined by Federal Rule of Civil Procedure and applicable case law.

Where you or your company withholds documents for reasons of attorney-client privilege, work-product immunity or the like, Alcatel requests that it be served with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors; any recipients, the date; the basis for withholding, and a description of the document and its subject matter sufficient to allow Alcatel to contest the claim.

### DEFINITIONS

1. The term "person" refers to both natural persons and to corporate or other business entities (including the plaintiff and its corporate affiliates, parents, divisions, subsidiaries and other related companies), whether or not in the employ of the plaintiff and the "acts" of a person are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

2. The terms "pertaining to" and "regarding" mean relevant to, referring to, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, discussing, concerning, showing, describing, reflecting, relating to, constituting or mentioning documents, information, persons or subject matter.

3. The phrase "relate to," or any variant thereof, means references, evidences, mentions, constitutes, contains, summarizes, describes, concerns (directly or indirectly), supports, contradicts, addresses in any way or otherwise deals with the subject matter of the demand.

4. "Any" shall be understood to include and encompass "all." As used herein, the singular shall always include the plural and the present tense shall also include the past tense. The words "and" as well as "or" shall be construed as junctively or conjunctively as necessary to bring within the scope of the demand all documents or things which might otherwise be construed to be outside in scope.

5. "Document" means the original and any copies of any written, printed, typed or otherwise recorded matter, however produced or reproduced, of every kind and description, and whatever form (e.g. final and draft versions), that are in your actual or constructive possession, custody, care or control, including but not limited to, all writings, contracts, manuals, books, papers, correspondence, e-mail, letters, facsimiles, memorandum, interoffice communications, diaries, calendars, appointment books, notes, records, receipts, invoices, billing or account statements, specifically including telephone bills, ledgers, canceled checks, check stubs, meeting minutes, agendas, reports, studies, drawings, photographs, computer documents (including electronic mail transmission), computer disks, charts, graphs, video or audio tape recordings, transcripts of recorded statements or any other tangible things. "Document" therefore means the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules.

6. The term "communication" refers to any contact, oral or documentary, formal or informal, at any time or place, under any circumstances whatsoever, whereby information of any nature is transmitted or transferred.

7. The demanded documents include all attachments to the specifically described documents, or envelopes, explanatory notes or memorandum, and any of the material that accompanies the document(s) demanded. If the specific document elicited a response, that response is also to be identified and produced. If the document itself was a response, the document to which it responded is also to be identified and produced.

8.  The singular shall be deemed to include the plural and vice versa in order to bring within the scope of the demand the greatest number of documents.

9.  "You" means Nortel

10. The "'864 patent" means U.S. Patent No. 6,118,864.

### Documents/Categories

1.  The 31 page document titled, "CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE by and between Nortel Networks Limited, Nortel Networks, Inc., FOUNDRY NETWORKS, INC., BOBBY R. JOHNSON, Jr., H. EARL FERGUSON, deceased and JEFFREY PRINCE," with the effective date of 25 October 2004 on the cover.

2.  Any and all other settlement agreements between any of the following: Nortel Networks Limited, Nortel Networks, Inc., FOUNDRY NETWORKS, INC., BOBBY R. JOHNSON, Jr., H. EARL FERGUSON, deceased or JEFFREY PRINCE.

3.  Any and all documents containing communication relating to settlement or release agreements between any of the following: Nortel Networks Limited, Nortel Networks, Inc., FOUNDRY NETWORKS, INC., BOBBY R. JOHNSON, Jr., H. EARL FERGUSON, deceased or JEFFREY PRINCE.