# YOUNG CONAWAY STARGATT & TAYLOR, LLP

KAREN L. PASCALE
DIRECT DIAL: (302) 571-5001
DIRECT FAX: (302) 576-3516
kpascale@ycst.com

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

July 11, 2006

*By E-Filing and Hand Delivery*

The Honorable Sue L. Robinson
United States District Court
844 King Street
Wilmington, DE 19801

      Re:   *Alcatel USA Resources, Inc., et al. v. Foundry Networks, Inc.*,
            Civil Action No. 05-418-SLR

Dear Chief Judge Robinson:

      I write on behalf of Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc. ("Alcatel") in response to Foundry Networks' "agenda" letter and Proposed First Amended Scheduling Order delivered today, in advance of the telephone conference scheduled for tomorrow at 11:45 a.m. EDT.

      1.    Alcatel believes the pleading-amendment deadline should remain July 12. The July 12 deadline in the initial scheduling order was keyed off of the commencement of discovery, not its close. Nonetheless, Foundry argues that extending the close of discovery by 45 days constitutes good cause for delaying the final presentment of amended pleadings. Foundry has had over six months of fact discovery, all of which it received with full knowledge of the July 12 deadline for amendments. Why should there be a lingering uncertainty over the final form of the pleadings? If Foundry will ever have a legitimate basis to amend, it has it now. Moreover, Foundry justified extending discovery by pointing to the Howrey firm's need to ramp up. However, Howrey is involved only with Foundry's assertion of the Chang patent, and has no involvement with Foundry's defense against Alcatel's four Phase I patents. In sum, the reasons which justified extending the close of discovery do not militate extending the July 12 pleading-amendment deadline, since the Orrick firm has been actively taking discovery on the Alcatel Phase I patents all along.

      2.    The second issue relates to summary judgment scheduling. Alcatel and Foundry differ only by a few days, and only with regard to reply brief and hearing dates. Alcatel simply wanted to engineer a schedule that keeps the Court's currently-set hearing date intact. If the Court does not mind continuing the reply briefing date a week (as Foundry requests) without disturbing the hearing date, then Alcatel agrees to Foundry's suggested reply brief schedule. On the other hand, if Foundry's requested extension of the briefing schedule would result in a postponement of the hearing date, then Alcatel's reply brief schedule should be adopted and the hearing date maintained.

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Sue L. Robinson
July 11, 2006
Page 2

       3.     Alcatel might need to raise one final issue during tomorrow's telephone conference. It relates to qualifying experts under the Protective Order. Foundry has delayed qualifying Alcatel's damages expert to see confidential material. Alcatel has complied with all reasonable requests for information that might bear on potential conflicts, but Foundry keeps delaying its approval. Alcatel sees no way to break the impasse at this point. Alcatel hopes to address this topic in order to resolve it promptly and obviate the need for the parties and the Court to endure motion practice over this relatively straightforward issue.

Respectfully submitted,

Karen L. Pascale (#2903)
kpascale@ycst.com

cc:    Clerk of the Court (by e-file and hand delivery)
       Phillip A. Rovner, Esquire (by e-file and hand delivery)
       William L. Anthony, Esquire (by e-mail)
       Matthew H. Poppe, Esquire (by e-mail)
       Michael F. Heafey, Esquire (by e-mail)
       Henry C. Busnow, Esquire (by e-mail)
       K.T. Cherian, Esquire (by e-mail)
       Constance Ramos, Esquire (by e-mail)
       Timothy L. Haller, Esquire (by e-mail)
       Robert P. Greenspoon, Esquire (by e-mail)
       Sally J. Wiggins, Esquire (by e-mail)