IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC. )<br>a Delaware Corporation, and )<br>ALCATEL INTERNETWORKING, INC., )<br>a California Corporation, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FOUNDRY NETWORKS, INC., )<br>a Delaware Corporation, )<br>)<br>Defendant. ) | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, a subpoena, attached hereto as Exhibit 1, has been served on Bart J. G. Pauwels, c/o Sally Wiggins, Esq., Niro, Scavone, Haller & Niro, 181 West Madison Street, Chicago, IL 60602-4515.

The documents identified in Schedule "A" to the Subpoena shall be produced by Bart J. G. Pauwels to counsel for defendant Foundry Networks, Inc. on or before August 7, 2006 at the offices of Howrey LLP, 321 N. Clark Street, Suite 3400, Chicago, IL 60610.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| William L. Anthony<br>Matthew H. Poppe<br>Michael F. Heafey<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California  94025<br>(650) 614-7400 | By: /s/ Philip A. Rovner<br>     Philip A. Rovner (#3215)<br>     Hercules Plaza<br>     P. O. Box 951<br>     Wilmington, DE  19899<br>     (302) 984-6000<br>     E-mail: provner@potteranderson.com |
| (As to Count I of the Amended Complaint) | |
| Dated: July 31, 2006<br>743391 | *Attorneys for Defendant*<br>*Foundry Networks, Inc.* |

# EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

ALCATEL USA RESOURCES, INC., et al.

V.

FOUNDRY NETWORKS, INC.

SUBPOENA IN A CIVIL CASE
U.S. District Court for the District of Delaware

Case Number: 05-418-SLR

TO: BART J.G. PAUWELS
C/O Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Chicago, Illinois 60602-4515

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Howrey LLP<br>321 N. Clark Street<br>Suite 3400<br>Chicago, IL 60610 | August 10, 2006<br>9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Howrey LLP<br>321 N. Clark Street<br>Suite 3400<br>Chicago, IL 60610 | August 7, 2006<br>5:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | July 26, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Fabio Marino, Esq., ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | TIME |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1. The term "PATENT" means the following patent and patent application as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENT, incorporate it by reference or otherwise, claim priority from or are used as a basis for the priority date for this patent application:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 156,021 | U.S. 5,506,840 | 11-19-1993 |

2. The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means. This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages. If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy, including all drafts, is a separate document within this definition.

3. The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4. The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.      The term "PRIOR ART" refers, by way of example and without limitation, to the subject matter described in 35 U.S.C. §§ 102 and 103, including without limitation, publications, physical products, devices, prototypes, uses, sales, and offers for sale and ANY DOCUMENT or thing evidencing the foregoing.

6.      The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

7.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

8.      The use of the singular form of any word shall include the plural and vice versa.

**DOCUMENTS TO BE PRODUCED**

ALL DOCUMENTS (including drafts) RELATING to the PATENT, including but not limited to:

1.      ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in the PATENT, including, but not limited to, invention disclosure statements, schematics, engineering notebooks, technical specifications, presentations or reports;

2.      ALL prior art references and publications RELATING to the subject matter of the PATENT, including the results of all prior art searches RELATING to PATENT;

3.      ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of the PATENT;

4. ALL DOCUMENTS reflecting correspondence and communications by and between any PERSON RELATING to the PATENT, including communications amongst the named inventors, assignees, the patent office, and ANY third party; and

5. ALL DOCUMENTS concerning the prosecution of the PATENT, including all correspondence and communications amongst the named inventors, prosecuting attorneys, assignees, the patent office, and third parties, such as communications with any patent authority, patent applications, responses to office actions, Information Disclosure Statements, and comparisons with prior art.

US_WEST:260063080.1
15903-8 SMV/SMV

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on July 31, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

I hereby certify that on July 31, 2006 I have sent by E-mail the foregoing document to the following non-registered participant:

Timothy J. Haller, Esq.
Robert Greenspoon, Esq.
Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL  60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com