IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware corporation, and ALCATEL INTERNETWORKING, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FOUNDRY NETWORKS, INC., a Delaware corporation,<br><br>Defendant. | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

**DEFENDANT AND COUNTERCLAIMANT FOUNDRY NETWORKS, INC.'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

OF COUNSEL:

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California  94025
(650) 614-7400

(As to Count I only)

Dated:  August 25, 2006

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant/Counterclaimant Foundry Networks, Inc.*

# **TABLE OF CONTENTS**

I.   Nature and Stage of the Proceeding ........................................................................... 1

II.  Statement of Compliance with Local Rule 7.1.1 ....................................................... 1

III. Summary of Argument ............................................................................................... 1

IV.  Statement of Facts ...................................................................................................... 4

    A.  Foundry's Proposed Amendments ...................................................................... 4

        1.  New Defenses and Counterclaim Related to Alcatel's Violation of the IEEE's Patent Policy ............................................................................................... 4

        2.  New Defenses and Counterclaim Alleging Inequitable Conduct by Alcatel ....... 5

        3.  Miscellaneous Proposed Amendments ............................................................... 5

    B.  Relevant Procedural Facts .................................................................................... 6

        1.  Foundry Was Not Permitted to Start Discovery Until January 23, 2006 ........... 6

        2.  Alcatel Was Given Early Notice That Foundry Expected to Pursue IEEE-Related Defenses ................................................................................................ 7

        3.  Foundry Has Been Denied Discovery Related to Its Inequitable Conduct Defense, and It Only Recently Obtained Other Relevant Discovery ................. 9

V.   Argument .................................................................................................................. 12

    A.  Standards Applicable to Motion for Leave to Amend ...................................... 12

    B.  Foundry Should Be Granted Leave to Amend .................................................. 13

        1.  Defenses and Counterclaim Related to Alcatel's Violation of the IEEE's Patent Policy ..................................................................................................... 13

        2.  Inequitable Conduct Defense and Counterclaim .............................................. 14

        3.  Other Amendments ........................................................................................... 15

VI.  Conclusion ................................................................................................................ 16

# TABLE OF AUTHORITIES

## CASES

*Cornell & Co. v. Occupational Safety & Health Review Commission,*
573 F.2d 820 (3d Cir. 1978) ............................................................................. 12

*Dole Fresh Fruit Co. v. Delaware Cold Storage, Inc.,*
961 F. Supp. 676 (D. Del. 1997) ...................................................................... 12

*Douglas Press, Inc. v. Tabco Inc.,*
No. 00 C 7338, 2004 WL 1144054 (N.D. Ill. May 17, 2004) ......................... 14

*Enzo Life Sciences, Inc. v. Digene Corp.,*
270 F. Supp. 2d 484 (D. Del. 2003) ................................................................. 14

*FilmTec Corp. v. Hydranautics,*
67 F.3d 931 (Fed. Cir. 1995) ............................................................................ 12

*In the Matter of Rambus, Inc.,*
No. 9302, 2006 WL 2330117 (F.T.C. Aug. 2, 2006) ....................................... 13

*Lorenz v. CSX Corp.,*
1 F.3d 1406 (3d Cir. 1993) ............................................................................... 12

*MercExchange, L.L.C. v. eBay, Inc.,*
271 F. Supp. 2d 784 (E.D. Va. 2002) ............................................................... 15

*ResQNET.Com, Inc. v. Lansa, Inc.,*
382 F. Supp. 2d 424 (S.D.N.Y. 2005) .............................................................. 15

*Shane v. Fauver,*
213 F.3d 113 (3d Cir. 2000) ............................................................................. 12

*Symbol Techs. Inc. v. Lemelson Medical, Education & Research Foundation,*
422 F.3d 1378 (Fed. Cir. 2005) .......................................................................... 6

## RULES

Fed. R. Civ. P. 9 ........................................................................................................ 14

Fed. R. Civ. P. 15 ...................................................................................................... 16

I. **Nature and Stage of the Proceeding**

This is a patent infringement action filed on June 21, 2005 by plaintiffs Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc. (collectively, "Alcatel") against defendant Foundry Networks, Inc. ("Foundry"). In Count I, Alcatel USA Resources alleges that Foundry infringes nine patents. In Count II, Alcatel Internetworking seeks a declaratory judgment providing that it does not infringe a specified Foundry patent and that the Foundry patent is invalid. On August 11, 2005, Foundry filed separate answers with respect to Counts I and II. Foundry also filed a counterclaim alleging infringement of the patent that is the subject of Count II. Foundry's answer related to Count I included six affirmative defenses for failure to state a claim, non-infringement, patent invalidity, estoppel, laches, and authorization and consent of the United States government.

