IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware corporation, and ALCATEL INTERNETWORKING, INC., a California corporation,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>FOUNDRY NETWORKS, INC., a Delaware corporation,<br><br>　　　　　　　　　　Defendant. | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

### DECLARATION OF MATTHEW H. POPPE IN SUPPORT OF DEFENDANT AND COUNTERCLAIMANT FOUNDRY NETWORKS, INC.'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM

OF COUNSEL:

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400

(As to Count I only)

Dated: August 25, 2006

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant/Counterclaimant Foundry Networks, Inc.*

I, Matthew H. Poppe, declare:

1. I am a partner in the law firm of Orrick, Herrington & Sutcliffe LLP, counsel of record in this action for Defendant and Counterclaimant Foundry Networks, Inc. ("Foundry"). I am licensed to practice law in the State of California, and I am admitted to practice *pro hac vice* in the United States District Court for the District of Delaware in connection with this action. I have personal knowledge of the facts stated herein, except where otherwise stated, and I could and would testify competently to those facts if called as a witness.

2. Attached hereto as Exhibit A is a true and correct copy of a letter from me to Robert Greenspoon, counsel for Alcatel, dated July 24, 2006.

3. Attached hereto as Exhibit B is a true and correct copy of a letter from Mr. Greenspoon to me dated July 27, 2006.

4. Attached hereto as Exhibit C is a true and correct copy of a letter from me to Mr. Greenspoon dated July 31, 2006.

5. Attached hereto as Exhibit D is a true and correct copy of a letter from Mr. Greenspoon to me dated August 16, 2006.

6. Attached hereto as Exhibit E is a true and correct copy of an Order dated October 12, 2005 in this action. Pursuant to this scheduling order, fact discovery did not open until January 23, 2006, at which time Foundry promptly served comprehensive document requests.

7. Attached hereto as Exhibit F is a true and correct copy of a letter from Tim Haller, counsel for Alcatel, to Mr. Rovner and me dated February 23, 2006.

8. Attached hereto as Exhibit G is a true and correct copy of a letter from me to Mr. Greenspoon dated December 23, 2005.

9. Attached hereto as Exhibit H is a true and correct copy of an E-Mail Request for Emergency Relief filed by Alcatel in this action on or about January 27, 2006.

10. Attached hereto as Exhibit I is a true and correct copy of excerpts from the transcript of the in-person Discovery Status Conference in this action on February 9, 2006.

11. Attached hereto as Exhibit J is a true and correct copy of excerpts from Foundry Networks, Inc.'s First Request for Production of Documents and Things, served by Foundry on Alcatel on or about January 25, 2006.

12. Attached hereto as Exhibit K is a true and correct copy of excerpts from Plaintiffs' Response to Foundry Networks, Inc.'s First Request for Production of Documents and Things (Nos. 1-166), served by Alcatel on Foundry on or about February 24, 2006.

13. Attached hereto as Exhibit L is a true and correct copy of a letter from Mr. Haller to Mr. Rovner dated February 22, 2006.

14. Attached hereto as Exhibit M is a true and correct copy of a letter from Siddhartha Venkatesan, a lawyer in my office, to Messrs. Haller and Greenspoon dated May 17, 2006, attached to which is a true and correct copy of a subpoena served by Foundry on the Institute for Electrical and Electronics Engineers (IEEE) on or about May 2, 2006.

15. Attached hereto as Exhibit N is a true and correct copy of a letter from Mr. Haller to me dated August 14, 2006.

16. Attached hereto as Exhibit O is a true and correct copy of Alcatel's Fourth Set of Interrogatories to Foundry Networks (Nos. 28-30), served by Alcatel on Foundry on or about July 19, 2006.

17. Attached hereto as Exhibit P is a true and correct copy of Foundry Networks, Inc.'s Responses to Alcatel's Fourth Set of Interrogatories, served by Foundry on Alcatel on or about August 18, 2006.

18. Attached hereto as Exhibit Q are true and correct copies of the Subpoena served by Foundry on John M. May, Esq. c/o Fulbright & Jaworski LLP on or about May 10, 2006; the Subpoena served by Foundry on Scot Reader, Esq. on or about May 11, 2006; the Subpoena served by Foundry on Christie, Parker & Hale, LLP on or about May 10, 2006; and fax cover sheets showing that copies of these Subpoenas were delivered to Alcatel's counsel on or about May 15, 2006.

19. Attached hereto as Exhibit R are true and correct copies of the Objections to Subpoenas served by Alcatel's counsel, Niro, Scavone, Haller & Niro, on behalf of non-parties Christie, Parker & Hale LLP and John May, on or about May 23, 2006.

20. Attached hereto as Exhibit S is a true and correct copy of a letter from Sally Wiggins, counsel for Alcatel, to Michael Heafey, a lawyer in my office, dated May 19, 2006.

