# EXHIBIT A

# O
# ORRICK

July 24, 2006

Matthew H. Poppe
(650) 614-7431
mpoppe@orrick.com

*VIA FACSIMILE*

Robert P. Greenspoon, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street Suite 4600
Chicago, Illinois  60602-4515

Re:    Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.
       <u>U.S.D.C. Delaware, Civil Action No. 05-418-SLR</u>

Dear Rob:

Per our discussion last week, following is a summary outline of Foundry's invalidity contentions with respect to the '090 patent. In addition, I enclose a proposed amended answer and counterclaim that we would like to file in this action. It includes additional information regarding Foundry's defenses related to the '090 patent. I would like to confer with you at your earliest convenience regarding whether Alcatel will consent to the filing of the proposed amended answer and counterclaim.

As of the date of this letter, and subject to supplementation, Foundry has identified at least the following references as invalidity art for the '090 patent under 35 U.S.C. §102 and/or §103:

- U.S. Patent No. 4,897,874 to Lidinsky, *et al.*, issued January 30, 1990 ("Lidinsky"). Lidinsky anticipates at least Claims 1-4, 7-10, 12-19, and 24-33 under 35 U.S.C. §102(b). Lidinsky in combination with C. Rigney *et al.*, <u>Remote Authentication Dial In User Service (RADIUS)</u>, IETF RADIUS Working Group draft-ietf-radius-radius-03 (May 1996) ("RADIUS") renders at least Claims 5, 11, and 20 obvious under 35 U.S.C. §103. Lidinsky in combination with RADIUS and Jerome H. Saltzer, <u>Protection and the Control of Information Sharing in Multics</u>, 17 Assoc. For Comp. Mach. 388 (July 1974) ("Multics") renders at least Claims 6 and 21-23 obvious under 35 U.S.C. §103.

- Livingston Enterprises, Inc., <u>Configuration Guide for PortMaster Products</u> (Dec. 1995) and Livingston Enterprises, Inc., <u>RADIUS Administrator's Guide</u> (Oct. 1996) (collectively "PortMaster"). Portmaster anticipates at least Claims 1-5, 7-20, 24-25, and 28-33 under 35 U.S.C. §102(b). Portmaster in combination with Multics renders at least Claims 6, 21-23, 26 and 29 obvious under 35 U.S.C. §103. Portmaster in combination with Lidinsky renders at least Claims 26 and 27 obvious under 35 U.S.C. §103



ORRICK

Robert P. Greenspoon, Esq
July 24, 2006
Page 2

- M. Satyanarayanan, Integrating Security in a Large Distributed System, 7 ACM Txns in Comp. Sys, 247-280 (Aug. 1989) ("Satyanarayanan"); L. Raper, The C-MU PC Server Project, CMU-ITC-86-051 (Dec. 1986) ("Raper"); IBM, Carnegie Mellon University. Reaching for World Leadership in Educational Computing and Communications, IBM Acad. Info. Sys. App. Br. (Oct. 1986) ("IBM CMU") (all three collectively "Andrew"). Andrew, or Satyanaryanan, Raper and/or IBM CMU individually, anticipates at least Claims 1-2, 4, 5, 7-17, 19-21, 24, 25, and 28-33 under 35 U.S.C. §102(b). Andrew, or Satyanaryanan, Raper and/or IBM CMU individually, combined with Lidinsky renders at least Claims 1-5, 7, 18, 26, and 27 obvious under 35 U.S.C. §103. Andrew, or Satyanaryanan, Raper and/or IBM CMU individually, combined with Multics renders at least Claims 6, 22, and 23 obvious under 35 U.S.C. §103.

