# EXHIBIT G



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650 614-7400
fax 650 614-7401

WWW.ORRICK.COM

December 23, 2005

Matthew H. Poppe
(650) 614-7431
mpoppe@orrick.com

*VIA FACSIMILE*

Robert P. Greenspoon, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, Illinois 60602-4515

Re:    Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.
       U.S.D.C. Delaware, Civil Action No. 05-418-SLR

Dear Rob:

This letter confirms that Foundry accepts the proposal laid out in your voice mail to me of earlier today, namely:

- Depositions pursuant to Alcatel's Rule 30(b)(6) deposition notice will not take place until at least the third week of January 2006; and

- Alcatel may have until January 31, 2006 to identify the four patents to pursue during Phase One of this case.

We anticipate, but cannot yet guarantee, that the witnesses will be available for deposition during the third week of January. We will confirm witness availability as soon as possible. Foundry preserves its previously-stated objections to the deposition notice and intends to produce witnesses within the scope of my letter to you dated December 16, 2005.

Have a nice holiday.

Very truly yours,

Matthew H. Poppe

cc:    Tim Haller, Esq. (via facsimile)
       Sally Wiggins, Esq. (via facsimile)

DOCSSV1:441127.1

```
*********************
***   TX REPORT   ***
*********************


TRANSMISSION OK

TX/RX NO               2647
RECIPIENT ADDRESS      1401#15903#8#13122363137#
DESTINATION ID
ST. TIME               12/23 17:31
TIME USE               00'34
PAGES SENT                2
RESULT                 OK
```

# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

tel 650-614-7400
fax 650-614-7401
WWW.ORRICK.COM

## FAX TRANSMISSION

| DATE | December 23, 2005 | | NO. OF PAGES (INCLUDING COVER SHEET) | 2 |

**FROM**

| name | tel |
|---|---|
| Matt Poppe | (650) 614-7431 |

**TO**

| Name | company/firm | tel | Fax |
|---|---|---|---|
| Robert P. Greenspoon, Esq. | Niro, Scavone, Haller & Niro | (312) 236-0738 | (312) 236-3137 |

cc: Timothy J. Haller, Esq.
Sally Wiggins, Esq.

RE  *Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.*
U.S.D.C. Delaware, Civil Action No. 05-418-SLR

**MESSAGE**

Please see attached.

# EXHIBIT H

## E-Mail Request for Emergency Relief

1. Case Number:          05 -cv- 418  -SLR

2. Check the box that applies:

☑ Requesting a teleconference with the parties and the court
☐ Requesting an in-person conference with the parties and the court
☐ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

Defendant obstructed legitimate accused product discovery.  Plaintiffs seek
emergency relief to compel at least: (1) responsive documents regarding Terathon
chipsets, and (2) a prepared 30(b)(6) witness on ALL accused products.  An
emergency exists because Plaintiffs are under Court order to choose by January 31
which four patents it intends to try in Phase One of the litigation.  Plaintiffs cannot
fully evaluate this choice without this important discovery.  Terathon is one of the
platforms for Foundry's infringement, but Foundry has refused discovery.  Foundry
also should pay fees and re-produce witnesses for disregarding Delaware
deposition requirements.  Counsel listed up to seven objections in response to
almost every question over 2 days of testimony, rather than saying "objection, form."
At one point counsel even objected "vague and ambiguous as to the term 'good'".

*Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Matthew H. Poppe

5. Response of opposing counsel to this request:

Foundry agreed only to produce Verilog files for both JetCore and Terathon chipsets.
But, Foundry declined to continue Alcatel's January 31 deadline.  Foundry declined to
produce another 30(b)(6) witness on any topic.

6. Name of local counsel making this request:

7. Today's Date: January 27, 2006

*********************************************************************************************************

For court use only:
☐ A teleconference will be held on                              to be coordinated and
   initiated by

☐ An in-person discovery conference will be held on:

☐ Other:

# EXHIBIT I

1

1       IN THE UNITED STATES DISTRICT COURT

2       IN AND FOR THE DISTRICT OF DELAWARE

3                       - - -

4   ALCATEL USA RESOURCES, INC.,     :    CIVIL ACTION
    a Delaware corporation, and      :
5   ALCATEL INTERNETWORKING, INC.,   :
    A California corporation,        :
6                                    :
            Plaintiffs               :
7                                    :
        vs.                          :
8                                    :
    FOUNDRY NETWORKS, INC.,          :
9   A Delaware corporation           :
                                     :
10          Defendant                :    NO. 04-135 (SLR)

11                      - - -

12                              Wilmington, Delaware
                                Wednesday, February 9, 2006
13                              2:03 o'clock, p.m.

14                      - - -

15  BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

16                      - - -

17  APPEARANCES:

18          YOUNG, CONAWAY, STARGATT & TAYLOR, LLP
            BY:  ADAM W. POFF, ESQ.
19
                        -and-
20
            NIRO, SCAVONE, HALLER & NIRO
21          BY:  TIMOTHY J. HALLER, ESQ.
                (Chicago, Illinois)
22
                Counsel for Plaintiff
23

24                              Valerie J. Gunning
                                Official Court Reporter
25

1   I think there is a very good chance that we could make the

2   four-patent selection without any testimony.  If there were a

3   need, and that's a big if, I'm suggesting it could be done,

4   maybe could be done by telephone in a matter of days, just to

5   say, hey, how do these documents fit together, or something

6   of that nature.

7              And what I'm suggesting to the Court is we're

8   willing to move extremely promptly with the view of not

9   holding anyone up.  And it might not be -- might not have a

10  need for any testimony, telephone or otherwise.  We don't

11  know until we see the documents.

12             THE COURT:  All right.  Thank you.

13             (Pause)

14             THE COURT:  All right.  I believe that we can

15  work this out without creating too many problems.

16             By a week from today, February 16th, the Terathon

17  documents should be produced.  A week after that, by February

18  23rd, plaintiff should have its claim chart and should

19  identify the four patents.  All document production in this

20  case in Phase 1 should be completed by March 23.

