# EXHIBIT N

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET - SUITE 4600
CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

August 14, 2006

**Via Facsimile (650) 614-7401**
Matthew Poppe
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Re: Alcatel v. Foundry Networks

Dear Matt:

Thank you for your August 7, 2006 letter regarding the production of documents received from Dorsey & Whitney on behalf of the IEEE.

We received documents bearing production numbers IEEE1 - IEEE9993 directly from Dorsey & Whitney. If the documents you refer to are the same, then we do not need copies.

Very truly yours,

Timothy J. Haller /ss

Timothy J. Haller

TJH/amr

# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,              )
    a Delaware Corporation, and           )
ALCATEL INTERNETWORKING, INC.,            )
    a California Corporation,             )
                                 )
             Plaintiffs,                 )
                                 )        Civil Action No. 1:05 CV 418
                                 )
            v.                       )
                                 )
FOUNDRY NETWORKS, INC.,                   )
    a Delaware Corporation,               )
                                 )
            Defendant.                  )

## ALCATEL'S FOURTH SET OF INTERROGATORIES
## TO FOUNDRY NETWORKS (NOS. 28-30)

Alcatel USA Resources, Inc. ("Alcatel") propounds the following interrogatories to

be answered by Foundry Networks, Inc. ("Foundry") within 30 (thirty) days of service, in

accordance with Fed. R. Civ. P. 33. The following interrogatories are to be deemed

continuing interrogatories, requiring prompt supplemental answers whenever the conditions

of Fed. R. Civ. P. 26(e) are satisfied.

## DEFINITIONS

1.     The term "Foundry" refers to Foundry Networks, Inc., and all divisions,

subsidiaries and entities owned or controlled by Foundry Networks, Inc., and all affiliates,

predecessors in interest or successors in interest of Foundry Networks, Inc.

2.     The term "person" refers to both natural persons and corporate or other

business entities (including Foundry) whether in the employ of Foundry or not, and the acts

of a person (including Foundry) are defined to include the acts of directors, officers, owners,

members, employees, agents or attorneys acting on the person's behalf.

3.     To "identify" a person means to state the person's name and business address and telephone number and, additionally, in the case of a natural person, his or her home address, employer, present occupation, job title and telephone number.

4.     The term "document" refers to all handwritten, typed, printed, recorded or graphic matter however produced or reproduced, whether copies or originals, in the possession, custody or control of Foundry its owners, employees or attorneys, including, but not limited to, letters, cables, wires, e-mail, voice mail, memoranda and interoffice communications; reports, notes, minutes and recordings, drawings, blueprints, sketches, charts, photographs and movies; patents, patent applications, assignments, contracts, agreements and other official documents and legal instruments; published material of any kind; annual reports, reports to shareholders or owners and minutes or reports of meetings of owners or directors or executive boards or committees; operating or maintenance manuals and specifications; advertising or promotional literature and press releases; engineering notebooks and data; and ledgers, bills, orders, invoices, receipts, books, records and files.

5.     To "identify" or "locate" documents means to provide a brief description of each document sufficient to support a request for production, including at least the type of document, date of the document, identification of the author, as well as identification of each person who presently has custody of the document and of any copy thereof.

6.     The term "pertaining to" means relevant to, referring to, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, discussing, showing, describing, reflecting, relating to, constituting or mentioning documents, information, persons or subject matter.

2

7.    The term "relevant" means documents and other information that are relevant under Fed.R.Civ.P. 26 and/or Fed.R.Evid. 401-02; or that Foundry intends to use to support its allegations or defenses; or which tend to prove or disprove any of Alcatel's allegations or defenses.

8.    The term "Four Alcatel Patents-In-Suit" refers to the four United States Patents selected by Alcatel as part of Phase One, United States Patent No. 5,301,192 (the '192 Patent"), United States Patent No. 5,506,840 ("the '840 Patent"), United States Patent No. 6,697,329 ("the '329 patent") and United States Patent No. 6,874,090 ("the '090 patent").

## INTERROGATORIES

### Interrogatory No. 28:

Describe in detail (on a claim-by-claim basis, if applicable) the factual bases supporting any allegation, defense, claim or counterclaim that Foundry is asserting that any claim of any of the Four Alcatel Patents-in Suit, or any entire patent, is unenforceable under the doctrine of equitable estoppel, and identify all documents supporting such factual bases.

