# EXHIBIT R

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC., )
a Delaware Corporation, and )
ALCATEL INTERNETWORKING, INC., )
a California Corporation, )
                                 )
            Plaintiffs, )
                                   )         Civil Action No. 1:05 CV 418
v. )
                                   )
FOUNDRY NETWORKS, INC., )
a Delaware Corporation, )
                                   )         (JURY TRIAL DEMANDED)
                                   )
         Defendant. )

## NON-PARTY CHRISTIE PARKER & HALE'S
## OBJECTIONS TO SUBPOENA

Respondent, non-party Christie, Parker & Hale hereby objects to the subpoena

served upon it for the following reasons:

1.      The document requests contained in the subpoena seek documents,

information and materials that may be covered by the attorney-client privilege and/or work

product immunity.

2.      The document requests contained in the subpoena do not allow for a

reasonable time for compliance. Foundry's May 24, 2006 return date does not permit

sufficient time to search for and locate responsive documents and to conduct an adequate

review of any documents in order to separate documents which are confidential, privileged

or otherwise immune from discovery.

3.      The document requests contained in the subpoena are overbroad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

1

    4.    The subpoena fails to provide for the advancement of costs that will be
incurred if non-party recipient Christie, Parker & Hale is required to comply with the
subpoena.

    5.    The documents sought are obtainable from public sources.


                                    Respectfully Submitted,


                                    Sally Wiggins
                                    NIRO, SCAVONE, HALLER & NIRO
                                    181 West Madison Street, Suite 4600
                                    Chicago, Illinois 60602
                                    phone (312) 236-0733
                                    wiggins@nshn.com


                                    On behalf of Non-Party Christie,
                                    Parker & Hale


                                    2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,       )
    a Delaware Corporation, and        )
ALCATEL INTERNETWORKING, INC., )
    a California Corporation,              )
                                                     )
                    Plaintiffs,                   )          Civil Action No. 1:05 CV 418
                                                     )
        v.                                            )
                                                     )
FOUNDRY NETWORKS, INC.,          )
    a Delaware Corporation,              )
                                                     )          (JURY TRIAL DEMANDED)
                                                     )
                    Defendant.                  )

## NON-PARTY JOHN M. MAY'S OBJECTIONS TO SUBPOENA

Respondent, non-party John M. May, Esquire, hereby objects to the subpoena served upon him for the following reasons:

1.     The document requests contained in the subpoena seek documents, information and materials that may be covered by the attorney-client privilege and/or work product immunity.

2.     The subpoena does not allow for a reasonable time for compliance. The subpoena was served on May 17, 2006. As such, Foundry's May 24, 2006 return date does not permit sufficient time to search for and locate responsive documents. Moreover, the subpoena does not allow sufficient time to conduct an adequate review of any documents in order to separate those documents which are confidential, privileged or otherwise immune from discovery.

1

3.    The document requests contained in the subpoena are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

4.    The subpoena fails to provide for the advancement of costs that will be incurred if the non-party recipient Mr. May is required to comply with the subpoena.

5.    The documents sought are obtainable from public sources.

Respectfully Submitted,

Sally Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733
**wiggins@nshn.com**

On behalf of Non-Party Attorney John M. May

2

# EXHIBIT S

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

—

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

May 19, 2006

**VIA FAX NO.:  (650) 614-7401**

Mr. Michael F. Heafey
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

   Re: Alcatel v. Foundry Networks

Dear Michael:

   Please be advised that we represent non-party Attorney Scot Reader in response to Foundry's subpoena seeking the production of certain documents.

   As you are aware, Foundry served Mr. Reader at 1320 Pearl Street, Suite 228, Boulder, Colorado 80302. The purpose of this letter is to advise you that the subpoena is defective in that it asks Mr. Reader to produce documents at Orrick Herrington & Sutcliffe, 1000 Marsh Road, Menlo Park, California 94025 which is more than 100 miles from Mr. Reader's residence, or place where he regularly transacts business in person. See Federal Rule of Civil Procedure 45; Highland Tank & Mfg., Co. v. PS International, Inc., 227 F.R.D. 374 (W.D. Pa. 2005).

