# EXHIBIT M

Comparison of Claim 8 & 9 of Pauwels, U.S. Patent No. 5,506,840 entitled ASYNCHRONOUS SWITCHING NODE AND ROUTING LOGIC MEANS FOR A SWITCHING ELEMENT USED THEREIN
with all Foundry L2 Devices including AccessIron, EdgeIron, FastIron Edge, FastIron Edge X Series, BigIron, BigIron MG8, BigIron RX Series – See attachment "Model Numbers" for additional detail

| | |
|---|---|
| 8.  Routing logic means for a switching element (S11, ..., S3N) having at least one inlet and a plurality of outgoing routes each comprising at least one outlet, said routing logic means (MC1; MC2; RL) selecting for cells received at said at least one inlet at least one of said plurality of outgoing routes as a selected route based on an internal routing label associated with said cells and routing said cells to said at least one outlet of said selected route, | Foundry document Foundry Switch and Router Installation and Basic Configuration Guide (2004) ("Configuration Guide") "Foundry devices support ... 802.1p/q VLAN Tagging." C-1. Per IEEE 802.1Q (1998), "In port-based VLAN classification within a Bridge, the VID associated with an untagged or priority-tagged frame (i.e. a frame with no tag header, or a frame with a tag header that contains the null VLAN ID), is determined, based on the Port of arrival of the frame into the Bridge ...." p.31. Per Foundry document Switch and Router Command Line Interface Reference (2004) ("CLI Reference"), "When you enable hardware flooding for a VLAN, unknown unicast packets are flooded by hardware to all ports in the VLAN." At FN A 00080263. "The PRAM is a high speed memory that takes the index returned by the CAM lookup and returns to the packet classifier information on how to forward the packet: FID (destination port or ports), MAC address of next hop, VLAN ID that should be attached to the packet as it goes out a given interface, etc. The information retrieved by the PRAM is used to build the internal Foundry header that gets attached to the packet. This information is used by other modules of the hardware to determine how to forward the packet.  From White Paper "JetCore Based Chassis Systems – An Architecture Brief "... At FN A 00163060<br><br>Note: the internal routing label is the internal Foundry header as mentioned above. |
| wherein said routing logic means (MC1; MC2; RL) includes preselection means (MB; M; RM) which preselect under control of said internal routing label, at least one preselected set having at least one of said plurality of outgoing routes | "A Layer 2 entry is made in the Foundry device's CAM that matches all packets for that VLAN. Any traffic for the VLAN that doesn't match a CAM entry for an individual destination matches this CAM entry." At FN A 00080263  Per Foundry document Foundry Security Guide (2004), "CAM entries contain Layer 2, Layer 3, or Layer 4 next-hop information .... Traffic that matches the match-all CAM entry is hardware-flooded to all ports in the VLAN ...." At FN A 00133095  Note: The internal Foundry header therefore allows pre-selection for such a frame of all |

1

Comparison of Claim 8 & 9 of Pauwels, U.S. Patent No. 5,506,840 entitled ASYNCHRONOUS SWITCHING NODE AND ROUTING LOGIC MEANS FOR A SWITCHING ELEMENT USED THEREIN with all Foundry L2 Devices including AccessIron, EdgeIron, FastIron Edge, FastIron Edge X Series, BigIron, BigIron MG8, BigIron RX Series – See attachment "Model Numbers" for additional detail

| | outgoing ports in the inlet port's VLAN. |
|---|---|
| and includes selection means (MX; MX'; SEL) to select said selected route from said at least one preselected set. | Per Configuration Guide, "A trunk group is a set of physical ports that are configured to act as a single physical interface. Each trunk group's port configuration is based on the configuration of the lead port, which is the lowest numbered port in the group. If you add a trunk group's lead port to a VLAN, all of the ports in the trunk group become members of that VLAN." At FN A 00135747 . "For switch trunk groups, load sharing occurs as follows: .... To select a port, the device determines the port in the trunk group that has the fewest number of flows. Traffic for the destination address is sent over the selected port." At FN A 00135639. Note: When a trunk group is part of a flooded VLAN, the device selects the outgoing port from among its pre-selected member ports. |

Comparison of Claim 8 & 9 of Pauwels, U.S. Patent No. 5,506,840 entitled
ASYNCHRONOUS SWITCHING NODE AND ROUTING LOGIC MEANS FOR A SWITCHING
ELEMENT USED THEREIN
with all Foundry L2 Devices including AccessIron, EdgeIron, FastIron Edge, FastIron Edge X
Series, BigIron, BigIron MG8, BigIron RX Series -- See attachment "Model Numbers" for
additional detail

