IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC. a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | Civil Action No. 05-418-SLR |
| v. | ) | |
| | ) | (JURY TRIAL DEMANDED) |
| FOUNDRY NETWORKS, INC., a Delaware Corporation, | ) ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45, a

subpoena, attached hereto as Exhibit 1, will be served on Ware, Fressola, Van Der Sluys &

Adolphson LLP, care of Niro, Scavone, Haller & Niro, 181 West Madison Street, Suite 4600,

Chicago, IL 60602-4515.

OF COUNSEL:

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California  94025
(650) 614-7400

K.T. Cherian
Constance Ramos
Howrey LLP
525 Market Street
Suite 3600
San Francisco, California 94105
(415) 848-4930

Dated:  September 7, 2006

749240

POTTER ANDERSON & CORROON LLP


By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware  19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Defendant/Counterclaimant
Foundry Networks, Inc.*

# EXHIBIT 1

AO88 (Rev 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF NEW YORK

ALCATEL USA RESOURCES, INC., et al.

V.

FOUNDRY NETWORKS, INC.

**SUBPOENA IN A CIVIL CASE**
U.S. District Court for the District of Delaware

Case Number: 05-418-SLR

TO:    **WARE, FRESSOLA, VAN DER SLUYS & ADOLPHSON LLP**
**Bradford Green, Building Five**
**755 Main Street, P.O. Box 224**
**Monroe, CT 06468**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **SEE ATTACHED SCHEDULE "A" FOR DEPOSITION TOPICS.**

| PLACE OF DEPOSITION<br>Orrick, Herrington & Sutcliffe LLP<br>666 Fifth Avenue<br>New York, NY 10103 | DATE AND TIME<br><br>September 21, 2006<br>9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Defendant | September 7, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Siddhartha M. Venkatesan
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road, Menlo Park, CA 94025
(650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

|  | DATE | | TIME |
|---|---|---|---|
| SERVED | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2)  (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)  (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    "WARE FRESSOLA" means Ware, Fressola, Van Der Sluys & Adolphson LLP.

2.    "ALCATEL" shall mean Alcatel USA Resources, Inc., and Alcatel
Internetworking, Inc., including without limitation any divisions, departments, parents,
predecessors (whether acquired by acquisition, merger, consolidation or other means),
successors, subsidiaries (whether wholly or partially owned), affiliates, entities under common
control, joint ventures, and other organizations or operating units, and each of their present and
former officers, directors, agents, controlling shareholder[s] or employees and all persons
(natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

3.    The term "PATENTS" means the following patents and patent applications, as
well as, ALL patents, patent applications, continuation applications, continuation in part
applications, and divisional applications, whether published or unpublished, U.S. or foreign, that
cite the following patents and patent applications, incorporate them by reference or otherwise,
claim priority from or are used as a basis for the priority date for these patent applications:

| Application No. | Patent No. | Filing Date |
|---|---|---|
| 07/918,450 | U.S. 5,309,430 | 07-22-1992 |
| 08/123,513 | U.S. 5,491,728 | 09-17-1993 |
| 08/156,021 | U.S. 5,506,840 | 11-19-1993 |

4.    The term "DOCUMENTS" means all papers and other tangible items or material
upon which information is recorded or from which information may be obtained by visual
inspection or other means.   This definition includes copies, reproductions, facsimiles of
documents, and electronic data sources such as electronic versions of documents including all
metadata, computer data compilation, electronic mail messages, and voice mail messages.   If

copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

5.    The term "RELATING" means concerning, embodying, containing, comprising, constituting, indicating, referring to, identifying, describing, discussing, involving, supporting, reflecting, evidencing, or otherwise in any way pertaining directly or indirectly to.

6.    The term "PERSONS" means any natural persons or any business, legal, or governmental entities or associations.

7.    The terms "ANY," "ALL," or "EACH" shall be construed as "any, all and each" inclusively.

8.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.    The use of the singular form of any word shall include the plural and vice versa.

## TESTIMONIAL TOPICS

Pursuant to Federal Rule of Civil Procedure 30(b)(6), WARE FRESSOLA'S designee(s) shall be prepared to testify regarding the following subjects:

1.    The prosecution of EACH of the PATENTS.

2.    The identity of all individuals involved in the prosecution of EACH of the PATENTS.

3.    The date and manner of conception, reduction to practice, and disclosure of the subject matter claimed in EACH of the PATENTS.

4.    Prior art RELATING to the subject matter of the EACH of the PATENTS.

5.    Prior art searches RELATING to EACH of the PATENTS.

6.    Communications RELATING to EACH of the PATENTS, including communications by and between the attorneys prosecuting EACH of the PATENTS (including ANY agents thereof) and the named inventors, ALCATEL, the patent office, and third parties.

7.    Any opinion, study, or analysis relating to the validity, infringement, or enforceability of EACH of the PATENTS.

8.    The search, location, and identity of ALL DOCUMENTS relating to the preparation, filing, and prosecution of EACH of the PATENTS.

9.    Any opinion, study, or analysis relating to any prior art or any application.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 7, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

I hereby certify that on September 7, 2006 I have sent by E-mail foregoing document to the following non-registered participants:

Timothy J. Haller, Esq.
Robert Greenspoon, Esq.
Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL  60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com