

# Potter
# Anderson
# & Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

**Philip A. Rovner**
Partner
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Fax

September 14, 2006

**BY E-FILE**

The Honorable Sue L. Robinson
Chief Judge
United States District Court
District of Delaware
U.S. Courthouse
844 N. King Street
Wilmington, DE 19801

    Re:   *Alcatel USA Resources, Inc., et al. v. Foundry Networks, Inc.*
           D. Del., C.A. No. 05-418-SLR

Dear Chief Judge Robinson:

    At today's hearing, we will respond to the letter Alcatel submitted yesterday. In addition, because under the present schedule, today's discovery conference is Foundry's last opportunity to raise other discovery matters before the October 16 close of fact discovery, this letter lists Foundry's outstanding Count I discovery issues. We will seek to address them at the discovery conference this afternoon to the extent time permits. Foundry identified these issues to Alcatel in a meet-and-confer letter last Friday and said we would raise these issues with the Court if they were not resolved. Those issues have not been resolved; in fact, Alcatel has never even responded to that letter.

    1.     In July, third party Christie Parker & Hale LLP produced approximately 1,200 pages of material related to the prosecution of one of the Alcatel patents-in-suit, pursuant to subpoena. Foundry believes that some of the documents constitute "smoking gun" evidence of inequitable conduct. However, over a month after producing the documents, Alcatel's counsel (who represents Christie Parker) demanded them back, asserting that some were privileged documents that had been inadvertently produced. Foundry complied with the demand, but asks the Court to compel production of the withheld documents. They are not protected by the attorney-client privilege because (a) the crime/fraud exception applies and (b)

The Honorable Sue L. Robinson
September 14, 2006
Page 2

> any privilege has been waived by the prior production. *See, e.g, Union Carbide Corp. v. Dow Chemical Co.*, 619 F. Supp. 1036, 1055 (D. Del. 1985) (crime/fraud exception applies to documents showing evidence of fraud on Patent Office); *Berg Electronics, Inc. v. Molex, Inc.*, 875 F. Supp. 261, 263 (D. Del. 1995) (inadvertent production caused by negligence or recklessness waives attorney-client privilege). To date, Christie Parker has not even produced a privilege log. Nor has Alcatel produced a relevant, non-privileged product report referred to in some of the withheld documents that may constitute invalidating prior art.

2. Alcatel has noticed the deposition of Foundry's CEO, Bobby Johnson. Mr. Johnson possesses no relevant information that cannot be obtained from other sources. As a result, Alcatel may not take his deposition. *See, e.g., Thomas v. IBM*, 48 F.3d 478, 483 (10th Cir. 1995); *Lewelling v. Farmers Ins. Of Columbus, Inc.*, 879 F.2d 212, 218 (6thCir. 1989); *Salter v. The Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979). Foundry raised this issue in a September 1 letter and has received no response from Alcatel explaining why it supposedly needs to burden Alcatel's CEO with a deposition.

3. Alcatel has failed to produce the prosecution file for U.S. Patent No. 6,697,329 patent. The file apparently is in the possession of a lawyer who has moved to a Canadian firm. As a result, Foundry cannot subpoena the documents but they are within Alcatel's control.

4. Alcatel's counsel represents four inventors residing abroad whom Foundry has been unable to depose. Two days ago, Alcatel offered for the first time to make one of these inventors available for deposition on October 11, during the last week of fact discovery. The other three—Messrs. Henrion, McAllister, and Tooker—continue to resist being deposed. These inventors all signed assignment agreements agreeing to cooperate with Alcatel in connection with the patents. Accordingly, Alcatel should be compelled to enforce its rights against these inventors so that Foundry may depose them. To date, Alcatel has merely made its counsel available to them so they can claim to be represented by counsel and Foundry's counsel cannot contact them directly.

5. Alcatel limited Foundry's deposition of Leon Sangroniz, an inventor of one of the patents-in-suit, to exactly seven hours. Foundry requested more time, but was denied. Mr. Sangroniz was a key developer of the alleged invention and generated many technical documents related to the technology. The deposition could not reasonably have been concluded in seven hours. Foundry requests more time.

6. Several of Alcatel's interrogatory responses are deficient. Alcatel has not provided complete responses to interrogatories asking Alcatel to describe the conception and reduction to practice of the asserted patents; it has not identified prior art identified to Alcatel by third parties; it has not stated the date when Alcatel first learned of the accused Foundry products (as relevant to a laches

The Honorable Sue L. Robinson
September 14, 2006
Page 3

> defense); it has not described its involvement in standards body activities; it has not identified evidence that it may use to counter Foundry's obviousness defense; and it has not fully responded to an interrogatory asking about Alcatel and third party products that allegedly practice the inventions of the patents-in-suit.

7. Alcatel agreed to supplement its responses to Document Request Nos. 62, 63, 67, 92, 108, 109 and 161 in certain ways. It did so, but only on behalf of Plaintiff Alcatel USA Resources. Plaintiff Alcatel Internetworking should be ordered to supplement its responses in the same ways, as it agreed to do.

8. Alcatel's responses to several Foundry requests for admission are incomplete and/or evasive. For example, Alcatel declined to admit or deny several requests because they supposedly present "a pure issue law" whereas, in fact, they properly ask about the application of law to fact. The requests in question are Nos. 3, 5, 8, 9, and 11.

9. Alcatel's document production is deficient in many respects. Every deposition discloses new documents that have not been produced. Several inventors testified that they were not asked to search for relevant documents or were asked only immediately prior to their depositions. Such documents include (but are by no means limited to:

   - Documents related to Alcatel's relationship with Check Point, an apparent co-developer of some of the technology allegedly covered by one Alcatel patent.

   - Documents relating to license negotiations related to the '090 patent (as well as the other patents as discussed in the prior section above).

   - Emails between the inventors of Alcatel's '090 patent.

   - The inventors' engineering notebooks. Only some have been produced.

   - Source code, specifications, and other materials related to OmniSwitch products that allegedly incorporated the purported invention of Alcatel's '090 patent.

   - Documentation for "release 3.1 of the 36170 (now the Alcatel 7470)," and all its predecessors, as well as any other documents reflecting the alleged invention of the '329 patent or its incorporation into Alcatel products.

   - Documents related to Alcatel's '192 patent, including Mr. Henrion's "proposal [generated in the fourth quarter of 1988] which included buffer memory and queues as described and claimed in the '192 patent"; Mr. Henrion's "invention submission that was probably delivered to in-house attorneys in Paris"; documents related to the MPSR switch in which the purported invention of the '192 patent was allegedly to be used, and the related prototypes; an article

The Honorable Sue L. Robinson
September 14, 2006
Page 4

entitled "Switching network architecture for ATM based broadband communications," as well as all associated drafts, versions, notes, etc.; documents associated with the "multinational project team called the ATM Technology Center in Brussels"; and documents related to the alleged "embodiments" of the purported invention of the '192 patent that were sold and any related sales.

Foundry appreciates the Court's attention to these matters and respectfully requests that Alcatel be ordered to comply with discovery as discussed above.

Respectfully,

Philip A. Rovner (#3215)
provner@potteranderson.com

PAR/mes/750282
cc: Josy W. Ingersoll, Esq. – by E-file and hand delivery
    Timothy J. Haller, Esq. – by E-mail