IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware corporation, and ALCATEL INTERNETWORKING, INC., a California corporation, | ) ) ) ) ) | CONFIDENTIAL FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-418-SLR |
| FOUNDRY NETWORKS, INC., a Delaware corporation, | ) ) ) ) | (JURY TRIAL DEMANDED) **PUBLIC VERSION** |
| Defendant. | ) ) ) | |

**FOUNDRY NETWORKS, INC.'S REPLY BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

OF COUNSEL:

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California  94025
(650) 614-7400

(As to Count I only)

Dated:  September 18, 2006

Public Version – September 25, 2006

Philip A. Rovner (#3215)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P. O. Box 951
Wilmington, Delaware  19899-0951
(302) 984-6000
Email: provner@potteranderson.com

*Attorneys for Defendant/Counterclaimant
Foundry Networks, Inc.*

## TABLE OF CONTENTS

I.     Introduction.................................................................................................. 1

II.    Argument ...................................................................................................... 2

    A.    Foundry Did Not Unduly Delay Filing Its Motion, and Any Delay Has Not
          Prejudiced Alcatel...................................................................................... 2

        1.    Inequitable Conduct ............................................................................ 3

        2.    IEEE-Based Defenses and Counterclaim............................................ 5

        3.    Prosecution Laches Defense:  Alcatel Does Not Even Argue Prejudice and
              Fails to Show Undue Delay ............................................................... 10

        4.    Alcatel Does Not Attempt to Show Either Undue Delay or Prejudice With
              Respect to Foundry's Other Amendments........................................... 11

    B.    Alcatel's "Bad Faith" Argument, Which Applies Only to Foundry's IEEE-Related
          Defenses and Counterclaim, Is Meritless............................................ ................ 11

    C.    Foundry's Proposed Defenses and Counterclaim Are Not Futile......................... 14

        1.    IEEE-Related Defenses and Counterclaim ........................................ .. 14

        2.    Inequitable Conduct Defense ............................................................ 15

    D.    Foundry Would Be Prejudiced by Denial of Its Motion....................................... 17

III.   Conclusion .................................................................................................. 18

## TABLE OF AUTHORITIES

### CASES

*Crossroads System (Texas), Inc. v. Dot Hill System Corp.,*
  2006 U.S. Dist. LEXIS 36181 (W.D. Tex. May 31, 2006)............................................13

*Inline Connection Corp. v. AOL Time Warner Inc.,*
  2006 U.S. Dist. LEXIS 59616 (D. Del. Aug. 23, 2006) ............................................5, 11

*Shane v. Fauver,*
  213 F.3d 113 (3d Cir. 2000).....................................................................................17

### RULES

Fed. R. Civ. P. 9........................................................................................2, 3, 15

### MISCELLANEOUS

*Moore's Federal Practice* § 15.15[1], at pp........................................................17

## I.    **Introduction**

Alcatel makes every argument under the sun in its effort to defeat Foundry's motion for leave to amend. This shotgun approach should not be rewarded because Alcatel's opposition brief is devoid of a single meritorious argument. In summary:

Undue Delay. Foundry did not delay filing its motion. Foundry properly sought to obtain discovery before asserting fraud-based defenses and counterclaims. Foundry was unable to depose any witnesses until July 26, and the depositions Foundry has finally been able to take have revealed information that is crucial to its proposed defenses. To this day, Foundry still has been unable to take the depositions of several key witnesses. In addition, Foundry would have filed its motion earlier with respect to its IEEE-related defenses, but Alcatel delayed the meet-and-confer process. Alcatel argues otherwise, but a review of the applicable correspondence shows that it waited weeks to provide Foundry with a final answer about whether it objected to the proposed amendments.

Prejudice. Alcatel does not argue that it will be prejudiced by the amendments other than the IEEE-related allegations. All of the additional depositions it says it will need relate solely to those amendments. Thus, there is no basis to deny Foundry's motion with respect to its proposed inequitable conduct, prosecution laches, or other defenses or amendments. Furthermore, with respect to the IEEE-related allegations, Alcatel's argument rings hollow because it has long been aware of Foundry's proposed defenses, it has been actively engaged in discovery related to those defenses, the "additional" discovery it says it will need relates equally to issues that are already in the case, and Alcatel's actual desire to take those additional depositions is dubious.

