IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> FOUNDRY NETWORKS, INC., a Delaware Corporation, <br><br> Defendant. | Civil Action No. 05-418-SLR <br><br> (JURY TRIAL DEMANDED) |

## NOTICE OF SERVICE OF SUBPOENA

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 45 and 30(b)(6), a subpoena and annexed Schedule "A", attached hereto as Exhibit 1, has been served on Check Point Software Technologies, Inc., 800 Bridge Parkway, Redwood City, CA 94065.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, California 94025
(650) 614-7400

(As to Count I of the Amended Complaint)

Dated: October 3, 2006
753731

By: /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware 19899-0951
    (302) 984-6000
    provner@potteranderson.com

*Attorneys for Defendant/Counterclaimant
Foundry Networks, Inc.*

# EXHIBIT 1

AO88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

| NORTHERN | DISTRICT OF | CALIFORNIA |

Alcatel USA Resources, Inc. and Alcatel Internetworking, Inc.

v.

Foundry Networks, Inc.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:05 CV 418
U.S.D.C, District of Delaware

**TO:** Check Point Software Technologies, Inc.
800 Bridge Parkway
Redwood City, CA 94065

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case: **SEE ATTACHED SCHEDULE A FOR 30(b)(6) TOPICS**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Orrick, Herrington & Sutcliffe LLP, 1000 Marsh Road, Menlo Park, CA 94025-1015 | 10/16/2006, 9:00am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | 10/2/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Siddhartha M. Venkatesan, Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road, Menlo Park, CA 94025-1015, Phone Number: (650) 614-7400

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Rev 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | TIME |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# SCHEDULE A

## SCHEDULE A

## DEFINITIONS

1. "Check Point" means Check Point Software Technologies, Inc. and Check Point Software Technologies, Ltd. and their past or present divisions, officers, affiliates, predecessors, successors, parents, subsidiaries, affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder[s] or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

2. "Xylan" means Xylan Corporation and its past or present divisions, officers, affiliates, predecessors, successors, parents, subsidiaries, affiliates, entities under common control, joint ventures, and other organizations or operating units, and each of their present and former officers, directors, agents, controlling shareholder[s] or employees and all persons (natural or legal) who act, have acted, purport to act, or have purported to act, on its behalf.

3. The term "authentication" means authenticating a user (including a device or application acting on behalf of a user) that requests access to network resources based on a user id, password or other user-specific credential, or based on a MAC address or other address or identifier associated with the user's device.

4. The term "Check Point Software" means any software, including, but not limited to, Check Point's Firewall-1 software or other product developed on Check Point's Stateful Inspection Architecture, that either alone, or in conjunction with other software and/or hardware, implements or could implement authentication and was developed, marketed or sold by Check Point from 1996 to 1999.

5. The term "VLAN" means virtual local area network, or a network that is logically independent from a physical network, and includes VLANs that assign membership by network ports, multicast addresses, user-specific credentials, network protocols or based on a MAC address or other address or identifier associated with the user's device.

6. The term "documents" means all papers and other tangible items or material upon which information is recorded or from which information may be obtained by visual inspection or other means. This definition includes copies, reproductions, facsimiles of documents, and electronic data sources such as electronic versions of documents including all metadata, computer data compilation, electronic mail messages, and voice mail messages. If copies of documents are not identical to the originals for any reason, including handwritten notations, initials, or identifying marks, each non-identical copy is a separate document within this definition.

7. The term "persons" means any natural persons or any business, legal, or governmental entities or associations.

8. The terms "any," "all," or "each" shall be construed as "any, all and each" inclusively.

9. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

10. The use of the singular form of any word shall include the plural and vice versa.

## **TESTIMONIAL TOPICS**

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Check Point's designee(s) shall be prepared to testify regarding the following subjects:

1. The search for documents responsive to the subpoena to Check Point dated June 27, 2006.

2. All facts and circumstances surrounding the partnership between Xylan and Check Point described in Exhibit A, entitled "Xylan and CheckPoint develop first secure virtual LANs and user authenticated virtual LANs," and dated June 11, 1996.

3. The identity of all persons involved in the partnership between Xylan and Check Point identified above in Item 2.

4. The design, development, testing, use, sale, or offer for sale of any Check Point Software that was developed in connection with or as a result of the partnership between Xylan and CheckPoint identified above in Item 2.

5. The design, development, testing, use, sale, or offer for sale of any Check Point Software that implemented or was designed to implement authentication using any network switch or router developed, manufactured, marketed or sold by Xylan, including the OmniSwitch and PizzaSwitch, from 1996 to 1999.

6. The design, development, testing, use, sale, or offer for sale of any Check Point Software that implemented authentication for VLANs, from 1996 to 1999.

7. The design, development, testing, use, sale, or offer for sale of any Check Point Software that implemented authentication through the use of a third party authentication server, including RADIUS, TACACS or TACACS+ authentication servers, from 1996 to 1999.

8. The contributions made by Xylan to the design, development, or testing of any Check Point Software identified above in Items 4 through 7.

9. The authorship of all documents, including drafts, of project proposals, project plans, design specifications, QA plans, test cases, release checklists, whitepapers and presentations, describing Check Point Software identified in Items 4 – 7.

10. The identity of all persons involved in the design, development, testing, sale, or offer for sale of the Check Point Software identified above in Items 4 through 7

11. The technical features, including authentication functionality, described in the document attached as Exhibit B, entitled "Check Point Firewall-1™ White Paper," Version 3.0, dated January 1997 (This document is marked as "P/N 440-3000.").

12. The negotiation, drafting and execution of any contract or agreement between Xylan and Check Point, including, but not limited to, the OEM Agreement attached as Exhibit C.

13. The performance (or non-performance) of Xylan and CheckPoint under any contract or agreement between Xylan and Check Point, including by not limited to the OEM Agreement attached as Exhibit C.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

    I, Philip A. Rovner, hereby certify that on October 3, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY AND E-MAIL

    Josy W. Ingersoll, Esq.
    Karen L. Pascale, Esq.
    Young Conaway Stargatt & Taylor, LLP
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, DE 19899-0391

    I hereby certify that on October 3, 2006 I have sent by E-mail foregoing document to the following non-registered participants:

    Timothy J. Haller, Esq.
    Robert Greenspoon, Esq.
    Sally Wiggins, Esq.
    Niro, Scavone, Haller & Niro
    181 W. Madison Street, Suite 4600
    Chicago, IL 60602

    /s/ Philip A. Rovner
    Philip A. Rovner (#3215)
    Potter Anderson & Corroon LLP
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    E-mail: provner@potteranderson.com