# EXHIBIT 1

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 2

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC., a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No. 05-418-SLR |
| v. | ) ) | |
| FOUNDRY NETWORKS, INC., a Delaware Corporation, | ) ) ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) ) | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT
## AND FOR DECLARATORY JUDGMENT OF NONINFRINGEMENT

Plaintiffs, Alcatel USA Resources, Inc. ("Alcatel Resources"), and Alcatel Internetworking,

Inc. ("Alcatel Internetworking") respectfully submit this Amended Complaint pursuant to Fed. R.

Civ. P. 15 as-of-right, since Defendant has not yet answered or otherwise pled. Plaintiffs hereby

request a jury trial on all issues so triable, and allege upon knowledge as to their own acts and upon

information and belief as to the acts of defendant, Foundry Networks, Inc. ("Foundry") as follows:

## COUNT I – PATENT INFRINGEMENT

### A. JURISDICTION AND VENUE

1.    This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

2.    Defendant Foundry is a Delaware corporation with a principal place of business at 2100 Gold Street, San Jose, California 95164. Foundry has other office locations in the United States and world-wide. Foundry has committed acts of infringement in this judicial district, does regular business in this judicial district, and has a registered agent for service of process in this district. Venue is proper in this district under 28 U.S.C. §§ 1391(c)-(d) and 1400(b).

3.    Alcatel Resources is a Delaware corporation with headquarters at 3400 W. Plano Parkway, Plano, Texas. Alcatel Resources owns all right, title and interest in and has standing to sue for infringement of the United States Patent Numbers listed below (the "Patents-in-Suit"). The Patents-in-Suit are attached hereto as Exhibits A through H and J, in the sequence below:

| Number | Title | Short Description |
|---|---|---|
| 5,301,192 | "Temporary Information Storage System Comprising a Buffer Memory Storing Data Structured in Fixed or Variable Length Data Blocks" | The Queuing Patent |
| 5,461,615 | "Asynchronous Switching Node Distributing Cells Dynamically to Outputs Constituting an Irregular Group" | The Multicasting Patent |
| 5,506,840 | "Asynchronous Switching Node and Routing Logic Means for a Switching Element Used Therein" | The Load Balancing Patent |
| 6,339,830 | "Deterministic User Authentication Service for Communication Network" | The LAN Authentication Patent I |
| 6,697,329 | "Operator Directed Routing of Connections in a | The    Operator-Selected    Path |

2

| | Digital Communications Network" | Patent |
|---|---|---|
| 6,865,153 | "Stage-Implemented QoS Shaping for Data Communication Switch" | The Quality of Service Patent |
| 6,874,090 | "Deterministic User Authentication Service for Communication Network" | The LAN Authentication Patent II |
| 6,882,647 | "Multiple Address Transport in Communication Networks" | The Forwarding Address Replacement Patent |
| 5,521,923 | "Method and Facility for Temporarily Storing Data Packets and Exchange with Such a Facility" | The Selective Packet-Dropping Patent |

## B. FOUNDRY'S ACTS OF PATENT INFRINGEMENT

4.    Foundry has infringed one or more claims of each of the Patents-in-Suit in violation

of 35 U.S.C. §271 through, among other activities, the manufacture, use, importation, sale and/or

offer for sale of various network switches and ancillary services and equipment, as described in more

detail in the table herein. In addition to its direct infringement, Foundry has also knowingly and

intentionally induced others to infringe under 35 U.S.C. § 271(b) (such as its customers and end-

users throughout the United States) by intentionally aiding, assisting and encouraging their

infringement; and Foundry has knowingly contributed to the infringement of others under 35 U.S.C.

