# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC., )
   a Delaware Corporation; and )
ALCATEL INTERNETWORKING, INC., )
   a California Corporation, )
                          )
        Plaintiffs, )
                          )     Civil Action No. 1:05 CV 418
          v. )
                          )
FOUNDRY NETWORKS, INC., )
   a Delaware Corporation, )
                          )     (JURY TRIAL DEMANDED)
                          )
        Defendant. )

## THE ALCATEL PLAINTIFFS' FED.R.CIV.P. 26(A)(1) INITIAL DISCLOSURES

    In accordance with Fed.R.Civ.P. 26(a)(1), plaintiffs Alcatel USA Resources, Inc. and Alcatel

Internetworking, Inc. ("Alcatel") make the following initial disclosures:

    A:    **The name and, if known, the address and telephone number of each individual
        likely to have discoverable information that the disclosing party may use to
        support its claims or defenses, unless solely for impeachment, identifying the
        subjects of the information.**

    1.    Michel Henrion, France

    As presently advised, we believe that Mr. Henrion may have discoverable information

relating to the conception and development of the inventions described and claimed in U.S. Patent

Nos. 5,301,192, 5,461,615 and 5,506,840. Any contact with or request for information from Mr.

Henrion should first be arranged through Alcatel's trial counsel.

    2.    Bart J. G. Pauwels
        Belgium

As presently advised, we believe that Mr. Pauwels may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,506,840. Any contact with or request for information from Mr. Henrion should first be arranged through Alcatel's trial counsel.

3.    Gert Willman
      Stuttgart, Germany

As presently advised, we believe that Mr. Willman may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,521,923. Any contact with or request for information from Mr. Willman should first be arranged through Alcatel's trial counsel.

4.    Matthias Wippenbeck
      Stuttgart, Germany

As presently advised, we believe that Mr. Wippenbeck may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,521,923. Any contact with or request for information from Mr. Wippenbeck should first be arranged through Alcatel's trial counsel.

5.    Karl Schrodi
      Heimsheim, Germany

As presently advised, we believe that Mr. Schrodi may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,521,923. Any contact with or request for information from Mr. Schrodi should first be arranged through Alcatel's trial counsel.

6.    Michael E. See
North Carolina

As presently advised, we believe that Mr. See may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. See should first be arranged through Alcatel's trial counsel.

7,    John W. Bailey
California

As presently advised, we believe that Mr. Bailey may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Bailey should first be arranged through Alcatel's trial counsel.

8.    Charles L. Panza
Park City, Utah

As presently advised, we believe that Mr. Panza may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Panza should first be arranged through Alcatel's trial counsel.

9.    Yuri Pikover
Malibu, California

As presently advised, we believe that Mr. Pikover may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Pikover should first be arranged through Alcatel's trial counsel.

3

10.    Geoffrey C. Stone, Minnesota

As presently advised, we believe that Mr. Stone may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Stone should first be arranged through Alcatel's trial counsel.

11.    Shawn McAllister, Canada

As presently advised, we believe that Mr. McAllister may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,697,329 and 6,882,647. Any contact with or request for information from Mr. McAllister should first be arranged through Alcatel's trial counsel.

12.    Mark Tooker, Canada

As presently advised, we believe that Mr. Tooker may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,697,329. Any contact with or request for information from Mr. Tooker should first be arranged through Alcatel's trial counsel.

13.    Ron Veeneman, Canada

As presently advised, we believe that Mr. Veeneman may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,697,329. Any contact with or request for information from Mr. Veeneman should first be arranged through Alcatel's trial counsel.

14.    Rex Hill, California

4

As presently advised, we believe that Mr. Hill may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,865,153. Any contact with or request for information from Mr. Hill should first be arranged through Alcatel's trial counsel.

15.    Dante Cinco, California

As presently advised, we believe that Mr. Cinco may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,865,153. Any contact with or request for information from Mr. Cinco should first be arranged through Alcatel's trial counsel.

16.    Michele Goodwin, Utah

As presently advised, we believe that Mr. Goodwin may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,874,090 B2. Any contact with or request for information from Mr. Goodwin should first be arranged through Alcatel's trial counsel.

17.    Leon Sangroni, Utah

As presently advised, we believe that Mr. Sangroni may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,874,090 B2. Any contact with or request for information from Mr. Sangroni should first be arranged through Alcatel's trial counsel.

18.    Joel Halpern, Herndon, VA

As presently advised, we believe that Mr. Halpern may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent

No. 6,882,647. Any contact with or request for information from Mr. Halpern should first be arranged through Alcatel's trial counsel.

19.    Scott Brim, New York

As presently advised, we believe that Mr. Brim may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,882,647. Any contact with or request for information from Mr. Brim should first be arranged through Alcatel's trial counsel.

20.    One or More Officers, Directors or Managing Agents of Foundry.

As presently advised, we believe that one or more officers, directors or managing agents of defendant Foundry Networks have discoverable information relating to the circumstances under which Foundry became aware of U.S. Patent Nos. 5,301,192; 5,461,615; 5,506,840; 6,339,830; 6,697,329; 6,865,153; 6,874,090; 6,882,647; 5,521,923; the nature and extent of Foundry's infringement of the foregoing patents-in-suit, including the design, development, manufacture, use, marketing and sale of the accused Foundry products; any efforts by Foundry to avoid infringement of the foregoing patents-in-suit; the unit and dollar volume of infringing sales of the Foundry products; Foundry's profits attributable to their infringing sales; and the factual and legal bases for Foundry's defenses and counterclaims in this suit.

21.    Jack H. Chang, Sunnyvale, California

As presently advised, we believe that Mr. Chang has discoverable information relating to the conception, development and reduction to practice of the alleged inventions described and claimed in U.S. Patent No. 6,118,864; Foundry's acquisition of U.S. Patent No. 6,118,864; the validity, enforceability and prosecution of U.S. Patent No. 6,118,864.

6

22.    Raymond L. Tong, Milpitas, California

As presently advised, we believe that Mr. Tong has discoverable information relating to the

conception, development and reduction to practice of the alleged inventions described and claimed

in U.S. Patent No. 6,118,864; Foundry's acquisition of U.S. Patent No. 6,118,864; the validity,

enforceability and prosecution of U.S. Patent No. 6,118,864.

23.    Carmel Connection, Fremont, Milpitas, California

As presently advised, we believe that one or more officers, directors or managing agents of

Carmel Connection has discoverable information relating to the conception, reduction to practice

and development of the alleged inventions described and claimed in U.S. Patent No. 6,118,864;

ownership of U.S. Patent No. 6,118,864; the validity, enforceability and prosecution of U.S. Patent

No. 6,118,864.

24.    The Law Firm of D'Alessandro & Ritchie

As presently advised, we believe that the Law firm of D'Alessandro & Ritchie has

discoverable information relating to the validity, enforceability and prosecution of U.S. Patent No.

6,118,864.

25.    One or More Officers, Directors or Managing Agents of Foundry

As presently advised, we believe that one or more officers, directors or managing agents of

Foundry have discoverable information relating to Foundry's claim for infringement of U.S. Patent

No. 6,118,864; he corporate structure of Foundry; the conception, development and reduction to

practice of the alleged inventions described in U.S. Patent No. 6,118,864; the validity and

enforceability of U.S. Patent No. 6,118,864; prosecution of U.S. Patent No. 6,118,864; Foundry's

acquisition of U.S. Patent No. 6,118,864; Foundry's claim for monetary damages and injunctive

7

relief; the commercialization, if any, of the alleged invention described in U.S. Patent No. 6,118,864 and Foundry's claim for willful infringement of U.S. Patent No. 6,118,864.

Alcatel is still investigating the identities of any additional persons who may be discoverable information relating to Alcatel's claims and defenses and, if necessary, will supplement these initial disclosures.

> **B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.**

1.    U.S. Patent No. 5,301,192 ("the '192 patent"), entitled "Temporary Information Storage System Comprising a Buffer Memory Storing Data Structured in Fixed or Variable Length Data Blocks" and corresponding prosecution history, located at the offices of Alcatel's counsel;

2.    U.S. Patent No. 5,461,615 ("the '615 patent"), entitled "Asynchronous Switching Node Distributing Cells Dynamically to Outputs Constituting an Irregular Group" and corresponding prosecution history, located at the offices of Alcatel's counsel;

3.    U.S. Patent No. 5,506,840 ("the '840 patent"), entitled "Asynchronous Switching Node and Routing Logic Means for a Switching Element Used Therein" and corresponding prosecution history, located at the offices of Alcatel's counsel;

4.    U.S. Patent No. 5,903,571 ("the '571 patent"), entitled "Operator Directed Routing of Connections in a Digital Communications Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

5.    U.S. Patent No. 6,339,830 ("the '830 patent"), entitled "Deterministic User Authentication Service for Communication Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

6.    U.S. Patent No. 6,697,329 ("the '329 patent"), entitled "Operator Directed Routing of Connections in a Digital Communications Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

7.    U.S. Patent No. 6,865,153 ("the '153 patent"), entitled "Stage-Implemented QoS Shaping for Data Communication Switch" and corresponding prosecution history, located at the offices of Alcatel's counsel;

8.    U.S. Patent No. 6,874,090 ("the '090 patent"), entitled "Deterministic User Authentication Service for Communication Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

9.    U.S. Patent No. 6,882,647 ("the '647 patent"), entitled "Multiple Address Transport in Communications Networks" and corresponding prosecution history, located at the offices of Alcatel's counsel;

10.    Publicly available documents describing the accused Foundry products;

11.    Alcatel corporate documents, located at the offices of Alcatel's counsel, and Alcatel's facilities.

Alcatel is in the process of gathering, reviewing and organizing these documents and things, and will make them available for inspection at an agreed-upon time and location in accordance with chronology agreed upon in the Scheduling Order and in accordance with the Federal Rules of Civil

9

Procedure. Furthermore, Alcatel is still investigating the evidentiary bases for its claims and defenses and, if necessary, will supplement these initial disclosures.

