IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALCATEL USA RESOURCES, INC. )<br>a Delaware Corporation, and )<br>ALCATEL INTERNETWORKING, INC., )<br>a California Corporation, )<br> )<br>Plaintiffs/Counterclaim Defendants, )<br> )<br>v. )<br> )<br>FOUNDRY NETWORKS, INC., )<br>a Delaware Corporation, )<br> )<br>Defendant/Counterclaim Plaintiff. ) | Civil Action No. 05-418-SLR<br><br>(JURY TRIAL DEMANDED) |

**FOUNDRY NETWORKS, INC.'S NOTICE OF
SUBPOENA DUCES TECUM OF ALCATEL USA, INC.**

PLEASE TAKE NOTICE that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Foundry Networks, Inc., through undersigned counsel, hereby serves a subpoena for documents on Alcatel USA, Inc., as set forth in the Subpoena in a Civil Case attached hereto. The documents identified in Attachment "A" to the Subpoena shall be produced by Alcatel USA, Inc. on or before November 17, 2006, to Brown McCarroll, LLP, Trammell Crow Center, 2001 Ross Avenue, Suite 2000, Dallas, Texas 75201, Tel: (214) 999-6100.

| | |
|---|---|
| OF COUNSEL:<br><br>K.T. Cherian<br>Constance F. Ramos<br>HOWREY LLP<br>525 Market Street, Suite 3600<br>San Francisco, CA 94105<br><br>(As to Count II of the Amended Complaint)<br><br>Dated: November 3, 2006<br>759972 | POTTER ANDERSON & CORROON LLP<br><br>/s/ Philip A. Rovner<br>By: _____<br>Philip A. Rovner (#3215)<br>Hercules Plaza<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000<br>E-mail: provner@potteranderson.com<br><br>*Attorneys for Defendant/Counterclaim Plaintiff*<br>*Foundry Networks, Inc.* |

Issued by the
# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| ALCATEL USA RESOURCES, INC., and ALCATEL INTERNETWORKING, INC., Plaintiffs/Counterclaim Defendants, | **SUBPOENA IN A CIVIL CASE** <br><br> Misc. |
| v. | United States District Court, Dist. of Delaware <br> Case No. 05-418-SLR |
| FOUNDRY NETWORKS, INC., Defendant/Counterclaim Plaintiff. | |

TO:  Alcatel USA, Inc.
3400 W. Plano Parkway
Plano, Texas 75075

[ ] YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

[ ] YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

[X] YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **SEE ATTACHMENT A**

| PLACE | DATE AND TIME |
|---|---|
| Brown McCarroll, LLP <br> 2001 Ross Avenue, Suite 2000 <br> Dallas, Texas 75201  Tel: (214) 999-6100 | **November 17, 2006 at 1:00 p.m.** |

[ ] YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officer, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant Foundry Networks | November 2, 2006 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Constance F. Ramos, Esq.
HOWREY LLP
525 Market Street, Suite 3600, San Francisco, California 94105  Tel: (415) 848-4900

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|

SERVED:

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) if a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## ATTACHMENT A
## DEFINITIONS

1. "You" and "Your" means Alcatel USA, Inc., its predecessors (merged, acquired or otherwise), successors, parents, subsidiaries, divisions, sisters, assigns, successors, partnerships, and acquired assets or business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents and all other Persons acting, or purporting to act, on its behalf.

2. "Alcatel" means Alcatel USA, Inc., Alcatel USA Resources, Inc., Alcatel Internetworking, Inc., Alcatel Business Systems, Alcatel USA Marketing, Inc., and Alcatel Bell NV, their predecessors (merged, acquired or otherwise), successors, parents, subsidiaries, divisions, sisters, assigns, successors, partnerships, and acquired assets or business units, and any present or former officers, directors, trustees, employees, agents, representatives, attorneys, patent agents and all other Persons acting, or purporting to act, on their behalf.

3. "Foundry" means Defendant Foundry Networks, Inc.

4. The "'864 Patent" means United States Patent No. 6,118,864, which is at issue in this litigation.

5. "OmniPCX Product" means Alcatel products, systems and services marketed as, or marketed or sold in connection with (a) the OmniPCX 4400, (b) the OmniPCX Enterprise, or (c) the OmniPCX Office, and all Alcatel products used and/or sold in conjunction therewith.

6. "Alcatel 5020 Softswitch Product" means all products, systems and services marketed as, or marketed or sold in connection with the Alcatel 5020 Softswitch, and all Alcatel products used and/or sold in conjunction therewith.