Pursuant to a scheduling order dated October 12, 2005, the case is divided into two phases. Phase One relates to four of the Alcatel patents and the Foundry patent. The case is currently in the middle of Phase One fact discovery, which is scheduled to close on October 16, 2006. Pursuant to the scheduling order, as amended, August 25 is the last day to file a motion to amend the pleadings.

II. **Statement of Compliance with Local Rule 7.1.1**

Foundry's counsel made a reasonable effort to reach agreement with Alcatel's counsel on the matters set forth in this motion. *See* Exhibits A, B, C, D.

III. **Summary of Argument**

1. Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend a party's pleadings must be freely given. Leave to amend may not be denied

without justification, such as undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or futility of amendment.

2. The Court should allow Foundry to add several affirmative defenses and a counterclaim based on allegations that Alcatel failed to disclose two patents-in-suit to the IEEE prior to the IEEE's adoption of the 802.1x standard. The amendment is justified by the following facts:

a. Foundry's equitable estoppel, patent misuse, and contract-based affirmative defenses and its contract-based declaratory judgment counterclaim are well-supported by existing law based on the alleged facts. Among other things, a recent FTC decision against Rambus, Inc. found violations based on very similar facts.

b. Foundry has not unduly delayed seeking leave to amend. Foundry sent Alcatel a proposed amended answer containing the IEEE-related allegations within a week after the telephonic hearing at which the Court extended the deadline for seeking leave to amend, and only received Alcatel's objection to the amended pleading last week. Foundry did not seek leave to amend earlier because, to the extent feasible, it has sought to confirm the factual and legal basis for its proposed new defenses and counterclaim before asserting such serious allegations. Alcatel has impeded this effort by failing to produce documents in the possession of its French parent and other foreign affiliates and refusing to schedule timely depositions.

c. Alcatel will not be prejudiced by the amendments. Alcatel has long been aware that Foundry was considering IEEE-related defenses. Indeed, Alcatel offered in February to withdraw its motion to disqualify the Howrey law firm if Foundry would agree not to assert those defenses. Alcatel also knew through Foundry's document

requests, as well as through a subpoena that Foundry served on the IEEE, that Foundry was pursuing IEEE-related defenses. Alcatel has already propounded discovery requests asking for Foundry's factual contentions related to an IEEE-based equitable estoppel defense, which Foundry answered last week. Finally, most of the relevant information is in Alcatel's possession, and to the extent it is not, Alcatel still has time to obtain it.

    3.    The Court should also allow Foundry to add an affirmative defense and a counterclaim alleging inequitable conduct in the prosecution of several Alcatel patents-in-suit, as well as a related "misjoinder of inventors" defense. Theses amendments are justified by the following facts:

    a.    Inequitable conduct is a well-established defense to patent infringement, and the alleged facts support such a defense in this case.

    b.    Foundry has not unduly delayed seeking leave to amend. Rule 9 requires that inequitable conduct be pled with particularity. As a result, abundant case law provides that a defendant may reasonably pursue discovery to investigate the relevant facts before adding the defense. Many courts have allowed such amendments even after the deadline to amend pleadings had passed. Here, to be safe, Foundry is seeking leave to amend prior to the applicable deadline, even though Alcatel has deprived Foundry of requested, relevant discovery. In addition, some of the evidence on which Foundry's inequitable conduct defense and counterclaim are based was only recently obtained by Foundry, through no fault of its own.

    c.    Alcatel will not be prejudiced by the amendments. Alcatel is in possession of all of the relevant information. Foundry's inequitable conduct defense is based on the conduct of the inventors and patent prosecutors, all of whom Alcatel's

3

counsel claims to represent and many of whom are still Alcatel employees. To the extent Alcatel believes it needs discovery related to inequitable conduct, there is still time before the end of fact discovery.