21. Attached hereto as Exhibit T is a true and correct copy of a letter from me to Mr. Greenspoon dated May 17, 2006.

22. Attached hereto as Exhibit U is a true and correct copy of an email from Sally Wiggins to me dated June 6, 2006.

23. Attached hereto as Exhibit V is a true and correct copy of a letter from Mr. Heafey to Ms. Wiggins dated May 22, 2006.

24. Attached hereto as Exhibit W is a true and correct copy of a letter from Ms. Wiggins to Mr. Heafey dated May 23, 2006.

25. Attached hereto as Exhibit X is a true and correct copy of a Subpoena served by Foundry on Scot Reader, Esq. on or about June 21, 2006.

26. Attached hereto as Exhibit Y is a true and correct copy of a letter from Ms. Brennan to Messrs. Rovner and Cherian and me dated July 11, 2006.

27. Attached hereto as Exhibit Z is a true and correct copy of a Subpoena served by Foundry on Scot Reader, Esq. on or about August 2, 2006.

28. Attached hereto as Exhibit AA is a true and correct copy of letter from Subroto Bose, an attorney in my office, to Ms. Wiggins dated August 3, 2006.

29. Attached hereto as Exhibit BB are true and correct copies of letters from Ms. Wiggins to Mr. Bose dated August 4, 2006, August 6, 2006, and August 14, 2006, respectively.

30. Attached hereto as Exhibit CC is a true and correct copy of a letter from Katy Brennan, a paralegal with Alcatel's counsel, to my co-counsel Philip Rovner and K.T. Cherian and me dated July 19, 2006.

31. Attached hereto as Exhibit DD is a true and correct copy of a letter from Kara Szpondowski, an employee of Alcatel's counsel, to Messrs. Rovner and Cherian and me dated August 21, 2006. Foundry's counsel complied with the request in this

4

letter and received a re-produced subset of the documents referred to in the letter only yesterday. Foundry is waiting for Alcatel to provide a privilege log for the withheld documents.

32. Attached hereto as Exhibit EE is a true and correct copy of a letter from Ms. Wiggins to me dated July 10, 2006. Since the date of this letter, Ms. Wiggins has always held out the possibility that Mr. Henrion might change his mind about his willingness to testify and has represented that Alcatel's counsel was trying to convince him to do so.

33. Attached hereto as Exhibit FF is a true and correct copy of a letter from Ms. Wiggins to me dated July 18, 2006.

34. During a telephone call with Ms. Wiggins on or about July 31, 2006, she told me that Mr. Henrion had not responded to her recent emails.

35. After repeated requests, Ms. Wiggins sent me Mr. Henrion's home address in France on August 1, 2006, so that Foundry can seek his deposition pursuant to Hague Convention procedures. In the same email, Ms. Wiggins warned me that nobody from my firm should contact Mr. Henrion other than through Hague Convention procedures.

36. Foundry took the deposition of Bart Pauwels on August 10, 2006, the first date offered by Alcatel.

37. Foundry has deposed several of the inventors on the '830 and '090 patents, but two of them (John Bailey and Yuri Pikover) were not offered for deposition until September 2006, after the deadline to amend the pleadings.

38. On multiple occasions, Alcatel has produced relevant documents on the eve of a deposition. Most recently, Alcatel produced almost 400 pages of handwritten

5

notes from the engineering notebook of Michael See, one of the inventors on the '830 and '090 patents-in-suit, the day before Mr. See's deposition in North Carolina scheduled for August 23, 2006. The document production containing these notes and other documents relevant to Mr. See's deposition were received in my office while the Foundry attorney assigned to take the deposition, Mr. Heafey, was *en route* to North Carolina for the deposition. I am informed that Mr. Heafey did not receive the notes until 7:00 p.m. the night before the deposition (Eastern time). As a result, Mr. Haller agreed that Alcatel would produce Mr. See for a second day of deposition at a date to be determined, but that will necessarily be after the deadline to amend the pleadings.

39. Foundry obtained additional information relevant to its proposed new affirmative defense based on Alcatel's failure to disclose patents and patent applications to the IEEE from documents produced by the IEEE in July 2006 and from deposition testimony provided by Messrs. Leon Sangroniz and Charles Panza, two of the '830/'090 inventors, on July 26, 2006 and August 17, 2006, respectively.

40. Alcatel has not taken any depositions in this action other than depositions of several Foundry employees in January 2006 limited to the topic of the structure and operation of relevant features of the accused Foundry products.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed in Menlo Park, California on August 25, 2006.

/s/ Matthew H. Poppe
Matthew H. Poppe

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Philip A. Rovner, hereby certify that on August 25, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

**BY HAND DELIVERY AND E-MAIL (w/o exhibits)**

Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

I hereby certify that on August 25, 2006 I have sent by E-mail (w/o exhibits) and Federal Express the foregoing document to the following non-registered participants:

Timothy J. Haller, Esq.
Robert Greenspoon, Esq.
Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com