- Cisco Systems, Inc., Single-User Network Access Security TACACS+, available at http://www.cisco.com/warp/public/614/7.html (March 30, 1995) ("TACACS+"). TACACS+ anticipates at least Claims 8, 11-12, 14-17, 19-20, 24-25, 28, 30, and 32-33 under 35 U.S.C. §102(b). TACACS+ in combination with U.S. Patent No. 6,212,191 to Alexander, et al., issued April 3, 2001 ("Alexander") renders at least Claims 1-5 and 31 obvious under 35 U.S.C. §103. TACACS+ in combination with Lidinsky renders at least Claims 10, 18, and 26-27 obvious under 35 U.S.C. §103. TACACS+ in combination with Multics renders at least Claims 13, 21-23, and 29 obvious under 35 U.S.C. §103. TACACS+ combined with U.S. Patent No. 5,757,924 to Friedman, et al., issued May 26, 1998 ("Friedman") renders at least Claims 1-5 and 31 obvious under 35 U.S.C. §103. TACACS+ combined with Alexander and RADIUS renders at least Claims 3 and 7 obvious under 35 U.S.C. §103. TACACS+ combined with Friedman and RADIUS renders at least Claims 3 and 7 obvious under 35 U.S.C. §103. TACACS+ combined with Alexander and Multics renders at least Claim 6 obvious under 35 U.S.C. §103. TACACS+ combined with Friedman and Multics renders at least Claim 6 obvious under 35 U.S.C. §103.

- U.S. Patent No. 5,237,614 to Weiss, issued August 17, 1993 ("Weiss"). Weiss anticipates at least Claims 8-9, 12-19, 24-25, 27-30, and 32-33 under 35 U.S.C. §102(b). Weiss in combination with Alexander renders at least Claims 1-4, 7, and 31 obvious under 35 U.S.C. §103. Weiss in combination with Friedman renders at least Claims 1-5, 7 and 31 obvious under 35 U.S.C. §103. Weiss in combination with Lidinsky renders at least Claims 10 and 26 obvious under 35 U.S.C. §103. Weiss in combination with RADIUS renders at least Claims 11, 20, and 21 obvious under 35 U.S.C. §103. Weiss in combination with Multics and RADIUS renders at least Claims 22 and 23 obvious under 35 U.S.C. §103. Weiss in



ORRICK

Robert P. Greenspoon, Esq.
July 24, 2006
Page 3

> combination with Multics and Alexander renders at least Claim 6 obvious under 35 U.S.C. §103.

- Estrin & Tsudik, <u>Visa Scheme for Inter-Organizational Network Security</u>, Proc. 1987 IEEE. Symposium on Security and Privacy, 174-83 (1987) ("Estrin"). Estrin anticipates at least Claims 8-9, 12-19, 25-26, 28-30, and 32 under 35 U.S.C. §102(b). Estrin in combination with Lidinsky renders at least Claims 1-4, 7, 10-11, 20-24, 27, 31 and 33 obvious under 35 U.S.C. §103. Estrin in combination with RADIUS renders at least Claims 11 and 20 obvious under 35 U.S.C. §103. Estrin in combination with RADIUS and Multics renders at least Claims 21-23 obvious under 35 U.S.C. §103. Estrin in combination with Lidinsky, RADIUS and Multics renders at least Claim 6 obvious under 35 U.S.C. §103. Estrin in combination with RADIUS and Lidinsky renders at least Claim 6 obvious under 35 U.S.C. §103.

- U.S. Patent No. 5,774,551 to Wu *et al.*, issued June 30, 1998 ("Wu") and U.S. Patent No. 5,721,780 to Ensor *et al.*, issued February 24, 1998 ("Ensor"). Wu and Ensor together render at least Claims 8-9 and 13-24 obvious under 35 U.S.C. §103. Wu combined with Lidinsky renders at least claims 1-7 obvious under 35 U.S.C. §103.