21             Now, that means we're taking a month out.  Now, I

22  can make adjustments.  You've given yourself a month for

23  expert depositions.  It seems to me if you wanted to, you

24  could move that and take two weeks of your expert depositions

25  and throw them back in this phase if you think it's

# EXHIBIT J

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,
a Delaware corporation, and

ALCATEL INTERNETWORKING, INC.,
a California corporation,

          Plaintiffs,

      v.

FOUNDRY NETWORKS, INC.,
a Delaware corporation,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:05 CV 418-SLR

**FOUNDRY NETWORKS, INC.'S
FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS
AND THINGS.**

Pursuant to Rules 26 and 34 Federal Rules of Civil Procedure , defendant and

counterclaimant Foundry Networks, Inc. ("Foundry"), by its attorneys, hereby requests plaintiffs

Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc. to respond to the following

requests for production of documents and things within 30 days after service of these requests.

Foundry also requests that Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc.

produce documents and things responsive to the following requests at the offices of Orrick,

Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, California 94025, within thirty (30)

days after service of these requests.  These requests are continuing, and Alcatel USA Resources,

Inc. and Alcatel Internetworking, Inc. must supplement its responses in accordance with the

Federal Rules of Civil Procedure and the Court's October 18, 2005 Scheduling Order.

## DEFINITIONS

A.    "ACCUSED FOUNDRY PRODUCTS" refers to any and all products accused of infringement by ALCATEL.  If this term is used in connection with a specific patent or patents, then it refers to any and all products accused by ALCATEL of infringing the specified patent or patents.

B.    "ALL" shall be understood to include and encompass "ANY."  As used herein, the singular shall always include the plural and the present tense also shall include the past tense. The words "AND" as well as "OR" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request ALL DOCUMENTS or things that might otherwise be construed to be outside its scope.

C.    "COMMUNICATION" means ANY contact, oral or documentary, formal or informal, at ANY time or place and under ANY circumstances whatsoever whereby information of ANY nature is transmitted or transferred, including but not limited to electronic COMMUNICATIONS.

D.    The term "COMPLAINT" refers to the COMPLAINT for Patent INFRINGEMENT filed by ALCATEL against FOUNDRY on or about June 21, 2005.

E.    "DOCUMENTS" means the originals and ANY and ALL non-identical copies and drafts of ANY and ALL writings, as defined by Federal Rule of EVIDENCE 1001 to mean anything consisting "of letters, words, or numbers, or their equivalent, set down by handwriting, typewriting, printing, Photostatting, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation," and including, but not limited to, ALL contracts, policy statements, manuals, telephone messages, checks, correspondence, letters, telegrams, notes, mailgrams, minutes of ANY meetings, agendas, memoranda, interoffice COMMUNICATIONS, reports, studies, forecasts, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of account, calendars, appointment books, diaries, drawings, diagrams, graphs, schematics, specifications, blueprints, layouts, mask sets, photographs, sound recordings, video recordings, computer DOCUMENTS, computer

disks, materials on a computer hard drive, electronic mail, PDA records, records created or maintained in other electronic devices, or ANY other tangible things. The term "DOCUMENT" also means originals, copies and drafts of ALL of the above upon which notations in writing, print, or otherwise have been made that do not appear on the originals.

      F.      The term "DATE" means the day, month, and year, if ascertainable and if not, the best approximation thereof including in relation to other events.

      G.      "DUE DILIGENCE" means ANY efforts, conversations, reviews of documentation or investigations of ANY kind into the title, utility, validity, value, strategic value or commercial usefulness of patents, applications for patents, or other assets prior to the acquisition of those patents, applications, or assets.

      H.      "FILING DATE" refers to the DATE on which a patent application is filed in the U.S. Patent and Trademark Office.

      I.      "FOUNDRY" means defendant Foundry Networks, Inc. its officers, directors, attorneys, and employees and ALL other PERSONS representing it or acting on its behalf.

      J.      "INFRINGE" or ANY variant thereof, including but not limited to "INFRINGING" and "INFRINGEMENT," refers to ANY infringement pursuant to 35 U.S.C. § 271 whether direct, indirect, contributory or by inducement.

      K.      The term "XYLAN" refers to and includes Xylan Corporation of Calabasas, California, and ANY past or present divisions, affiliates, predecessors, successors, assigns, officers, directors, parents, subsidiaries, agents, servants, employees, investigators, attorneys and ALL other PERSONS acting or purporting to act for ANY of them or on their behalf.

      L.      The terms "ALCATEL," "PLAINTIFF," "YOU," and "YOUR" refer to and include Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc., and ANY past or present divisions, affiliates, predecessors, successors, assigns, officers, directors, parents, subsidiaries, agents, servants, employees, investigators, attorneys and ALL other PERSONS acting or purporting to act for ANY of them or on their behalf, including without limitation XYLAN.

M.     The term "PATENTS-IN-SUIT" refers to U.S. Patent Nos. 5,301,192 ("the '192 patent"), 5,461,615 ("the '615 patent"), 5,506,840 ("the '840 patent"), 6,339,830 ("the '830 patent"), 6,697,329 ("the '329 patent"), 6,865,153 ("the '153 patent"), 6,874,090 ("the '090 patent"), 6,882,647 ("the '647 patent"), and 5,521,923 ("the '923 patent").

N.     The term "ALCATEL PATENTS" refers to the PATENTS-IN-SUIT, as well as ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications.

O.     "ALCATEL PRODUCTS" means any product, apparatus, device, system, technology, prototype, method, or service (whether experimental or not, or whether reduced to practice or not) used, manufactured, tested, offered for sale, sold, or licensed by or for ALCATEL.

P.     The term "PERSON" means ANY individual, corporation, partnership, joint venture, firm, association, group, organization, proprietorship, governmental body, or ANY other entity of ANY nature.

Q.     The term "PRIOR ART" refers, by way of example and without limitation, to the subject matter described in 35 U.S.C. §§ 102 and 103, including without limitation, publications, physical products, devices, prototypes, uses, sales, and offers for sale and ANY DOCUMENT or thing EVIDENCING ANY of the foregoing.