### Interrogatory No. 29:

Describe in detail (on a claim-by-claim basis, if applicable) the factual bases supporting any allegation, defense, claim or counterclaim that Foundry is asserting that any claim of any of the Four Alcatel Patents-in Suit, or any entire patent, is subject to a damages limitation under the doctrine of laches, and identify all documents supporting such factual bases.

**Interrogatory No. 30:**

If Foundry contends that any of the Four Alcatel Patents-in-Suit, or any claim thereof, is "essential" to any IEEE standard as the term "essential" is used in Clause 6 of the IEEE Standards Associations' Standards Board Bylaws, identify the basis for that contention by using a chart to compare, on an element-by-element basis, each claim of the Alcatel patent with the pertinent IEEE standard.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: July 19, 2006

_Karen L. Pascale_
Josy W. Ingersoll  (No. 1088) *[jingersoll@ycst.com]*
John W. Shaw (No. 3362) *[jshaw@ycst.com]*
Karen L. Pascale (No. 2903) *[kpascale@ycst.com]*
Adam W. Poff (No. 3990) *[apoff@ycst.com]*
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19801
(302) 571-6600

Timothy J. Haller
Robert P. Greenspoon
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
(312) 236-0733

*Attorneys for Plaintiff Alcatel USA Resources, Inc.*

4

## CERTIFICATE OF SERVICE

I, Karen L. Pascale, Esquire, hereby certify that on July 19, 2006, I served a true and correct copy of the foregoing document on the following counsel of record by the method indicated:

### By Hand Delivery and E-Mail

Philip A. Rovner, Esquire *[provner@potteranderson.com]*
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801

### By E-Mail and U.S. Mail

William L. Anthony, Esquire *[wanthony@orrick.com]*
Matthew H. Poppe, Esquire *[mpoppe@orrick.com]*
Michael F. Heafey, Esquire *[mheafey@orrick.com]*
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Henry C. Bunsow, Esquire *[BunsowH@howrey.com]*
K.T. Cherian, Esquire *[CherianK@howrey.com]*
HOWREY LLP
525 Market Street
Suite 3600
San Francisco, CA 94150

Karen L. Pascale (No. 2903)
*[kpascale@ycst.com]*

# EXHIBIT P

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.      )
    a Delaware Corporation, and      )
ALCATEL INTERNETWORKING, INC.,   )
    a California Corporation,        )
                                     )
           Plaintiffs,             )
                                       )      Civil Action No. 05-418-SLR
    v.                              )
                                       )      (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,          )
    a Delaware Corporation,          )
                                       )
          Defendant.                )

## FOUNDRY NETWORKS, INC.'S RESPONSES TO ALCATEL'S FOURTH SET OF INTERROGATORIES

### GENERAL OBJECTIONS

1.    Foundry Networks, Inc. objects to each and every Interrogatory insofar as and to the extent that it purports to require Foundry to do anything beyond that which is required by the Federal Rules of Civil Procedure and other applicable law.

2.    Foundry objects to each and every Interrogatory insofar as and to the extent that it seeks information that is immune from discovery pursuant to the attorney-client privilege, the attorney-work-product doctrine, or any other applicable privilege, doctrine, or immunity.

3.    Foundry objects to each and every Interrogatory insofar as and to the extent that it seeks to elicit information that comprises third-party confidential information that Foundry is obligated not to disclose.

C:\NrPortbl\US_WEST\MHP\260075444_1 DOC

4.    Foundry objects to each and every Interrogatory insofar as and to the extent that it purports to place an obligation on Foundry to provide information that is as readily available to Plaintiffs as it is to Foundry.

5.    Foundry objects to each and every Interrogatory insofar as and to the extent that it calls for information not in the possession, custody, or control of Foundry.

6.    Foundry objects to each and every Interrogatory insofar as and to the extent that it exceeds the scope of discovery permitted during Phase One of this litigation pursuant to the Court's October 12, 2005 Order in this action.

7.    Foundry objects to each Interrogatory insofar as and to the extent that it seeks information that contains confidential or proprietary information pertaining to Foundry's business, trade secrets and/or economic relationships.  Such information will be provided only pursuant to District of Delaware Local Rule 26-2 or an appropriate protective order.

8.    The following responses are based on information reasonably available to Foundry as of the date of this response.  Foundry's investigation is continuing and ongoing and Foundry expressly reserves the right to revise and/or supplement these responses based on information discovered after the date of this response and to use such information in defending against Plaintiffs' claims at trial or for any other purpose in this litigation.

These General Objections shall be deemed to be incorporated in full into each of the individual responses set forth below.