   Moreover, Foundry's subpoena improperly seeks the production of documents that may be subject to the attorney client privilege or attorney work product.

Mr. Michael F. Heafey, Esq.
May 19, 2006
Page 2 of 2

Please advise us as to Foundry's position on this matter.  If we do not hear from you by Monday morning, we will file a motion to quash, protective order with the United States District Court for the District of Colorado on Mr. Reader's behalf.

Very truly yours,

Sally Wiggins

SW/amr
cc:    Siddhartha Venkatesan

# EXHIBIT T



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

tel 650 614 7400
fax 650 614 7401

WWW.ORRICK.COM

May 17, 2006

Matthew H. Poppe
(650) 614-7431
mpoppe@orrick.com

*VIA FACSIMILE*

Robert P. Greenspoon, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, Illinois  60602-4515

Re:    Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.
       U.S.D.C. Delaware, Civil Action No. 05-418-SLR

Dear Rob:

We intend to begin taking inventor depositions next month.  Accordingly, with respect to each of Alcatel's four Phase One patents-in-suit, please identify the inventors who are current employees of Alcatel or its affiliates, such that Alcatel will produce them for deposition in response to a Rule 30(b)(1) deposition notice, and which inventors (if any) Alcatel contends must be subpoenaed.  For the inventors who are current Alcatel employees, please confirm that they will appear for deposition in Wilmington, Delaware, and state all dates in June 2006 when they are available for deposition.

Very truly yours,

Matthew H. Poppe

cc:    Timothy J. Haller, Esq. (via facsimile)
       Sally Wiggins, Esq. (via facsimile)
       Philip A. Rovner, Esq. (via email)

US_WEST:260020221.1

# EXHIBIT U

## Stackel, Mary Ellen

| | |
|---|---|
| **From:** | Wiggins, Sally J [wiggins@nshn.com] |
| **Sent:** | Tuesday, June 06, 2006 2:40 PM |
| **To:** | Poppe, Matt |
| **Cc:** | Regalado, Angelica M; Haller, Timothy J; Greenspoon, Robert P; Satterfield, Sandy L |
| **Subject:** | RE: Foundry/Alcatel |

Matt

I wish I could say that the delay in the responding to your email was related to my being sidetracked by something fun.
I hurt my leg and have been trapped in MRIs for the last week trying to rule out a torn tendon.

That being said, I have been working on your request scheduling depositions of inventors who are Alcatel USA Resources and
Internetworking employees.
The Memorial Day holiday impeded that progress a little bit.

Your reasons for conducting the depositions in Delaware don't seem to be major impediments to conducting depositions in
Chicago. The documents are in electronic format. Moreover, your memory is incorrect as to why Alcatel incurred the time,
expense and inconvenience of traveling to Menlo Park in January to take the depositions of Foundry witnesses. As you recall, we
had to travel to California after Foundry failed to produce the witnesses in December as required in the scheduling order. And in
order to get Foundry in compliance with the scheduling order in a timely manner and to accommodate the witnesses' schedules,
we agreed to travel to California to conduct the depositions. The request to conduct the depositions at your law firm however was
merely because we were already traveling to California for the depositions, so it didn't make sense that we go reserve a
conference room too. As you recall, the depositions occurred while Foundry continued to produce documents and we had to bring
a printer to California to conduct the depositions.

Against that party practice, as well as your refusal to schedule depositions in Chicago, the witnesses will be produced where they
work or reside.
As presently advised, '090 inventors Michael See will be produced in Raleigh, North Carolina; Michelle Goodwin in Calabasas,
California and Leon Sangroniz in Utah.
Michael See is available on June 30. Michelle Goodwin is available on June 27. Mr. Sangroniz is looking for dates.

As for the inventors who are not Alcatel USA Resources or Internetworking employees, our law firm as currently advised
represents them.
In this regards, I will attempt to facilitate Foundry's scheduling of the depositions, however, these inventors will still need to be
served with subpoenas and afforded the protections that accompany a deposition conducted pursuant to subpoena. Please
provide proposed dates for other the inventors and I will arrange scheduling.