| 9. Routing logic means (RL) according to claim 8, wherein said preselection means is a routing memory (RM) the memory locations (MSK) of which are addressed by a route reference number included in said internal routing label, each of said memory locations identifying routes of a distinct set. | The PRAM is a high speed memory that takes the index returned by the CAM lookup and returns to the packet classifier information on how to forward the packet: FID (destination port or ports), MAC address of next hop, VLAN ID that should be attached to the packet as it goes out a given interface, etc. The information retrieved by the PRAM is used to build the internal Foundry header that gets attached to the packet. This information is used by other modules of the hardware to determine how to forward the packet. From White Paper "JetCore Based Chassis Systems – An Architecture Brief "...At FN A 00163060 "BY MR. GREENSPOON: Q  What is the mechanism in JetCore for sending a packet to multiple ports on a different module? THE WITNESS: So what we do is that the destination will include multiple ports in the port mask Q  By port mask you're talking about a certain portion of the FID? A  So the FID basically is a index to an area which is representative of the ports and that's what I mean by port mask. ... Q  So the FID is an index into a table like a hardware table which then would output the port mask? A  It's an index into a into the memory which will give out the port mask ... Q  So how many bits wide is the FID? A  FID is 16 bit quantity.  ... Q  So instead the FID itself is used as an index and then the output of the index does or contains the port map? A  Yes, FID is an index to aid in the memory which will give more details of the ports that it's going to be sent out on. Q  What is the name of that area in memory? A  It's called FID RAM." – Deposition of Nitin Jain, 1/23/2006 Note: The FID RAM is the routing memory The FID is the route reference number. |

# EXHIBIT N



# ORRICK

ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 MARSH ROAD
MENLO PARK, CA 94025

*tel* 650-614-7400
*fax* 650-614-7401

WWW.ORRICK.COM

August 18, 2006

Matthew H. Poppe
(650) 614-7431
mpoppe@orrick.com

*VIA FACSIMILE*

Robert P. Greenspoon, Esq.
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, Illinois  60602-4515

Re:   Alcatel U.S.A. Resources, Inc. et al. v. Foundry Networks, Inc.
      U.S.D.C. Delaware, Civil Action No. 05-418-SLR

Dear Rob:

This letter will confirm that Foundry discontinued the AccessIron product line.  Accordingly, based on your August 16 letter, we understand that AccessIron products are no longer accused by Alcatel of infringing the Phase I patents.

Very truly yours,

Matthew H. Poppe

cc:   Timothy J. Haller, Esq. (via facsimile)
      Sally Wiggins, Esq. (via facsimile)
      Philip A. Rovner, Esq. (via email)

# NIRO, SCAVONE, HALLER & NIRO

RAYMOND P. NIRO
THOMAS G. SCAVONE
TIMOTHY J. HALLER
WILLIAM L. NIRO
JOSEPH N. HOSTENY, III
ROBERT A. VITALE, JR.
JOHN C. JANKA
PAUL K. VICKREY
DEAN D. NIRO
RAYMOND P. NIRO, JR.
PATRICK F. SOLON
ARTHUR A. GASEY
CHRISTOPHER J. LEE
DAVID J. SHEIKH
VASILIOS D. DOSSAS

181 WEST MADISON STREET-SUITE 4600

CHICAGO, ILLINOIS 60602-4515

TELEPHONE (312) 236-0733

FACSIMILE (312) 236-3137

ROBERT P. GREENSPOON
SALLY WIGGINS
RICHARD B. MEGLEY, JR.
MATTHEW G. McANDREWS
PAUL C. GIBBONS
WILLIAM W. FLACHSBART
BRADY J. FULTON
GREGORY P. CASIMER
DOUGLAS M. HALL
DINA M. HAYES
FREDERICK C. LANEY
DAVID J. MAHALEK
KARA L. SZPONDOWSKI
ROBERT A. CONLEY
ERIC J. MEERSMANN

August 16, 2006

## Via Facsimile (650) 614-7401

Matthew Poppe
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

Re:  Alcatel v. Foundry Networks

Dear Matt:

On review of FN A_00389464, we see that the Foundry AccessIron product line (a minor one in any case) has been discontinued.  If this is true, we will remove it as an "Accused Product" for the Phase I patents, and tailor our upcoming presentation to Judge Robinson accordingly.  Please inform us if our interpretation of the document is not correct.

Very truly yours,

Robert Greenspoon

# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,                )
    a Delaware Corporation, and            )
ALCATEL INTERNETWORKING, INC.,              )
    a California Corporation,               )
                                )
           Plaintiffs,                    )      Civil Action No. 1:05 CV 418
                              )
           v.                             )
                              )
FOUNDRY NETWORKS, INC.,                     )
    a Delaware Corporation,                 )
                              )
           Defendant.                     )

## PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS TO FOUNDRY NETWORKS, INC. (NOS. 47-124)

Pursuant to Fed.R.Civ.P. 34, Alcatel USA Resources, Inc. and Alcatel Internetworking Inc. (collectively "Alcatel"), request that Foundry Networks, Inc. ("Foundry") produce the documents and things described in the following requests within 30 days after service thereof.