1

Bad Faith. Foundry did not intentionally wait until the Court ruled on Alcatel's motion to disqualify Howrey LLP before filing its motion for leave to amend. There is no relationship between Foundry's proposed amendments and Alcatel's arguments for disqualifying Howrey. Moreover, Alcatel was aware that Foundry was reserving its right to assert IEEE-related defenses when the motion to disqualify was still pending and could have raised its "advocate-witness disqualification" argument at that time, yet it did not do so for undisclosed reasons. Finally, the advocate-witness disqualification rule does not apply because the Court has indicated that it will conduct separate trials on Count I and Count II, such that Howrey attorneys will not be before the jury simultaneously as trial counsel and witness.

Futility. Alcatel's argument about the alleged futility of Foundry's IEEE-related defenses presents questions of fact related to the interpretation of Alcatel's '090 patent, the IEEE 802.1x standard, and the IEEE's patent policy. Those questions may not be resolved in this context because they do not render Foundry's defenses untenable as a matter of law. With respect to Foundry's inequitable conduct defense, Alcatel argues only that Foundry has not stated its claim with adequate specificity under Fed. R. Civ. P. 9. Foundry disagrees. Moreover, such a curable technical defect is not a proper basis on which to deny a motion for leave to amend.

## II. Argument

### A. Foundry Did Not Unduly Delay Filing Its Motion, and Any Delay Has Not Prejudiced Alcatel

Alcatel acknowledges that the elements of delay and prejudice must be considered together. Delay without prejudice does not justify denial of a motion for leave to amend. *See* Alcatel Brf. at 11-12 (citing cases). Moreover, even if prejudice is shown, mere

delay does not justify denial of a motion unless it is shown that the delay is "undue." *Id.* Alcatel has shown neither delay nor prejudice, let alone undue delay as is required.

### 1.    Inequitable Conduct

#### a.    Alcatel Identifies No Prejudice

Alcatel argues that Foundry unduly delayed adding its proposed inequitable conduct defense, but it does not identify any prejudice that would result if Foundry were allowed to pursue that defense. *See* Alcatel Brf. at 17. All of the extra discovery Alcatel says it would need if Foundry's motion were granted relates solely to the IEEE-related defenses such as equitable estoppel. *See id.* Consequently, as delay without prejudice is insufficient to justify denial of a motion for leave to amend, Foundry's motion should be granted with respect to its inequitable conduct defense.

#### b.    Foundry Did Not Unduly Delay Seeking Leave to Add This Defense

Moreover, Foundry did *not* unduly delay seeking leave to add an inequitable conduct defense. Foundry has sought, but has been denied, key discovery related to this defense. As Foundry explained before, the defendant in a patent case should be permitted to pursue discovery before adding an inequitable conduct defense, particularly due to the heightened pleading standard that applies under Fed. R. Civ. P. 9. *See* Foundry Opening Brf. at 14-15 (citing cases). Foundry has been denied the opportunity to take depositions that are key to its inequitable conduct defense. With respect to the '192 patent, Alcatel did not announce until last week's discovery conference that the sole inventor had finally agreed, after months of discussions, to travel from France and be deposed. Poppe Reply Decl. ¶ 2; *see also* Foundry Opening Brf. at 10-11 (describing Alcatel's previous refusal to make the inventor available for deposition). With respect to the '090 patent, Foundry

began asking in May 2006 for deposition dates for the inventors, but the first deposition did not take place until July 26. *See* Foundry Opening Brf. at 9, 11; Poppe Reply Decl. ¶ 3. Only one other deposition had taken place by the time Foundry filed its motion to amend, on August 17. Poppe Reply Decl. ¶ 4. To date, Foundry is still waiting to depose two of the '090 inventors, as well as the patent prosecutors. *Id.* Foundry has acted diligently to try to schedule these depositions, but has been thwarted by Alcatel. *See* Foundry Opening Brf. at 9-11. Although Foundry filed its motion for leave to amend before completing this discovery in order to avoid losing the opportunity to do so completely, it should not be penalized for properly seeking prior discovery as encouraged by applicable case law.

Alcatel repeatedly refers to this Court's statements at a July 12 teleconference to support its argument that Foundry unduly delayed in bringing this motion. However, the Court stated only that Foundry should not delay seeking leave to file amendments that "require substantial follow-up." *See* Alcatel Brf. at 3-4 (quoting court transcript). As noted above, Alcatel has not identified any follow-up that it will need in connection with Foundry's inequitable conduct defense.