§ 271(c) (such as its customers and end-users throughout the United States) by supplying its

switching equipment and components thereof which are nonstaple articles of commerce having no

substantial noninfringing use. The chart below represents Alcatel's current information as to

Foundry equipment and components thereof and the patents which are infringed thereby:

| Patent | ServerIron | NetIron | BigIron | FastIron | EdgeIron |
|---|---|---|---|---|---|
| The Queuing Patent | | ✓ | ✓ | ✓ | |
| The Multicasting Patent | | ✓ | ✓ | ✓ | |
| The Load Balancing Patent | ✓ | ✓ | ✓,✓* | ✓ | |
| The LAN Authentication Patent I | | ✓ | ✓ | ✓ | ✓ |
| The Operator-Selected Path Patent | | ✓** | | | |
| The Quality of Service Patent | | ✓ | ✓ | ✓ | |
| The LAN Authentication Patent II | | ✓ | ✓ | ✓ | ✓ |
| The Forwarding Address Replacement Patent | | ✓** | | | |
| The Selective Packet-Dropping Patent | | ✓ | ✓ | ✓ | |

✓* BigServerIron
✓** NetIron with MPLS Module

5.    Foundry's infringement has injured Alcatel Resources, and Alcatel Resources is entitled to recover damages adequate to compensate it for such infringement, in no event less than a reasonable royalty.

## C. WILLFUL INFRINGEMENT

6.    Foundry has had actual and/or constructive notice of Foundry's infringement of the Patents-in-Suit, including actual pre-Complaint notice from Alcatel, in meetings and correspondence, of its infringement of the '192, '615, '840, '830 and '329 Patents. Foundry will have had actual notice of its infringement of the '153, '090 and '647 Patents through its receipt of the Complaint and the '923 patent through receipt of this Amended Complaint.

7.    Foundry's infringement has been willful and deliberate as to the '192, '615, '840, '830 and '329 Patents, and has occurred with knowledge of those patents, in violation of 35 U.S.C. § 284 ¶ 2. Foundry's infringement has injured and will continue to injure Alcatel Resources, unless and

4

until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Foundry products and/or services that fall within the scope of the Patents-in-Suit.

### D. PRAYER FOR RELIEF

WHEREFORE, Alcatel Resources asks this Court to enter judgment against Foundry and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate Alcatel Resources for the patent infringement that has occurred, together with prejudgment interest from the date infringement of each respective Patent-in-Suit began, and costs;

B.    An award to Alcatel Resources of all remedies available under 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found;

C.    A finding that this case is exceptional and an award to Alcatel Resources of all remedies available under 35 U.S.C. § 285, including attorney's fees;

D.    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the Patents-in-Suit; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

## COUNT II – DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY

### A. JURISDICTION AND VENUE

8.    This action arises under the patent laws of the United States, 35 US.C. §§ 1 et seq.

This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Plaintiff Alcatel Internetworking seeks a declaratory judgment pursuant to Sections 2201 and 2202 of Title 28 of the United States Code.

      9.    Defendant Foundry is a Delaware corporation with a principal place of business at 2100 Gold Street, San Jose, California 95164. Foundry has other office locations in the United States and world-wide. Foundry does regular business in this judicial district and has a registered agent for service of process in this district. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

      10.    Plaintiff Alcatel Internetworking is a California corporation doing business in this judicial district, with offices at 26801 West Agoura Road, Calabasas, California 91301.

      11.    There is an actual controversy within this judicial district arising under the patent laws of the United States, 35 U.S.C. § 1 et seq., and Declaratory Judgments Act, 28 U.S.C. §§ 2201 et seq., between Alcatel Internetworking and Foundry. An actual controversy exists in that Foundry has accused Alcatel Internetworking of infringement of United States Patent No. 6,118,864 (attached hereto as Exhibit I) based on the sale of its OmniPCX products.

### B. FACTUAL BACKGROUND

      12.    Alcatel Internetworking is engaged in the business of developing and providing leading edge telecommunications products for the global market. One such product line sold by Alcatel Internetworking is the OmniPCX.

      13.    On information and belief, Foundry claims to have acquired the '864 patent from Carmel Connection, Inc., which is the assignee listed on the patent. Foundry has instituted actions for patent infringement against other companies (notably, Nortel Networks and Lucent) under the

            

'864 patent. Hence, Foundry asserts that it owns and has standing to sue for infringement of the '864 patent.