    **C.**    **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing the nature and extent of injuries suffered.**

Alcatel believes that it is entitled to monetary damages and injunctive relief for Foundry's infringement of U.S. Patent Nos. 5,301,192; 5,461,615; 5,506,840; 6,339,830; 6,697,329; 6,865,153; 6,874,090; 6,882,647; 5,521,923. Consistent with the Scheduling Order in this case, Alcatel will provide a computation of monetary damages for such infringement after it has obtained sufficient information and documentation from at least Foundry though the discovery process to do so. As presently advised, Alcatel believes that it is entitled to an award of monetary damages in the form of its lost profits resulting from the defendants' acts of infringement and, to the extent lost profits cannot be established, no less than a reasonable royalty based on the Foundry's sales of its products. Alcatel also believes that it is entitled to an injunction preventing further acts of infringement by Foundry. Finally, Alcatel believes that it is entitled to an award of increased damages and attorneys' fees because the defendants' infringement has been willful.

Alcatel currently does not believe that Foundry is entitled to damages or injunctive relief for Foundry's claim that Alcatel allegedly infringes U.S. Patent No. 6,118,864.

10/18/05  17:11 FAX 3122361471          NIRO SCAVONE                    ☑012/013

D.     For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Respectfully Submitted,

Alcatel USA Resources, Inc., and
Alcatel Internetworking, Inc.

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St.
Wilmington, DE 19801
phone 302 571-6600
jingersoll@ycst.com

Timothy J. Haller
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733
haller@nshn.com

Attorneys for Plaintiffs

11

10/18/05  17:11 FAX 3122361471          NIRO SCAVONE                    ☒013/013

## CERTIFICATE OF SERVICE

I, Sally Wiggins, hereby certify that on October 18, 2005 I caused a copy of the **Plaintiffs' Rule**

**26(a) Disclosures** to served upon the below listed counsel of record by Facsimile and First Class

Mail:

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

K.T. Cheriah
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105

# EXHIBIT 16

.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,  )
a Delaware Corporation, and  )
ALCATEL INTERNETWORKING, INC.,  )
a California Corporation,  )
    )
    Plaintiffs,  )
    )    Civil Action No. 1:05 CV 418
    )
    v.  )
    )
FOUNDRY NETWORKS, INC.,  )
a Delaware Corporation,  )    (JURY TRIAL DEMANDED)
    )
    )
    Defendant.  )

## THE ALCATEL PLAINTIFFS' FEBRUARY 15, 2006
## SUPPLEMENTAL FED.R.CIV.P. 26(A)(1) INITIAL DISCLOSURES

In accordance with Fed.R.Civ.P. 26(a)(1), plaintiffs Alcatel USA Resources, Inc. and Alcatel

Internetworking, Inc. ("Alcatel") make the following initial disclosures:

    A.    **The name and, if known, the address and telephone number of each individual
likely to have discoverable information that the disclosing party may use to
support its claims or defenses, unless solely for impeachment, identifying the
subjects of the information.**

    1.    Michel Henrion, France

As presently advised, we believe that Mr. Henrion may have discoverable information

relating to the conception and development of the inventions described and claimed in U.S. Patent

Nos. 5,301,192, 5,461,615 and 5,506,840. Any contact with or request for information from Mr.

Henrion should first be arranged through Alcatel's trial counsel.

    2.    Bart J. G. Pauwels
    Belgium

As presently advised, we believe that Mr. Pauwels may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,506,840. Any contact with or request for information from Mr. Henrion should first be arranged through Alcatel's trial counsel.

    3.    Gert Willman
           Stuttgart, Germany

As presently advised, we believe that Mr. Willman may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,521,923. Any contact with or request for information from Mr. Willman should first be arranged through Alcatel's trial counsel.

    4.    Matthias Wippenbeck
           Stuttgart, Germany

As presently advised, we believe that Mr. Wippenbeck may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,521,923. Any contact with or request for information from Mr. Wippenbeck should first be arranged through Alcatel's trial counsel.

    5.    Karl Schrodi
           Heimsheim, Germany

As presently advised, we believe that Mr. Schrodi may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 5,521,923. Any contact with or request for information from Mr. Schrodi should first be arranged through Alcatel's trial counsel.

6.     Michael E. See
       North Carolina

As presently advised, we believe that Mr. See may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. See should first be arranged through Alcatel's trial counsel.

7.     John W. Bailey
       California

As presently advised, we believe that Mr. Bailey may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Bailey should first be arranged through Alcatel's trial counsel.

8.     Charles L. Panza
       Park City, Utah

As presently advised, we believe that Mr. Panza may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Panza should first be arranged through Alcatel's trial counsel.

9.     Yuri Pikover
       Malibu, California

As presently advised, we believe that Mr. Pikover may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Pikover should first be arranged through Alcatel's trial counsel.

3

10.    Geoffrey C. Stone, Minnesota

As presently advised, we believe that Mr. Stone may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,339,830 and 6,874,090 B2. Any contact with or request for information from Mr. Stone should first be arranged through Alcatel's trial counsel.

11.    Shawn McAllister, Canada

As presently advised, we believe that Mr. McAllister may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,697,329 and 6,882,647.   Any contact with or request for information from Mr. McAllister should first be arranged through Alcatel's trial counsel.

12.    Mark Tooker, Canada

As presently advised, we believe that Mr. Tooker may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,697,329. Any contact with or request for information from Mr. Tooker should first be arranged through Alcatel's trial counsel.

13.    Ron Veeneman, Canada

As presently advised, we believe that Mr. Veeneman may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,697,329.  Any contact with or request for information from Mr. Veeneman should first be arranged through Alcatel's trial counsel.

14.    Rex Hill, California

As presently advised, we believe that Mr. Hill may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,865,153. Any contact with or request for information from Mr. Hill should first be arranged through Alcatel's trial counsel.

15.    Dante Cinco, California

As presently advised, we believe that Mr. Cinco may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent Nos. 6,865,153. Any contact with or request for information from Mr. Cinco should first be arranged through Alcatel's trial counsel.

16.    Michele Goodwin, Utah

As presently advised, we believe that Mr. Goodwin may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,874,090 B2. Any contact with or request for information from Mr. Goodwin should first be arranged through Alcatel's trial counsel.

17.    Leon Sangroni, Utah

As presently advised, we believe that Mr. Sangroni may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,874,090 B2. Any contact with or request for information from Mr. Sangroni should first be arranged through Alcatel's trial counsel.

18.    Joel Halpern, Herndon, VA

As presently advised, we believe that Mr. Halpern may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent

No. 6,882,647.  Any contact with or request for information from Mr. Halpern should first be arranged through Alcatel's trial counsel.

     19.   Scott Brim, New York

As presently advised, we believe that Mr. Brim may have discoverable information relating to the conception and development of the inventions described and claimed in U.S. Patent No. 6,882,647.  Any contact with or request for information from Mr. Brim should first be arranged through Alcatel's trial counsel.

     20.   One or More Officers, Directors or Managing Agents of Foundry.

As presently advised, we believe that one or more officers, directors or managing agents of defendant Foundry Networks have discoverable information relating to the circumstances under which Foundry became aware of U.S. Patent Nos. 5,301,192; 5,461,615; 5,506,840; 6,339,830; 6,697,329; 6,865,153; 6,874,090; 6,882,647; 5,521,923; the nature and extent of Foundry's infringement of the foregoing patents-in-suit, including the design, development, manufacture, use, marketing and sale of the accused Foundry products; any efforts by Foundry to avoid infringement of the foregoing patents-in-suit; the unit and dollar volume of infringing sales of the Foundry products; Foundry's profits attributable to their infringing sales; and the factual and legal bases for Foundry's defenses and counterclaims in this suit.

     21.   Jack H. Chang, Sunnyvale, California

As presently advised, we believe that Mr. Chang has discoverable information relating to the conception, development and reduction to practice of the alleged inventions described and claimed in U.S. Patent No. 6,118,864; Foundry's acquisition of U.S. Patent No. 6,118,864; the validity, enforceability and prosecution of U.S. Patent No. 6,118,864.

22.    Raymond L. Tong, Milpitas, California

As presently advised, we believe that Mr. Tong has discoverable information relating to the conception, development and reduction to practice of the alleged inventions described and claimed in U.S. Patent No. 6,118,864; Foundry's acquisition of U.S. Patent No. 6,118,864; the validity, enforceability and prosecution of U.S. Patent No. 6,118,864.