7. The terms "Document" and "Documents" are used in the broadest possible sense as interpreted under the Federal Rules of Civil Procedure and include, without limitation, all originals and copies, duplicates, drafts, and recordings of any written,

printed, graphic or otherwise recorded matter, however produced or reproduced, and all "writings" as defined in Federal Rule of Evidence 1001, including, without limitation, the following: abstracts, agendas, agreements, analyses of any kind, appointment calendars, articles, assignments, blueprints, charts, circulars, compilations, runs and printouts, computer data files in machine readable form, contracts, diaries, letters, e-mail, reports (including reports or notes of telephone or other conversations), memoranda, brochures, books, ledgers, drawings, photographs, specifications, drafts, catalogs, instructions, invoices, minutes, orders, publications, purchase orders, proposals, working papers, laboratory notebooks, and other writings of whatsoever nature, whether on paper, magnetic tape or other information storage means, including film and computer memory devices; all drafts prepared in connection with any such writings, whether used or not, regardless of whether the document still exists, and regardless of who has maintained custody of such documents; and where any such items contain any marking not appearing on the original or are altered from the original, then such items shall be considered to be separate original documents.

    8.    "Person" or "Persons" means any natural person or any business, legal or governmental entity or association.

    9.    "Communication" or "Communications" means any communication regardless of the manner in which the communications took place, including but not limited to, personal conversations, correspondence, electronic or computer mail, telephone calls, facsimile communications, or telegrams.

    10.    The terms "Relating to" and "Related to" shall mean concerning, referring to, summarizing, reflecting, constituting, containing, embodying, pertaining to, involved with, mentioning, discussing, consisting of, comprising, showing, commenting, upon, evidencing, describing or otherwise relating to the subject matter described in the discovery request.

11. "And" and "or" shall be construed either conjunctively or disjunctively whichever is more inclusive in content.

12. "Include" and "including" shall be construed to mean "without limitation," so as to acquire the broadest possible meaning.

13. "Any" and "each" shall be construed to include and encompass "all."

14. The singular and masculine form of a noun or pronoun shall embrace, and shall be read and applied as, the plural or the feminine or neuter, as the particular context makes appropriate.

## INSTRUCTIONS

1. All responsive Documents within Your possession, custody or control, shall be produced.

2. Each responsive document or portion thereof that You claim to be privileged against discovery on any ground shall be identified by providing:

   a. description of the general type of the document, i.e. letter, memorandum, report, miscellaneous note, etc.;

   b. the date the document was created;

   c. the author;

   d. all addressees, recipients, copyholders and other distributees;

   e. the organization, if any, with which each author, addressee, recipient, or distributee was then connected to and his or her job title or description;

   f. the number of pages;

   g. a general summary of the subject matter; and

   h. the grounds for refusing to produce the document or a portion thereof.

3. In the event You claim that a request is overly broad, You are requested to respond to that portion of the request which is unobjectionable, and specifically to identify the respect in which the request is allegedly overly broad.

4. In the event You claim that a request is unduly burdensome, You are requested to respond to that portion of the request which is unobjectionable and specifically identify the respect in which the request is allegedly unduly burdensome.

5. For purposes of these requests, terms not specifically defined shall be given their ordinary meaning as You understand them to be used in the industry.

6. The time frame for the Requests is from September 12, 2000 to the present, unless otherwise stated.

## REQUESTS FOR DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

All Documents concerning, reflecting or relating to the sale, lease, license, installation, testing, demonstration, use, service, support, training, maintenance, offer for sale, marketing or troubleshooting of any OmniPCX Product, including, but not limited to, contracts, memoranda of understanding, letters of intent, Requests for Proposal ("RFPs") and responses thereto, Requests for Information ("RFIs") and responses thereto, quotes, offer sheets, pricing Documents, financial summaries, test plans, test results, training materials, and contracts for training, service, support or maintenance.