4.     The Court should allow Foundry's remaining amendments because they are insubstantial and will have no impact on the conduct of this case.

## IV.    Statement of Facts

### A.    Foundry's Proposed Amendments

Foundry seeks leave to add several new affirmative defenses and counterclaims, as well as to modify its prayer for relief and one additional paragraph. All of Foundry's proposed amendments relate to Count I of Alcatel's complaint. By its counterclaims, Foundry seeks only to render Alcatel's patents-in-suit unenforceable and/or limit the infringement remedies available to Alcatel. Foundry does not seek independent monetary or injunctive relief, other than attorney's fees and costs.

#### 1.    New Defenses and Counterclaim Related to Alcatel's Violation of the IEEE's Patent Policy

Alcatel alleges that Foundry infringes its '090 and '830 patents by implementing an industry standard adopted by the Institute of Electrical and Electronics Engineers (the "IEEE"). The standard is known as the IEEE 802.1x standard. Foundry seeks to add several new affirmative defenses and a counterclaim based on the allegation that Alcatel was obligated to inform the IEEE about the '090 and '830 patents and the corresponding patent applications prior to the adoption of the 802.1x standard, but it failed to do so. The IEEE and Foundry relied on Alcatel's silence in adopting and implementing the standard, respectively. These allegations support Foundry's proposed equitable estoppel, patent

4

misuse, and contract-based affirmative defenses, as well as Foundry's counterclaim for a declaratory judgment that Alcatel breached contractual duties owed to Foundry.

### 2. New Defenses and Counterclaim Alleging Inequitable Conduct by Alcatel

Foundry also seeks to assert an inequitable conduct defense alleging that three Alcatel patents-in-suit are unenforceable due to inequitable conduct by the inventors and patent prosecutors. Two of the patents are related to each other: the '090 patent and its parent, the '830 patent (discussed above in connection with the IEEE-related defenses). The third patent is the '192 patent. In each case, the defense is based on the inventors' and patent prosecutors' intentional failure to disclose material prior art to the Patent Office. With respect to the '830 and '090 patents, misjoinder of inventors is a separate basis for the inequitable conduct defense, as well as a separate new proposed defense.

Foundry also seeks to assert a counterclaim requesting a declaratory judgment that the patents are unenforceable, based on the same allegations. Foundry only recently learned some of the facts on which these proposed defenses and counterclaim are based, and to date Alcatel has interfered with Foundry's ability to obtain relevant depositions.

### 3. Miscellaneous Proposed Amendments

Foundry's other proposed amendments are minor and will not affect the proceedings in any way. First, Foundry's address has changed since it filed its original answer. Foundry seeks leave to amend its answer to reflect its new address. (This is the sole amendment Alcatel does not oppose. See Exhibit D.) Second, Foundry seeks to amend its prayer for relief in order to clarify and streamline it. The changes do not result in Foundry requesting more or less relief than before, with the exception that Foundry requests new relief related to its proposed new counterclaims. Third, Foundry seeks

leave to add a prosecution laches defense. The Federal Circuit case recognizing this defense for the first time only became final in February 2006, when the time to file a cert. petition to the U.S. Supreme Court from the Federal Circuit's en banc decision ran out without a petition being filed. *See Symbol Techs. Inc. v. Lemelson Med., Educ. & Research Found.*, 422 F.3d 1378 (Fed. Cir. 2005) (en banc).

### B.   Relevant Procedural Facts

A discussion of the relevant procedural facts shows that Foundry has acted diligently to obtain information it needed to decide whether to assert the defenses and counterclaims that are the subject of this motion.

#### 1.   Foundry Was Not Permitted to Start Discovery Until January 23, 2006

Pursuant to the scheduling order mentioned above, *supra*, p. 1, Alcatel had to select four of its nine patents-in-suit to pursue in Phase One of this case. *See* Exhibit E.[1] The other patents must await a second phase that will commence after trial in Phase One. Among the patents Alcatel chose for Phase One are U.S. Patent Nos. 6,874,090 (the "'090 patent") and 5,301,192 (the "'192 patent"). Also relevant to this motion are U.S. Patent Nos. 6,339,830 (the "'830 patent") and 6,070,243 (the "'243 patent"). The '830 patent is the parent patent of the '090 patent, and is being asserted against Foundry by Alcatel in Phase Two of this litigation. The '243 patent is the '830 patent's parent, and has not been asserted against Foundry.