- U.S. Patent No. 5,798,706 to Kraemer, et al., issued August 25, 1998, U.S. Patent No. 5,825,891 to Levesque, et al., issued October 20, 1998, U.S. Patent No. 5,828,846 to Kirby, et al., issued October 27, 1998, and U.S. Patent No. 5,898,784 to Kirby, et al., issued April 27, 1999 (collectively "Raptor Patents"). One or more of the Raptor Patents in combination with Lidinsky renders at least Claims 1-4, 7-10, 12-19, 24-33 obvious under 35 U.S.C. §103. One or more of the Raptor Patents in combination with Lidinsky and RADIUS renders at least Claims 5, 11, and 20 obvious under 35 U.S.C. §103. One or more of the Raptor Patents in combination with Lidinsky, RADIUS, and Multics renders at least Claims 6 and 21-23 obvious under 35 U.S.C. §103.

- Business Wire, Inc., Press Release, <u>Xylan and CheckPoint develop first secure virtual LANs and user-authenticated virtual LANs</u>, Business Wire (June 11, 1996) ("Xylan"). Xylan anticipates at least Claims 1, 3, 8, 9, 10, 12, 15, 16, 18, 25 and 28-32 under 35 U.S.C. §102(b).

- C. Rigney, <u>RADIUS. A presentation to BAYLISA, Mountain View, CA</u> (presented Feb. 15, 1995) ("Livingston-RADIUS"). Livingston-RADIUS anticipates at least Claims 1, 2, 5, 7, 8, 9, 11, 12, 15 and 20 under 35 U.S.C. §102(b).


ORRICK

Robert P. Greenspoon, Esq.
July 24, 2006
Page 4

Foundry also asserts that some or all claims of the '090 patent are invalid under 35 U.S.C. §112. In particular, as of the date of this letter and subject to supplementation, Foundry contends that the following claim terms are indefinite, violate the written description requirement, and/or are not enabled: LAN link, MAC-based authentication, and node.

Very truly yours,

Matthew H. Poppe

Enclosure

cc:    Robert P. Greenspoon, Esq. (w/ encl.)
       c/o Grand America Hotel
       Salt Lake City, UT
       Fax: (801) 258-6911

# EXHIBIT B

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

July 27, 2006

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

## Via Facsimile (650) 614-7401

Matthew Poppe
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Re: Alcatel v. Foundry Networks

Dear Matt:

You asked whether we would consent to the amendment you proposed. It will be most helpful if you please email me a redline/strikeout version comparing the proposed pleading with the current one. We'll respond formally once we have had a chance to compare.

In the meantime, we can see that the major changes are the proposed equitable estoppel / estoppel and "breach of contract" defenses. A major component of each of these defenses (as you propose to plead them) is that Alcatel has construed the '090 and '830 patents (among others) to be "essential" to the 802.1x standard. Each defense also pleads that Alcatel "believes" the '090 patent "essential" to the standard. We wonder if you have considered the following facts as part of your required Rule 11 investigation, since they contradict such pleadings:

(1)    The Cordiero letter on its face states a belief that the '830 patent is NOT essential to the 802.1x standard.

(2)    The Howrey firm (your co-counsel) advised the '830 patent owner (and Microsoft) that the '830 patent is not essential to 802.1x.

(3)    The Howrey opinion relied on the "user authentication" claim language which is common between '830 and '090.

(4)    During prosecution of the parent application, the applicants stated that the

Matthew Poppe
July 27, 2006
Page 2

Ensor patent contains "no teaching or suggestion to authenticate users" because Ensor "relies instead on recognizing the identity of terminals." Hence "user authentication" does not cover methods which use "identity of terminals" as authentication credentials, nor has Alcatel ever contended otherwise.

(5)    Foundry acknowledges that "identity of terminals" is "one of the optional credentials specified [under 802.1x] that can be used for authentication." See FN A_00379632 (specifically, "MAC authentication" using the MAC address as authentication credentials). Alcatel has not contended that such "MAC authentication" is what causes Foundry to infringe.

(6)    The 802.1x standard indicates it is agnostic to the nature of the supplied credentials. See 802.1x at 8.2 ("This standard does not specify the nature of the authentication information that is exchanged . . ."). Either terminal identity or username/password may qualify.