R.     The term "RELATE" or ANY variant thereof, including but not limited to "RELATING" and "RELATING TO," when used in connection with ANY DOCUMENT, shall be understood to apply if the DOCUMENT directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in ANY other way deals with the subject matter described in the request in which the term "RELATE," or ANY variant thereof, appears.

S.     The term "INDUSTRY STANDARD" means 802, 802.1q, 802.1x, 802.3ad, and ANY standard or RFC associated with ANY MPLS technology, including but not limited to

MPLS-TE, Fast Re-Route, MPLS Virtual Leased Line, VPLS, and BGP/MPLS VPNs (RFC 2547bis).

## DOCUMENT REQUESTS

1.    ALL DOCUMENTS identified in ALCATEL's Federal Rule 26 Disclosures.

2.    ALL DOCUMENTS relied upon or referred to in preparing Count I of the COMPLAINT in this action.

3.    ALL DOCUMENTS RELATING TO ACCUSED FOUNDRY PRODUCTS.

4.    ALL DOCUMENTS RELATING TO the ALCATEL PATENTS, including but not limited to, all file histories of related patents and foreign counterparts.

5.    ALL DOCUMENTS and things RELATING TO ALCATEL's use of each of the alleged inventions described in each claim of each PATENT-IN-SUIT.

6.    ALL DOCUMENTS and things RELATING TO the conception, design, development, reduction to practice or diligence in the reduction to practice of each alleged invention of each PATENT-IN-SUIT, including without limitation, the first drawing or sketch of each such alleged invention, the first written description of each such alleged invention, ANY discussion by ANY ALCATEL committee, or PERSON on the need or acceptability of patenting the alleged invention, and the first disclosure of each such alleged invention to ANY PERSON other than an alleged inventor thereof, also including but not limited to, ALL DOCUMENTS concerning inventorship of the subject matter of each claim of each PATENT-IN-SUIT.

7.    For each of the PATENTS-IN-SUIT, ALL DOCUMENTS and things that RELATE to each and every claim that ALCATEL contends is infringed by ACCUSED FOUNDRY PRODUCTS.

8.    For each asserted claim in each of the PATENTS-IN-SUIT, ALL DOCUMENTS and things that RELATE TO ANY and ALL ALCATEL PRODUCTS that use, in whole or in part, the alleged invention.

121.     ALL DOCUMENTS RELATING TO or tending to show copying by ANY PERSON of the alleged inventions in the PATENTS-IN-SUIT.

122.     ALL DOCUMENTS RELATING or tending to show a reasonable royalty for each of the PATENTS-IN-SUIT.

123.     ALL DOCUMENTS RELATING TO the creation, development, modification, adoption, or application of any INDUSTRY STANDARD, including but not limited to, ALCATEL's involvement in such activities.

124.     ALL DOCUMENTS RELATING TO the creation, development, modification, adoption, or application of any INDUSTRY STANDARD, including but not limited to, XYLAN's involvement in such activities.

125.     ALL DOCUMENTS that RELATE ALCATEL's participation in ANY standards organization, or committee thereof, responsible for ANY of the INDUSTRY STANDARDS.

126.     ALL DOCUMENTS RELATING TO COMMUNICATIONS between ALCATEL and ANY standards organization or committee thereof responsible for ANY of the INDUSTRY STANDARDS.

127.     ALL DOCUMENTS that RELATE TO disclosure of patents by ANY PERSON to ANY standards organization or committee thereof responsible for ANY of the INDUSTRY STANDARDS, including without limitation, the disclosure of ANY of the ALCATEL PATENTS.

128.     ALL DOCUMENTS RELATING TO CREATION, DEVELOPMENT, MODIFICATION, ADOPTION, OR APPLICATION OF ANY INDUSTRY STANDARD.

129.     ALL DOCUMENTS that RELATE TO XYLAN's participation in ANY standards organization or committee thereof responsible for ANY of the INDUSTRY STANDARDS.

130.     ALL DOCUMENTS RELATING TO COMMUNICATIONS between XYLAN and ANY standards organization or committee thereof responsible for ANY of the INDUSTRY STANDARDS.

131.    ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS between ALCATEL and ANY PERSON RELATING TO ANY of the INDUSTRY STANDARDS.

132.    ALL DOCUMENTS that RELATE TO analysis of the proper value of a reasonable and nondiscriminatory royalty under any standards body's operating rules.

133.    ALL of ALCATEL's accounting documents RELATING TO the ALCATEL PRODUCTS that embody or implement the invention of ANY claim of ANY of the PATENTS-IN-SUIT, including but not limited to, ALCATEL'S chart of accounts, accounting policies and procedures manuals, detailed year-end ledgers for the years 1996 through the present, detailed year-end general ledgers for the years 1996 to present, Federal Income Tax returns for the years 1996 through the present, audited financial statements for the years 1996 through the present, and unaudited financial statements for the years 1996 to the present.

134.    ALL DOCUMENTS RELATED TO Ser. No. PCT/FR 90/00365, International Application designating the United States, filed on May 23, 1990, including ANY requests for reexamination and reissue, ALL drafts of such applications or requests, the complete prosecution file for each such application or request, and ALL applications from which it may claim priority, ALL DOCUMENTS considered in connection with the preparation and prosecution of such applications or requests, and ALL DOCUMENTS that passed in either direction between ANY of ALCATEL's outside counsel, personnel or inventors, including without limitation, to or from the patentees, and to or from each patent attorney or agent in connection with or concerning the applications, prosecution of the applications, or statements made to the U.S. Patent and Trademark Office concerning ANY of the PATENTS-IN-SUIT.