## RESPONSES

**INTERROGATORY NO. 28:**

Describe in detail (on a claim-by-claim basis, if applicable) the factual bases supporting any allegation, defense, claim or counterclaim that Foundry is asserting that any claim of any of the Four Alcatel Patents-in Suit, or any entire patent, is unenforceable under the doctrine of equitable estoppel, and identify all documents supporting such factual bases.

**RESPONSE TO INTERROGATORY NO. 28:**

FOUNDRY specifically objects to Interrogatory No. 28 as compound, unduly burdensome, vague and ambiguous. Subject to and without waiving those objections, FOUNDRY responds as follows:

FOUNDRY contends that every claim of U.S. Patent No. 6,874,090 (the "'090 patent") is unenforceable under the doctrine of equitable estoppel. The '090 patent is a continuation of U.S. Patent No. 6,339,830 (the "'830 patent"), which is a continuation of U.S. Patent No. 6,070,243 (the "'243 patent"). The original named inventors on the '243, '830, and '090 patents were Michael See, John Bailey, Charles Panza, Yuri Pikover, and Geoffrey Stone. The application that matured into the '243 patent was filed on June 13, 1997. According to documents produced by Alcatel and/or filed with the U.S. Patent and Trademark Office, the rights to all three patents and/or their corresponding applications were originally assigned to Alcatel Internetworking, Inc. or its predecessor-in-interest, Xylan Corporation. Those rights were later assigned to Alcatel, the French parent, and currently are owned by Alcatel U.S.A. Resources, Inc. These and any other current or former owners of rights in the '243 patent, the '830 patent, and/or the '090 patent will be

- 3 -

referred to herein collectively as "Alcatel." Supporting documents include the patents,
the file histories, the assignment documents produced by Alcatel, and Alcatel's response
to Interrogatory No. 7 re Count I.

Deposition testimony and other evidence support the following: Prior to June
1999, it became known to Alcatel that the IEEE was considering a new standard for port-
based network access control called the 802.1X standard. At that time, Alcatel was
developing a technology referred to as "Authenticated VLANs" that it had implemented
in certain of its products, including OmniSwitch and/or PizzaSwitch. Certain Alcatel
employees, including at least Leon Sangroniz, believed that there were substantial
similarities between the draft 802.1X standard and Alcatel's Authenticated VLAN
technology. At that time, the application that later matured into the '243 patent was
pending before the U.S. Patent and Trademark Office. The '243 patent claims certain
aspects of the Authenticated VLAN technology as an invention. Supporting documents
include the deposition transcripts of Leon Sangroniz and Charles Panza, the '243 patent
and file history, and documents produced by Alcatel describing the OmniSwitch, the
PizzaSwitch, and the Authenticated VLAN technology.

At all relevant times, the IEEE, the IEEE Standards Association, and/or the IEEE
802.1 Working Group maintained patent policies requiring that members and participants
(1) disclose to the 802.1 Working Group all patents and patent applications that might be
essential to the implementation of any standard under development or consideration by
the 802.1 Working Group and (2) provide written assurance to the IEEE that the patent
owner would either disclaim enforcement of such patents or license them on a reasonable,
nondiscriminatory basis. Under the policy, the required disclosure had to occur as soon

- 4 -

as possible prior to adoption by the IEEE of the relevant standard. Alcatel, including at least Messrs. Sangroniz and Panza, was aware of these policies. Among other things, the policies were posted and/or announced at the start of each 802.1 Working Group meeting during the relevant time period. In addition, other standard-setting bodies such as the Internet Engineering Task Force (IETF), in which Messrs. Sangroniz and Panza said they participated in 1999 and/or earlier, had similar patent disclosure policies. Supporting documents include the deposition transcripts of Leon Sangroniz and Charles Panza, the applicable IEEE and IETF policies, and 802.1 Working Group meeting minutes noting that the patent policies were displayed at meetings.