Regards, Sally

Sally Wiggins
Niro Scavone Haller & Niro
181 W Madison St., #4600
Chicago IL 60602
312-236-0733

---

**From:** Poppe, Matt [mailto:MPOPPE@Orrick.com]
**Sent:** Tuesday, June 06, 2006 2:06 AM
**To:** Wiggins, Sally J
**Cc:** Regalado, Angelica M; Haller, Timothy J; Greenspoon, Robert P
**Subject:** RE: Foundry/Alcatel

Sally:

It has been two weeks and I haven't heard further from you. You should be able to provide dates for at least some of the inventors. You should also be able to tell us which inventors will not require a subpoena, so we can work on contacting and serving inventors who *will* require subpoenas. If I don't hear further from you, this week, we will pick dates ourselves and serve deposition notices next week.

We do object to having the depositions proceed in Chicago. The case was filed in Delaware, so that is a logical place for the depositions of witnesses to take place. We will have much better support and access to documents at the office of our local counsel in Delaware than at your office in Chicago. We would also, of course, be happy to take the depositions in Menlo Park. It has not been "Foundry's practice" to produce Foundry witnesses at our law firm. We made our office available for the depositions at your law firm's request.

- Matt

---

**From:** Wiggins, Sally J [mailto:wiggins@nshn.com]
**Sent:** Wednesday, May 24, 2006 2:45 PM
**To:** Poppe, Matt; Greenspoon, Robert P
**Cc:** Regalado, Angelica M; Haller, Timothy J; Greenspoon, Robert P
**Subject:** RE: Foundry/Alcatel

Matt -

Please be advised that Rob is out of the office.

As for your letter regarding inventor depositions, we are working on getting you proposed dates for those inventors who will not require a subpoena. As soon as we have those dates I will forward it to your attention.

A follow up issue on the depositions, your letter indicates that the depositions are to take place in Delaware.
Alcatel intends to produce witnesses when possible at our law office in Chicago. We assume that Foundry has no objection to this arrangement, as it is consistent with Foundry's practice of producing its witnesses at your law firm. On occasion, we may produce the witness where they reside.

Sally

Sally Wiggins
Niro Scavone Haller & Niro
181 W Madison St , #4600
Chicago IL 60602
312-236-0733

---

**From:** Poppe, Matt [mailto:MPOPPE@Orrick.com]
**Sent:** Wednesday, May 24, 2006 2:06 PM
**To:** Greenspoon, Robert P; Wiggins, Sally J
**Cc:** Heafey, Michael F.; Bose, Subroto; Rovner, Philip A.
**Subject:** Foundry/Alcatel

Rob and Sally:

Further to Subroto Bose's letter to Sally dated May 10, 2006, and Mike Heafey's letter to Rob dated May 4, 2006, we would like to schedule a time for a meet-and-confer telephone call regarding Alcatel's responses to interrogatories and document requests. We would prefer a time during the next week, so that we can clarify the parties' positions well in advance of the June 13, 2006 discovery status conference. Please let me know your availability.

We also request that you respond promptly to my letter to Rob dated May 17, 2006 regarding inventor depositions.

Sincerely,

Matt Poppe

═══════════════════════════════════════════════════════

IRS Circular 230 disclosure:
To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication, unless expressly stated otherwise, was not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

═══════════════════════════════════════════════════════

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.
For more information about Orrick, please visit http://www.orrick.com/

# EXHIBIT V



**ORRICK**

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel 650-614-7400*
*fax 650-614-7401*

WWW.ORRICK.COM

May 22, 2006

Michael F. Heafey
(650) 614-7645
mheafey@orrick.com

*FACSIMILE - (312) 236-3137 - AND FIRST CLASS MAIL*

Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street, Suite 4600
Chicago, IL 60602

Re:    *Alcatel v. Foundry Networks*

Dear Ms. Wiggins:

      I write in response to your May 19, 2006 Letter objecting to Foundry's document subpoena to Mr. Scot Reader. With respect to Alcatel's objection regarding the location of the production, standard practice in this case has been for the responding party simply to mail responsive documents to counsel. This practice does not violate Rule 45, which only excuses a party's obligations under a subpoena where the subpoena requires that the party <u>travel</u> more than 100 miles. *See* Fed. R. Civ. Proc. 45(c)(3)(a)(ii). Mr. Reader need only mail the requested documents to comply with Foundry's subpoena, and does not need to travel anywhere.