## INSTRUCTIONS AND DEFINITIONS

Alcatel requests that Foundry separately produce the documents and things described in these requests within 30 days after service, in accordance with the provisions of Rule 34, Fed.R.Civ.P. Alcatel will examine the documents at the offices of their counsel, or any other mutually agreeable location in the United States where suitable examination and photocopying facilities exist or can be arranged. By accepting photocopies, Alcatel is not waiving the right to examine originals where necessary.

Where Foundry withholds a document for reasons of attorney-client privilege, work-product immunity, trade secret status, confidentiality, or the like, Alcatel requests that it be served with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors and any recipients; the date, the basis for withholding, and a description of the document and its subject matter sufficient to allow Alcatel to contest the claim.

In cases where Foundry believes there is no responsive document, or where it is maintained for a different period or fiscal year, Alcatel asks that Foundry produce the best available documents from which the information sought by the request may be derived. (In the case of financial information, it is usually possible to derive the desired information if it is not already available). In that regard, Alcatel is willing to accept such information through computer diskettes or similar media, so long as Alcatel is provided the information necessary to read the data.

Alcatel also requests that Foundry provides the requested information in compiled form where possible, so long as the compilation or summary contains the same information as the underlying documents.

These requests are intended to seek documents and things as broadly as those words are defined by Fed.R.Civ.P. 34 and applicable case law, specifically including information in computer-readable format, including but not limited to, any electronic media, mass storage devices such as floppy diskettes and hard disks.

"Relevant" is used in the sense of Fed.R.Civ.P. 26 and Fed.R.Evid. 401-02 and includes any information or material which Foundry intends to use in support of their allegations or defenses, which tend to prove or disprove any allegations by Alcatel, which Foundry anticipates using at trial or which is reasonable calculated to lead to the discovery of admissible information.

"Person" refers to both natural persons and to corporate or other business entities (including Foundry), whether or not in the employ of Foundry, and the "acts" of a person (including Foundry) are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

To "identify a person" means to state the person's name and business address and, in the case of a natural person, his home address, employer, present occupation and job title.

To "identify" or "locate" documents means to provide a brief description of each document sufficient to support a request for production, including at least the type of document, its subject matter, date, author, recipient and where the document is located.

"Alcatel" means, individually and collectively, Alcatel USA Resources, Inc. and Alcatel Internetworking Inc U.S.), all divisions or subsidiaries, entities owned or controlled by it, affiliates, predecessors or successors in interest, or any of its officers, directors, agents and employees.

"Foundry" means, individually and collectively, Foundry Networks, Inc., all divisions or subsidiaries, entities owned or controlled by them, affiliates,

3

predecessors or successors in interest, or any of their officers, directors, agents and employees.

The term "Accused Products" includes any product, regardless of marketing name or hardware-platform-type, made, sold or offered for sale by or on behalf of Foundry which contains one or more of the following features/characteristics/capabilities:

    (a)    port authentication conforming to 802.1X standards, or port authentication based on MAC address content, or the opening of ports to network traffic based on EAP messages;

    (b)    storage of packet contents within a buffer pool at a location corresponding to a buffer number, where the buffer number is assigned to the appropriate queue(s) of the destination port(s);

    (c)    URL hashing;

    (d)    VLAN broadcasts (a.k.a. VLAN floods) where one or more of the destination ports of the VLAN is part of a trunk group;

    (e)    configurability of both a primary path and a redundant path for a Label Switched Path (LSP) in a device which processes MPLS packets.

"Accused products" includes, but is not limited to, the following list of named Foundry devices: All IronCore, JetCore and Terathon products, including BigIron 400, 800, 1500, 4000, 8000, 15000, RX4, RX8, RX16, MG8; FastIron 400, 800, 1500; FastIron II, FastIron II Plus, FastIron III; NetIron 400, 800, 1500, 2404, 40G, IMR640, VM1, VM2, XMR, MLX, Metrorouter; ServerIron 400, 800, XL, GT, 350, 450, 850; FastIron Edge Switch 2402, 4802, 9604, 12GCF, X, Super X,

4

Workgroup X, X424, X448, X424HF, WLAN and POE; and Edgelron 2402CF, 24G, 4802CF, 8x10G, 24GS and 48GS. Additional named Foundry devices may be added to this list, since Alcatel intends to use discovery to learn the full extent of the infringement.

The term "the Four Alcatel Patents-In-Suit" means, individually and collectively, the following United States patents: United States Patent No. United States Patents selected by Alcatel as part of Phase One, United States Patent No. 5,301,192 (the '192 Patent"), United States Patent No. 5,506,840 ("the '840 Patent"), United States Patent No. 6,697,329 ("the '329 patent") and United States Patent No. 6,874,090 ("the '090 patent").

Unless otherwise specified, each request is to be construed as limited in time to the period beginning six years before the filing of the Complaint, although Foundry is allowed to voluntarily exceed that time limitation in its production of documents.