Finally, Alcatel cites a recent case in which the Magistrate Judge in this District denied a motion for leave to add an inequitable conduct defense based on undue delay. *See* Alcatel Brf. at 12-13 (citing *Inline Connection Corp. v. AOL Time Warner Inc.*, 2006 U.S. Dist. LEXIS 59616 (D. Del. Aug. 23, 2006)). The facts in that case bear no relation to those before the Court here. In *Inline Connection Corp.*, the defendant had taken the inventor's deposition in July 2003 and had all the other relevant facts in its possession by the end of 2003, yet it waited until April 2006 before seeking leave to amend. *See id.* at

\*17, \*19. By that time, the case was over four years old. *Id.* By contrast, Foundry filed the present motion when the case was only 14 months old, discovery had been open for only 7 months, and the patent prosecutors and most inventors had not yet been deposed.

### 2.    IEEE-Based Defenses and Counterclaim

Alcatel argues that Foundry knew the "outlines" of its IEEE-based defenses, such as equitable estoppel, long ago, and therefore Foundry's failure to seek leave to amend earlier constitutes undue delay. Alcatel misses the point with this argument. As noted above, defendants are discouraged from seeking to add fraud-based defenses to their pleadings based only on an understanding of the "outlines" of those defenses; rather, courts encourage defendants to pursue discovery before seeking to add such defenses. *See supra*, p. 3. In addition, Foundry approached Alcatel promptly after the July 12 teleconference to meet and confer regarding its IEEE-related defenses, but Alcatel delayed giving Foundry an answer and thus delayed Foundry's ability to file its motion. Alcatel gives a misleading account of those discussions by describing its preliminary response to Foundry's meet-and-confer effort as definitive, when in fact Alcatel invited further discussion and said it would reconsider its position. Finally, Alcatel will not be prejudiced by the amendments because it has known about Foundry's intentions for months and has been taking discovery related to Foundry's IEEE-related defenses.

### a.    There Is No Undue Delay Because Foundry Did Not Obtain Key Evidence Supporting Its IEEE-Related Defenses Until July and August of 2006

Although Foundry was aware earlier in the case that three Alcatel employees had participated in IEEE proceedings related to the 802.1x standard (which Foundry is being

sued for implementing),[1] it did not know whether there was any relationship between that participation and the patents-in-suit. Two months ago, however, Foundry learned that Alcatel has sought to have one of those individuals—Leon Sangroniz—added as a named inventor on the '090 patent-in-suit. Poppe Reply Decl. ¶ 5. Moreover, at a deposition on July 26,

REDACTED

---

[1] When at least two of these individuals participated in IEEE proceedings, they were employees of Xylan Corporation. Xylan was the original assignee of the relevant patent rights. Xylan was acquired by Alcatel in 1999 and renamed Alcatel Internetworking.

This testimony is the first direct evidence Foundry obtained showing Alcatel's awareness of a connection between its pending patent application and the activities of the IEEE 802.1x committee at the time of Alcatel's participation in committee activities. Foundry obtained even more direct evidence of this connection at another deposition just ten days ago, when Foundry deposed Michele Goodwin. Ms. Goodwin is another person whom Alcatel has sought to add as a named inventor on the '090 patent, but whom Alcatel had not previously disclosed as having knowledge related to the 802.1x committee. At her deposition,

REDACTED

Although Foundry was aware of the "outlines" of its potential IEEE-related defenses before July 2006, it lacked this evidence of Alcatel's knowledge and intent. As a result, Foundry cannot be justly accused of undue delay in connection with filing this motion.

### b.    There Is No Undue Delay Because Alcatel Delayed the Meet-and-Confer Process

Foundry noted in its opening brief that it sent Alcatel a proposed amended answer containing its IEEE-related defenses and counterclaim within a week after the July 12 teleconference, but Foundry did not receive Alcatel's objection to the pleading until a week before Foundry filed this motion. *See* Foundry Opening Brf. at 2. Alcatel argues in response that it told Foundry its position on the amended pleading on July 27, just three days after receiving it. *See* Alcatel Brf. at 16. Alcatel's argument is misleading. Alcatel fails to acknowledge the preliminary nature of its initial response, which invited further discussion. *See* Poppe Decl., Ex. B. For example, Alcatel's July 27 letter states:

- "It will be most helpful if you please email me a redline/strikeout version comparing the proposed pleading with the current one. We'll respond formally once we have had a chance to compare."