14.    Foundry has accused Alcatel Internetworking of infringement of the '864 patent through its sale of the OmniPCX products.

### C. PATENT NON-INFRINGEMENT AND INVALIDITY

15.    Alcatel Internetworking has not infringed any valid claim of the '864 patent in any way, i.e., directly, contributorily, or by inducement. Therefore, Alcatel Internetworking is entitled to a judicial declaration that it has not and does not infringe the '864 patent.

16.    The '864 patent is invalid for failure to comply with one or more of the requirements, conditions, and provisions set forth in at least 35 U.S.C. §§ 101, 102, 103, and/or 112.

### D. PRAYER FOR RELIEF

WHEREFORE, Alcatel Internetworking asks this Court to enter judgment against Foundry and against its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    A judgment containing a declaration of invalidity of the '864 patent;

B.    A judgment containing a declaration that Alcatel Internetworking does not infringe any claim of the '864 patent;

C.    A finding that this case is exceptional and an award to Alcatel Internetworking of all remedies available under 35 U.S.C. § 285, including attorney's fees;

D.    A permanent injunction prohibiting further assertions that Alcatel infringes the '864 patent; and,

E.    Such other and further relief as this Court or a jury may deem proper and just.

Respectfully submitted,

Alcatel USA Resources, Inc., and
Alcatel Internetworking, Inc.


Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Glenn C. Mandalas (#4432)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
gmandalas@ycst.com
phone 302 571-6600

Timothy J. Haller
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733

Attorneys for Plaintiffs

WP3:1132388.1                                                      64207.1001

## CERTIFICATE OF SERVICE

I, Glenn C. Mandalas, Esquire hereby certify that on July 27, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Philip A. Rovner, Esquire
> Potter Anderson & Corroon LLP
> 1313 N. Market Street
> Wilmington, DE 19801

I further certify that on July 27, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record.

> YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
> _____
> Josy W. Ingersoll  (No. 1088)
> Glenn C. Mandalas (No. 4432)
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware  19801
> (302) 571-6600
> gmandalas@ycst.com
>
> Attorneys for Defendants

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ALCATEL USA RESOURCES, INC. a Delaware Corporation, and ALCATEL INTERNETWORKING, INC., a California Corporation, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 05-418-SLR |
| FOUNDRY NETWORKS, INC., a Delaware Corporation, | ) ) ) | (JURY TRIAL DEMANDED) |
| Defendant. | ) ) ) | |

**FOUNDRY NETWORKS, INC.'S ANSWER TO COUNT II OF PLAINTIFFS'
AMENDED COMPLAINT AND COUNTERCLAIM**

**ANSWER TO COUNT II**

Foundry Networks, Inc. ("Foundry") answers Count II of the Amended Complaint of

Alcatel USA Resources, Inc. ("Alcatel USA Resources") and Alcatel Internetworking, Inc.

("Alcatel Internetworking") (collectively "Plaintiffs") as follows:

8.     Foundry admits the allegations of paragraph 8 of the Amended Complaint.

9.     Foundry admits the allegations of paragraph 9 of the Amended Complaint.

10.     Foundry is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 10 of the Amended Complaint, and on that basis Foundry

denies those allegations.

11.     Foundry admits that U.S. Patent No. 6,118,864 ("the '864 patent") was the subject

of privileged licensing negotiations between Foundry and Alcatel Internetworking.  Except as so

admitted, Foundry denies each and every allegation of paragraph 11 of the Amended Complaint.

12.    Foundry admits, on information and belief, that Alcatel Internetworking is in the business of providing telecommunications products in the United States and elsewhere, and that the OmniPCX product line is one such group of products. Except as so admitted, Foundry denies each and every allegation of paragraph 12 of the Amended Complaint.