23.    Carmel Connection, Fremont, Milpitas, California

As presently advised, we believe that one or more officers, directors or managing agents of Carmel Connection has discoverable information relating to the conception, reduction to practice and development of the alleged inventions described and claimed in U.S. Patent No. 6,118,864; ownership of U.S. Patent No. 6,118,864; the validity, enforceability and prosecution of U.S. Patent No. 6,118,864.

24.    The Law Firm of D'Alessandro & Ritchie

As presently advised, we believe that the Law firm of D'Alessandro & Ritchie has discoverable information relating to the validity, enforceability and prosecution of U.S. Patent No. 6,118,864.

25.    One or More Officers, Directors or Managing Agents of Foundry

As presently advised, we believe that one or more officers, directors or managing agents of Foundry have discoverable information relating to Foundry's claim for infringement of U.S. Patent No. 6,118,864; he corporate structure of Foundry; the conception, development and reduction to practice of the alleged inventions described in U.S. Patent No. 6,118,864; the validity and enforceability of U.S. Patent No. 6,118,864; prosecution of U.S. Patent No. 6,118,864; Foundry's acquisition of U.S. Patent No. 6,118,864; Foundry's claim for monetary damages and injunctive

7

relief; the commercialization, if any, of the alleged invention described in U.S. Patent No. 6,118,864 and Foundry's claim for willful infringement of U.S. Patent No. 6,118,864.

**February 15, 2006 Supplemental Disclosure**

26.    As presently advised, we believe that Michel Le Creff and Francis Pinault of France have knowledge about the development and operation of accused Alcatel products. Any contact with or request for information from either individual should be first arranged through Alcatel's trial counsel.

Alcatel continues to investigate the identities of any additional persons who may be discoverable information relating to Alcatel's claims and defenses and, if necessary, will supplement these initial disclosures.

B.    A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

1.    U.S. Patent No. 5,301,192 ("the '192 patent"), entitled "Temporary Information Storage System Comprising a Buffer Memory Storing Data Structured in Fixed or Variable Length Data Blocks" and corresponding prosecution history, located at the offices of Alcatel's counsel;

2.    U.S. Patent No. 5,461,615 ("the '615 patent"), entitled "Asynchronous Switching Node Distributing Cells Dynamically to Outputs Constituting an Irregular Group" and corresponding prosecution history, located at the offices of Alcatel's counsel;

3.    U.S. Patent No. 5,506,840 ("the '840 patent"), entitled "Asynchronous Switching Node and Routing Logic Means for a Switching Element Used Therein" and corresponding prosecution history, located at the offices of Alcatel's counsel;

4.   U.S. Patent No. 5,903,571 ("the '571 patent"), entitled "Operator Directed Routing of Connections in a Digital Communications Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

5.   U.S. Patent No. 6,339,830 ("the '830 patent"), entitled "Deterministic User Authentication Service for Communication Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

6.   U.S. Patent No. 6,697,329 ("the '329 patent"), entitled "Operator Directed Routing of Connections in a Digital Communications Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

7.   U.S. Patent No. 6,865,153 ("the '153 patent"), entitled "Stage-Implemented QoS Shaping for Data Communication Switch" and corresponding prosecution history, located at the offices of Alcatel's counsel;

8.   U.S. Patent No. 6,874,090 ("the '090 patent"), entitled "Deterministic User Authentication Service for Communication Network" and corresponding prosecution history, located at the offices of Alcatel's counsel;

9.   U.S. Patent No. 6,882,647 ("the '647 patent"), entitled "Multiple Address Transport in Communications Networks" and corresponding prosecution history, located at the offices of Alcatel's counsel;

10.  Publicly available documents describing the accused Foundry products;

11.  Alcatel corporate documents, located at the offices of Alcatel's counsel, and Alcatel's facilities.

12.  Prior art to the Alcatel patents.

9

Alcatel is in the process of gathering, reviewing and organizing these documents and things, and will make them available for inspection at an agreed-upon time and location in accordance with chronology agreed upon in the Scheduling Order and in accordance with the Federal Rules of Civil Procedure. Furthermore, Alcatel is still investigating the evidentiary bases for its claims and defenses and, if necessary, will supplement these initial disclosures. Alcatel makes this submission without any admission as to the relevance, discredibility or admissibility of any documents within these documents and without waiving the right to assert applicable objections.

C.      A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing the nature and extent of injuries suffered.

Alcatel believes that it is entitled to monetary damages and injunctive relief for Foundry's infringement of U.S. Patent Nos. 5,301,192; 5,461,615; 5,506,840; 6,339,830; 6,697,329; 6,865,153; 6,874,090; 6,882,647; 5,521,923. Consistent with the Scheduling Order in this case, Alcatel will provide a computation of monetary damages for such infringement after it has obtained sufficient information and documentation from at least Foundry though the discovery process to do so. As presently advised, Alcatel believes that it is entitled to an award of monetary damages in the form of its lost profits resulting from the defendants' acts of infringement and, to the extent lost profits cannot be established, no less than a reasonable royalty based on the Foundry's sales of its products. Alcatel also believes that it is entitled to an injunction preventing further acts of infringement by Foundry. Finally, Alcatel believes that it is entitled to an award of increased damages and attorneys' fees because the defendants' infringement has been willful.

10

Alcatel currently does not believe that Foundry is entitled to damages or injunctive relief for

Foundry's claim that Alcatel allegedly infringes U.S. Patent No. 6,118,864.

D.    For inspection and copying as under Rule 34 any insurance agreement
under which any person carrying on an insurance business may be liable
to satisfy part or all of a judgment which may be entered in the action or
to indemnify or reimburse for payments made to satisfy the judgment.

Not applicable.

Respectfully Submitted,

Alcatel USA Resources, Inc., and
Alcatel Internetworking, Inc.

Timothy S. Haller
Sally Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733
haller@nshn.com

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St.
Wilmington, DE 19801
phone 302 571-6600
jingersoll@ycst.com

Attorneys for Plaintiffs

11

02/15/06  11:39 FAX 3122361471          NIRO SCAVONE                    ☑013/013

## CERTIFICATE OF SERVICE

I, Sally Wiggins, hereby certify that on February 15, 2006, I caused a copy of the **THE ALCATEL PLAINTIFFS' FEBRUARY 15, 2006 SUPPLEMENTAL FED.R.CIV.P. 26(A)(1) INITIAL DISCLOSURES** to be served upon the below listed counsel of record by Facsimile and First Class Mail:

Philip A. Rovner
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899

William L. Anthony
Matthew H. Poppe
Michael F. Heafey
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025

K.T. Cherian
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105

# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ALCATEL USA RESOURCES, INC. AND ALCATEL INTERNETWORKING, INC., | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 05-418-SLR |
| v. | ) ) | |
| FOUNDRY NETWORKS, INC., | ) ) | |
| Defendant. | ) | |

## FOUNDRY NETWORKS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS REGARDING PLAINTIFF'S COUNT II AND DEFENDANT'S COUNTERCLAIM (Nos. 1-205)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, defendant and counterclaimant Foundry Networks, Inc. ("Foundry"), by its attorneys, hereby requests plaintiff Alcatel Internetworking, Inc. ("Alcatel") to respond to the following requests for the production of documents and things within 30 days after service of these requests. Foundry also requests that Alcatel produce documents and things responsive to the following requests at the office of Howrey LLP, 525 Market Street, Suite 3600, San Francisco, California 94105. These requests are continuing, and Alcatel must supplement its responses in accordance with the Federal Rules of Civil procedure and the Court's October 18, 2005 Scheduling Order.

## DEFINITIONS

As used herein and in all further discovery requests, unless specified otherwise, the terms listed below shall be defined as follows:

1.     "Alcatel," "you," and "your" means plaintiff Alcatel Internetworking, Inc., its parents, subsidiaries, divisions, affiliates, predecessors, assigns, successors, and acquired assets or business units, including but not limited to, Alcatel USA Resources, Inc., and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents and/or all other persons acting, or purporting to act, on their behalf.

2.     "Foundry" means Defendant and Counterclaimant Foundry Networks, Inc.

3.     "Person" shall mean individual, individuals, business entity or entities, including but not limited to, associations, corporations, partnerships, or business trusts, any federal, state, or local government or governmental agency, and any foreign government or foreign government agency or other organization recognizable at law and the "acts" of a Person, are defined to include the acts of directors, officers, owners, members, employees, agents or attorneys acting on the Person's behalf.