### REQUEST FOR PRODUCTION NO. 2:

All Documents concerning, reflecting or relating to any Communications with any Person (both internally and with third parties) relating to the sale, lease, license, use, installation, testing, demonstration, training, maintenance, service, offer for sale, marketing or support of any OmniPCX Product, including, but not limited to, e-mails, letters, correspondence, notes, and fax cover sheets.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents concerning, reflecting or relating to any revenues derived from the sale, lease, license, installation, use, training, demonstration, maintenance, service, or support of any OmniPCX Product.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning, reflecting or relating to the functions, activities, responsibilities, organization and personnel of the Orders Management Group at Alcatel USA, Inc.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents concerning, reflecting or relating to any Communications between You and any other Person concerning the '864 patent, or the above-identified litigation.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents concerning, reflecting or relating to the valuation of any United States patents transferred between Alcatel SA, Alcatel USA Resources, Inc., Alcatel Internetworking, Inc., and/or Alcatel USA, Inc.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents concerning, reflecting or relating to any Communications between You and any other Person concerning Alcatel Internetworking, Inc., including, but not limited to, e-mails, letters, correspondence, notes, and fax cover sheets.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents concerning, reflecting or relating to the design, development, testing, evaluation and/or installation of all products and systems (including hardware, software, firmware, etc.) made, used, sold or offered for sale in the United States, or imported by or for Alcatel or its customers into the United States since September 12, 2000, relating to any telecommunication system for providing, enabling or delivering VOIP services and incorporating one or more OmniPCX Product, including (a) all agreements with third parties relating to any of the above-mentioned activities and (b) all

documents relating to the configuration of each such OmniPCX Product in any such telecommunication system.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents concerning, reflecting or relating to the structure, software, firmware, function or operation of each OmniPCX Product, including both internal use documents and documents provided to third parties relating to any product specifications, requirements, manufacture, operation and/or performance characteristics of all versions of each OmniPCX Product.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents concerning, reflecting or relating to and source code relating to any software sold in combination with, offered for sale in combination with, distributed with, installed on, or capable of being executed by each OmniPCX Product.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents concerning, reflecting or relating to revenue realized from the sale, lease or other commercial exploitation of any OmniPCX Product under development, made, used, sold or offered for sale within the United States.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents concerning, reflecting or relating to the sale, lease, license, installation, testing, demonstration, use, service, support, training, maintenance, offer for sale, marketing or troubleshooting of any Alcatel 5020 Softswitch Product, including, but not limited to, contracts, memoranda of understanding, letters of intent, Requests for Proposal ("RFPs") and responses thereto, Requests for Information ("RFIs") and responses thereto, quotes, offer sheets, pricing Documents, financial summaries, test plans, test results, training materials, and contracts for training, service, support or maintenance.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents concerning, reflecting or relating to any Communications with any Person (both internally and with third parties) relating to the sale, lease, license, use, installation, testing, demonstration, training, maintenance, service, offer for sale, marketing or support of any Alcatel 5020 Softswitch Product, including, but not limited to, e-mails, letters, correspondence, notes, and fax cover sheets.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents concerning, reflecting or relating to any revenues derived from the sale, lease, license, installation, use, training, demonstration, maintenance, service, or support of any Alcatel 5020 Softswitch Product.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning, reflecting or relating to the design, development, testing, evaluation and/or installation of all products and systems (including hardware, software, firmware, etc.) made, used, sold or offered for sale in the United States, or imported by or for Alcatel or its customers into the United States since September 12, 2000, relating to any telecommunication system for providing, enabling or delivering VOIP services and incorporating one or more Alcatel 5020 Softswitch Product, including (a) all agreements with third parties relating to any of the above-mentioned activities and (b) all documents relating to the configuration of each such Alcatel 5020 Softswitch Product in any such telecommunication system.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents concerning, reflecting or relating to the structure, software, firmware, function or operation of each Alcatel 5020 Softswitch Product, including both internal use documents and documents provided to third parties relating to any product specifications, requirements, manufacture, operation and/or performance characteristics of all versions of each Alcatel 5020 Softswitch Product.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents concerning, reflecting or relating to and source code relating to any software sold in combination with, offered for sale in combination with, distributed with, installed on, or capable of being executed by each Alcatel 5020 Softswitch Product.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents concerning, reflecting or relating to revenue realized from the sale, lease or other commercial exploitation of any Alcatel 5020 Softswitch Product under development, made, used, sold or offered for sale within the United States.

8407166

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, Philip A. Rovner, hereby certify that on November 3, 2006, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

BY HAND DELIVERY AND E-MAIL

Josy W. Ingersoll, Esq.
Karen L. Pascale, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19899-0391

I hereby certify that on November 3, 2006 I have sent by E-mail the foregoing document to the following non-registered participants:

Timothy J. Haller, Esq.
Robert Greenspoon, Esq.
Sally Wiggins, Esq.
Niro, Scavone, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, IL  60602

/s/ Philip A. Rovner
Philip A. Rovner (#3215)
Potter Anderson & Corroon LLP
Hercules Plaza
P.O. Box 951
Wilmington, Delaware 19899
(302) 984-6000
E-mail: provner@potteranderson.com