Pursuant to the scheduling order, Alcatel was supposed to select its four patents for Phase One by January 20, 2006.[2] *See* Exhibit E. Prior to that date, the scheduling

---

[1] All exhibits referenced in this brief are attached to the Declaration of Matthew H. Poppe ("Poppe Decl.") filed concurrently herewith.

[2] Alcatel did not actually identify its four Phase One patents until February 23, 2006.

6

order precluded Foundry from seeking discovery. *See id.* Discovery did not open until January 23, 2006, at which time Foundry promptly served comprehensive document requests. *See id.*; *see also* Poppe Decl. ¶ 6.

### 2. Alcatel Was Given Early Notice That Foundry Expected to Pursue IEEE-Related Defenses

Alcatel has known that Foundry might pursue defenses related to Alcatel's standard-setting conduct with the IEEE since at least the very start of the discovery period. Foundry's initial set of document requests, mentioned above, included several requests for documents related to Alcatel's involvement with standard-setting bodies generally, and with the IEEE 802.1x standard specifically. *See* Exhibit J, Request Nos. 123-132; *see also id.*, pp. 4-5 (definition of "industry standard"). Foundry asked for responsive documents related to the activities of any Alcatel entity, not just plaintiffs. *See id.*, p. 3 (definition of "Alcatel"). In response to every one of these requests, Alcatel agreed to produce responsive, non-privileged documents. *See* Exhibit K, pp. 67-70. To date, Foundry is not aware that any responsive documents have been produced.

Alcatel showed its awareness of Foundry's IEEE-related defenses in a letter written by Alcatel's counsel on February 22, 2006. At that time, Alcatel had a pending motion before the Court to disqualify Howrey LLP, which represents Foundry on Count II matters in this case. (The motion was ultimately denied.) On February 22, Alcatel's counsel called Foundry's counsel to discuss an Alcatel proposal for resolving the motion, which Foundry rejected. In a confirming letter, Alcatel's counsel stated the following:

---

*See* Exhibit F. Foundry agreed to extend the time for Alcatel to identify its Phase One patents to January 31, and Alcatel then filed an emergency motion to try to prolong the deadline further. *See* Exhibits G, H. At a discovery status conference on February 9, the Court ordered Alcatel to identify its Phase One patents by February 23. *See* Exhibit I.

7

> In follow-up to your call this morning, I understand Foundry is not interested in potentially resolving the disqualification motion by agreeing that it will not assert a 'standards' defense. In short, Foundry is keeping that option open.

*See* Exhibit L. The letter further described what Alcatel intended to do to "formulat[e] its response to the 'standards' defense . . . ." *Id.*

Alcatel was again put on notice that Foundry was investigating an IEEE-related standards-based defense on May 17, 2006, when it was sent a copy of a subpoena that Foundry served on the IEEE. *See* Exhibit M. The subpoena included many requests related to Alcatel's IEEE-related activities. *See id.* Responsive documents were produced in July, and Alcatel's counsel acknowledged receiving a copy. *See* Exhibit N.

Most recently, Alcatel itself began taking discovery related to Foundry's IEEE-related defenses last month. Specifically, on July 19, 2006, Alcatel propounded its fourth set of interrogatories to Foundry. *See* Exhibit O. Interrogatory No. 28 asked Foundry to identify facts and documents supporting its equitable estoppel defense, which is one of the defenses Foundry seeks to add by this motion. *See id.* Interrogatory No. 30 asked Foundry to state the basis for any contention it might have that any of the Alcatel patents-in-suit are "essential" to any IEEE standard, which is one of the grounds for the defenses Foundry seeks to add by this motion. *See id.* Foundry answered both interrogatories last week. *See* Exhibit P.

Thus, Alcatel has already obtained discovery related to the IEEE-related defenses Foundry seeks to add by this motion, and Alcatel still has time to seek more discovery if deemed necessary.