(7)    Draft 10 of the 802.1x revision (June 23, 2004) contains an amendment to paragraph 8.2.3 which specifies certain things to happen "in any circumstances in which the authentication credentials are user-based" (FN A_00335756, added language underlined). By implication, the revisers of 802.1x understood that the original standard included user-based credentials as a special case, not as every case.

(8)    Many 802.1x compliant protocols in wide commercial use specify authentication information based exclusively on machine certificates (files contained on the terminals to identify the terminals), not username/passwords (e.g., Microsoft's use of EAP-TLS with machine certificates).

(9)    A patent can only be "essential" in the eyes of the IEEE if no compliant implementation can avoid infringement. Since numerous compliant implementations of 802.1x do not involve "user authentication," the IEEE policies would not consider the '830 or '090 patents (or any in the family with similar "user authentication" language) to be "essential."

(10)    Non-essential patents are not subject to IEEE disclosure duties or letters of assurance.

(11)    The equitable estoppel and related theories in your proposed pleadings have no basis in law absent an IEEE disclosure duty.

In view of the above, we can only conclude that there is no factual or legal foundation for the equitable estoppel and related defenses in the proposed pleading.

Matthew Poppe
July 27, 2006
Page 3

Hence, as presently advised, the pleading is futile. (There are numerous other grounds which independently lead to the same result). We invite you to provide further clarification if you feel the pleading is not futile. However, it presently seems that the amended pleading you proposed does not reflect compliance with Rule 11.

The "breach of contract" counterclaim suffers from additional problems. Alcatel was not under an obligation to provide an IEEE Letter of Assurance, as reflected above. The '090 and '830 patents are not "essential." If you read Mr. Cordiero's letter perhaps more carefully than you have, you will realize that it is not an IEEE Letter of Assurance. The statement at the end expresses Alcatel's "willingness" as of January 2003 to license on reasonable and non-discriminatory terms, and solicits licensing requests. It is hornbook law that stating a willingness to receive licensing offers does not establish the existence of a contract. This is only one of many reasons why the counterclaim is futile as well.

I look forward to your response, and the redline/strikeout version.

Very truly yours,

Robert Greenspoon

# EXHIBIT C



ORRICK

July 31, 2006

Matthew H. Poppe
(650) 614-7431
mpoppe@orrick.com

*VIA FACSIMILE*

Robert P. Greenspoon, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street Suite 4600
Chicago, Illinois  60602-4515

Re:    Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.
       <u>U.S.D.C. Delaware, Civil Action No. 05-418-SLR</u>

Dear Rob:

I am responding to your letter to me dated July 27, 2006, in which you address Foundry's proposed amended answer and counterclaim.  Per your request, attached is a redlined version of the amended answer and counterclaim showing the changes from the version currently on file.  In response to the other points you make:

(1)  With regard to Foundry's equitable estoppel defense, your letter presents issues of fact that do not bear upon whether Foundry's amended answer states a valid defense.  Those arguments are thus irrelevant to the question of whether Foundry's defense is "futile" in connection with determining whether leave to amend should be granted.  We have considered your arguments and determined that they do not defeat Foundry's defense.

(2)  We disagree with your contract analysis.  You do not cite any legal authority in support of your statement about "hornbook law," and it appears you are not considering the full factual context in which Foundry's contract-related defense and counterclaim arise.

Please confirm that Alcatel will stipulate to the filing of Foundry's amended answer/counterclaim.

Very truly yours,

Matthew H. Poppe

Attachment

US_WEST:260065053 2

# EXHIBIT D

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

August 16, 2006

### _Via Facsimile (650) 614-7401_

Matthew Poppe
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:  Alcatel v. Foundry Networks

Dear Matt:

We already told you the Alcatel plaintiffs do not consent to the proposed amended answer and counterclaim, sections D. (Equitable Estoppel), E. (Patent Misuse) and the Counterclaim, each on grounds of futility. This is to inform you that we also do not consent to _any_ of the proposed amendments, at least on grounds of delay and prejudice. (We reserve the right to argue "futility" as to all proposed amendments). The one exception is the correction of Foundry's address in paragraph 2.