135.    ALL DOCUMENTS RELATED TO Ser. No. FR 93/03763, foreign patent application filed on March 31, 1993, the preparation or prosecution of each foreign patent application corresponding, in whole or in part, to the U.S. applications, including requests for reexamination and reissue, for each PATENT-IN-SUIT, including without limitation, ALL DOCUMENTS RELATING TO ANY PRIOR ART cited or considered by ALCATEL, the patentees, the inventors, the patent applicant, the patent applicant's attorney or agent or ANY

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400

By: _Philip A Rovner_   MP

    Philip A. Rovner (#3215)
    Hercules Plaza
    P. O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    E-mail: provner@potteranderson.com

(As to Count I of the Amended
Complaint)

*Attorneys for Defendant
Foundry Networks, Inc.*

Dated: January 25, 2006
715508

# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,           )
a Delaware Corporation, and            )
ALCATEL INTERNETWORKING, INC.,         )
a California Corporation,              )
                                       )
                 Plaintiffs,           )
                                       )      Civil Action No. 1:05 CV 418
       v.                              )
                                       )
FOUNDRY NETWORKS, INC.,                )
a Delaware Corporation,                )
                                       )
                 Defendant.            )

## PLAINTIFFS' RESPONSE TO FOUNDRY NETWORKS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-166)

Plaintiffs, Alcatel USA Resources, Inc., and Alcatel Internetworking, Inc. (collectively herein "Alcatel"), hereby submit their objections and responses to the First Set of Requests for Production (Nos. 1-166) propounded by Foundry Networks, Inc. ("Foundry"), as follows:

Subject to its objections, Alcatel will produce properly requested documents, to the extent that they are available and still in existence, as and where they are kept in the usual course of business pursuant to Rule 34, Fed.R.Civ.P.

By stating that it will produce documents in its possession or identify documents, Alcatel does not represent that any such documents exist; rather, Alcatel is responding only that, to the extent such documents exist and are located, they will be produced, subject to and without waiver of any objections or privileges.

## GENERAL OBJECTIONS

1.      To the extent any of Foundry's discovery requests call for documents or information subject to the attorney-client privilege and/or work-product immunity, they are objected to on that basis. Any documents withheld from production on either basis will be identified in a withheld document list that will be exchanged with Foundry's list of withheld documents. Alcatel objects to identifying documents withheld on the basis of the attorney-client privilege and/or work product immunity that were created or prepared after the filing of this lawsuit.

2.      Alcatel objects to Foundry's discovery requests to the extent they are not sufficiently limited or reasonably calculated to lead to discovery of admissible evidence, and are overly broad and unduly burdensome. Alcatel is willing, however, to confer with Foundry in an effort to resolve any disagreements between the parties relating to the scope, breadth and relevancy of Foundry's discovery requests.

3.      Alcatel objects to Foundry's discovery requests to the extent that they are repetitive, overlapping or duplicative. Where applicable, Alcatel has attempted to identify relevant documents in response to Foundry's discovery requests. By so designating, Alcatel does not represent that the identified documents are the only relevant documents, or that the identified documents are necessarily the most relevant documents.      However, Alcatel has made a good faith effort to identify relevant documents and/or categories of documents as provided in Rules 33 and 34, Fed.R.Civ.P.

4.      In those instances where the response to Foundry's discovery requests can best be derived from the records of Alcatel or from an examination, audit or

2

inspection of such records, and the burden of deriving or ascertaining the answer is substantially the same for Alcatel and Foundry, Alcatel will specify the records from which a complete answer may be ascertained and afford Foundry's counsel a reasonable opportunity to audit, inspect and copy such records or provide categorized copies of such records in accordance with Federal Rule of Civil Procedure 33(d).

5.     Alcatel objects to Foundry's discovery requests to the extent they request documents and/or information already in Foundry's possession or which are equally available to Alcatel and Foundry from other sources.

6.     Where a discovery request includes words and concepts indicative of a legal conclusion (such as "conception" and "prior art"), by stating that it will produce documents in its possession or identify documents, Alcatel does not represent that such legal conclusions apply.

7.     Discovery requests calling for or pertaining to ultimate conclusions are necessarily limited by the present lack of discovery.  Discovery responses will be supplemented as appropriate and as provided in Rule 26(e), Fed.R.Civ.P.

8.     Alcatel objects to Foundry's definitions and instructions to the extent they are inconsistent with the appropriate Federal Rule of Civil Procedure, such as Rules 26, 33 and 34, and the Local Rules of the Court. Alcatel will rely upon the Federal Rules of Civil Procedure, the Local Rules and governing case law with respect to the subject definitions, instructions and responses.

9.     Alcatel objects to Foundry's combined 371 document requests as unduly burdensome.

3

10.    Alcatel objects to each and every Foundry request to the extent it seeks information that exceeds the scope of discovery.

11.    Alcatel objects to Foundry's definition of the term "Patents-In-Suit" on the grounds that Alcatel's definition seeks discovery on patents that are not the subject of Phase One. As such, Alcatel's discovery violates the October 13, 2006 Scheduling Order entered in this case. Alcatel objects to Foundry's requests to the extent such requests seek discovery on patents not identified in Phase One. Moreover, Foundry's definition of "Alcatel Patents" is overbroad and unduly burdensome.

12.    Alcatel objects to Foundry's requests to the extent such requests seek documents which fall within the scope of Federal Rule of Evidence 408.

13.    The following responses are based on information reasonably available to Alcatel as of the date of this response. Alcatel's investigation is continuing and ongoing and Alcatel expressly reserves the right to revise or supplement the response based upon information learned after the date of this response and to use such information in the current litigation.

14.    Alcatel objects to each request to the extent it seeks to elicit information that comprises third party confidential information of which Alcatel is obligated not to disclose.

15.    Alcatel objects to each and every request to the extent that Foundry seeks documents not in the possession, custody or control of Alcatel.

16.    For purposes of this litigation, Alcatel's use of the term the "Four Alcatel Patents-In-Suit" refers to the four United States Patents selected by Alcatel as part of Phase One, United States Patent No. 5,301,192 ("the '192 Patent"), United States

4

Patent No. 5,506,840 ("the '840 Patent"), United States Patent No. 6,697,329 ("the '329 Patent") and United States Patent No. 6,874,090 ("the '090 Patent").

17.    These General Objections shall be deemed to be incorporated in full into each of the individual responses set forth below.

18.    To the extent that specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific requests, and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the request.