Alcatel employees Leon Sangroniz and Jeff Hayes attended a meeting of the IEEE 802.1X Working Group on or about June 2, 1999 in Coeur d'Alene, Idaho, at which Mr. Hayes made a presentation to the working group about Alcatel's Authenticated VLAN technology. Mr. Sangroniz attended after obtaining approval from Charles Panza, who may in turn have obtained approval from John Bailey. At that time, Messrs. Sangroniz, Panza, and Bailey were aware of the pending '243 patent application. Mr. Sangroniz attended one additional IEEE 802.1 Working Group meeting in July 1999 in Montreal, with the intent of continuing as a regular participant and obtaining voting rights. He did so with Alcatel's approval and at Alcatel's expense. Another Alcatel employee, Bill Simon, attended another IEEE 802.1 Working Group meeting on March 9, 2000 in Albuquerque, New Mexico, during which substantial discussions related to the 802.1X standard occurred. Supporting documents include the deposition transcripts of Leon Sangroniz and Charles Panza, 802.1 Working Group meeting minutes, the '243 patent

file history, and the letter from Joseph Lavelle to Daniel Christen dated October 25, 2002 (the "Lavelle letter").

On March 15, 2000, six days after the meeting attended by Mr. Simon, Alcatel filed the application that matured into the '830 patent. As construed by Alcatel, the '830 patent is an "essential" patent with respect to the IEEE 802.1X standard, within the meaning of the applicable IEEE patent policies. Nevertheless, Alcatel did not disclose the application to the IEEE. Supporting documents include the '830 patent and related file history, the IEEE patent policies, Alcatel's infringement contentions as stated in documents sent to Foundry during the pre-litigation license negotiations, the Lavelle letter, and the letter from David Cordeiro to Secretary, IEEE-SA Standards Board Patent Committee dated January 13, 2003 (the "Cordeiro letter").

On or about June 14, 2001, the IEEE adopted the 802.1X standard. One week later, on June 21, 2001, Alcatel filed the application that matured into the '090 patent. As construed by Alcatel, the '090 patent is an "essential" patent with respect to the IEEE 802.1X standard, within the meaning of the applicable IEEE patent policies. However, Alcatel did not disclose the application to the IEEE. Supporting documents include the '090 patent and related file history, the IEEE patent policies, and Alcatel's infringement contentions as stated in Alcatel's discovery responses in this action.

Soon after the IEEE adopted the 802.1X standard, the 802.1 Working Group began considering modifications of and extension to the standard. Those discussions continued through 2004, when the IEEE adopted the 802.1X REV standard. Had the revised standard not been adopted, IEEE rules would have required that the standard be reaffirmed in 2006 or else it would have lapsed. Further discussions about potential

- 6 -

modifications to and/or extensions of the 802.1X standard are ongoing today. Supporting

documents include 802.1 Working Group meeting minutes and applicable IEEE policies.

On January 13, 2003, 1½ years after the adoption of the 802.1X standard, Alcatel

disclosed the '830 patent to the IEEE for the first time via the Cordeiro letter. In that

letter, Alcatel stated "that we are willing to grant a license under the '830 patent on

reasonable terms and conditions and on a non-discriminatory basis." Alcatel still did not

disclose the '090 application to the IEEE, and apparently has never disclosed the '090

patent or patent application to the IEEE. Moreover, the quoted representation was false

in that Alcatel did not actually intend to grant licenses under the '830 patent on

reasonable terms and conditions and on a non-discriminatory basis, as evidenced by

Alcatel's conduct with respect to Foundry. Alcatel has only offered to license Foundry

under the '830 patent in exchange for payment of exorbitant royalties and has never

offered to license the '830 patent to Foundry except as part of a bundle of patents that

includes patents that are not related in any way to port-based network access control.

Supporting documents include the Cordeiro letter, correspondence between Alcatel and

Foundry related to the pre-lawsuit license negotiations, and correspondence between Tim

Haller and Matthew Poppe dated May 18, May 22, May 23, and June 6, 2006.

On June 22, 2005, Alcatel disclosed to the U.S. Patent and Trademark Office that

Mr. Sangroniz should have been named as an inventor of the '090 patent. *See* Request to

Correct Inventorship Under 37 C.F.R. §1.324, dated June 22, 2005, ALCATEL0026012-

ALCATEL0026035.

The 802.1 Working Group relied on Alcatel's silence in deciding to recommend

adoption of the 802.1X and 802.1X REV standards, and the IEEE relied on Alcatel's

silence in deciding to adopt the 802.1X and 802.1X REV standards. Had the '830 and
'090 patents and related applications been disclosed to the IEEE in a timely way, IEEE
policies would not have permitted the IEEE to adopt the standards unless Alcatel first
provided the assurances described above. Supporting documents include the applicable
IEEE policies.

Foundry has relied on Alcatel's silence and the integrity of the IEEE standard-
setting process in deciding to implement the 802.1X standard, in whole or in part, in
certain of its products. Foundry has suffered material prejudice as a result of the 802.1
Working Group's reliance, the IEEE's reliance, and its own reliance on Alcatel's silence.
Supporting documents include documents produced by Foundry relating to its costs
associated with developing and selling the products accused by Alcatel of infringing the
'090 patent.