      Alcatel's second objection regarding the attorney-client privilege is untimely. If any documents responsive to Foundry subpoena fall within the attorney-client privilege, Mr. Reader should identify such documents in a privilege log accompanying his production in accord with standard practice under the Federal Rules.

      Very truly yours,

Michael F. Heafey

US_WEST:260023180.1

# EXHIBIT W

# NIRO, SCAVONE, HALLER & NIRO

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

May 23, 2006

**VIA FAX NO.: (650) 614-7401**

Mr. Michael F. Heafey
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:   <u>Alcatel v. Foundry Networks</u>

Dear Mr. Heafey:

We are in receipt of your May 22, 2006 letter. Your letter incorrectly refers to the practice of the parties in this action to simply mail responsive documents to counsel. As you are aware, however, Mr. Reader is not a party.

Moreover, your request to have documents shipped to the Orrick law firm in California at Mr. Reader's expense is inconsistent with the precedent Foundry followed with other non-party recipients. In Foundry's other non-party subpoenas, Foundry seeks the production of documents at locations within 100 miles of the subpoenaed party. For example, Foundry's subpoena to IEEE located at 3 Park Avenue, New York, New York seeks the production of responsive documents at Orrick, Herrington at 666 Fifth Avenue, New York, New York.

Mr. Michael F. Heafey, Esq.
May 19, 2006
Page 2

Please re-serve Mr. Reader in accordance with the case law and Federal Rules. Mr. Reader believes his request is reasonable. If he is forced to seek a protective order, please be advised that he will request fees and costs.

Very truly yours,

Sally Wiggins

SW/amr

# EXHIBIT X

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

ALCATEL USA RESOURCES, INC., et al.

V.

FOUNDRY NETWORKS, INC.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

Case Number: 05-418-SLR

TO:    **SCOT READER, ESQ.**
**1320 Pearl Street, Suite 228**
**Boulder, CO 80302**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHED SCHEDULE A.**

| PLACE | DATE AND TIME |
|---|---|
| Hunter & Geist, Inc.<br>1900 Grant Street, Suite 800<br>Denver, CO 80203 | July 12, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | June 21, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP, 1000 Marsh Road, Menlo Park, CA 94025, (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

US_WEST:260016352.2
15903-8 SB0/SB0

06/22/2006  02:53   3834446111                    GPS                        PAGE  02
08/21/2006 14:48 FAX                    ORRICK                              ☑002/006

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | TIME |
| SERVED | 6/21/06 @ | 4:15 PM @ 1320 Pearl St. #228 |
| | | Boulder Co 80302 |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Scot Reader, ESQ. | | in person & by hand |
| SERVED BY (PRINT NAME) | | TITLE |
| John Chely, Private Process Server | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___6/21/06___
DATE

SIGNATURE OF SERVER

QUALITY PROCESS L... JENT
1043 TERRACE CIRCLE SOUTH
BOULDER, COLORADO 80304,
ADDRESS OF SERVER TEL: 303-443-0700
FAX: 303-443-0355

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

US_WEST:260016352.2
15903-8 SB0/SB0

## SCHEDULE A

## DEFINITIONS

1.    The term "PATENTS" means the following patents and patent applications, as well as, ALL patents, patent applications, continuation applications, continuation in part applications, and divisional applications, whether published or unpublished, U.S. or foreign, that cite the PATENTS-IN-SUIT, incorporate them by reference or otherwise, claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 08/874,754 | U.S. 6,070,243 | 06-13-1997 |
| 09/525,506 | U.S. 6,339,830 | 03-15-2000 |
| 09/886,930 | U.S. 6,874,090 | 06-21-2001 |
| 10/958,620 | | 10-05-2004 |