## REQUESTS

47.   All documents exchanged between Foundry and Carmel Connection Inc. pertaining to United States Patent Number 6,118,864.

48.   All documents pertaining to any license or agreement granted under United States Patent Number 6,118,864.

49.   For all licenses for which documents were produced in response to document request no. 48 above, all documents exchanged between Foundry and the licensee or licensor.

50.    All documents pertaining to Foundry's acquisition or purchase of United States Patent No. 6,118,864 including but not limited to documents revealing any due diligence conducted or valuation of said '864 patent or negotiations leading up to the acquisition or purchase of United States Patent 6,118,864.

51.    All documents relating to any negotiations, licensing or settlement agreement entered into between Foundry and IBM involving United States Patent 6,118,864.

52.    All documents pertaining to other litigations wherein United States Patent 6,118,864 was asserted.

53.    All documents regarding Alcatel.

54.    All documents relating to any negotiations, licensing or settlement between Foundry and Nortel involving United States Patent 6,118,864.

55.    All documents relating to any negotiations, licensing or settlement between Foundry and Lucent involving United States Patent 6,118,864.

56.    All documents relating to any negotiations, licensing or settlement between Foundry and any other entity not identified above involving United States Patent 6,118,864.

57.    All documents pertaining to United States Patent 6,118,864.

58.    All documents pertaining to any agreements entered into or negotiated between Foundry and any inventor of United States Patent 6,118,864.

59.    Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

    –    In MPLS compatible devices: constrained shortest path first processes, traffic-engineered paths between ingress and egress LERs, user/operator selected paths, conditions governing the pushing and popping of MPLS labels, the content of MPLS labels.

60.    Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

    –    In Layer 2/Layer 3 switches: user and/or port authentication under the 802.1x standard, user and/or port authentication other than under the 802.1x standard, EAPOL, EAP authenticated protocols, dynamic assignment of authenticated ports to particular VLANs, use of the MAC address as the username/password to authenticate a user/port in a supplicant-Foundry device-RADIUS server configuration.

61.    Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

    –    In Layer 4/7 switches: URL hashing, URL switching, server load balancing, URL request-directing.

62.    Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

    –    In Layer 2/Layer 3 switches: the structure and functionality of all ASICs or FPGAs involved in packet processing and forwarding.

63.  Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

-   In Layer 2/Layer 3 switches: the functionality of all CPU/management module routines involved in packet processing and forwarding.

64.  Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

-   In Layer 2/Layer 3 switches: packet examination, classification and destination assignment; packet queuing, scheduling and forwarding; QoS configuration and processing; VLAN configuration and processing; conditions for dropping traffic/packets; multicasting and/or processes for forwarding packets to ports on a different module/blade within the same chassis.

65.  Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

-   In Layer 2/Layer 3 switches: the IronCore architecture, and the functionality of each ASIC therein.

66.  Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

-   In Layer 2/Layer 3 switches: the JetCore architecture, and the functionality of each ASIC therein.

67.  Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

8

– In Layer 2/Layer 3 switches: the Terathon architecture, and the functionality of each FPGA therein.

68.    Documents describing the structure, function and operation of each of the following features, regardless of which Foundry device performs or has the feature:

– In Layer 2/Layer 3 switches: all CPU / management module processes / routines and how they interact with the hardware ASIC / FPGA structures to switch/route packets.

69.    Documents sufficient to determine what marketing name Foundry gives to any device it sells containing any feature or set of features of the Accused Products or which Alcatel has identified as infringing any Alcatel patent.

70.    Documents sufficient to determine what marketing name Foundry gives to any device it sells containing any feature referred to in Document Request Nos. 59 to 69, above.

71.    Documents responsive to any of Alcatel's First Set of Document Requests, Nos. 1 to 46, but which have not yet been produced to Alcatel by Foundry.

72.    All documents relating to or tending to show a reasonable royalty for each of the Four Alcatel Patents-In-Suit.

73.    All documents relating to or tending to show royalty rates received by Foundry for licensing other patents that are directed to data networking products, related systems, methods, or services.

74.    All documents to be identified in Foundry's responses to Alcatel's Interrogatories, all documents consulted in the formulation of Foundry's

responses thereto and all documents pertaining to the subject matter of Alcatel's Interrogatories.

75.    Documents sufficient to show the past and present organizational and operational structure of Foundry, including all divisions or subsidiaries, entities owned or controlled by Foundry, affiliates, predecessors or successors in interest, whether in the United States or anywhere else in the world, and the identity of any officers.

76.    The design and development history of each of the Accused Products manufactured, used, sold, offered for sale or imported into the United States by Foundry, including without limitation, documents sufficient to identify the persons involved in the design, development, manufacture, sale or offer sale of each Accused Products.

77.    All documents and things showing the features, advantages or benefits of using each Accused Product designed, manufactured, sold, offered for sale or imported into the United States by Foundry.

78.    All documents relating to the sale or offer to sell any Accused Product by Foundry, including without limitation, promotional, marketing, or advertising materials for any Accused Products.