- "[A]s presently advised, the pleading is futile. . . . We invite you to provide further clarification if you feel the pleading is not futile."

Four days later, on July 31, Foundry responded to Alcatel's letter and attached the redline version of the proposed amended pleading as requested. *See id.*, Ex. C. Alcatel did not respond further until August 16. *See id.*, Ex. D. Alcatel cannot fairly accuse Foundry of undue delay when Foundry was merely trying to engage in a good faith meet-and-confer process as required by the Court's local rules.

### c.    Alcatel Will Not Be Prejudiced by the Amendments

Alcatel has been actively engaging in discovery related to Foundry's IEEE-related defenses and counterclaim, and thus will not be prejudiced by those additions. As noted

in Foundry's opening papers, Alcatel has already served contention interrogatories on Foundry's proposed equitable estoppel defense and Foundry had already responded by the time it filed this motion. *See* Foundry Opening Brf. at 8, 14. Foundry also noted that Alcatel had not taken depositions yet, and thus had not lost the opportunity to question deponents about IEEE-related issues. *See id.* Last week, Alcatel took its first deposition, the witness being a Foundry Vice President. Poppe Reply Decl. ¶ 8. Not surprisingly, Alcatel's counsel spent a substantial amount of time questioning the witness about IEEE practices and procedures. *Id.*

Alcatel claims that there are additional witnesses it would want to depose if the IEEE-related defenses were added. *See* Alcatel Brf. at 17. Two categories of witnesses it identifies are experts. *See id.* Expert reports and discovery have not yet commenced, so Alcatel cannot claim prejudice in this regard. Regarding the other witnesses, Foundry questions Alcatel's sincerity in saying it wants to depose them. All of the evidence related to Foundry's proposed IEEE-related defenses and counterclaim is equally relevant to calculating a reasonable royalty for alleged infringement of Alcatel's '090 patent—an issue already in the case based on the existing pleadings—and Alcatel has not previously indicated any plan to depose any of the identified witnesses. Foundry does not see how Alcatel would expect to do so, given that the scheduling order gives each side 137.5 hours for depositions and Alcatel claims to want to depose at least 30 other witnesses. *See id.* Furthermore, Alcatel's opinion counsel apparently saw no need to approach any of the witnesses identified by Alcatel in rendering an after-the-fact written opinion that Alcatel had not violated its duties to the IEEE in failing to tell the IEEE about the '090

patent's parent. *See* Alcatel Brf., Ex. B. Thus, Alcatel's list of extra depositions it supposedly would like to take does not show prejudice.[2]

### 3. Prosecution Laches Defense: Alcatel Does Not Even Argue Prejudice and Fails to Show Undue Delay

Alcatel also argues that Foundry unduly delayed seeking to add a prosecution laches defense. Once again, Alcatel identifies no prejudice that it supposedly would face were Foundry's motion to be granted. *See* Alcatel Brf. at 17; *see also supra*, p. 3. Whether Foundry's prosecution laches defense has merit will be shown by the patents' file histories, and possibly by testimony from the patent prosecutors whom Foundry is still seeking to depose. Since Alcatel has custody or control of all relevant information, it cannot show prejudice.

Foundry also disputes Alcatel's claim that Foundry unduly delayed seeking to add a prosecution laches defense. Even if, as Alcatel contends, there was some prior case law to support the existence of a prosecution laches defense, the fact remains that the viability of the defense was in doubt until earlier this year for the reasons identified in Foundry's opening brief. *See* Foundry Opening Brf. at 5-6, 15. Moreover, Alcatel does not explain why it thinks Foundry should have burdened the Court with a separate motion for leave to amend related solely to the prosecution laches defense, given that adding the defense places no discovery burden on Alcatel and the timing of the motion thus has no apparent significance.

---

[2] Foundry notes that the Court said at the recent September 14 discovery conference that it would consider bifurcating damages issues in order to alleviate certain discovery burdens faced by the parties. Such an outcome would equally alleviate Alcatel's stated concerns relating to Foundry's IEEE-related defenses.