13.    Foundry admits that it acquired the '864 patent from Carmel Connection, Inc., which is the assignee listed on the '864 patent. Foundry further admits that it has asserted claims for infringement of the '864 patent against Nortel and Lucent. Foundry further admits that it owns and has standing to sue for infringement of the '864 patent. Except as so admitted, Foundry denies each and every allegation of paragraph 13 of the Amended Complaint.

14.    Foundry admits the allegations of paragraph 14 of the Amended Complaint.

15.    Foundry denies each and every allegation of paragraph 15 of the Amended Complaint.

16.    Foundry denies each and every allegation of paragraph 16 of the Amended Complaint.

### ANSWER TO ALCATEL INTERNETWORKING'S PRAYER FOR RELIEF

Foundry denies that Alcatel Internetworking is entitled to any relief, either as requested in the Amended Complaint or otherwise.

### GENERAL DENIAL

Foundry further denies any of the allegations in Count II of Plaintiffs' Amended Complaint not specifically admitted in the responses set forth above in Paragraphs 8-16.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

U.S. Patent No. 6,118,864 is valid and enforceable.

2

### Second Affirmative Defense

Alcatel Internetworking has infringed and will infringe, if not enjoined, U.S. Patent No. 6,118,864.

### Third Affirmative Defense

Alcatel Internetworking has failed to state a claim upon which relief may be granted.

### COUNTERCLAIM

Defendant and Counterclaimant Foundry pleads the following counterclaim against Plaintiff and Counterclaim-Defendant Alcatel Internetworking:

### A. JURISDICTION AND VENUE

1.      Foundry is a Delaware corporation and is a market leader in providing high-performance enterprise and service provider switching, routing and Web traffic management solutions. Foundry conducts business in the state of Delaware, and has a registered agent for service of process in this district.

2.      Upon information and belief, Alcatel Internetworking is a California corporation conducting regular business nationally and in this judicial district. Upon information and belief, Alcatel Internetworking has committed acts of infringement in this judicial district.

3.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2202.

4.      Venue is proper in this district pursuant 28 U.S.C. §§ 1391 and 1400(b).

### B. ALCATEL INTERNETWORKING'S ACTS OF PATENT INFRINGEMENT

5.      United States Patent No. 6,118,864 ("the '864 patent"), entitled "System and Method for Providing Communication On A Wide Area Network," was duly and legally issued on September 12, 2000, to Chang et al. The '864 patent constitutes a valid and enforceable patent solely owned by Foundry, with the right to sue for past infringement. A true and correct copy of the '864 patent is attached as Exhibit A.

3

6.    Upon information and belief, Alcatel Internetworking has infringed one or more claims contained in the '864 patent in violation of 35 U.S.C. § 271 through, among other activities, the manufacture, use, importation, sale and/or offer for sale in, or importation into, the United States of products including, but not limited to, the Alcatel OmniPCX integrated communication system.

7.    Upon information and belief, Alcatel Internetworking has violated 35 U.S.C § 271(b) by actively inducing others to infringe one or more claims of the '864 patent.

8.    Upon information and belief, Alcatel Internetworking has contributed to the infringement of the '864 patent in violation of 35 U.S.C § 271(c) by engaging in the acts alleged herein.

## C. WILLFUL INFRINGEMENT

9.    Alcatel Internetworking has had actual and constructive notice of its infringement of the '864 patent through, *inter alia*, notice from Foundry, pre-litigation meetings and correspondence, and this counterclaim for infringement. Despite such notice, Alcatel Internetworking has willfully and deliberately infringed the '864 patent.

10.    Foundry has been damaged by the foregoing acts of infringement in an amount to be determined.

11.    Alcatel Internetworking's acts of infringement have irreparably injured Foundry and will continue to do so until this Court enters an injunction prohibiting further infringement by Alcatel Internetworking.