4.     The terms "documents" or "document" means any original and every non-identical copy or reproduction of any document, writing or record within the broad context of Rule 34 of the Federal Rules of Civil Procedure, in the possession, custody or control of Alcatel, including, for example, but not limited to: any written, printed, typed, or other graphic matter of any kind or nature; any physical object or thing, animate or inanimate; all mechanical, magnetic, digital, or electric sound or video recordings or transcripts thereof, any retrievable data, communication (including but not limited to, electronic mail), information, or

statistics contained on any memory device or other information storage and retrieval systems (whether stored, encoded, taped, or coded electrostatically, electromagnetically, optically, digitally, or otherwise); and also without limitation, agreements, books, catalogs, charts, compilations, conversations, correspondence, descriptions, diagrams, diaries, directives, drawings, electronic recordings, facsimile transmissions, files, films, graphs, inspection reports, interoffice memorandums, instructions, letters, maps, measurements, memoranda, minutes, motion pictures, notes, notebooks, notices, pamphlets, periodicals, photocopies, photographs, plans, plats, proposals, publications and published or unpublished speeches or articles, recordings, records, sampling results, laboratory reports, reports, reproductions, samples, schedules, sketches, specifications, statements, studies, summaries, surveys, telecopies, telegrams, telephone call slips, and transcripts of telephone conversations, test results, transcripts, videotapes, worksheets, and working papers that are in the possession, custody or control of the Plaintiff, wherever located. "Documents" and "document" shall also mean all copies of documents, by whatever means made (including but not limited to, carbon, handwritten, microfilmed, telecommunicated, photostatic or xerographic copies), and include all non-identical copies (whether different from the original because of any alterations, notes, comments or other material contained thereon or attached thereto, or otherwise). "Documents" and "document" shall also include any and all data compilations from which information can be obtained.

　　　　5.　　　The terms "communication" or "communications" shall mean any communication regardless of the manner in which communications took place, including but not limited to, personal conversations, correspondence, electronic or computer mail, telephone calls, facsimile communications, or telegrams.

6.    The term "refer," "relate," "concern," "referring," "relating," or "concerning" shall be construed in the broadest sense to mean information (1) referring to, describing, evidencing, constituting, or otherwise discussing in any way the subject matter identified in a request; (2) which contains or comprises any communication (including representations, requests, demands, studies, analyses, and the like) referred to in these requests; or (3) information which discusses, mentions or refers, whether directly or indirectly, to the subject matter of the request.

7.    The terms "and" and "or" shall be understood as either conjunctive or disjunctive whichever is more inclusive in content.

8.    The terms "any" and "all" shall be considered to include "each and every."

9.    The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of a noun or pronoun so used, and vice versa.

10.    The term "Complaint" means the Amended Complaint filed by Alcatel in this action, dated July 27, 2005.

11.    The term " '864 patent" means U.S. Patent No. 6,118,864.

12.    The term "prosecution" shall mean or refer to proceedings before any patent office, either the United States Patent and Trademark Office or a foreign patent office, in connection with the filing, issuance, reexamination, reissue or review of, or opposition to, a particular patent.

13.    The term "public use" shall mean or refer to any public or private use or demonstration, whether experimental or otherwise, of the alleged invention or which disclosed the alleged invention to anyone other than an employee, agent or attorney of Alcatel, including without limitation existing or potential investors, licensees, customers or distributors.

14.     The term "sale" shall mean or refer to public or private efforts of any sort in connection with the commercialization of an alleged invention, whether experimental or otherwise, including without limitation any offers for sale or license, actual sales or licenses, or any advertising of or price quotations for the alleged invention.

15.     The terms "related patent," "related patents" or "related patent or application" shall mean all patents and patent applications, whether resulting in an issued patent or not, that the patents-in-suit claim priority to, all patents and patent applications, whether resulting in an issued patent or not, that claim priority to the same patents and patent applications that the patents-in-suit claims priority to and all patents and patent applications, whether resulting in an issued patents or not, that claim priority to the patents-in-suit, including divisionals, continuations, and continuations-in-part.

16.     The term "prior art" shall mean or refer to any U.S. or foreign patent or patent application, publication, reference, process, machine, manufacture, or composition of matter, item or information that predates the filing of the '864 patent and relates to the subject matter of one or more claims of the '864 patent, regardless of whether Alcatel contends that prior art either anticipates or renders obvious, under 35 U.S.C. § 102 and/or 35 U.S.C. § 103, the inventions claimed in the '864 patent.

17.     The term "Inventors" means one or more of the named inventors of one or more of the patents-in-suit

18.     The term "attorney" shall include attorneys (both in-house and outside counsel), paralegals, and their secretaries and other support staff.

19.     The term "PTO" means the United States Patent and Trademark Office.

20.    The term "VOIP" means or refers to Voice-over-IP (or Voice over Internet Protocol).

21.    The term "softswitch" shall mean a software-based switch used to control communications over a telecommunications network, the switch also being capable of providing, enabling or facilitating PBX-like services, such as call hold, call forwarding, call transfer, call conferencing and the like. An Example of a softswitches includes the Alcatel A5020 Softswitch.

22.    The term "application or feature server" shall mean a network server that allows for service creation and provisioning over a telecommunications network, including the provision, enablement or facilitation of the delivery of PBX-like services, such as call hold, call forwarding, call transfer, call conferencing and the like.. Examples of application or feature servers include the Alcatel SCP 8690 Application Server and the Sylantro Application Feature Server.

23.    The term "Alcatel Accused Product" shall mean any product under development, made, used, sold, offered for sale, licensed, distributed or marketed as "OmniPCX Enterprise," "OmniPCX Office," "OmniPCX 4400," "OmniSwitch 8800," "OmniSwitch 7800," "OmniSwitch 6600," "OmniSwitch 7700," "Alcatel 1540 Litespan," "Alcatel 5020 Softswitch," "Alcatel 7750 SR," "Alcatel 7450 ESS," "Alcatel 7505 Media Gateway," and all other products under development, made, sold, offered for sale, licensed, distributed or marketed by Alcatel for incorporation into any telecommunications system that is intended to deliver private branch exchange ("PBX") services, such as call hold, call forwarding, call transfer, call conferencing and the like, VOIP services and/or Centrex services to end-users of such telecommunication system.

## INSTRUCTIONS

1.    When asked to "identify" or specify the "identity" of a person, if that person is not an individual, specify its full name and principal place of business, including address and telephone number.

2.    When asked to "identify" or specify the "identity" of a document, specify (1) the date of the document, (2) the number of pages in the document, (3) the identity of all persons who prepared or signed a copy of the document, (4) the identity of all persons designated as addressees of the document, (5) the identity of all persons designated as copy recipients of any copy of the document, (6) the type of document (e.g. memorandum, pamphlet, or report) and (7) the general subject matter of the document.

3.    All responsive documents within the possession, custody or control of Alcatel, as defined above, shall be produced.

4.    Each responsive document or portion thereof that Alcatel claims to be privileged against discovery on any ground shall be identified by providing:

      a.    description of the general type of the document, i.e. letter, memorandum, report, miscellaneous note, etc.;

      b.    the date the document was created;

      c.    the author;

      d.    all addressees, recipients, copyholders and other distributees;

      e.    the organization, if any, with which each author, addressee, recipient, or distributee was then connected to and his or her job title or description;

      f.    the number of pages;

7

g.    a general summary of the subject matter; and

h.    the grounds for refusing to produce the document or portion thereof.

2.    In the event Alcatel claims that a request is overly broad, Alcatel is requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly overly broad.

3.    In the event Alcatel claims that a request is unduly burdensome, Alcatel is requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

4.    For any requested document that has been destroyed after the commencement of this suit, Alcatel shall identify each document, set forth the contents of each destroyed document, the date of such destruction, the identity of any individuals who authorized the destruction, and other circumstances related to such destruction.

5.    For purposes of these requests, terms not specifically defined shall be given their ordinary meaning as Alcatel understands them to be used in the trade.

These requests are deemed to be continuing in nature and, as such, Alcatel shall supplement its response consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify each softswitch, or application or feature server, made, used, sold or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999, including any internal reference number, model number, manufacturing product number, internal development name, sales name, trade name (and any other designations used by Alcatel).

**REQUEST FOR PRODUCTION NO. 29:**

All documents referring or relating to any response or supplemental response to any interrogatory, request for admission or document request served by Foundry in this action, including any documents identified in, requested to be identified in, or used or relied on in the preparation of any such response or supplemental response.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to any communications between or among any Alcatel employees, officers, directors, contractors, agents, consultants, non-parties or any other individuals or entities, regarding the '864 patent and/or this lawsuit, including but not limited to, communications referring or relating to validity/invalidity, infringement/noninfringement, enforceability/unenforceability, patentability, scope or interpretation of any of the claims of the '864 patent.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to any communications between and among any Alcatel employees, officers, directors, agents, consultants, non-parties or any other individuals or entities, regarding any lawsuit involving the '864 patent.

**REQUEST FOR PRODUCTION NO. 32:**

All documents relating to any procedures, policies, guidelines, training materials or recommended courses of action concerning patents owned by any person or entity other than Alcatel.

**REQUEST FOR PRODUCTION NO. 33:**

All documents relating to any procedures, policies, guidelines, training materials or recommended courses of action applicable when an Alcatel employee or Alcatel representative becomes aware of any claim of patent infringement or potential claim of patent infringement against any Alcatel product or process, including without limitation, any product under

development, made, used, sold or offered for sale in the United States, or imported into the

United States, by or for Alcatel.

**REQUEST FOR PRODUCTION NO. 34:**

All documents relating to any alleged infringement or non-infringement of the '864

patent, whether alleged against Alcatel or any third party.

**REQUEST FOR PRODUCTION NO. 35:**

All documents relating to the validity, invalidity, enforceability, or unenforceability of

the '864 patent.