8

### 3. Foundry Has Been Denied Discovery Related to Its Inequitable Conduct Defense, and It Only Recently Obtained Other Relevant Discovery

Foundry began seeking discovery related to a potential inequitable conduct defense in earnest in May 2006. On May 15, Foundry subpoenaed the attorneys that prosecuted the '830, '090, and '192 patents, including John May (c/o Fulbright & Jaworski LLP), Scot Reader, and the law firm of Christie, Parker & Hale LLP ("CPH"). *See* Exhibit Q. Alcatel's counsel, the Niro Scavone firm, claims to represent all of these subpoenaed parties. *See* Exhibits R, S. On May 17, Foundry notified Alcatel that it wanted to begin deposing the named inventors on the patents-in-suit, and it asked Alcatel to provide available deposition dates. *See* Exhibit T. Alcatel's counsel responded by claiming to represent all of the inventors, including those who no longer work for Alcatel. *See* Exhibit U.

In response to the Scot Reader subpoena, Alcatel's counsel objected based on the technicality that he is located in Colorado and the subpoena called for the production of documents in California. *See* Exhibit S. Foundry responded that the documents could simply be produced by mailing them to Foundry's counsel in California. *See* Exhibit V. Alcatel's counsel refused and demanded that the subpoena be reissued. *See* Exhibit W. Foundry complied, serving a new subpoena that called for the documents to be produced in Colorado. *See* Exhibit X. As expected, Mr. Reader did not produce the documents in Colorado, but instead arranged for Alcatel's counsel to send them FedEx to Foundry's counsel in California (as Foundry had requested all along) on July 11, 2006. *See* Exhibit Y. Several weeks later, Foundry arranged for Mr. Reader to be hand-served with a deposition subpoena. *See* Exhibit Z. The noticed deposition date was August 16. *See id.* Foundry's counsel concurrently sent a letter to Alcatel's counsel offering alternative

9

dates in August. *See* Exhibit AA. Alcatel's counsel objected to all of the proposed dates and said Mr. Reader would not be made available until September 8—two weeks *after* the deadline to amend the pleadings. *See* Exhibit BB. Alcatel's counsel said Mr. Reader would move for a protective order if Foundry did not agree to reschedule the deposition, with the result that the deposition would automatically have been stayed pending the outcome of the motion. *See id.*

The CPH and John May subpoenas called for production on May 24, 2006. *See* Exhibit Q. Alcatel's counsel did not produce documents on behalf of those parties until July 19. *See* Exhibit CC. Then, on August 21, Alcatel's counsel claimed that they had inadvertently produced privileged documents and demanded that the documents be returned. *See* Exhibit DD. Foundry complied, and received a re-produced subset of those documents yesterday. *See* Poppe Decl. ¶ 31. Foundry is waiting for Alcatel to provide a privilege log for the withheld documents. *See id.* Foundry intended to rely on some of those documents in support of its inequitable conduct defense.

As for inventors, Alcatel's counsel has informed Foundry that Mr. Henrion—the sole inventor on the '192 patent—refuses to be deposed. *See* Exhibit EE.[3] Because he is represented by Alcatel's counsel,[4] Foundry's counsel may not contact him directly to seek his cooperation. *See* Exhibit FF. After repeated requests, Alcatel's counsel finally provided Mr. Henrion's home address in France on August 1 so that Foundry can seek his deposition pursuant to Hague Convention procedures. *See* Poppe Decl. ¶ 35. Foundry

---

[3] Alcatel's counsel has always held out the possibility that Mr. Henrion might change his mind about his willingness to testify and that they were trying to convince him to do so. *See* Poppe Decl. ¶ 32.

[4] Despite the fact that Mr. Henrion is supposedly represented by Alcatel's counsel, he apparently will not even return their phone calls. *See* Poppe Decl. ¶ 34. Yet Alcatel's counsel relies on its purported representation of him to forbid Foundry's counsel from attempting to contact him directly. *See* Poppe Decl. ¶ 35 & Exhibit FF.

has commenced those procedures, but it is not clear that Mr. Henrion's deposition can be compelled and certainly not before the October 16 close of discovery.

Another relevant inventor is Bart Pauwels. He was Mr. Henrion's co-inventor on one of the four Phase One Alcatel patents, and it was believed he might have relevant testimony to give in connection with the '192 patent. Foundry took his deposition on August 10, the first date offered by Alcatel. *See* Poppe Decl. ¶ 36. Foundry is relying on that testimony in part for its inequitable conduct defense with respect to the '192 patent.