Very truly yours,

Robert Greenspoon

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,           )
   a Delaware Corporation, and           )
ALCATEL INTERNETWORKING, INC.,  )
   a California Corporation,             )
                            )
            Plaintiffs,            )
                            )     Civil Action No. 05-418-SLR
                            )
          v.                     )
                            )
FOUNDRY NETWORKS, INC.,                 )
   a Delaware Corporation,                )
                            )     (JURY TRIAL DEMANDED)
                            )
           Defendant.               )

**O R D E R**

     This _9th_ day of _October_ 200_5_, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

     IT IS ORDERED that:

     1. **Pre-Discovery Disclosures.** The parties will exchange by October 18, 2005 the information required by Fed. R. Civ. P 26(a)(1) and D. Del LR 16.2.

     **Discovery.** This case will be divided into two phases for purposes of discovery and trial. Phase One will involve four of the Alcatel patents-in-suit, to be selected by Alcatel from among the patents asserted in its Amended Complaint according to the procedure set forth below, and will also involve the Foundry patent-in-suit. Phase Two will commence after the end of the trial in Phase One, will follow a schedule to be set by the court at a later time (with all relevant discovery from Phase One being usable in Phase Two), and will relate to the remaining five Alcatel patents-in-suit identified in Alcatel's Amended Complaint. There will be two stages of discovery during Phase One. During the first stage ("Stage One"), defendant will produce all technical documents necessary to understand the structure and operation of the relevant features

of the accused Foundry products. This production will be completed by November 1, 2005. To guide defendant's production of documents, plaintiffs will serve defendant with document requests directed to the accused products promptly after the entry of this Order. Plaintiffs will complete Stage One depositions related to the structure and operation of the relevant features of the accused Foundry products between November 1, 2005 and December 31, 2005. Based upon the assumption that Foundry promptly and fully provides the foregoing discovery, by January 20, 2006, plaintiffs will choose the four (4) Alcatel patents to pursue during Phase One of this case. During Stage One, Alcatel may also serve written discovery related to the structure and operation of the relevant features of the accused Foundry products. All other discovery will be stayed during Stage One. Stage Two shall commence on January 23, 2006 and shall include discovery on all relevant issues related to the Phase One patents.

(a) Discovery will be needed on the following subjects: infringement, willfulness, validity, damages, estoppel, laches, and any additional issues that may arise.

(b) All Phase One fact discovery shall be commenced in time to be completed by September 1, 2006.

(1) Phase One document production shall be completed on or before February 24, 2006.

(2) Maximum of 50 interrogatories by each side to the other side during Phase One; maximum of 25 interrogatories by each side to the other side during Phase Two.

(3) In the absence of agreement among the parties, contention interrogatories, if served, shall first be served by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4) Maximum of 100 requests for admission by each side to the other side during Phase One, 50 of which will be solely for the purposes of authentication of

documents. Maximum of 50 requests for admission by each side to the other side during Phase Two, 25 of which will be solely for the purposes of authentication of documents.

(5) In the absence of agreement among the parties or by order of the court, no deposition shall be scheduled prior to the completion of document production, except as set forth above in connection with Stage One.

(6) Maximum of 275 hours for fact depositions during Phase One, split evenly between the two sides. Maximum of 210 hours for fact depositions during Phase Two, split evenly between the two sides.

(c)     Expert discovery shall be commenced in time to be completed by November 17, 2006, but shall not commence before October 16, 2006 absent agreement of the parties or order of the court.

(1) Expert reports on issues for which the parties have the burden of proof due September 18, 2006   Rebuttal expert reports due October 13, 2006.

(2) Expert depositions to be limited to a maximum of seven (7) hours per witness unless extended by agreement of the parties for reasons such as technical experts opining on more than one patent.