## REQUESTS

1.    All documents identified in Alcatel's Federal Rule 26 Disclosures.

### RESPONSE:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

2.    All documents relied upon or referred to in preparing Count I of the complaint in this action.

### RESPONSE:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

3.    All documents relating to accused foundry products.

5

discovery. Subject to and without waiving the foregoing specific or general objections,

Alcatel responds that it will produce responsive, non-privileged documents to the extent

such documents exist and are in Alcatel's possession, custody or control and can be

located after a reasonably diligent search.

123. ALL DOCUMENTS RELATING TO the creation, development, modification, adoption, or application of any INDUSTRY STANDARD, including but not limited to ALCATEL's involvement in such activities.

**RESPONSE:**

See General Objection No. 1. Subject to and without waiving the foregoing

specific or general objections, Alcatel responds that it will produce responsive, non-

privileged documents to the extent such documents exist and are in Alcatel's

possession, custody or control and can be located after a reasonably diligent search.

124. ALL DOCUMENTS RELATING TO the creation, development, modification, adoption, or application of any INDUSTRY STANDARD, including but not limited to, ALCATEL's involvement in such activities.

**RESPONSE:**

See General Objection No. 1. Subject to and without waiving the foregoing

specific or general objections, Alcatel responds that it will produce responsive, non-

privileged documents to the extent such documents exist and are in Alcatel's

possession, custody or control and can be located after a reasonably diligent search.

125. ALL DOCUMENTS that RELATE ALCATEL's participation in ANY standards, organization, or committee thereof, responsible for ANY of the INDUSTRY STANDARDS.

**RESPONSE:**

See General Objection No. 1. Subject to and without waiving the foregoing

specific or general objections, Alcatel responds that it will produce responsive, non-

privileged documents to the extent such documents exist and are in Alcatel's

possession, custody or control and can be located after a reasonably diligent search.

126.   ALL DOCUMENTS RELATING TO COMMUNICATIONS between
ALCATEL and ANY standards organization or committee thereof responsible for ANY of
the INDUSTRY STANDARDS.

**RESPONSE:**

See General Objection No. 1.  Subject to and without waiving the foregoing

specific or general objections, Alcatel responds that it will produce responsive, non-

privileged documents to the extent such documents exist and are in Alcatel's

possession, custody or control and can be located after a reasonably diligent search.

127. ALL DOCUMENTS that RELATE TO disclosure of patents by ANY
PERSON to ANY standards, organization or committee thereof responsible for ANY of
the INDUSTRY STANDARDS, including without limitation, the disclosure of ANY of the
ALCATEL PATENTS.

**RESPONSE:**

See General Objection Nos. 1, 2, 3 and 11.  Alcatel objects to producing

documents pertaining to patents beyond the Four Alcatel Patents-In-Suit. As presently

phrased, Foundry's request is unduly burdensome seeking documents involving

technology beyond that present in any of the Four Alcatel Patents-In-Suit and Foundry's

request also improperly seek documents which fall outside the scope of the Phase One

discovery.  Subject to and without waiving the foregoing specific or general objections,

Alcatel responds that it will produce responsive, non-privileged documents to the extent

such documents exist and are in Alcatel's possession, custody or control and can be

located after a reasonably diligent search.

68

128. ALL DOCUMENTS RELATING TO CREATION, DEVELOPMENT, MODIFICATION, ADOPTION, OR APPLICATION OF ANY INDUSTRY STANDARD.

**RESPONSE:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

129. ALL DOCUMENTS that RELATE TO XYLAN's participation in ANY standards organization, or committee hereof responsible for ANY of the INDUSTRY STANDARDS.

**RESPONSE:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

130. ALL DOCUMENTS RELATING TO COMMUNICATIONS between XYLAN and ANY standards organization or committee thereof responsible for ANY of the INDUSTRY STANDARDS.

**RESPONSE:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

131. ALL DOCUMENTS RELATING TO ANY COMMUNICATIONS between ALCATEL and ANY PERSON RELATING TO ANY of the INDUSTRY STANDARDS.

**RESPONSE:**

69

See General Objection No. 1.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

132.  ALL DOCUMENTS that RELATE TO analysis of the proper value of a reasonable and nondiscriminatory royalty under any standards body's operating rules.

**RESPONSE:**

See General Objection No. 1.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

133.  ALL of ALCATEL's accounting documents RELATING TO the ALCATEL PRODUCTS that embody or implement the invention of ANY claim of ANY of the PATENTS-IN-SUIT, including but not limited to, ALCATEL'S charts of accounts, accounting policies and procedures manuals, detailed year-end ledgers for the years 1996 to present, Federal Income Tax returns for the years 1996 through the present, audited financial statements for the years 1996 through the present, and unaudited financial statements for the years 1996 to the present.

**RESPONSE:**

See General Objection Nos. 1, 2, 3 and 11.  Alcatel objects to producing documents pertaining to patents beyond the Four Alcatel Patents-In-Suit. As presently phrased, Foundry's request is unduly burdensome seeking documents involving technology beyond that present in any of the Four Alcatel Patents-In-Suit and Foundry's request also improperly seek documents which fall outside the scope of the Phase One discovery.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent

70

Respectfully Submitted,

Alcatel USA Resources, Inc. and
Alcatel Internetworking, Inc.


Timothy J. Haller
Robert P. Greenspoon
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733
haller@nshn.com

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St.,  Wilmington, DE 19801
phone 302 571-6600
jingersoll@ycst.com


Attorneys for Plaintiffs

87

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS' RESPONSE TO FOUNDRY NETWORKS, INC.'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS (NOS. 1-166)** was served upon the below-listed counsel of record as indicated:

### Via Hand Delivery and Fax:

Philip A. Rovner, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 658-1192 - FAX

### Via U.S. Mail and Fax

William L. Anthony, Esquire
Matthew Poppe, Esquire
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7401 -- FAX

**Attorneys for Foundry Networks, Inc.**

on February 24, 2006.