**INTERROGATORY NO. 29:**

Describe in detail (on a claim-by-claim basis, if applicable) the factual bases
supporting any allegation, defense, claim or counterclaim that Foundry is asserting that
any claim of any of the Four Alcatel Patents-in Suit, or any entire patent, is subject to a
damages limitation under the doctrine of laches, and identify all documents supporting
such factual bases.

**RESPONSE TO INTERROGATORY NO. 29:**

FOUNDRY specifically objects to Interrogatory No. 29 as compound, unduly
burdensome, vague and ambiguous. Subject to and without waiving those objections,
FOUNDRY responds as follows:

- 8 -

Foundry's laches defense applies with respect to all claims of U.S. Patent Nos. 5,301,192 (the "'192 patent") and 5,506,840 (the "'840 patent").

The '192 patent issued on April 5, 1994. The '840 patent issued on April 9, 1996. Foundry began selling products that Alcatel accuses of infringing the '192 and '840 patents in 1998, and Foundry has sold products that Alcatel accuses of infringing the '192 and '840 patents continuously since then. Information about the allegedly infringing features of Foundry products has been available to Alcatel since 1998 in that Alcatel could have (and may well have) purchased the accused products, reviewed information about the allegedly infringing features on Foundry's web site, and/or obtained and reviewed information about those features from other sources. Alcatel has improperly withheld documents and other information about its awareness and/or analysis of Foundry products prior to April 2002, when it sent Foundry rudimentary (and highly incomplete) claim charts with respect to the '192 and '840 patents and certain Foundry products. For the next 2½ years, Alcatel engaged in periodic negotiations with Foundry regarding a possible license to the '192, '840, and other patents. Alcatel often waited a substantial amount of time after receiving information from Foundry in connection with these negotiations before responding. In particular, Alcatel and Foundry had a meeting in December 2004 as part of the negotiations. At the end of the meeting, Alcatel had several action items that it was supposed to pursue and then get back to Foundry. Instead of doing so, Alcatel waited six months and then filed the present lawsuit. Foundry was prejudiced by Alcatel's inexcusable delays described above in that it continued to devote substantial resources to designing and selling products that Alcatel accuses of infringing the '192 and '840 patents.

Supporting documents include the '192 and '840 patents, all documents from Foundry's web site that describe the allegedly infringing features of the accused products, all communications between Alcatel and Foundry related to patent license negotiations, and all documents in Alcatel's possession but not yet produced regarding Alcatel's knowledge, awareness, and analysis of Foundry products from 1998 to the present.

**INTERROGATORY NO. 30:**

If Foundry contends that any of the Four Alcatel Patents-in-Suit, or any claim thereof, is "essential" to any IEEE standard as the term "essential" is used in Clause 6 of the IEEE Standards Assocations' Standards Board Bylaws, identify the basis for that contention by using a chart to compare, on an element-by-element basis, each claim of the Alcatel patent with the pertinent IEEE standard.

**RESPONSE TO INTERROGATORY NO. 30:**

FOUNDRY specifically objects to Interrogatory No. 30 as compound, unduly burdensome, vague and ambiguous, and as untimely to the extent Alcatel has not yet definitively stated its construction of the '090 patent claim terms. Subject to and without waiving those objections, FOUNDRY responds as follows:

Foundry does not contend that any of the Four Alcatel Patents-in-Suit, or any claim thereof, if properly construed, is "essential" to any IEEE standard as the term "essential" is used in Clause 6 of the IEEE Standards Association's Standards Board Bylaws. Foundry does contend, however, that the claims of U.S. Patent No. 6,874,090 (the "'090 patent"), *as Alcatel appears to have construed them*, are "essential" to the IEEE 802.1X standard. In support of this contention, Foundry incorporates herein the

- 10 -

802.1X standard, the 802.1X REV standard, and the charts related to the '090 patent attached to Alcatel's Response to Foundry's First Set of Interrogatories Regarding Plaintiff's Count I (Nos. 1-7), dated April 21, 2006. Foundry further incorporates herein the chart provided in Alcatel Supplemental Response to Interrogatory No. 1, set forth in Alcatel's Supplemental Response to Foundry's First Set of Interrogatories Regarding Plaintiff's Count I (Nos. 1-6), dated June 23, 2006, to the extent that chart relates to the '090 patent. In that chart, Alcatel alleges that certain Foundry products infringe the '090 patent based solely on documents stating that those products implement the 802.1X standard, without any further elaboration.