2.    The term "DOCUMENTS" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means.    This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages.    If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

3.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

4.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

5.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

6.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

7.    The use of the singular form of any word shall include the plural and vice versa.

## DOCUMENTS TO BE PRODUCED

ALL DOCUMENTS (including drafts) RELATING to the PATENTS, including but not limited to:

1.    The complete prosecution file histories for EACH of the PATENTS;

2.    ALL DOCUMENTS RELATING to the conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS;

3.    ALL prior art references and publications RELATING to the subject matter of the EACH of the PATENTS;

4.    ALL results of ALL prior art searches RELATING to EACH of the PATENTS;

5.    ALL files RELATING to ANY opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS;

6.    ALL documents related to items 1-5 above, including ALL notes, correspondence, communications, and ANY memoranda;

7.    ALL correspondence and communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the listed inventors, the client, the patent office, and third parties, including correspondence and communications

among the attorneys prosecuting EACH of the PATENTS, between the attorneys prosecuting EACH of the PATENTS and ANY agents thereof, and ANY memoranda to file or notes; and

8.    ALL documents related to EACH of the PATENTS, including ALL drafts of communications with any patent authority, ALL draft patent applications, ALL drafts of responses to office actions, ALL drafts of Information Disclosure Statements, and ALL comparisons with prior art.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.          )
    a Delaware Corporation, and       )
ALCATEL INTERNETWORKING, INC.,        )
    a California Corporation,          )
                                       )
              Plaintiffs,              )
                                       )    Civil Action No. 05-418-SLR
       v.                              )
                                       )    (JURY TRIAL DEMANDED)
FOUNDRY NETWORKS, INC.,                )
    a Delaware Corporation,            )
                                       )
                                       )
              Defendant.               )

## CERTIFICATE OF SERVICE

I, Ying Lin Steinberg, hereby certify that on June 21, 2006, true and correct copies of the within

document were served on the following counsel of record at the addresses and in the manner

indicated:  By Facsimile and U.S. Mail.

> Josy W. Ingersoll, Esq.
> Elena Norman, Esq.
> **YOUNG CONAWAY STARGATT & TAYLOR, LLP**
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, DE  19899-0391
>
> Timothy J. Haller, Esq.
> Rob Greenspoon, Esq.
> **NIRO, SCAVONE, HALLER & NIRO**
> 181 W. Madison Street, Suite 4600
> Chicago, IL  60602
>
> _____
>            Ying Lin Steinberg

# EXHIBIT Y

## NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

——

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MERSMANN

July 11, 2006

**Via FedEx**

Philip A. Rovner
POTTER, ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
Wilmington, DE 19801

K. T. Cherian
Howrey LLP
525 Market Street – Suite 3600
San Francisco, CA 94105-2708

Matthew H. Poppe
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:  Alcatel v. Foundry Networks

Dear Gentlemen:

Enclosed please find a cd of documents produced on behalf of third party Scot Reader. The range being produced is SR0001-SR01793. These documents have been designated with confidentiality where appropriate and according to the stipulations of the Protective Order. If you have any questions or problems opening the cd, please feel free to contact me.

Very truly yours,

Katy Brennan
Paralegal - Niro, Scavone, Haller & Niro

Enclosures: as listed above

# EXHIBIT Z

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF COLORADO

ALCATEL USA RESOURCES, INC., et al.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

V.

Case Number:  05-418-SLR

FOUNDRY NETWORKS, INC.

TO:    **SCOT READER, ESQ.**
**1320 Pearl Street, Suite 228**
**Boulder, CO 80302**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION<br>Hunter & Geist, Inc.<br>1900 Grant Street, Suite 800<br>Denver, CO 80203 | DATE AND TIME<br><br>August 16, 2006<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Michael F. Heafey*    Attorney for Defendant | August 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Michael F. Heafey, ORRICK, HERRINGTON & SUTCLIFFE LLP,
1000 Marsh Road, Menlo Park, CA 94025
(650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | | TIME |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                               SIGNATURE OF SERVER

                                                           _____
                                                           ADDRESS OF SERVER

                                                           _____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.