79.    Annual financial reports of Foundry for the past six years.

80.    Documents sufficient to identify Foundry customers for any of the Accused Products.

81.    All documents pertaining to contacts between Foundry and its representatives, distributors and/or customers pertaining to Alcatel or any of the Four Alcatel Patents-in-Suit.

82.    All documents or things relating to Foundry's knowledge of the Four Patents-in-Suit, including but not limited to, documents sufficient to identify the date Foundry first learned of each of the patents in suit.

83.    To be produced on April 23, 2006, if Foundry elects to rely upon good faith in defense of Alcatel's claim of willful infringement, all documents pertaining to the Four Alcatel Patents-In-Suit, any studies or analyses of those patents and/or any communications between Foundry and its attorneys pertaining to those patents. Alcatel specifically requests the production of any documents containing or pertaining to legal opinions regarding the patents in suit and Foundry's right to manufacture, sell, offer for sale and/or import into the United States the Accused Products, including any legal opinions of invalidity, unenforceability, inventorship, and/or noninfringement of either of the patents in suit.

84.    To be produced on April 23, 2006, if Foundry elects to rely upon good faith in defense of Alcatel's claim of willful infringement, to the extent not requested above, all documents and things constituting or relating to communications upon which Foundry may rely to establish any defense against a claim of willful infringement, including any communications with any attorney, whether complete or incomplete.

11

85.    All validity or patentability prior art search or investigation reports relied upon, reviewed, generated, performed, commissioned, ordered, requested, received, contracted or purchased by or for Foundry in reference to the Four Alcatel Patents-In-Suit.

86.    All documents and things supporting any claim or contention that any of the  the Four Alcatel Patents-In-Suit are invalid as anticipated under 35 U.S.C. §102.

87.    All documents and things Foundry contends are prior art to any of the Four Alcatel Patents-In-Suit,  specifically including all alleged prior art upon which Foundry may rely to show the alleged obviousness or which Foundry contends is relevant to the obviousness of the patents in suit.

88.    To the extent not requested above, all documents and things supporting any claim or contention of invalidity of any of the Four Alcatel Patents-In-Suit.

89.    Documents sufficient to identify Foundry's contentions of the level of skill of a person of ordinary skill in the art of each of the Four Alcatel Patents-In-Suit.

90.    Any patents or patent applications, domestic or foreign, in which Foundry has any interest relating to any of the Accused Products.

91.    Documents sufficient to identify any other litigation involving any of the Accused Products.

92.    All documents and things produced in any litigation identified in response to Request No. 91, above.

12

93.   All documents and things that relate to any of Foundry's document retention and/or destruction policies and/or practices from 1998 to the present.

94.   All documents relating to Foundry's market share for each of the Accused Products.

95.   All documents relating to tests performed on any Accused Products, including but not limited to, documents sufficient to identify the protocol used for any test of such products and persons having knowledge of any test.

96.   All documents that describe, refer to or comment upon the structure, function, or operation of any product in public use or on sale in the United States and which Foundry asserts to be prior art to either of the Four Alcatel Patents-In-Suit.

97.   All documents that describe, refer to or comment upon any offers for sale, sales or public uses in the United States of any product (including but not limited to Foundry's Products) that is prior art to either of Foundry's United States Patent No. 6,118,864.

98.   All documents referring, relating to or constituting any patent indemnity agreement between Foundry and any customers or potential customers of Foundry involving any of the Accused Products.

99.   All documents relating to the licensing or any negotiations for the licensing of any patents relating to Foundry's United States Patent No. 6,118,864, as well as any settlement agreements reached involving the accused products.

13

100.  All documents referring, relating to or commenting upon the subject matter of the pleadings of this lawsuit.

101.  All documents supporting any claim or contention that Alcatel's claims of infringement are barred by laches or estoppel.

102.  All documents supporting any claim or contention that Foundry has not infringed, have not contributed to the infringement of, or have not induced infringement of any claims of the Four Alcatel Patents-In-Suit.

103.  All documents supporting any claim or contention that any claim of the Four Alcatel Patents-In-Suit are unenforceable.

104.  All documents that refer, relate to or comment upon the decision of Foundry to design and develop each Accused Products, including but not limited to documents indicating the dates on which such design or development started and the facts and circumstances surrounding each design.

105.  All documents created or prepared by Alcatel, or at the direction of Alcatel, that are in the possession, custody or control of Foundry, including without limitation, any competitor files relating to Alcatel or any Alcatel advertising or promotional material in the possession, custody or control of Foundry.

106.  All documents that refer, relate to or comment upon any changes, alterations or modifications to each of the Accused Products, including documents describing the reason for each such change, alteration or modification.

107.  All documents that refer, relate to or comment upon sales and profitability information for each of the Accused Product for six years before the filing of this lawsuit to the present.