**4.    Alcatel Does Not Attempt to Show Either Undue Delay or Prejudice With Respect to Foundry's Other Amendments**

Alcatel does not present any reason why Foundry's other proposed amendments should be disallowed. These include Foundry's change of address, revisions to its prayer for relief, and more specific allegations in support of its existing laches and estoppel defenses. With regard to the latter, case law cited by Alcatel specifically holds that "'the clearest cases for leave to amend [include] . . . amplification of previously alleged claims or defenses.'" Alcatel Brf. at 12-13 (citing *Inline Connection Corp. v. AOL Time Warner Inc.*, 2006 U.S. Dist. LEXIS 59616, *9, *33 (D. Del. Aug. 23, 2006)); *Inline Connection Corp.*, 2006 U.S. Dist. LEXIS 59616, at *11 (location of quoted text).

**B.    Alcatel's "Bad Faith" Argument, Which Applies Only to Foundry's IEEE-Related Defenses and Counterclaim, Is Meritless**

Alcatel mistakenly argues that Foundry intentionally delayed seeking leave to add its IEEE-related defenses and counterclaim in bad faith, for the purpose of hiding from the Court a potential conflict related to Howrey LLP, Foundry's counsel with respect to Count II. Alcatel's argument is absolutely false, as shown by several facts: (1) the IEEE-related defenses and counterclaim were unrelated to Alcatel's motion to disqualify the Howrey firm, which was based solely on the argument that Alcatel was a current Howrey client; (2) Alcatel was fully aware of Foundry's plans to add the IEEE-related defenses when the motion to disqualify was pending and there is thus no reason why Alcatel could not have raised its additional disqualification argument at that time; and (3) the IEEE-related defenses do not present a basis to disqualify the Howrey firm because the Court has indicated that Count I, to which Foundry's IEEE-related defenses and counterclaim relate, will be tried separately from Count II, with respect to which Howrey represents

11

Foundry. Thus, Howrey will not be representing Foundry in the same trial proceeding in which Alcatel allegedly may choose to call a Howrey attorney as a witness.

Alcatel filed its motion to disqualify on September 8, 2005. The sole basis for the motion was that "Howrey *currently* represents Alcatel" in matters supposedly related to this case, thereby giving rise to a conflict of interest. Poppe Reply Decl, Ex. C at p. 6 (emphasis added). Foundry argued in response that (1) Alcatel was *not* a current Howrey client and (2) Howrey's prior legal work for an Alcatel affiliate, in which a Howrey lawyer not involved in this case provided an opinion letter regarding the enforceability of an Alcatel patent, was not substantially related to Howrey's representation of Foundry in Count II of this action, which relates to Alcatel's infringement of a Foundry patent. *See id.*, Ex. D. The Court issued an order on June 14, 2006 denying the motion to disqualify Howrey. *Id.*, Ex. E. In doing so, the Court relied on the passage of time since Howrey did legal work for Alcatel; the fact that Howrey's work was for an Alcatel entity that is not a party to this action; and the lack of subject matter overlap between Howrey's prior work for Alcatel and the Count II issues on which it represents Foundry in this action. *See id.* Foundry's proposed IEEE-related amendments do not change any of those facts and thus do not affect the disqualification analysis in any way.

Alcatel does not dispute that Foundry's proposed amendments have no bearing upon the motion to disqualify as filed, but argues that those amendments would have supported a new and separate argument based upon "advocate-witness disqualification." *See* Alcatel Brf. at 6, 19-20. That argument fails for two reasons. First, months before the Court ruled on the motion to disqualify, Alcatel asked Foundry to agree that it would not assert IEEE-related defenses in exchange for Alcatel's withdrawal of the motion to

disqualify. *See* Poppe Decl., Ex. L. Foundry declined that proposal. *See id.* Alcatel's counsel confirmed this exchange in a letter dated February 22, 2006, stating:

> ... I understand that Foundry is not interested in potentially resolving the disqualification motion by agreeing that it will not assert a "standards" defense. In short, Foundry is keeping that option open. In view of that, Alcatel will be relying on the Howrey opinion in terms of dealing with the equitable defense involved.

*Id.* Thus, Alcatel was fully aware of Foundry's plan to assert an IEEE-related defense months before the Court ruled on the motion to disqualify, and Alcatel planned to rely on the opinion letter provided by Howrey to "deal with" that defense. Alcatel could easily have brought those facts to the Court's attention before it ruled on the disqualification motion, but Alcatel chose not to do so for reasons that it fails to explain.