## PRAYER FOR RELIEF

WHEREFORE, Foundry prays that this Court enter judgment:

A.    That Count II of Plaintiffs' Amended Complaint be dismissed with prejudice;

4

B.    That Alcatel Internetworking has willfully infringed the '864 patent;

C.    That Alcatel Internetworking, its officers, agents, and employees, and those persons in active concert or participation with any of them, and their successors and assigns be permanently enjoined from infringement, inducement of infringement, and contributory infringement of the '864 patent, including but not limited to making, importing, using, offering for sale, or selling any devices or systems that infringe, or using processes that infringe, the '864 patent;

D.    That Alcatel Internetworking pay damages adequate to compensate for its infringement of the '864 patent, including prejudgment interest from the date it began its infringement;

E.    That Alcatel Internetworking pay treble damages for its willful infringement of the '864 patent pursuant to the Court's authority under 35 U.S.C. § 284;

F.    That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Foundry be awarded attorney fees, costs, and expenses that it incurs in prosecuting this action; and

G.    That Foundry be awarded such other and further relief as this Court deems just and warranted under the circumstances.

5

## JURY DEMAND

Foundry demands a trial by jury as to all issues so triable.

POTTER ANDERSON & CORROON LLP

By: _____
    Philip A. Rovner (#3215)
    Hercules Plaza
    P.O. Box 951
    Wilmington, Delaware 19899
    (302) 984-6000
    E-mail: provner@potteranderson.com

*Attorneys for Defendant and Counterclaimant
Foundry Networks, Inc.*

OF COUNSEL:

Henry C. Bunsow
K.T. Cherian
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

(As to Count II of the Amended
Complaint and Counterclaim)

Dated: August 11, 2005
694507

6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on August 11, 2005, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

BY HAND DELIVERY

Josy W. Ingersoll, Esq.
Adam W. Poff, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

I hereby certify that on August 11, 2005 I have sent by Federal Express the foregoing document to the following non-registered participant:

Timothy J. Haller, Esq.
Niro, Scavone, Haller & Niro
181 W.  Madison Street, Suite 4600
Chicago, IL  60602

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

CM/ECF LIVE - U.S. District Court:ded

**Answers to Complaints**
1:05-cv-00418-SLR Alcatel USA Resources Inc. et al v. Foundry Networks Inc.

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Rovner, Philip A. entered on 8/11/2005 at 6:15 PM EDT and filed on 8/11/2005
**Case Name:**       Alcatel USA Resources Inc. et al v. Foundry Networks Inc.
**Case Number:**     1:05-cv-418
**Filer:**           Foundry Networks Inc.
**Document Number:** 8

**Docket Text:**
ANSWER to Complaint with Jury Demand, COUNTERCLAIM *(Foundry Networks, Inc.'s Answer to Count II of Plaintiffs' Amended Complaint and Counterclaim)* against Alcatel Internetworking Inc. by Foundry Networks Inc..(Rovner, Philip)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=8/11/2005] [FileNumber=83992-0]
[26496eb3056f32bb4f4a29477164bc373ad38e73fc8826ec08406fc61346c6b57b16e
463c95d1c849d3281e6c4c8b739b3fa894a626141d6eebb060b15b583b5]]

**1:05-cv-418 Notice will be electronically mailed to:**

Josy W. Ingersoll    jingersoll@ycst.com, corporate@ycst.com;cglover@ycst.com;corpcal@ycst.com

Glenn Christopher Mandalas   gmandalas@ycst.com,
corporate@ycst.com;corpcal@ycst.com;hhall@ycst.com

Philip A. Rovner    provner@potteranderson.com,
mstackel@potteranderson.com;nmcmenamin@potteranderson.com

**1:05-cv-418 Notice will be delivered by other means to:**

# EXHIBIT 5

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 6

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

EXHIBIT 7

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 8

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 9

# THIS EXHIBIT HAS BEEN REDACTED IN ITS ENTIRETY

# EXHIBIT 10

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 11

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 12

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 13

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY

# EXHIBIT 14

# THIS EXHIBIT HAS BEEN
# REDACTED IN ITS ENTIRETY