**REQUEST FOR PRODUCTION NO. 36:**

All searches, studies, opinions, or evaluations concerning the infringement or validity of

the '864 patent.

**REQUEST FOR PRODUCTION NO. 37:**

All documents that refer or relate to the '864 patent.

**REQUEST FOR PRODUCTION NO. 38:**

All documents relating to communications between Alcatel and any other person or

entity, that refer to, mention, or discuss the '864 patent.

**REQUEST FOR PRODUCTION NO. 39:**

All documents that refer or relate to any prior art to the '864 patent.

**REQUEST FOR PRODUCTION NO. 40:**

All documents relating to any prior use, prior publication, prior knowledge or the prior

sale of or offer to sell a product or process embodying all or part of any of the alleged

inventions claimed in the '864 patent. ("Prior," for purposes of this request, means before the

filing date of the respective patents or patent applications.)

**REQUEST FOR PRODUCTION NO. 54:**

All documents relating to Foundry in any way, including but not limited to, documents and things referring or relating to the '864 patent.

**REQUEST FOR PRODUCTION NO. 55:**

All documents relating in any way to any of the named inventors of the '864 patent.

**REQUEST FOR PRODUCTION NO. 56:**

All documents relating in any way to any of the attorneys who prosecuted the '864 patent.

**REQUEST FOR PRODUCTION NO. 57:**

All documents relating to communications with any individual or entity (including Lucent Technologies and Nortel Networks, and their respective attorneys and agents) concerning the '864 patent

**REQUEST FOR PRODUCTION NO. 58:**

All documents relating to any meetings with Foundry or assertions of any Foundry patent against Alcatel.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to or used to prepare for any meetings with Foundry relating to assertions of any Foundry patent against Alcatel.

**REQUEST FOR PRODUCTION NO. 60:**

All documents relating to Alcatel's licensing policies.

**REQUEST FOR PRODUCTION NO. 61:**

All documents relating to any Alcatel patent license agreement, assignment, or any other grant of right relating to any softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999

18

**REQUEST FOR PRODUCTION NO. 92:**

All documents relating to Alcatel's strategies, positions, reasons or goals, and communications related to the formulation of industry standards for VOIP telecommunications including but not limited to, signaling and protocol standards, and the submissions of patents or patent applications or summaries of patent applications or intellectual property to industry standards bodies or any other body formulating standards used in VOIP telecommunications equipment and systems.

**REQUEST FOR PRODUCTION NO. 93:**

All documents that concern, refer or relate to Alcatel's interactions, participation or communications with industry standards bodies relating to VOIP telecommunications.

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to identify all Alcatel representatives to industry standards bodies relating to VOIP telecommunications from January 1, 1999 through the present, the industry standards bodies' committees that the Alcatel representatives participated in, and the time period for which each Alcatel representative participated in that role.

**REQUEST FOR PRODUCTION NO. 95:**

Documents that refer or relate to Alcatel's evaluations, studies, reviews of patents, patent applications, or industry standards relating to VOIP telecommunications equipment or systems.

**REQUEST FOR PRODUCTION NO. 96:**

All documents that relate to, refer to, or embody Alcatel's marketing, business development plans, strategies, motivations, positions, reasons or goals from January 1, 1999 through the present, for products for the VOIP telecommunications market, including but not limited to, VOIP telecommunications equipment or systems.

**REQUEST FOR PRODUCTION NO. 97:**

All documents that relate to, or refer to or embody Alcatel's efforts or attempts to design VOIP telecommunications equipment and systems from January 1, 1999 through the present.

**REQUEST FOR PRODUCTION NO. 98:**

All documents that relate to or refer to or embody Alcatel's marketing, strategic marketing, business development plans, strategies, motivations reasons or goals related to VOIP telecommunications equipment and systems.

**REQUEST FOR PRODUCTION NO. 99:**

All documents relating to any market study or commercial study relating to any softswitch, or application or feature server.

**REQUEST FOR PRODUCTION NO. 100:**

Documents sufficient to show Alcatel's monthly, quarterly and annual sales (both in units and dollars) since July 1, 1999 for each softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999 (in electronic form to the extent such electronic files exist).

**REQUEST FOR PRODUCTION NO. 101:**

From July 1, 1999 to the present, documents sufficient to show Alcatel's revenue, costs (including the identity of labor, material, variances, selling and administrative costs, and the components that comprise those costs) gross margins, and profits before taxes for the design, development, manufacture and lease or sale for each softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999, (in electronic form to the extent such electronic files exist).

**REQUEST FOR PRODUCTION NO. 141:**

From January 1, 1999 to the present, all documents referring or relating to any comparison, discussion, analysis, or communication comparing Alcatel's projected or forecasted financial and sales results with Alcatel's actual financial and sales results for any softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999.

**REQUEST FOR PRODUCTION NO. 142:**

From January 1, 1999 to the present, documents sufficient to show the following for any softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999: Alcatel's product sales summary, by customer, in units and dollars for each calendar quarter; and Alcatel's corresponding profits per sale summaries.

**REQUEST FOR PRODUCTION NO. 143:**

All documents, including but not limited to communications with Alcatel's customers or potential customers, that refer or relate to the '864 patent.

**REQUEST FOR PRODUCTION NO. 144:**

All documents that refer or relate to Alcatel's market share for any softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999 including but not limited to, all competitive analyses, press releases, financial reports, financial performance analyses, business plans, and similar documents that refer or relate to Alcatel's projected and actual financial performance.

**REQUEST FOR PRODUCTION NO. 145:**

For each softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999, documents sufficient to show on a monthly, quarterly, and yearly basis, from

**REQUEST FOR PRODUCTION NO. 170:**

All documents that Alcatel expects to use or introduce into evidence at any hearing, trial, submission to the court, or deposition in this case.

**REQUEST FOR PRODUCTION NO. 171**

All documents regarding the design, development, testing or evaluation of all products and systems (including hardware, software, firmware, etc.) made, used, sold or offered for sale by Alcatel in the United States, or imported by or for Alcatel or its customers into the United States, since July 1, 1999, relating to any telecommunication system for providing, enabling or delivering private branch exchange services, including but not limited to telecommunication systems incorporating one or more Alcatel Accused Product.

**REQUEST FOR PRODUCTION NO. 172**

All documents regarding the structure, software, firmware, function or operation of each Alcatel Accused Product, including but not limited to documents relating to any product specifications, requirements and/or operational characteristics of each Alcatel Accused Product.

**REQUEST FOR PRODUCTION NO. 173**

All documents relating to the manufacture of all versions of each Alcatel Accused Product, including, without limitation, documents sufficient to identify (a) the facility (or facilities) at which each Alcatel Accused Product was manufactured; (b) date(s) of manufacture; and (c) whether the manufacture included the incorporation of any hardware, software, or firmware sold, manufactured, or distributed by a third party and, if so, the identity of that third party.

**REQUEST FOR PRODUCTION NO. 174**

All documents relating to the installation of each Alcatel Accused Product, including, without limitation: (a) all agreements under which each such installation was performed; (b) all documents concerning or relating to the configuration of each such installation; (c) all records

relating to each such installation; and (d) all documents sufficient to identify (i) the identities and responsibilities of all Alcatel personnel principally involved in each such installation; (ii) the identities and responsibilities of all third-party personnel involved in each such installation; (iii) the facility (or facilities) at which each Alcatel Accused Product was installed; (iv) the date of each such installation; and (v) all discussions, negotiations, or execution of any agreements relating to each such  installation.

## REQUEST FOR PRODUCTION NO. 175

All documents relating to any software sold in combination with, offered for sale in combination with, distributed with, installed on, or capable of being executed by each Alcatel Accused Product, including, without limitation, any user guides, promotional materials, and sales documents for any such software product.

## REQUEST FOR PRODUCTION NO. 176

All documents relating to the structure, function, and/or operation of any Alcatel prototypes or Alcatel products other than the Alcatel Accused Products, which implement, incorporate, support or use PBX or VoIP technology, and which have been used, sold, offered for sale, distributed in or imported into the United States by or on behalf of Alcatel since July 1, 1999.

## REQUEST FOR PRODUCTION NO. 177

All documents that refer or relate in any manner to the '864 patent.

## REQUEST FOR PRODUCTION NO. 178

All documents that record, refer to, or relate to any prior art to the '864 patent.

## REQUEST FOR PRODUCTION NO. 179

All documents that record, refer to, or relate to any opinions, analyses and/or investigations regarding the '864 patent including, without limitation, any novelty,

## REQUEST FOR PRODUCTION NO. 184

A complete set of the engineering drawings for each model, version, and/or prototype of each Alcatel Accused Product.

## REQUEST FOR PRODUCTION NO. 185

A sample of each model, version, and/or prototype of each Alcatel Accused Product.

## REQUEST FOR PRODUCTION NO. 186

All projections, budgets, call reports, sales reports, business plans, strategic plans, marketing plans, marketing surveys, consumer surveys, and/or market studies that refer or relate in any manner to each Alcatel Accused Product.

## REQUEST FOR PRODUCTION NO. 187

A copy of each piece of advertising or promotional material relating or referring to any Alcatel Accused Product, including, without limitation, press releases, brochures, internet web pages, correspondence, catalogs, catalog sheets, price lists, descriptive literature, articles in trade journals or other publications, materials prepared for trade meetings, trade shows or trade conventions, or any other material disseminated or otherwise made available to the public or to any actual, potential or prospective customer.