Foundry has deposed several of the inventors on the '830 and '090 patents, but two of them were not offered for deposition until September, after the deadline to amend the pleadings. Poppe Decl. ¶ 37. Moreover, Alcatel has made it a habit of producing relevant documents on the eve of depositions. Most recently, Alcatel produced almost 400 pages of handwritten notes from an inventor's engineering notebook the day before the inventor's deposition in North Carolina earlier this week, while the Foundry attorney assigned to take the deposition was *en route*. *See id.* ¶ 38. That attorney did not receive the notes until 7:00 p.m. the night before the deposition. *Id.* As a result, Alcatel agreed to produce the inventor for a second day of deposition at a date to be determined, but that will necessarily be after the deadline to amend the pleadings. *Id.*

In summary, Foundry has sought diligently to obtain evidence it needs for its potential defenses, but it has faced roadblocks at every turn. Accordingly, Alcatel has no basis to charge Foundry with undue delay in the timing of this motion.

V.  **Argument**

Foundry seeks leave to amend its Answer pursuant to Rule 15 of the Federal Rules of Civil Procedure. Foundry should be granted leave to amend because the amendments are timely, they are not futile, and Alcatel will not be prejudiced thereby.

A.  **Standards Applicable to Motion for Leave to Amend**

Under Rule 15, leave to amend a pleading "shall be freely given when justice so requires." This represents a "liberal policy of granting leave to amend . . . ." *Dole Fresh Fruit Co. v. Delaware Cold Storage, Inc.*, 961 F. Supp. 676, 686 (D. Del. 1997). In ruling on a motion for leave to amend, "a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *FilmTec Corp. v. Hydranautics*, 67 F.3d 931, 935 (Fed. Cir. 1995).

As a result of Rule 15's liberal standard, it is an abuse of discretion to deny leave to amend without justification. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "[T[he trial court may not deny leave to amend '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Dole Fresh Fruit Co.*, 961 F. Supp. at 686 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

### B. Foundry Should Be Granted Leave to Amend

#### 1. Defenses and Counterclaim Related to Alcatel's Violation of the IEEE's Patent Policy

Several of Foundry's proposed amendments relate to Alcatel's fraudulent failure to disclose two patents-in-suit to the IEEE, despite the fact that (1) Alcatel participated in the development of the IEEE 802.1x standard, (2) IEEE requires the disclosure of patents and patent applications that are "essential" to the practice of proposed standards, and (3) Alcatel construes the '830 and '090 patents-in-suit in such a way that they are "essential" to the practice of the IEEE 802.1x standard.

Those amendments should be allowed under the liberal standard of Rule 15. Patent defenses based on standard-setting misconduct have been considered by the courts on several occasions, and such defenses received their most resounding approval in a recent decision of the Federal Trade Commission. *See In the Matter of Rambus, Inc.*, No. 9302, 2006 WL 2330117 (F.T.C. Aug. 2, 2006). Thus, the proposed amendments are not futile.

In addition, the amendments are timely. Although Foundry has known of some of the facts on which these defenses are based for some time, Foundry properly sought to pursue additional investigation and discovery before formally presenting such serious allegations. Foundry obtained additional information from documents produced by the IEEE in July and from deposition testimony provided by two of the '830/'090 inventors on July 26 and August 17. *See* Poppe Decl. ¶ 39. Foundry would prefer to obtain even more discovery before amending, but it has been stonewalled on discovery from foreign

13

Alcatel entities and on deposition dates for at least two other '830/'090 inventors. *See id.* ¶ 37. Under the circumstances, any delay in amending is not undue.[5]

Finally, Alcatel cannot claim prejudice because it has been on notice that Foundry was planning to add IEEE-related defenses since at least February; it has already sought and obtained discovery directly related to those defenses; it has time to seek additional discovery if it so chooses; and most of the relevant information is in its possession. *See supra*, pp. 7-8. Notably, Alcatel has not taken any depositions yet, so it cannot claim any lost opportunities to question deponents about those defenses. *See* Poppe Decl. ¶ 40.