(3) All Daubert motions shall be filed on or before February 15, 2007.

(d) If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiffs as to whether it intends to rely upon advice of counsel within two (2) months after the time that plaintiffs advise defendant of the patents that will be tried during Phase One. If the decision is to rely on such advice, plaintiffs' position is that the scope of discovery shall include the advice and materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought, while defendant's position is that the scope of discovery shall include the materials covered by the waiver of privilege associated with the decision to rely on the advice of counsel.

(e) Supplementations under Rule 26(e) due every three months during the fact discovery period.

(f) **Discovery Disputes.**

(1) The court shall conduct in-person discovery status conferences on November 21, 2005 at 4:30 p.m. and on February 7, 2006 at 4:30 p m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of each such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

2. **Joinder of other Parties and Amendment of Pleadings.** All motions to join other parties shall be filed on or before March 10, 2006, and motions to amend the pleadings in connection with the Phase One patents shall be filed on or before July 12, 2006.

3. **Settlement Conference.** Pursuant to 28 U.S.C § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

4. **Claim Construction Issue Identification.** If the court does not find that an earlier claim construction would be helpful in resolving the case, on November 20, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their

proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before December 11, 2006. All briefs in opposition to summary judgment shall be served and filed on or before January 15, 2007. All replies shall be served and filed on or before January 31, 2007. Briefing shall be pursuant to D. Del. LR 7.1.2, except as set forth in this paragraph. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Claim Construction.** The parties shall agree upon and file the Joint Claim Construction Statement on January 4, 2007, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on January 8, 2007. Simultaneous reply briefs should be filed by January 31, 2007 Issues of claim construction shall be considered by the court in conjunction with summary judgment motion (s). The hearing on the claim construction and motion (s) for summary judgment will be heard on February 24, 2007 at 9:30 a.m.

7 **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    (a) **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

    (b) No telephone calls shall be made to chambers

    (c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall prove a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails

8. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day)

9. **Pretrial Conference.** A pretrial conference will be held on April 9, 2007 at 4:30 p.m. in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Trial.** This matter is scheduled for a twenty (20) day jury trial commencing on April 23, 2007 in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

# EXHIBIT F

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM I. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

———

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

February 23, 2006

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

**VIA E-MAIL**

Mr. Philip A. Rovner
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

Matthew H. Poppe
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

RE:  **Alcatel v. Foundry Networks**

Dear Phil & Matt:

In terms of Alcatel's selection of 4 patents to be asserted during this stage of the proceedings, they are:

6,874,090
5,301,192
5,506,840
6,697,329

We have determined that separate "claim charts" per se are not necessary to put Foundry on complete notice of Alcatel's Terathon infringement contentions. The previously produced claim charts for the '090, '329, '192 and '840 are sufficient. Our current understanding is that Terathon-based devices include the BigIron MG8 and the NetIron 40G and IMR640.

Mr. Philip A. Rovner
Mr. Matthew Poppe
February 23, 2006
Page 2

If it is helpful, the following page citations to recently-produced Foundry documents illustrate that these products contain the features identified as infringing in the previously-provided claim charts:

'090 patent: FN A_00195596; FN A_00195449

'329 patent: FN A_195187-94; FN A_195284-96

'192 patent: FN A_00195834-80, specifically 195839-41, 195847-48

'840 patent: FN A_00081600-2027, specifically 81610, 81613, 82158; FN A_00195596; FN A_195654-793.

Obviously, Foundry just produced about 80,000 pages in the last few days. Undoubtedly other citations can be found showing that the previously-identified features exist in the Terathon products.

In view of the 80,000 page production a few days ago and the necessity to make Alcatel's four patent selection, we have now finalized further requests for production and interrogatories which are served herewith.

To the extent that there are questions or whatever, please feel free to give me a call.

Regards,

Timothy J. Haller

TJH/sls