88

# EXHIBIT L

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE. JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET–SUITE 4600

CHICAGO, ILLINOIS 60602–4515

———

TELEPHONE (312) 236–0733

FACSIMILE (312) 236–3137

February 22, 2006

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

**VIA E-MAIL & FAX NO.: (302) 658-1192**

Mr. Philip A. Rovner
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899

Re:  Alcatel v. Foundry Networks

Dear Phil:

In follow-up to your call this morning, I understand that Foundry is not interested in potentially resolving the disqualification motion by agreeing that it will not assert a "standards" defense. In short, Foundry is keeping that option open. In view of that, Alcatel will be relying on the Howrey opinion in terms of dealing with the equitable defense involved. Accordingly, it is requested that we be given written assurance that the Howrey firm will cooperate with Alcatel in formulating its response to the "standards" defense and that Howrey will voluntarily provide testimony by way of deposition and testimony at trial, if we get to that point. In view of Howrey's insistence on pursuing a role in this litigation which is also adversarial to Alcatel, we do request Howrey's written assurance as soon as possible with respect to the above considerations.

Thank you for your cooperation.

Very truly yours,

Timothy J. Haller

TJH/sls
cc: Matthew H. Poppe (via e-mail)
    K. T. Cherian (via e-mail)

# EXHIBIT M



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025
*tel 650-614-7400*
*fax 650-614-7401*
WWW.ORRICK.COM

May 17, 2006

Siddhartha M Venkatesan
(650) 614-7456
svenkatesan@orrick.com

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602

**RE: Alcatel USA Resources Inc. *et. al.* v. Foundry Networks, Inc., Civil No. 05-418-SLR**

Dear Counsel:

See enclosed a notice of the deposition of the Institute of Electrical and Electronics Engineers, Inc. ("IEEE") in connection with the above captioned case. Foundry is providing this notice in order to comply with the Federal Rule of Civil Procedure 30 requirement of reasonable notice for a May 24, 2006 deposition, the date stated on the subpoena issued to the IEEE. Please be advised, however, that we anticipate that this deposition will not actually go forward on May 24, but will be pushed back to a later date to be determined by Foundry and the IEEE.

Very truly yours,

Siddhartha M Venkatesan

Cc:    Josy W. Ingersoll, Esq.
       Elena Norman, Esq.
       Young Conaway Stargatt & Taylor, LLP (*co counsel for Plaintiffs*)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.
a Delaware Corporation, and
ALCATEL INTERNETWORKING, INC.,
a California Corporation,

Plaintiffs,

v.

FOUNDRY NETWORKS, INC.,
a Delaware Corporation,

Defendant.

Civil Action No. 05-418-SLR

(JURY TRIAL DEMANDED)

**FED. R. CIV. P. 30 NOTICE OF FOUNDRY NETWORKS, INC.'S DEPOSITION OF
THE INSTITUTE OF ELECTRICAL AND ELECTRONICS ENGINEERS, INC.**

TO ALCATEL USA RESOURCES, INC. AND ALCATEL INTERNETWORKING, INC.,

AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil

Procedure, defendant and counterclaimant Foundry Networks, Inc. will take the deposition of a

representative of the Institute of Electrical and Electronics Engineers, Inc. at Orrick, Herrington

& Sutcliffe LLP, 666 Fifth Avenue, New York, New York on May 24, 2006 at 10:00 a.m.

The deposition will be taken upon oral examination before an officer authorized by law to

administer oaths, and will continue from day to day thereafter, excluding weekends and holidays,

until it is completed. The deposition will be recorded stenographically, by video, and/or

electronically.

Dated: May 17, 2006

Respectfully submitted,
Orrick, Herrington & Sutcliffe LLP

Matthew H. Poppe
1000 Marsh Road
Menlo Park, California  94025
*Attorneys for Defendant Foundry Networks, Inc.* (Count I only)

5/16

OAO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
Southern DISTRICT OF New York

Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc.
V.
Foundry Networks, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C-05-418-SLR
U.S. District Court for the District of Delaware

TO: Institute of Electrical and Electronics Engineers, Inc.
Corporate Office
3 Park Avenue, 17th Floor
New York, New York 10016-5997

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Orrick, Herrington & Sutcliffe LLP or LOCATION TBD<br>666 Fifth Avenue, 23rd Floor<br>New York, New York 10103 | DATE AND TIME<br>May 24, 2006 at 10:00 a.m. |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Exhibit A

| PLACE<br>Orrick, Herrington & Sutcliffe LLP or LOCATION TBD<br>666 Fifth Avenue, 23rd Floor<br>New York, New York 10103 | DATE AND TIME<br>May 24, 2006 at 10:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendant | 5/2/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Matthew H. Poppe, Esq.
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

American LegalNet, Inc.
www.USCourtForms.com

¹If action is pending in district other than district of issuance, state district under case number.

*United States District Court for the Southern District of New York*

AO 88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | | |
|---|---|---|
| **DATE** SERVED: *May 3, 2006* | **PLACE** *3 Park Avenue New York, New York 10016 √997* | |

**SERVED ON (PRINT NAME)** *Institute of Electrical and Electronics Engineers Inc.*
**MANNER OF SERVICE** *Personal*

**SERVED BY (PRINT NAME)** *Arthur Bernard*
**TITLE** *Law Clerk*

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on __5/3/06__

**SIGNATURE OF SERVER**

*Willingboro*
**ADDRESS OF SERVER** *New Jersey 08046*

American LegalNet, Inc.
www.USCourtForms.com

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

American LegalNet, Inc.
www.USCourtForms.com

## EXHIBIT A

### Definitions and Instructions

1.    All definitions defined in Local Rule 26.3 of the United States District Court for the Southern District of New York are incorporated herein (see enclosed copy).

2.    "IEEE" shall mean the Institute of Electrical and Electronics Engineers, Inc., including without limitation any of its past or present committees, working groups (including any IEEE 802, 802.1, 802.1x, and 802.3ad committees and working groups), divisions, departments, operating units, predecessors, subsidiaries (whether wholly or partially owned), affiliates, entities under common control, and joint ventures.