Respectfully submitted,

OF COUNSEL:

ORRICK, HERRINGTON & SUTCLIFFE LLP

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7400

Matthew H. Poppe

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
E-mail: provner@potteranderson.com

(As to Count I of the Amended Complaint)

*Attorneys for Defendant Foundry Networks, Inc.*

Dated: August 18, 2006

- 11 -

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Matthew H. Poppe, hereby certify that on August 18, 2006, a true and correct copy of the within FOUNDRY NETWORKS, INC.'S RESPONSES TO ALCATEL'S FOURTH SET OF INTERROGATORIES were served on the following counsel of record at the addresses and in the manner indicated:

### BY EMAIL

Josy W. Ingersoll, Esq. (jingersoll@ycst.com)
Adam W. Poff, Esq. (apoff@ycst.com)
Karen L. Pascale, Esq. (kpascale@ycst.com)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391

Timothy J. Haller, Esq. (haller@nshn.com)
Sally Wiggins, Esq. (wiggins@nshn.com)
Robert P. Greenspoon, Esq. (greenspoon@nshn.com)
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL 60602

Matthew H. Poppe (appearing *pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400
E-mail: mpoppe@orrick.com

# EXHIBIT Q

ʳ¹≥ AO88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., et al. | **SUBPOENA IN A CIVIL CASE**<br>U.S. District Court for the District of Delaware |
| V. | Case Number: 05-418-SLR |
| **FOUNDRY NETWORKS, INC.** | |

TO:    **John M. May, Esq.**
       **c/o Fulbright and Jaworski LLP**
       **865 S. Figueroa Street, 29th Floor**
       **Los Angeles, CA 90017**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017-5855 | May 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | May 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | TIME |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

_____

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**SCHEDULE A**

**DEFINITIONS**

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 565310 | U.S. 5,214,639 | 08-09-1990 |
| 668582 | U.S. 5,418,780 | 03-13-1991 |
| 703771 | U.S. 5,247,513 | 05-21-1991 |
| 07/756,230 | U.S. 5,301,192 | 08-30-1991 |
| 776337 | U.S. 5,237,565 | 12-13-1991 |
| 992935 | U.S. 5,323,395 | 12-18-1992 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.    This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.    If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.      The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.      The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.      The use of the singular form of any word shall include the plural and vice versa.

### DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.      The complete prosecution file histories for EACH of the PATENTS;

2.      ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.      ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.      ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.      ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

6.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

US_WEST:260010665 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.    )
   a Delaware Corporation, and    )
ALCATEL INTERNETWORKING, INC.,  )
   a California Corporation,    )
                          )
           Plaintiffs,    )
                          )    Civil Action No. 05-418-SLR
   v.    )
                          )    (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,    )
   a Delaware Corporation,    )
                          )
           Defendant.    )

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

        Josy W. Ingersoll, Esq.
        Elena Norman, Esq.
        **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
        The Brandywine Building
        1000 West Street, 17th Floor
        Wilmington, DE  19801
        Tel. No.: (302) 571-6600
        Fax: (302) 571-1253

        Timothy J. Haller, Esq.
        Rob Greenspoon, Esq.
        Sally Wiggins, Esq.
        **NIRO, SCAVONE, HALLER & NIRO**
        181 W.  Madison Street, Suite 4600
        Chicago, IL  60602
        Tel. No.: (312) 236-0733
        Fax: (312) 236-3137

                                _____
                                 Shella Zapp

AO88 (Rev 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

ALCATEL USA RESOURCES, INC., et al.

### SUBPOENA IN A CIVIL CASE
U.S. District Court for the District of Delaware

V.

Case Number: 05-418-SLR

FOUNDRY NETWORKS, INC.

TO:   **SCOT READER, ESQ.**
      **1320 Pearl Street, Suite 228**
      **Boulder, CO 80302**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, Ca 94025 | May 25, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*   Attorney for Defendant | May 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on next page)

ᵃᵤ. AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | TIME |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

    (2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

    (3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

        (i) fails to allow reasonable time for compliance,
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person. except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv)  subjects a person to undue burden.