108.  All documents that refer, relate to or comment upon sales and profitability information for Foundry on each of the Accused Products for six years before the filing of this lawsuit to the present.

109.  All documents that refer, relate to or comment upon all costs associated with the manufacture and sale of each Accused Products, including but not limited to labor, materials, capital costs, operating expenses (including sales, marketing, distribution and general and administrative expenses) and overhead.

110.  All documents that refer, relate to or comment upon any alleged improvements and/or modifications to the design on any of the Accused Products, including but not limited to any testing, testing protocol and test results.

111.  All documents that refer, relate to or comment upon or would be relevant to the determination of a reasonable royalty in a hypothetical negotiation between Alcatel and Foundry for the licensing of the Four Alcatel Patents-In-Suit, including what would constitute a reasonable royalty rate and the royalty base.

112.  Documents sufficient to identify the total number of units sold and revenue realized by Foundry on sales of the Accused Products for the six years prior to the filing of this lawsuit to the present.

113.  Documents sufficient to identify how the total revenue requested in Request No. 112, above was calculated.

114. Documents sufficient to identify the gross margin or gross profit realized by Foundry on sales of the Accused Products for the six years prior to the filing of this lawsuit to the present.

115. Documents sufficient to identify how the gross margin or gross profit requested in Request No. 114, above was calculated.

116. For the six years prior to the filing of this lawsuit to the present, documents sufficient to identify the net margin or net profit realized by Foundry on sales of each of the Accused Products charged with infringing The Four Alcatel Patents-in-Suit.

117. Documents sufficient to identify how the net margin or net profit requested in Request No. 116, above was calculated.

118. To the extent not requested above, documents sufficient to identify what costs are deducted from total revenue to calculate gross margin or gross profit.

119. To the extent not previously requested, engineering reports, strategic plans, business plans, business strategy reports, board of directors minutes, and/or development timelines that refer or relate to the Accused Products or this lawsuit.

120. Documents relating to the interpretation, scope and meaning of the claims of the Four Alcatel Patents-In-Suit or U.S. Patent No. 6,118,864.

121. To be produced on April 23, 2006, if Foundry elects to rely upon good faith in response to Alcatel's claim of willful infringement, any opinions and

supporting documents regarding the interpretation, scope and meaning of the claims of the patents in suit.

122.   All documents on which Foundry intends to rely at trial, Markman or summary judgment.

123.   All documents relating, referring or commenting upon strategic plans, visions, goals and/or objectives in making, selling, offering for sale and/or importing each of the Accused Products.

124.   Documents sufficient to identify any predecessors (merged, acquired or otherwise) successors, subsidiaries, parents, sisters, partnerships, or affiliates of Foundry.

Respectfully Submitted,

Alcatel USA Resources, Inc. and
Alcatel Internetworking, Inc.

Timothy J. Haller
Robert P. Greenspoon
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733
haller@nshn.com

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St., Wilmington, DE 19801
phone 302 571-6600
jingersoll@ycst.com

Attorneys for Plaintiffs

17

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS' SECOND SET OF DOCUMENT REQUESTS TO FOUNDRY NETWORKS, INC. (NOS. 47-124)** was served upon the below-listed counsel of record as indicated:

### Via Hand Delivery and Fax:

Philip A. Rovner, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 658-1192 - FAX

### Via U.S. Mail and Fax

William L. Anthony, Esquire
Matthew Poppe, Esquire
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7401 – FAX

**Attorneys for Foundry Networks, Inc.**

on February 23, 2006.

# EXHIBIT P

FROM YOUNG CONAWAY STARGATT & TAYLOR, LLP          (WED)10. 5'05 17:23/ST. 17:23/NO. 4261128086 P  2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., ) | |
| a Delaware Corporation, and ) | |
| ALCATEL INTERNETWORKING, INC., ) | |
| a California Corporation, ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 1:05 CV 418 ˉ |
| ) | |
| v. ) | |
| ) | |
| FOUNDRY NETWORKS, INC., ) | |
| a Delaware Corporation, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO FOUNDRY NETWORKS, INC.

Plaintiff, Alcatel USA Resources, Inc. ("Alcatel"), respectfully requests defendant Foundry Networks, Inc. ("Defendant" or "Foundry") to produce documents and things under Fed. R. Civ. P. 34 as follows.

Alcatel requests that Defendant separately produce the documents and things described in these requests within 30 days after service, in accordance with the provisions of Rule 34, Fed.R.Civ.P. Alcatel will examine the documents at the offices of their counsel, or any other mutually agreeable location in the United States where suitable examination and photocopying facilities exist or can be arranged. By accepting photocopies, Alcatel is not waiving the right to examine originals where necessary.

Where Defendant withholds a document for reasons of attorney-client privilege, work-product immunity, or the like, Alcatel requests that it be served

with a list of such documents prepared in accordance with applicable case law, including at least the names and titles or functions of the authors and any recipients; the date; the basis for withholding; and a description of the document and its subject matter sufficient to allow Alcatel to contest the claim.