Finally, the "witness-advocate disqualification" rule will not apply in this case because the Court has indicated that it plans to conduct separate, back-to-back trials with respect to Count I and Count II. *See* Poppe Reply Decl., Ex. F at pp. 5-6. Thus, Howrey will not be participating as counsel in the trial at which Alcatel may seek to introduce the Howrey opinion letter and call a Howrey attorney to the witness stand. The *Crossroads* case cited by Alcatel, which expressed concerns about a single trial in which a law firm's attorneys would both serve as trial counsel and appear as adverse witnesses, is therefore inapposite. *See Crossroads Sys. (Texas), Inc. v. Dot Hill Sys. Corp.*, 2006 U.S. Dist. LEXIS 36181, *32-*34 (W.D. Tex. May 31, 2006). Consequently, permitting Foundry's proposed amendments will not generate a Howrey conflict and the amendments should be allowed.

### C.    Foundry's Proposed Defenses and Counterclaim Are Not Futile

Alcatel's final argument is that Foundry's IEEE-related and inequitable conduct defenses should be disallowed because they are "futile." Alcatel does not argue that any of Foundry's other proposed amendments are futile, and they should thus be allowed.

### 1.    IEEE-Related Defenses and Counterclaim

Alcatel's only basis for arguing that Foundry's IEEE-related defenses are futile depends upon the interpretation of an IEEE patent policy, which presents a question of fact. By contrast, for an amended pleading to be rejected on grounds of futility, it must be shown that the amendments are "legally insufficient on [their] face" such that they could not survive a motion to dismiss. *See* Alcatel Brf. at 12 (citing cases). Therefore, Alcatel has not met its burden of showing the futility of these amendments.

Alcatel argues that Foundry's IEEE-related amendments require a showing that Alcatel's '090 patent is "essential" to the practice of the IEEE 802.1x standard, as the term "essential" is used in the IEEE's patent policy. *See* Alcatel Brf. at 20-21. Alcatel observes that "essential patent" is defined in the IEEE policy to mean a patent "whose infringement is unavoidable in a compliant implementation of a standard and where there is no other reasonable technical implementation available." *See id.* at 21. Alcatel argues that the '090 patent is not an "essential" patent as so defined because the patent, but not the standard, supposedly "require[s] the step of entering 'user identification information' on a first node." *See id.* at 21-22. Foundry, by contrast, contends that the '090 patent, if given Alcatel's proposed interpretation,[3] *would* be essential because infringement would

---

[3] The fact that Foundry argues for a different interpretation of the '090 patent does not render its IEEE-related defenses futile, as Alcatel contends. *See* Alcatel Brf. at 22. Foundry is obviously allowed to plead in the alternative. It is possible that Foundry will

be "unavoidable" as a practical matter and no other technical implementation would be "reasonable." These factual questions are not appropriate for resolution in the context of a motion for leave to amend. They require interpretation of the '090 patent, the 802.1x standard, and the IEEE's patent policy. These are complex factual questions that may involve presentation of both percipient and expert testimony, as well as other evidence. Foundry should be given the opportunity to have its defenses and counterclaim decided on the merits by a finder of fact.

### 2.    Inequitable Conduct Defense

Alcatel does not address the alleged futility of Foundry's proposed inequitable conduct defense in the "Argument" section of its opposition brief, but it does make such an argument in the "Statement of Facts" section. *Compare* Alcatel Brf. at 9-10, *with id.* at 20-23. Alcatel's arguments, once again, are meritless.

The sole basis for Alcatel's futility argument is that Foundry supposedly did not plead its inequitable conduct defense with the specificity required by Fed. R. Civ. P. 9. This is ironic, given that the heightened pleading standard applicable to an inequitable conduct defense is exactly the reason why Foundry has argued it properly sought to take relevant discovery before seeking leave to add this defense, and thus it did not unduly delay filing this motion. *See supra*, pp. 3-8. In any case, Foundry has provided all the specificity required by the Rule, and its proposed amendments therefore are not futile.

With respect to the '090 patent, Alcatel argues that paragraph 67 of Foundry's proposed amended pleading "does not plead exactly who made what misrepresentation or misleading omission" and that it improperly refers to five different "vague" categories of

---

not prevail on its claim construction arguments, in which case it has the right to present other defenses that may prevent or limit its liability.

misrepresentations and undisclosed prior art. *See* Alcatel Brf. at 9-10. Alcatel is wrong

in both respects. First, contrary to Alcatel's argument, Foundry's proposed pleading

specifically identifies the individuals who made misrepresentations and withheld prior

art: Messrs. See, Bailey, Pikover, Panza, and See all made material misrepresentations,

and those same individuals plus Messrs. Reader, Hasan, and Sangroniz and Ms. Goodwin

all withheld material prior art. *See* Foundry's Motion, Ex. A at ¶ 67. Although Alcatel

complains that these allegations are directed at a total of nine people, *see* Alcatel Brf. at

9, all of the inventors made the same representations to the Patent Office and all of the

inventors and prosecutors are guilty of withholding the same information. Thus, they all

are accused of misconduct and it is proper for Foundry's proposed amended pleading to

name them all.