## REQUEST FOR PRODUCTION NO. 188

All communications and/or correspondence, including all e-mail messages that refer or relate in any manner to any Alcatel Accused Product.

## REQUEST FOR PRODUCTION NO. 189

All documents sufficient to identify the quantity of each Alcatel Accused Product sold worldwide, the sales price for each such product sold, and the customer of each such product sold.

**REQUEST FOR PRODUCTION NO. 190**

All documents and/or computer databases which record, refer to, or relate to the amount
of profit earned by or on behalf of Alcatel in connection with the sale of each Alcatel Accused
Product, including, without limitation, the number of units sold, sales figures, gross receipts,
production costs, material costs, labor costs, storage costs, overhead, shipping costs, general
and administrative costs, fixed expenses and/or variable expenses.

**REQUEST FOR PRODUCTION NO. 191**

All financial statements, audited and unaudited, financial summaries, annual statements,
annual filings, profit and loss statements, audited and unaudited, and corporate filings prepared
by or for Alcatel from and including July 1, 1999.

**REQUEST FOR PRODUCTION NO. 192**

Al documents that refer or relate in any manner to any Alcatel Accused Product not
otherwise produced in response to these Requests.

**REQUEST FOR PRODUCTION NO. 193**

All documents that record, refer to, or relate to the contention in ¶ 15 of Alcatel's
Amended Complaint that "Alcatel Internetworking has not infringed any valid claim of the
'864 patent in any way, i.e., directy, contributorily, or by inducement," whether or not
supportive of such contention.

**REQUEST FOR PRODUCTION NO. 194**

All documents that record, refer to, or relate to the contention in ¶ 15 of Alcatel's
Amended Complaint that "Alcatel Internetworking is entitled to a judicial declaration that it has
not and does not infringe the '864 patent," whether or not supportive of such contention.

**REQUEST FOR PRODUCTION NO. 195**

All documents that record, refer to, or relate to the contention in ¶ 16 of Alcatel's
Amended Complaint that "[t]he '864 patent is invalid for failure to comply with one or more of

the requirements, conditions, and provisions set forth in at least 35 U.S.C §§ 101, 102, 103 and/or 112," whether or not supportive of such contention.

## REQUEST FOR PRODUCTION NO. 196

All documents that records, refer, or relates to the operational and/or performance characteristics of any Alcatel Accused Product.

## REQUEST FOR PRODUCTION NO. 197

All documents concerning the design, development, architecture, testing, evaluation or operation of any product under development, made, used, sold, or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

## REQUEST FOR PRODUCTION NO. 198

All versions of software code of (object and source) of any product under development, made, used, sold, or offered for sale by Alcatel that enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

## REQUEST FOR PRODUCTION NO. 199

All documents disseminated to customers, potential customers or third parties which concern, refer or relate to any product under development, made, used, sold, or offered for sale by Alcatel that enables voice communication and one or more PBX features including but not limited call hold, call forwarding, call conferencing, call transfer and the like.

## REQUEST FOR PRODUCTION NO. 200

All documents created during the design, development, architecture, coding, testing, evaluation or operation of any product under development, made, used, sold, offered for sale by Alcatel that enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**REQUEST FOR PRODUCTION NO. 201**

All documents that concern the operation of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**REQUEST FOR PRODUCTION NO. 202**

All documents that refer, concern or relate to the installation, use, deployment, or testing of other Alcatel or third party products in connection with the operation of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**REQUEST FOR PRODUCTION NO. 203**

All documents that evidence the testing, deployment and operation of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**REQUEST FOR PRODUCTION NO. 204**

All documents that concern, refer or relate to revenue realized from the sale or lease of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**REQUEST FOR PRODUCTION NO. 205**

All documents that concern, refer or relate to revenues realized from the sale or lease of products intended to operate with any product under development, made, used, sold or offered

for sale by Alcatel which enables voice communication and one more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Henry C. Bunsow
K. T. Cherian
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

Attorneys for Count II
Defendant and Counterclaimant
Foundry Networks, Inc.

Dated: January 24, 2006

By: _____
        Philip A. Rovner (#3215)
        Hercules Plaza
        P.O. Box 951
        Wilmington, Delaware 19899
        (302) 984-6000
        E-mail: provner@potteranderson.com

Attorneys for Defendant and
Counterclaimant
Foundry Networks, Inc.

716658

48

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on January 24, 2006, true and correct

copies of the within document were served on the following counsel of record at the

addresses and in the manner indicated:

BY HAND DELIVERY

Josy W. Ingersoll, Esq.
Adam W. Poff, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

BY FEDERAL EXPRESS

Timothy J. Haller, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL  60602

Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com

# EXHIBIT 18

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALCATEL USA RESOURCES, INC.,            )
    a Delaware Corporation, and         )
ALCATEL INTERNETWORKING, INC.,          )
    a California Corporation,            )
                                        )
                Plaintiffs,             )
                                        )       Civil Action No. 1:05 CV 418
        v.                              )
                                        )
FOUNDRY NETWORKS, INC.,                 )
    a Delaware Corporation,             )
                                        )
                                        )
                Defendant.              )

## ALCATEL'S RESPONSE TO FOUNDRY'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS REGARDING COUNT II AND FOUNDRY'S COUNTERCLAIM (NOS. 1-205)

Alcatel USA Resources, Inc., and Alcatel Internetworking, Inc. (collectively "Alcatel"), hereby submit their objections and responses to Foundry Networks, Inc. ("Foundry") First Set of Requests for Production of Documents and Things Regarding Count II and Foundry's Counterclaim (Nos. 1-205) propounded by Foundry Networks, Inc. ("Foundry"), as follows:

Subject to its objections, Alcatel will produce properly requested documents, to the extent that they are available and still in existence, as and where they are kept in the usual course of business pursuant to Rule 34, Fed.R.Civ.P.

By stating that it will produce documents in its possession or identify documents, Alcatel does not represent that any such documents exist; rather, Alcatel is responding only that, to the extent such documents exist and are

located, they will be produced, subject to and without waiver of any objections or privileges.

## GENERAL OBJECTIONS

1.    To the extent any of Foundry's discovery requests call for documents or information subject to the attorney-client privilege and/or work-product immunity, they are objected to on that basis.  Any documents withheld from production on either basis will be identified in a withheld document list that will be exchanged with Foundry's list of withheld documents.  Alcatel objects to identifying documents withheld on the basis of the attorney-client privilege and/or work product immunity that were created or prepared after the filing of this lawsuit.

2.    Alcatel objects to Foundry's discovery requests to the extent they are not sufficiently limited or reasonably calculated to lead to discovery of admissible evidence, and are overly broad and unduly burdensome.  Alcatel is willing, however, to confer with Foundry in an effort to resolve any disagreements between the parties relating to the scope, breadth and relevancy of Foundry's discovery requests.

3.    Alcatel objects to Foundry's discovery requests to the extent that they are repetitive, overlapping or duplicative.  Where applicable, Alcatel has attempted to identify relevant documents in response to Foundry's discovery requests.  By so designating, Alcatel does not represent that the identified documents are the only relevant documents, or that the identified documents are necessarily the most relevant documents.  However, Alcatel has made a good

faith effort to identify relevant documents and/or categories of documents as provided in Rules 33 and 34, Fed.R.Civ.P.

4.    In those instances where the response to Foundry's discovery requests can best be derived from the records of Alcatel or from an examination, audit or inspection of such records, and the burden of deriving or ascertaining the answer is substantially the same for Alcatel and Foundry, Alcatel will specify the records from which a complete answer may be ascertained and afford Foundry's counsel a reasonable opportunity to audit, inspect and copy such records or provide categorized copies of such records in accordance with Federal Rule of Civil Procedure 33(d).

5.    Alcatel objects to Foundry's discovery requests to the extent they request documents and/or information already in Foundry's possession or which are equally available to Alcatel and Foundry from other sources.

6.    Where a discovery request includes words and concepts indicative of a legal conclusion, such as "prior art", by stating that it will produce documents its possession or identify documents, Alcatel does not represent that such legal conclusions apply.

7.    Discovery requests calling for or pertaining to ultimate conclusions are necessarily limited by the present lack of discovery.  Discovery responses will be supplemented as appropriate and as provided in Rule 26(e), Fed.R.Civ.P.

8.    Alcatel objects to Foundry's definitions and instructions to the extent they are inconsistent with the appropriate Federal Rule of Civil Procedure, such as Rules 26, 33 and 34, and the Local Rules of the Court.  Alcatel will rely

upon the Federal Rules of Civil Procedure, the Local Rules and governing case law with respect to the subject definitions, instructions and responses.

9.    Alcatel objects to Foundry's combined 371 document requests as unduly burdensome.

10.    Alcatel objects to each and every Foundry request to the extent it seeks information that exceeds the scope of discovery.

11.    Alcatel objects to Foundry's definition of Alcatel "Accused products" as vague, ambiguous and overly broad. Consistent with the practice followed between the parties in the past, as well as Alcatel's pending request to confer on the scope of Alcatel's current document requests, Alcatel remains available to discuss and narrow the scope of these document requests.