### 2. Inequitable Conduct Defense and Counterclaim

Foundry also seeks to add an inequitable conduct defense and counterclaim based on the intentional failure to disclose material prior art to the Patent Office in connection with the '830, '090, and '192 patents. Inequitable conduct is an accepted defense to patent infringement claims, and the facts as pled present classic inequitable conduct.

Foundry's proposed amendments are timely. Many courts have held that the defendant in a patent case should be permitted to pursue relevant discovery before adding an inequitable conduct defense to its pleadings, particularly due to the heightened pleading standard that applies to such defenses under Fed. R. Civ. P. 9. *See, e.g., Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 487-90 (D. Del. 2003) ("Digene was prudent and possibly required to confirm the factual allegations [related to its inequitable conduct defense] through discovery"); *Douglas Press, Inc. v. Tabco, Inc.*, No. 00 C 7338, 2004 WL 1144054, *1-*2 (N.D. Ill. May 17, 2004) ("Allegations of

---

[5] Included in the relief sought by Foundry in its August 22, 2006 emergency discovery motion was a brief extension of time to amend the pleadings in order to conduct the deposition of at least one fact witness who, upon information and belief, has information relevant to the amended pleading, but whom Alcatel has refused to make available prior to the August 25 deadline.

14

inequitable conduct are serious and we cannot fault Tabco for waiting for further evidence before filing such an affirmative defense"); *ResQNET.Com, Inc v. Lansa, Inc.*, 382 F. Supp. 2d 424, 448-52 (S.D.N.Y. 2005) (granting motion for leave to amend to add inequitable conduct defense, where motion was filed weeks before close of fact discovery); *MercExchange, L.L.C. v. eBay, Inc.*, 271 F. Supp. 2d 784, 786-89 (E.D. Va. 2002) (granting leave to amend to add inequitable conduct defense and citing numerous other cases).

Here, Foundry tried diligently to obtain relevant discovery to determine whether an inequitable conduct defense was prudent. *See supra*, pp. 8-11. Foundry obtained some such discovery, including during depositions earlier this month on August 10 and 23, and Foundry has failed to obtain Alcatel's cooperation in making other discovery available before the deadline to amend the pleadings. *See id.* Under these circumstances, Foundry's proposed amendments are timely.

Finally, Alcatel will not be unduly prejudiced because the relevant facts are in its possession (or the possession of third parties who are represented by Alcatel's counsel); and Alcatel has time to obtain discovery if needed.[6]

### 3. Other Amendments

Foundry's other proposed amendments are minor, timely, and justifiable, and they will not affect the conduct of these proceedings in any meaningful way. Consequently, they should be permitted.

---

[6] Foundry's "misjoinder of inventors" defense, as well as the "misjoinder of inventors" basis for its inequitable conduct defense, was also discovered during inventor depositions in July and August 2006 and should be allowed for the same reasons as the rest of the inequitable conduct defense.

## VI. Conclusion

Foundry has reasonably sought to supplement the information in its possession before adding defenses and counterclaims to its answer that assert serious misconduct by Alcatel and its representatives. Foundry would have that information by now but for the intransigence of Alcatel and its counsel. Alcatel cannot claim surprise, as it has known about the factual and legal theories underlying Foundry's proposed amendments for many months. Accordingly, to permit full consideration of the relevant issues on their merits as required by Fed. R. Civ. P. 15, Foundry respectfully requests that its motion for leave to file an amended answer and counterclaim in the form submitted herewith be granted.

                                        POTTER ANDERSON & CORROON LLP

OF COUNSEL:

| | |
|---|---|
| William L. Anthony<br>Matthew H. Poppe<br>Michael F. Heafey<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, California  94025<br>(650) 614-7400 | By: /s/ Philip A. Rovner<br>    Philip A. Rovner (#3215)<br>    Hercules Plaza<br>    P.O. Box 951<br>    Wilmington, Delaware  19899-0951<br>    (302) 984-6000<br>    provner@potteranderson.com |
| (As to Count I only) | *Attorneys for Defendant/Counterclaimant*<br>*Foundry Networks, Inc.* |
| Dated:  August 25, 2006 | |

747686

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on August 25, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL**

Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

I hereby certify that on August 25, 2006 I have sent by E-mail and Federal Express the foregoing document to the following non-registered participant:

Timothy J. Haller, Esq.
Robert Greenspoon, Esq.
Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com