3.    "Alcatel" shall mean any Alcatel entity, including without limitation Compagnie Financière Alcatel (aka Alcatel, Alcatel France, Alcatel Paris), Alcatel N.V., Alcatel Canada, Alcatel Internetworking, or Alcatel USA Resources.

4.    "Xylan" shall mean Xylan Corporation.

5.    "Foundry" shall mean Foundry Networks, Inc.

6.    "Including" shall not be interpreted restrictively and means including, but not limited to.

7.    "The 802.1x Standard" refers to the IEEE 802.1x Standard entitled Port-Based Network Access Control, adopted in 2001, as well as the revision thereof adopted in 2004 and any further revisions currently under consideration or development.

8.    "The 802.3ad Standard" refers to the IEEE 802.3ad Standard entitled Aggregation of Multiple Link Segments, adopted in 2000, as well as any revisions or reaffirmations thereof.

9.    An "essential patent" is any essential patent or patent application within the meaning of the IEEE-SA Patent Policy contained in Clause 6 of the IEEE-SA Standards Board Bylaws (see enclosed copy).

10.    The requested documents include all attachments to any responsive documents, all envelopes, explanatory notes or memoranda associated with any responsive

documents, and any other material that accompanied any responsive documents. If a specific responsive document elicited a response, that response is also to be produced. If a responsive document was itself a response, the document to which it responded is also to be produced. The requested documents also include all non-identical copies of responsive documents, such as copies with handwriting that does not appear on the original or on other produced copies.

      11.    If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other privilege or doctrine, you are requested to identify each document for which the privilege is claimed and give the following information:

      a.    the name of the writer, sender, or initiator of each copy of the document;

      b.    the name of the recipient, addressee, or party to whom any copy of the document was sent;

      c.    the date of each copy of the document, if any, or an estimate of its date;

      d.    a statement of the basis for the claim of privilege; and

      e.    a description of the document sufficient for the Court to rule on the applicability and appropriateness of the claimed privilege.

### Document Requests

      1.    All documents concerning the 802.1x Standard, including:

      a.    Every draft and final iteration of the 802.1x Standard;

      b.    All documents constituting or discussing any alternatives to the 802.1x Standard considered by the IEEE;

      c.    Every draft and final iteration of the project authorization request (PAR) for the 802.1x standard;

2

    d. Documents sufficient to identify every person ever involved with the 802.1x Standard in any way and the nature and extent of each such person's involvement;

    e. All documents relating to any committee or group meeting concerning the 802.1x Standard, including minutes, notes, and presentations from each such meeting;

    f. All documents relating to the approval process for the 802.1x Standard, including but not limited to all documents relating to any ballot relating to the 802.1x standard;

    g. All communications concerning the 802.1x Standard, including all emails sent or received in connection with any email exploder associated with the 802.1x Standard.

2. All documents concerning the 802.3ad Standard, including:

    a. Every draft and final iteration of the 802.3ad Standard;

    b. All documents constituting or discussing any alternatives to the 802.3ad Standard considered by the IEEE;

    c. Every draft and final iteration of the project authorization request (PAR) for the 802.3ad standard;

    d. Documents sufficient to identify every person ever involved with the 802.3ad Standard in any way and the nature and extent of each such person's involvement;

3

e. All documents relating to any committee or group meeting concerning the 802.3ad Standard, including minutes, notes, and presentations from each such meeting;

f. All documents relating to the approval process for the 802.3ad Standard, including but not limited to all documents relating to any ballot relating to the 802.3ad standard;

g. All communications concerning the 802.3ad Standard, including all emails sent or received in connection with any email exploder associated with the 802.3ad Standard.

3. All documents constituting or discussing any patent or patent application, foreign or domestic, related to the 802.1x Standard, including:

a. All documents constituting or discussing any patent or patent application that any person identified to the IEEE as being relevant to the 802.1x Standard in any way, including all essential patents;

b. All documents discussing or relating to any action taken by the IEEE with respect to any such patent or patent application;

c. All communications between the IEEE and any person regarding the disclosure of essential patents to the 802.1x standard, including all calls for patents made during meetings or otherwise, all requests for letters of assurance sent by or on behalf of the IEEE to any person, all responses to any such letter, and all letters of assurance received by the IEEE from any person; and

4

d. All documents discussing the terms of any patent license offered by any person relating to the 802.1x Standard.

4. All documents constituting or discussing any patent or patent application, foreign or domestic, related to the 802.3ad Standard, including:

a. All documents constituting or discussing any patent or patent application that any person identified to the IEEE as being relevant to the 802.3ad Standard in any way, including all essential patents;

b. All documents discussing or relating to any action taken by the IEEE with respect to any such patent or patent application;

c. All communications between the IEEE and any person regarding the disclosure of essential patents to the 802.3ad standard, including all calls for patents made during meetings or otherwise, all requests for letters of assurance sent by or on behalf of the IEEE to any person, all responses to any such letter, and all letters of assurance received by the IEEE from any person; and

d. All documents discussing the terms of any patent license offered by any person relating to the 802.3ad Standard.

5. All documents relating to patent policies adopted by the IEEE at any time from 1998 to the present, including the IEEE Project 802.1 Patent Policy and the IEEE-SA Patent Policy contained in Clause 6 of the IEEE-SA Standards Board Bylaws, including:

a. A copy of each such policy and any modifications thereto;

b. Documents sufficient to identify the date on which each such policy was adopted and/or modified;

5

      c. All documents discussing the reasons for adopting each such policy;

      d. All documents discussing any alternative patent policies considered by the IEEE from 1998 to the present; and

      e. All documents discussing any interpretation or guidance given by the IEEE concerning any such policy, including guidance as to what actions the IEEE would take if an "essential" patent was not timely disclosed or offered for license on reasonable and non-discriminatory terms, whether the policy is mandatory or permissive, and whether the policy applies to patent applications, divisionals, continuations, and continuations-in-part.

6.     All documents relating to any instance in which the IEEE modified a standard, withdrew a standard, or declined to adopt a standard due to any patent owner's non-disclosure of a patent or patent application or refusal to license a patent or patent application on reasonable and non-discriminatory terms.