    (B) If a subpoena

        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 08/874,754 | U.S. 6,070,243 | 06-13-1997 |
| 09/525,506 | U.S. 6,339,830 | 03-15-2000 |
| 09/886,930 | U.S. 6,874,090 | 06-21-2001 |
| 10/958,620 | | 10-05-2004 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.   This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.   If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS;

6.    ALL documents related to items 1-5 above, including ALL notes, correspondence, communications, and ANY memoranda;

7.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications

among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

8.    ALL documents related to EACH of the PATENTS, including ALL drafts of communications with any patent authority, ALL draft patent applications, ALL drafts of responses to office actions, ALL drafts of Information Disclosure Statements, and ALL comparisons with prior art.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.          )
   a Delaware Corporation, and          )
ALCATEL INTERNETWORKING, INC.,       )
   a California Corporation,             )
                             )
               Plaintiffs,          )
                             )          Civil Action No. 05-418-SLR
   v.                                    )
                             )          (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,              )
   a Delaware Corporation,              )
                             )
                             )
             Defendant.              )

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

               Josy W. Ingersoll, Esq.
               Elena Norman, Esq.
               **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
               The Brandywine Building
               1000 West Street, 17th Floor
               Wilmington, DE  19801
               Tel. No.:  (302) 571-6600
               Fax:  (302) 571-1253

               Timothy J. Haller, Esq.
               Rob Greenspoon, Esq.
               Sally Wiggins, Esq.
               **NIRO, SCAVONE, HALLER & NIRO**
               181 W. Madison Street, Suite 4600
               Chicago, IL  60602
               Tel. No.:  (312) 236-0733
               Fax:  (312) 236-3137

                            _____
                              Shella Zapp

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

ALCATEL USA RESOURCES, INC., et al.

V.

FOUNDRY NETWORKS, INC.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

Case Number: 05-418-SLR

TO:     **CHRISTIE, PARKER & HALE, LLP**
        **350 W. Colorado Blvd., Suite 500**
        **Pasadena, CA 91105**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP<br>777 South Figueroa Street, Suite 3200<br>Los Angeles, CA 90017-5855 | May 24, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*      Attorney for Defendant | May 10, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45. Federal Rules of Civil Procedure. Parts C & D on next page)

AO88 (Rev 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | TIME |
|---|---|---|---|
| SERVED | | | |

SERVED ON (PRINT NAME) | MANNER OF SERVICE

SERVED BY (PRINT NAME) | TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**SCHEDULE A**

**DEFINITIONS**

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 566038 | U.S. 5,127,000 | 08-09-1990 |
| 07/756,230 | U.S. 5,301,192 | 08-30-1991 |
| 08/874,754 | U.S. 6,070,243 | 06-13-1997 |
| 09/525,506 | U.S. 6,339,830 | 03-15-2000 |
| 09/886,930 | U.S. 6,874,090 | 06-21-2001 |
| 10/958,620 | | 10-05-2004 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.    This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.  If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

6.     ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

US_WEST:260014092.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.    )
   a Delaware Corporation, and    )
ALCATEL INTERNETWORKING, INC.,    )
   a California Corporation,    )
                        )
          Plaintiffs,    )
                        )     Civil Action No. 05-418-SLR
   v.    )
                        )     (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,    )
   a Delaware Corporation,    )
                        )
                        )
         Defendant.    )

## CERTIFICATE OF SERVICE

I, Shella Zapp, hereby certify that on May 15, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

Josy W. Ingersoll, Esq.
Elena Norman, Esq.
**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801
Tel. No.: (302) 571-6600
Fax: (302) 571-1253

Timothy J. Haller, Esq.
Rob Greenspoon, Esq.
Sally Wiggins, Esq.
**NIRO, SCAVONE, HALLER & NIRO**
181 W. Madison Street, Suite 4600
Chicago, IL  60602
Tel. No.: (312) 236-0733
Fax: (312) 236-3137

Shella Zapp


ORRICK

ORRICK. HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MEHLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

## FAX TRANSMISSION

DATE    5/15/06

NO. OF PAGES
(INCLUDING COVER SHEET)    40

FROM

| name | tel |
|---|---|
| Michael F. Heafey | (650) 614-7645 |

TO

| name | company/firm | tel | fax |
|---|---|---|---|
| Josy W. Ingersoll, Esq.<br>Elena Norman, Esq. | YOUNG CONAWAY STARGATT & TAYLOR LLP | | (302) 571-1253 |
| Timothy J. Haller, Esq.<br>Rob Greenspoon, Esq.<br>Sally Wiggins, Esq. | NIRO, SCAVONE, HALLER & NIRO | | (312) 236-3137 |

RE    ALCATEL v. FOUNDRY NETWORKS, INC.