These requests are intended to seek documents and things as broadly as those words are defined by Fed.R.Civ.P. 34 and applicable case law, specifically including physical samples, drawings and information in computer-readable format, including but not limited to mass storage devices such as floppy diskettes and hard disks. Where the word "relevant" is used, Alcatel means documents and things which are relevant in the sense of Fed.R.Civ.P. 26 or Fed.R.Evid. 401-402; or which Defendant intends to use to support its allegations or defenses; or which may be used to refute such allegations or defenses.

## INSTRUCTIONS AND DEFINITIONS

1.    The term "Alcatel" means plaintiff, Alcatel USA Resources, Inc.

2.    The term "Defendant" means Foundry Networks, Inc. or any of its officers, directors, agents, employees, successors, predecessors, subsidiaries, parents, divisions, or affiliates.

3.    The term "person" refers to both natural persons and to corporate or other business entities (including Defendant), whether or not in the employ of Defendant, and the "acts" of a person (including Defendant) are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the person's behalf.

2

FROM YOUNG CONAWAY STARGATT & TAYLOR, LLP    (WED)10. 5'05 17:24/ST.17:23/NO.4261128086 P 4

4.    To "identify" a person means to state the person's name and business address and telephone number and, additionally, in the case of a natural person, his home address, employer, present occupation, job title and telephone number.

5.    "Document" means the broadest definition of document under the Federal Rules of Civil Procedure and the cases interpreting those rules, and specifically includes physical objects and information in the form of data compilations or information in computer-readable formats.

6.    To "identify" documents means to provide a brief description of each document sufficient to support a request for production, including at least the type of document, date of the document, identification of the author, as well as identification of each person who presently has custody of the document and of any copy thereof.

7.    Unless otherwise specified, each request is to be construed as limited in time to the period beginning six years before the filing of the Complaint, although Defendant is allowed to voluntarily exceed that time limitation in its production of documents.

## REQUESTS

1.    All documents related to the structure and operation of the following features of Foundry's ServerIron (including BigServerIron), NetIron (including with the MPLS module), BigIron (including BigServerIron), FastIron, EdgeIron, and any other Foundry product including all versions and revisions of hardware and software components supported therein since 1999:

FROM YOUNG CONAWAY STARGATT & TAYLOR, LLP    (WED)10. 5'05 17:24/ST. 17:23/NO. 4261128086 P 5

(a)    Constrained Shortest Path First (CSPF) processes;

(b)    traffic-engineered paths between ingress and egress LERs;

(c)    802.1X compliant port security;

(d)    the encapsulated form of EAP known as EAP over LAN (EAPOL);

(e)    EAP authentication protocols;

(f)    processes for attaching and popping labels, including for MPLS packets;

(g)    packet examination, classification and destination assignment;

(h)    switch fabrics and/or backplanes;

(i)    packet queuing, scheduling and forwarding;

(j)    IronCore;

(k)    JetCore;

(l)    Quality of Service (QoS) configuration and processing;

(m)    VLAN configuration and processing;

(n)    URL hashing, load balancing and URL request-directing;

(o)    priority queuing and conditions for dropping traffic;

(p)    multicasting;

(o)    operator-selected paths;

(q)    forwarding address replacement; and

(r)    any other relevant features of the accused Foundry products.

2.    All manuals and/or guides (including, without limitation, service manuals, user manuals, developer manuals, configuration manuals, etc.) for all versions and revisions of the Foundry ServerIron (including BigServerIron)

4

including all versions and revisions of hardware and software components supported therein since 1999.

    3.    All schematics (including, without limitation, assembly schematics, board level schematics, ASIC schematics, data flow schematics, etc.) for all versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

    4.    All source code, in machine readable keyword searchable form and with comments intact, for all versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

    5.    All software architecture documents (including, without limitation, flowcharts, flow diagrams, etc.) for all versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

    6.    All white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, describing any aspect of all versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

    7.    All engineering change orders for all versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

8.    All presentations (via PowerPoint, whitepaper or otherwise) to management or directors concerning the feature set to include in any of the versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

9.    All patents or published patent applications naming any Alcatel entity as assignee contained in the files of any engineer or technician who has designed or deployed any feature of any of the versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

10.    All third party patents, published patent applications, white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, used in designing or engineering any aspect of all versions and revisions of the Foundry ServerIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

11.    All manuals and/or guides (including, without limitation, service manuals, user manuals, developer manuals, configuration manuals, etc.) for all versions and revisions of the Foundry NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

12.    All schematics (including, without limitation, assembly schematics, board level schematics, ASIC schematics, data flow schematics, etc.) for all

6

versions and revisions of the Foundry NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

13.    All source code, in machine readable keyword searchable form and with comments intact, for all versions and revisions of the Foundry NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

14.    All software architecture documents (including, without limitation, flowcharts, flow diagrams, etc.) for all versions and revisions of the Foundry NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

15.    All white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, describing any aspect of all versions and revisions of the Foundry NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

16.    All engineering change orders for all versions and revisions of the Foundry NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

17.    All presentations (via PowerPoint, whitepaper or otherwise) to management or directors concerning the feature set to include in any of the versions and revisions of the Foundry NetIron (including NetIron with MPLS

7

module) including all versions and revisions of hardware and software components supported therein since 1999.