As for the descriptions of the misrepresentations and withheld materials, they are

not "vague." For example, one category of withheld materials consists of "four IETF

RFCs authored by C. Rigney that were disclosed to the Patent Office in connection with

the '830 patent but were withheld during the prosecution of the '243 patent." *See*

Foundry's Motion, Ex. A at ¶ 67. Those four RFCs are clearly identifiable from the face

of the '830 patent. Foundry's pleading also identifies "documents produced by Alcatel in

this action concerning products with user authentication capabilities developed and

offered for sale by CheckPoint Software Technologies, Ltd., including but not limited to

the CheckPoint FireWall." *Id.* Since Alcatel produced the documents in discovery, it can

easily identify them. Finally, Foundry identifies prior art references "identified in

documents produced pursuant to subpoena in this action by Christie, Parker & Hale LLP,

but which since have been returned at the request of Alcatel's counsel and withheld on

grounds of purported privilege." *Id.* This allegation is stated with sufficient specificity that Alcatel can have no doubt about which references are being referred to. Foundry obviously may not list the actual references in the pleading before the pending privilege dispute has been resolved.

With respect to the '192 patent, Alcatel's argument consists of a single sentence: that paragraph 78 of Foundry's proposed pleading "also fails to plead exactly who made what misrepresentation or misleading omission." *See* Alcatel Brf. at 10. Alcatel cannot argue that the withheld prior art references are not identified with specificity because paragraph 78 lists complete citations for each such reference. *See* Foundry's Motion, Ex. A at ¶ 78. In addition, the alleged deficiency identified by Alcatel is addressed by paragraphs 76 and 77, which identify Michel Henrion (the sole '192 inventor) as the individual who made misrepresentations, and Mr. Henrion and John May (the '192 patent prosecutor) together as the individuals who withheld material prior art. *See id.* at ¶¶ 76-77. There is no ambiguity or lack of specificity in those allegations.

To the extent the Court agrees with Alcatel that Foundry needs to state its inequitable conduct allegations with greater specificity, that is not a basis to deny the present motion. The existence of a technical pleading defect that is easily curable does not render Foundry's defense "futile." *See, e.g., Shane v. Fauver,* 213 F.3d 113 (3d Cir. 2000) (leave to amend should be granted when defect in pleading is curable).

### D.    Foundry Would Be Prejudiced by Denial of Its Motion

In deciding a motion for leave to amend a pleading, a court should also consider the harm that would be suffered by the moving party if leave is denied. *See Moore's Federal Practice* § 15.15[1], at pp. 15-42 to 15-42.1 & fn. 5 (3d ed. 2006) (citing cases). If Foundry's motion is denied, it will be deprived of substantial defenses that could defeat

17

Alcatel's claims in their entirety or substantially limit Alcatel's remedies in a case in which Alcatel seeks tens or hundreds of millions of dollars in damages and a permanent injunction. In addition, denying Foundry's motion would permit Alcatel to profit from its gross misconduct toward both the Patent Office and the IEEE, a major industry standard-setting organization. Such a result would be contrary to public policy.

## III.    **Conclusion**

For the reasons set forth above and in its opening papers, Foundry respectfully requests that its motion for leave to file an amended answer and counterclaim be granted.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California  94025
(650) 614-7400
(As to Count I only)

Dated:  September 18, 2006
Public Version: September 25, 2006
752237

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware  19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Defendant/Counterclaimant*
*Foundry Networks, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on September 25, 2006, the within

document was filed with the Clerk of the Court using CM/ECF which will send

notification of such filing(s) to the following; that the document was served on the

following counsel as indicated; and that the document is available for viewing and

downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

I hereby certify that on September 25, 2006 I have sent by E-mail

foregoing document to the following non-registered participants:

Timothy J. Haller, Esq.
Robert Greenspoon, Esq.
Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL  60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com