12.    Alcatel objects to Foundry's use of the term "softswitch" and accompanying definition as vague, ambiguous and overly broad to the extent Foundry seeks documents beyond the Alcatel 5020 softswitch. Consistent with the practice followed between the parties in the past, as well as Alcatel's pending request to confer on the scope of Alcatel's current document requests, Alcatel remains available to discuss and narrow the scope of these document requests.

13.    Alcatel objects to Foundry's use and definition of the term "application or feature server" as ambiguous, vague and overly broad. Alcatel further objects to this term to the extent it includes products beyond the two identified. Consistent with the practice followed between the parties in the past, as well as Alcatel's pending request to confer on the scope of Alcatel's current

document requests, Alcatel remains available to discuss and narrow the scope of these document requests.

14.    These General Objections shall be deemed to be incorporated in full into each of the individual responses set forth below.

15.    To the extent that specific General Objections are cited in a specific response, those citations are provided because they are believed to be particularly applicable to the specific requests, and are not to be construed as a waiver of any other General Objection applicable to information falling within the scope of the request.

16.    The following responses are based on information reasonably available to Alcatel as of the date of this response. Alcatel's investigation is continuing and ongoing and Alcatel expressly reserves the right to revise or supplement the response based upon information learned after the date of this response and to use such information in the current litigation.

17.    Alcatel objects to each request to the extent it seeks to elicit information that comprises third party confidential information of which Alcatel is obligated not to disclose.

18.    Alcatel objects to Foundry's requests to the extent they seek documents which fall within the scope of Federal Rule of Evidence 408.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Documents sufficient to identify each softswitch, or application or feature server, made, used, sold or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999, including any internal reference number, model number, manufacturing product number, internal

All documents that refer or relate to the decision by Alcatel to file Count II of its Amended Complaint in this action, including documents that identify the person or persons who participated in or contributed to that decision, and all documents that constitute, refer, or relate in any way to the basis or bases upon which that decision was made.

**Response:**

See General Objection No. 1.    Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 28:

To the extent not otherwise requested herein, all documents relating to any documents of things analyzed, evaluated, examined, inspected, or investigated by Alcatel prior to filing Count II of its Amended Complaint in this action.

**Response:**

See General Objection No. 1.    Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 29:

All documents referring or relating to any response or supplemental response to any interrogatory, request for admission or document request served by Foundry in this action, including any documents identified in, requested to be identified in, or used or relied on in the preparation of any such response or supplemental response.

**Response:**

See General Objection No. 1.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 30:**

All documents relating to any communications between or among any Alcatel employees, officers, directors, contractors, agents, consultants, non-parties or any other individuals or entities, regarding the '864 patent and/or this lawsuit, including but not limited to, communications referring or relating to validity/invalidity, infringement/noninfringement, enforceability/unenforceability, patentability, scope or interpretation of any of the claims of the '864 patent.

**Response:**

See General Objection No. 1.  To the extent Foundry seeks documents on which Alcatel may elect to rely on as a basis for good faith, Foundry's request is premature and violates the Court's Scheduling Order.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 31:**

All documents relating to any communications between and among any Alcatel employees, officers, directors, agents, consultants, non-parties or any other individuals or entities, regarding any lawsuit involving the '864 patent.

**Response:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 32:

All documents relating to any procedures, policies, guidelines, training materials or recommended courses of action concerning patents owned by any person or entity other than Alcatel.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 33:

All documents relating to any procedures, policies, guidelines, training materials or recommended courses of action applicable when an Alcatel employee or Alcatel representative becomes aware of any claim of patent infringement or potential claim of patent infringement against any Alcatel product or process, including without limitation, any product under development, made, used, sold or offered for sale in the United States, or imported into the United States, by or for Alcatel.

### Response:

See General Objection No. 1. To the extent Foundry seeks documents on which Alcatel may elect to rely on as a basis for good faith, Foundry's request is premature and violates the Court's Scheduling Order. Subject to and without

waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 34:

All documents relating to any alleged infringement or non-infringement of the '864 patent, whether alleged against Alcatel or any third party.

### Response:

See General Objection No. 1. To the extent Foundry seeks documents on which Alcatel may elect to rely on as a basis for good faith, Foundry's request is premature and violates the Court's Scheduling Order. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 35:

All documents relating to the validity, invalidity, enforceability, or unenforceability of the '864 patent.

### Response:

See General Objection No. 1. To the extent Foundry seeks documents on which Alcatel may elect to rely on as a basis for good faith, Foundry's request is premature and violates the Court's Scheduling Order. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will

produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 36:

All searches, studies, opinions, or evaluations concerning the infringement or validity of the '864 patent.

### Response:

See General Objection No. 1. To the extent Foundry seeks documents on which Alcatel may elect to rely on as a basis for good faith, Foundry's request is premature and violates the Court's Scheduling Order.

## REQUEST FOR PRODUCTION NO. 37:

All documents that refer or relate to the '864 patent.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 38:

All documents relating to communications between Alcatel and any other person or entity, that refer to, mention, or discuss the '864 patent.

### Response:

See General Objection No. 1.   Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 39:

All documents that refer or relate to any prior art to the '864 patent.

## Response:

See General Objection No. 1.   Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 40:

All documents relating to any prior use, prior publication, prior knowledge or the prior sale of or offer to sell a product or process embodying all or part of any of the alleged inventions claimed in the '864 patent. ("Prior," for purposes of this request, means before the filing date of the respective patents or patent applications.)

## Response:

See General Objection No. 1.   Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 55:

All documents relating in any way to any of the named inventors of the '864 patent.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 56:

All documents relating in any way to any of the attorneys who prosecuted the '864 patent.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 57:

All documents relating to communications with any individual or entity (including Lucent Technologies and Nortel Networks, and their respective attorneys and agents) concerning the '864 patent.

**Response:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 58:**

All documents relating to any meetings with Foundry or assertions of any Foundry patent against Alcatel.

**Response:**

See General Objection Nos. 1 and 17. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 59:**

All documents relating to or used to prepare for any meetings with Foundry relating to assertions of any Foundry patent against Alcatel.

**Response:**

See General Objection Nos. 1 and 17. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and

All documents that concern, refer or relate to Alcatel's interactions, participation or communications with industry standards bodies relating to VOIP telecommunications.

**Response:**

See General Objection No. 1. Alcatel objects to this request on grounds that Foundry's counsel's request for these documents constitutes a conflict of interest between the Howrey law firm and Alcatel.

## REQUEST FOR PRODUCTION NO. 94:

Documents sufficient to identify all Alcatel representatives to industry standards bodies relating to VOIP telecommunications from January 1, 1999 through the present, the industry standards bodies' committees that the Alcatel representatives participated in, and the time period for which each Alcatel representative participated in that role.

**Response:**

See General Objection No. 1. Alcatel objects to this request on grounds that Foundry's counsel's request for these documents constitutes a conflict of interest between the Howrey law firm and Alcatel.

## REQUEST FOR PRODUCTION NO. 95:

Documents that refer or relate to Alcatel's evaluations, studies, reviews of patents, patent applications, or industry standards relating to VOIP telecommunications equipment or systems.

**Response:**

See General Objection No. 1. Alcatel objects to this request on grounds that Foundry's counsel's request for these documents constitutes a conflict of interest between the Howrey law firm and Alcatel.

## REQUEST FOR PRODUCTION NO. 96:

All documents that relate to, refer to, or embody Alcatel's marketing, business development plans, strategies, motivations, positions, reasons or goals

from January 1, 1999 through the present, for products for the VOIP telecommunications market, including but not limited to, VOIP telecommunications equipment or systems.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 97:

All documents that relate to, refer to or embody Alcatel's efforts or attempts to design VOIP telecommunications equipment and systems from January 1, 1999 through the present.

### Response:

See General Objections No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

### REQUEST FOR PRODUCTION NO. 98:

All documents that relate to or refer to or embody Alcatel's marketing, strategic marketing, business development plans, strategies, motivations reasons or goals related to VOIP telecommunications equipment and systems.

### Response:

See General Objections No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce

responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 99:

All documents relating to any market study or commercial study relating to any softswitch, or application or feature server.

## Response:

See General Objections Nos. 1, 12 and 13.

## REQUEST FOR PRODUCTION NO. 100:

Documents sufficient to show Alcatel's monthly, quarterly and annual sales (both in units and in dollars) since July 1, 1999 for each softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999 (in electronic form to the extent such electronic files exist).

## Response:

See General Objections Nos. 1, 12 and 13.

## REQUEST FOR PRODUCTION NO. 101:

From July 1, 1999 to the present, documents sufficient to show Alcatel's revenue, costs (including the identity of labor, material, variances, selling and administrative costs, and the components that comprise those costs) gross margins, and profits before taxes for the design, development, manufacture and lease or sale for each softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999 (in electronic form to the extent such electronic files exist).

## Response:

See General Objections Nos. 1, 12 and 13.

## REQUEST FOR PRODUCTION NO. 102:

For each softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United

**Response:**

See General Objection Nos. 1, 12 and 13.

## REQUEST FOR PRODUCTION NO. 143:

All documents, including but not limited to communications with Alcatel's customers or potential customer, that refer or relate to the '864 patent.