7.     All documents related to Alcatel's membership in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

      a. All membership forms and applications submitted by Alcatel or on Alcatel's behalf;

      b. Documents sufficient to show Alcatel's payment of any membership fees or contributions; and

      c. Documents sufficient to show Alcatel's compliance or non-compliance with any other membership requirements.

6

8.    All documents related to Xylan's membership in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

    a.    All membership forms and applications submitted by Xylan or on Xylan's behalf;

    b.    Documents sufficient to show Xylan's payment of any membership fees or contributions; and

    c.    Documents sufficient to show Xylan's compliance or non-compliance with any other membership requirements.

9.    All documents related to Foundry's membership in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

    a.    All membership forms and applications submitted by Foundry or on Foundry's behalf;

    b.    Documents sufficient to show Foundry's payment of any membership fees or contributions; and

    c.    Documents sufficient to show Foundry's compliance or non-compliance with any other membership requirements.

10.    All documents related to the membership of any person known to be an Alcatel, Xylan, or Foundry officer or employee in the IEEE, the IEEE Standards Association, the IEEE 802 Project, or the IEEE 802.1 Working Group from 1998 to the present, including:

    a.    All membership forms and applications submitted by or on behalf of any such person;

7

b.  Documents sufficient to show any such person's payment of any

membership fees or contributions; and

c.  Documents sufficient to show any such person's compliance or non-

compliance with any other membership requirements.

11.  All documents discussing or reflecting Alcatel's or Xylan's involvement

with or contributions to the 802.1x Standard or the 802.3ad Standard.

12.  All documents discussing or reflecting Jeff Hayes' involvement with or

contributions to the 802.1x Standard or the 802.3ad Standard, including but not limited to his

attendance at and/or participation in the IEEE 802 Project's meeting in Coeur d'Alene, Idaho on

or about June 2, 1999.

13.  All documents discussing or reflecting Leon Sangroniz's involvement

with or contributions to the 802.1x Standard or the 802.3ad Standard, including but not limited to

his attendance at and/or participation in the IEEE 802 Project's meeting in Coeur d'Alene, Idaho

on or about June 2, 1999, and his email correspondence on September 8 and 9, 1999 on the IEEE

802.1 Working Group email exploder.

14.  All documents discussing or reflecting Bill Simon's involvement with or

contributions to the 802.1x Standard or the 802.3ad Standard, including but not limited to his

attendance at and/or participation in the IEEE 802.1 Working Group's meeting in Albuquerque,

New Mexico in March 2000.

15.  All documents concerning U.S Patent Nos. 6,070,243, 6,339,830, and

6,874,090, including:

a.  Documents sufficient to identify the date when the IEEE first became

aware of U.S. Patent Nos. 6,339,830; 6,070,243 or 6,874,090, if ever;

8

       b.  All documents constituting or reflecting any communication within the IEEE or between the IEEE and Alcatel or Xylan concerning any of U.S. Patent No. 6,339,830; 6,070,243 or 6,874,090 or the applications that matured into these patents;

       c.  All documents constituting, discussing, or relating to the Letter of Assurance, dated January 13, 2003 from Alcatel to the IEEE, for U.S. Patent No. 6,339,830.

16.     Documents sufficient to identify and describe the policies and procedures applicable to the adoption of a new or revised IEEE 802 standard from 1998 to the present.

9

## **Testimonial Requests**

1.    Testimony sufficient to authenticate each of the produced documents.

2.    Testimony sufficient to describe the manner in which the produced documents were generated, stored, located, and produced.

3.    Testimony on each of the document topics by the person most knowledgeable regarding each topic.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC.<br>a Delaware Corporation, and<br>ALCATEL INTERNETWORKING, INC.,<br>a California Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>FOUNDRY NETWORKS, INC.,<br>a Delaware Corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

## CERTIFICATE OF SERVICE

I, Sid Venkatesan, hereby certify that on May 9, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

> Josy W. Ingersoll, Esq.
> Elena Norman, Esq.
> **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19899-0391
>
> Timothy J. Haller, Esq.
> Rob Greenspoon, Esq.
> **NIRO, SCAVONE, HALLER & NIRO**
> 181 W. Madison Street, Suite 4600
> Chicago, IL  60602

            _____
                    Sid Venkatesan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.        )
    a Delaware Corporation, and        )
ALCATEL INTERNETWORKING, INC.,     )
    a California Corporation,          )
                                   )
           Plaintiffs,             )
                                   )    Civil Action No. 05-418-SLR
    v.                             )
                                   )    (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,            )
    a Delaware Corporation,            )
                                   )
                                   )
           Defendant.              )

## CERTIFICATE OF SERVICE

I, Sid Venkatesan, hereby certify that on May 10, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W.  Madison Street, Suite 4600
Chicago, IL  60602

_____
               Sid Venkatesan

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.          )
    a Delaware Corporation, and         )
ALCATEL INTERNETWORKING, INC.,       )
    a California Corporation,           )
                    )
            Plaintiffs,               )
                    )    Civil Action No. 05-418-SLR
    v.                                  )
                    )    (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,              )
    a Delaware Corporation,             )
                    )
                    )
           Defendant.                )

## CERTIFICATE OF SERVICE

I, Ying Lin Steinberg, hereby certify that on May 18, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

                Josy W. Ingersoll, Esq.
                Elena Norman, Esq.
                **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
                The Brandywine Building
                1000 West Street, 17th Floor
                Wilmington, DE  19899-0391

                Timothy J. Haller, Esq.
                Rob Greenspoon, Esq.
                **NIRO, SCAVONE, HALLER & NIRO**
                181 W. Madison Street, Suite 4600
                Chicago, IL  60602

                _____
                        Ying Lin Steinberg

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC. a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 05-418-SLR |
| v. | ) ) | (JURY TRIAL DEMANDED) |
| FOUNDRY NETWORKS, INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I, Ying Lin Steinberg, hereby certify that on May 19, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated: By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W. Madison Street, Suite 4600
Chicago, IL 60602

_____
Ying Lin Steinberg