MESSAGE

C-M-A    15903-8

Originals Will Follow By Regular Mail

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL SHELLA ZAPP AT (650) 614-7400 AS SOON AS POSSIBLE.

*notice to recipient*

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE  THANK YOU IN ADVANCE FOR YOUR COOPERATION.
US_WEST:260019299 1

Attached are copies of the following documents:

1. Subpoena (Blake, Cassels & Graydon LLP)
2. Subpoena (Scot Reader, Esq.)
3. Subpoena (Christie, Parker & Hale, LLP)
4. Subpoena (Sughrue Mion, PLLC)
5. Subpoena (John M. May, Esq.)
6. Subpoena (Ware, Fressola & Van Der Sluys & Adolphson LLP)
7. Subpoena (Lucent Technologies)

*notice to recipient*

THE INFORMATION CONTAINED IN THIS FACSIMILE TRANSMISSION IS INTENDED TO BE SENT ONLY TO THE STATED ADDRESSEE OF THE TRANSMISSION. IT MAY BE PROTECTED FROM UNAUTHORIZED USE OR DISSEMINATION BY THE ATTORNEY-CLIENT PRIVILEGE, THE ATTORNEY WORK-PRODUCT DOCTRINE, OR ANY OTHER APPLICABLE PRIVILEGE. IF YOU ARE NOT THE STATED ADDRESSEE, YOUR RECEIPT OF THIS TRANSMISSION WAS UNINTENDED AND INADVERTENT, AND YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. YOU ARE ALSO ASKED TO NOTIFY US IMMEDIATELY BY TELEPHONE AND TO RETURN THE ORIGINAL DOCUMENT TO US IMMEDIATELY BY MAIL AT THE ADDRESS ABOVE. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

US_WEST:260019299 1

```
********************
*** TX REPORT ***
********************
```

TRANSMISSION OK

| | |
|---|---|
| TX/RX NO | 3312 |
| RECIPIENT ADDRESS | 9512#015903#000008#13025711253 |
| DESTINATION ID | |
| ST TIME | 05/15 17:40 |
| TIME USE | 11'32 |
| PAGES SENT | 40 |
| RESULT | OK |

# O
# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025

TEL  650-614-7400
FAX  650-614-7401
WWW.ORRICK.COM

**FAX TRANSMISSION**

DATE  5/15/06

NO. OF PAGES
(INCLUDING COVER SHEET)     40

**FROM**

| *name* | *tel* |
|---|---|
| Michael F. Heafey | (650) 614-7645 |

**TO**

| *name* | *company/firm* | *tel* | *fax* |
|---|---|---|---|
| Josy W. Ingersoll, Esq. | YOUNG CONAWAY | | (302) 571-1253 |
| Elena Norman, Esq. | STARGATT & TAYLOR LLP | | |
| Timothy J. Haller, Esq. | NIRO, SCAVONE, | | (312) 236-3137 |
| Rob Greenspoon, Esq. | HALLER & NIRO | | |
| Sally Wiggins, Esq. | | | |

RE     ALCATEL v. FOUNDRY NETWORKS, INC.

**MESSAGE**

```
*********************
***  TX REPORT  ***
*********************


TRANSMISSION OK

TX/RX NO               3313
RECIPIENT ADDRESS      9512#015903#000008#13122363137
DESTINATION ID
ST  TIME               05/15 18:06
TIME USE               01'25
PAGES SENT              40
RESULT                 OK
```

# O
# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CALIFORNIA 94025
TEL 650-614-7400
FAX 650-614-7401
WWW.ORRICK.COM

**FAX TRANSMISSION**

DATE  5/15/06

NO. OF PAGES
(INCLUDING COVER SHEET)        40

**FROM**

| name | tel |
|------|-----|
| Michael F. Heafey | (650) 614-7645 |

**TO**

| name | company/firm | tel | fax |
|------|-------------|-----|-----|
| Josy W. Ingersoll, Esq. | YOUNG CONAWAY STARGATT & TAYLOR LLP | | (302) 571-1253 |
| Elena Norman, Esq. | | | |
| Timothy J. Haller, Esq. | NIRO, SCAVONE, HALLER & NIRO | | (312) 236-3137 |
| Rob Greenspoon, Esq. | | | |
| Sally Wiggins, Esq. | | | |

RE     ALCATEL v. FOUNDRY NETWORKS, INC.

MESSAGE