18.    All patents or published patent applications naming any Alcatel entity as assignee contained in the files of any engineer or technician who has designed or deployed any feature of any of the versions and revisions of the Foundry NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

19.    All third party patents, published patent applications, white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, used in designing or engineering any aspect of all versions and revisions of the NetIron (including NetIron with MPLS module) including all versions and revisions of hardware and software components supported therein since 1999.

20.    All manuals and/or guides (including, without limitation, service manuals, user manuals, developer manuals, configuration manuals, etc.) for all versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

21.    All schematics (including, without limitation, assembly schematics, board level schematics, ASIC schematics, data flow schematics, etc.) for all versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

22.    All source code, in machine readable keyword searchable form and with comments intact, for all versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

23.    All software architecture documents (including, without limitation, flowcharts, flow diagrams, etc.) for all versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

24.    All white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, describing any aspect of all versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

25.    All engineering change orders for all versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

26.    All presentations (via PowerPoint, whitepaper or otherwise) to management or directors concerning the feature set to include in any of the versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

27.    All patents or published patent applications naming any Alcatel entity as assignee contained in the files of any engineer or technician who has

9

designed or deployed any feature of any of the versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

28.     All third party patents, published patent applications, white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, used in designing or engineering any aspect of all versions and revisions of the Foundry BigIron (including BigServerIron) including all versions and revisions of hardware and software components supported therein since 1999.

29.     All manuals and/or guides (including, without limitation, service manuals, user manuals, developer manuals, configuration manuals, etc.) for all versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

30.     All schematics (including, without limitation, assembly schematics, board level schematics, ASIC schematics, data flow schematics, etc.) for all versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

31.     All source code, in machine readable keyword searchable form and with comments intact, for all versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

32.     All software architecture documents (including, without limitation, flowcharts, flow diagrams, etc.) for all versions and revisions of the Foundry

FastIron including all versions and revisions of hardware and software components supported therein since 1999.

33.    All white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, describing any aspect of all versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

34.    All engineering change orders for all versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

35.    All presentations (via PowerPoint, whitepaper or otherwise) to management or directors concerning the feature set to include in any of the versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

36.    All patents or published patent applications naming any Alcatel entity as assignee contained in the files of any engineer or technician who has designed or deployed any feature of any of the versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

37.    All third party patents, published patent applications, white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, used in designing or engineering any aspect of all

11

versions and revisions of the Foundry FastIron including all versions and revisions of hardware and software components supported therein since 1999.

38.    All manuals and/or guides (including, without limitation, service manuals, user manuals, developer manuals, configuration manuals, etc.) for all versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

39.    All schematics (including, without limitation, assembly schematics, board level schematics, ASIC schematics, data flow schematics, etc.) for all versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

40.    All source code, in machine readable keyword searchable form and with comments intact, for all versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

41.    All software architecture documents (including, without limitation, flowcharts, flow diagrams, etc.) for all versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

42.    All white papers, specifications, application notes, brochures, marketing documents, Internet web-site pages and the like, describing any aspect of all versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

43.   All engineering change orders for all versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

44.   All presentations (via PowerPoint, whitepaper or otherwise) to management or directors concerning the feature set to include in any of the versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

45.   All patents or published patent applications naming any Alcatel entity as assignee contained in the files of any engineer or technician who has designed or deployed any feature of any of the versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

13

YOUNG CONAWAY STARGATT & TAYLOR, LLP    (WED) 10. 5' 05 17:27/ST. 17:23/NO. 4261128086 P 15

46.    All third party patents, published patent applications, white papers, specifications, application notes, brochures, marketing documents, Internet website pages and the like, used in designing or engineering any aspect of all versions and revisions of the Foundry EdgeIron including all versions and revisions of hardware and software components supported therein since 1999.

Respectfully Submitted,

Alcatel USA Resources, Inc.

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St., Wilmington, DE 19801
phone 302 571-6600

jingersoll@ycst.com

Timothy J. Haller
Robert P. Greenspoon
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733

haller@nshn.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO FOUNDRY NETWORKS, INC.** was served upon the below-listed counsel of record as indicated:

### *Via Hand Delivery and Fax*:

Philip A. Rovner, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 658-1192 - FAX

### *Via U.S. Mail and Fax*

William L. Anthony, Esquire
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7401 - FAX

**Attorneys for Foundry Networks, Inc.**

on October 5, 2005.

*Karen L. Keller (#4489)*