**Response:**

See General Objection No. 1.    Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 144:

All documents that refer or relate to Alcatel's market share for any softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999 including but not limited to, all competitive analyses, press releases, financial reports, financial performance analyses, business plans, and similar documents that refer or relate to Alcatel's projected and actual financial performance.

**Response:**

See General Objection Nos. 1, 12 and 13.

## REQUEST FOR PRODUCTION NO. 145:

For each softswitch, or application or feature server, made, used, sold, leased, or offered for sale in the United States, or imported into the United States, by or for Alcatel since July 1, 1999, documents sufficient to show on a monthly, quarterly, and yearly basis, from January 1, 1999 to the present, the number of units (1) produced or manufactured by Alcatel or on Alcatel's behalf, including the location of production or manufacture, (2) sold by Alcatel, and (3) shipped by Alcatel or on Alcatel's behalf, including the shipping destination.

**Response:**

are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 169:

All documents that have been disclosed to or provided to any person retained by Alcatel in connection with the above-captioned matter, or to any fact or expert witness.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 170:

All documents that Alcatel expects to use or introduce into evidence at any hearing, trial, submission to the court, or deposition in this case.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 171:

All documents regarding the design, development, testing or evaluation of all products and systems (including hardware, software, firmware, etc.) made, used, sol or offered for sale by Alcatel in the United States, or imported by or for Alcatel or its customers into the United States since July 1, 1999, relating to any telecommunications system for providing, enabling or delivering private branch

exchange services, including but not limited to telecommunication systems incorporating one or more Alcatel Accused Product.

**Response:**

See General Objection No. 1. Alcatel further objects to this request as ambiguous to the extent Alcatel understands this request, subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 172:

All documents regarding the structure, software, firmware, function or operation of each Alcatel Accused Product, including but not limited to documents relating to any product specifications, requirements and/or operational characteristics of each Alcatel Accused Product.

**Response:**

See General Objection Nos. 1 and 3. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 173:

All documents relating to the manufacture of all versions of each Alcatel Accused Product, including without limitation, documents sufficient to identify (a) the facility (or facilities) at which each Alcatel Accused Product was manufactured; (b) date(s) of manufacture; and (c) whether the manufacture included the incorporation of any hardware, software, or firmware sold, manufactured, or distributed by a third party and, if so, the identity of that third party.

**Response:**

See General Objection Nos. 1 and 3. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 174:

All documents relating to the installation of each Alcatel Accused Product, including, without limitation: (a) all agreements under which each such installation was performed; (b) all documents concerning or relating to the configuration of each such installation; (c) all records relating to each such installation; and (d) all documents sufficient to identify (i) the identities and responsibilities of all Alcatel personnel principally involved in each such installation; (ii) the identities and responsibilities of all third-party personnel involved in each such installation; (iii) the facility (or facilities) at which each Alcatel Accused Product was installed; (iv) the date of each such installation; and (v) all discussions, negotiations, or execution of any agreements relating to each such installation.

**Response:**

See General Objection Nos. 1 and 3. Alcatel further objects to this request as unduly burdensome and unnecessarily intrusive.

## REQUEST FOR PRODUCTION NO. 175:

All documents relating to any software sold in combination with, offered for sale in combination with, distributed with, installed on, or capable of being executed by each Alcatel Accused Product, including, without limitation, any user guides, promotional materials, and sales documents for any such software product.

**Response:**

See General Objection Nos. 1 and 3. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will

produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 176:

All documents relating to the structure, function, and/or operation of any Alcatel prototypes or Alcatel products other than the Alcatel Accused Products, which implement, incorporate, support or use PBX or VoIP technology, and which have been used, sold, offered for sale, distributed in or imported into the United States by or on behalf of Alcatel since July 1, 1999.

### Response:

See General Objection No. 1.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 177:

All documents that refer or relate in any manner to the '864 patent.

### Response:

See General Objection No. 1.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 178:

All documents that record, refer to, or relate to any prior art to the '864 patent.

**Response:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 187:**

A copy of each piece of advertising or promotional material relating or referring to any Alcatel Accused Product, including, without limitation, press releases, brochures, internet web pages, correspondence, catalogs, catalog sheets, price lists, descriptive literature, articles in trade journals or other publications, materials prepared for trade meetings, trade shows or trade conventions, or any other material disseminated or otherwise made available to the public or to any actual, potential or prospective customer.

**Response:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 188:**

All communications and/or correspondence, including all e-mail messages that refer or relate in any manner to any Alcatel Accused Product.

**Response:**

See General Objection No. 1. Alcatel further objects to this request as unduly burdensome.

## REQUEST FOR PRODUCTION NO. 189:

All documents sufficient to identify the quantity of each Alcatel Accused Product sold worldwide, the sales price for each such product sold, and the customer of each such product sold.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 190:

All documents and/or computer databases which record, refer to, or relate to the amount of profit earned by or on behalf of Alcatel in connection with the sale of each Alcatel Accused Product, including, without limitation, the number of units sold, sales figures, gross receipts, production costs, material costs, labor costs, storage costs, overhead, shipping costs, general and administrative costs, fixed expenses and/or variable expenses.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 191:

All financial statements, audited and unaudited, financial summaries, annual statements, annual filings, profit and loss statement, audited and unaudited, and corporate filings prepared by or for Alcatel from and including July 1, 1999.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 192:

Al documents that refer or relate in any manner to any Alcatel Accused Product not otherwise produced in response to these Requests.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 193:

All documents that record, refer to, or relate to the contention in ¶ 15 of Alcatel's Amended Complaint that "Alcatel Internetworking has not infringed any valid claim of the '864 patent in any way, i.e., directly, contributorily, or by inducement," whether or not supportive of such contention.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and

are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 194:

All documents that record, refer to, or relate to the contention in ¶ 15 of Alcatel's Amended Complaint that "Alcatel Internetworking is entitled to a judicial declaration that it has not and does not infringe the '864 patent," whether or not supportive of such contention.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 195:

All documents that record, refer to, or relate to the contention in ¶ 16 of Alcatel's Amended Complaint that "[t]he '864 patent is invalid for failure to comply with one or more of the requirements, conditions, and provisions set forth in at least 35 U.S.C §§ 101, 103, 103 and/or 112," whether or not supportive of such contention.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 196:

All documents that records, refer, or relates to the operational and/or performance characteristics of any Alcatel Accused Product.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 197:

All documents concerning the design, development, architecture, testing, evaluation or operation of any product under development, made, used, sold, or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

## Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 198:

All versions of software code of (object and source) of any product under development, made, used, sold, or offered for sale by Alcatel that enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**Response:**

See General Objection No. 1.  Consistent with the practice followed by Foundry, subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 199:**

All documents disseminated to customers, potential customers or third parties which concern, refer or relate to any product under development, made, used, sold, or offered for sale by Alcatel that enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**Response:**

See General Objection No. 1.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 200:**

All documents created during the design, development, architecture, coding, testing, evaluation or operation of any product under development, made, used, sold, offered for sale by Alcatel that enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**Response:**

See General Objection No. 1.  Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce

74

responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 201:

All documents that concern the operation of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

## REQUEST FOR PRODUCTION NO. 202:

All documents that refer, concern or relate to the installation, use, deployment, or testing of other Alcatel or third party products in connection with the operation of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

### Response:

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 203:**

All documents that evidence the testing, deployment and operation of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**Response:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 204:**

All documents that concern, refer or relate to revenue realized from the sale or lease of any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**Response:**

See General Objection No. 1. Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 205:**

All documents that concern, refer or relate to revenues realized from the sale or lease of products intended to operate with any product under development, made, used, sold or offered for sale by Alcatel which enables voice communication and one or more PBX features including but not limited to call hold, call forwarding, call conferencing, call transfer and the like.

**Response:**

See General Objection No. 1.    Subject to and without waiving the foregoing specific or general objections, Alcatel responds that it will produce responsive, non-privileged documents to the extent such documents exist and are in Alcatel's possession, custody or control and can be located after a reasonably diligent search.

Respectfully Submitted,

Alcatel USA Resources, Inc. and
Alcatel Internetworking, Inc.

Timothy J. Haller
Robert P. Greenspoon
Sally J. Wiggins
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
phone (312) 236-0733

haller@nshn.com

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Adam W. Poff (#3990)
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West St., Wilmington, DE 19801
phone 302 571-6600

jingersoll@ycst.com

Attorneys for Plaintiffs

77

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **ALCATEL'S RESPONSE TO FOUNDRY'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS REGARDING COUNT II AND FOUNDRY'S COUNTERCLAIM NOS. 1-205** was served upon the below-listed counsel of record as indicated:

### *Via Hand Delivery and Fax*:

Philip A. Rovner, Esquire
POTTER ANDERSON & CORROON LLP
Hercules Plaza
1313 N. Market Street
P.O. Box 951
Wilmington, Delaware 19899
(302) 658-1192 - FAX

### *Via U.S. Mail and Fax*

William L. Anthony, Esquire
Matthew Poppe, Esquire
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA 94025
(650) 614-7401 – FAX

**Attorneys for Foundry Networks, Inc.**

on February 23, 2006.